# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351 5219
RMastro@gibsondunn.com

August 17, 2014

VIA HAND DELIVERY AND ELECTRONIC CASE FILING

The Honorable Thomas P. Griesa
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Prevezon Holdings Ltd.*, et al., 13 Civ. 6326 (TPG)

Dear Judge Griesa:

I write as counsel to William Browder, Sundance Aspen, LLC, Michael Cassidy Foley, and Acme Property Management, Inc. (the "Affected Third Parties"), in reply to Defendants' August 16, 2014 letter opposing our request for a three-week extension of the Affected Third Parties' time to object, move, or otherwise respond to the four Subpoenas until September 12, 2014. Regretfully, Defendants have mischaracterized both our prior negotiations and the significant concerns presented by the four invasive Subpoenas they recently issued.

First, here are the facts concerning our negotiations: Beginning on August 5, 2014, immediately after our firm was first retained by the Affected Third Parties, we requested a several-week extension of our time to respond to the Subpoenas in this complex civil forfeiture action, only to have Defendants' counsel ultimately refuse our request. *See* Exs. A. After negotiations broke down, we then approached Defendants again earlier this week, proposing deadlines of September 5, 2014, to provide objections to the Subpoenas and September 12, 2014, to file motions. Again, Defendants refused. *See* Ex. B. So the parties entered into a stipulation on the only terms on which they could reach agreement (transferring any and all disputes about the subpoenas to the S.D.N.Y., a one-week extension), but imposed no restrictions on any of them making any further applications to this Court.

Second, here are some of our serious concerns about these subpoenas: Contrary to Defendants' assertion that "the issues related to service of these subpoenas are straightforward, and do not require an in depth knowledge of this case," they are far from "straightforward" and seem calculated to intimidate our client, Mr. Browder, as a potential witness in the U.S. Justice Department's civil forfeiture case against these Defendants. Indeed, there are compelling reasons here both to quash these abusive Subpoenas and enter a protective order enjoining Defendants from issuing any further discovery aimed at Mr. Browder. The subpoena to Mr. Browder, in particular, implicates a vast array of private, personal information—including his security arrangements to protect his personal safety from these Defendants and their co-

GIBSON DUNN

The Honorable Thomas P. Griesa
August 17, 2014
Page 2

conspirators; passport, visa, and travel-related information, including his flights and accommodations, identifying his whereabouts; financial account numbers; and the amounts and sources of his income—seemingly for no legitimate purpose here, other than to harass and threaten Mr. Browder.

As Your Honor is probably already aware, Mr. Browder is well known internationally for his work to expose a massive fraud, perpetrated by Defendants and their affiliates in collaboration with the Russian government, beginning with the theft of investment holding companies his firm advised. That fraud, of course, underlies this civil forfeiture action. At great risk to his personal safety, Mr. Browder has also engaged in a long crusade to expose corruption in the Russian justice system and the brutal murder of his Russian lawyer, Sergei Magnitsky, at the hands of Russian authorities in connection with the fraud. These Subpoenas seem designed to target Mr. Browder's personal safety and his financial security. The subpoena to Mr. Browder personally also seems to draw upon confidential information disclosed to Defendants' co-counsel, John Moscow of Baker Hostetler, through his prior representation of Mr. Browder in a related engagement—a shocking conflict of interest that has been brought to the attention of the New York bar, as well as this Court, and warrants the quashing of these Subpoenas on that basis alone. In fact, we understand that Your Honor has scheduled a September 18, 2014 hearing on this conflict issue, making the extension requested here consistent with that schedule.

While we are brand new to this dispute, we understand that this has been a contentious litigation. Given the serious issues raised by these Subpoenas, Mr. Browder and the other Affected Third Parties should be entitled to the benefit of their counsel of choice having the time necessary to respond fully and fairly to the Subpoenas. To this simple proposition, Defendants' counsel respond only that they reluctantly consented to a one-week extension already, and that should end the inquiry. Because we asked for additional time and they refused without any real basis, we are compelled to respectfully ask Your Honor for that extension, as warranted under all of these surrounding circumstances. As always, we appreciate the Court's consideration of our request.

Respectfully,

*Randy M. Mastro/LHR*

Randy M. Mastro

Encls.

cc: Seth T. Taube, Esq.
    Paul Monteleoni, Esq.