UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                    Plaintiff,            :
                                          :
        v.                                :    Civil Action No. 13-cv-06326 (TPG)
                                          :
PREVEZON HOLDINGS, LTD., et al.,          :
                                          :
                    Defendants.           :
                                          :
---------------------------------------------------------x

## DECLARATION OF LISA H. RUBIN, ESQ.

I, Lisa H. Rubin, an attorney admitted to practice before this Court, hereby declare:

1.   I am Of Counsel in the law firm of Gibson, Dunn & Crutcher LLP, counsel to non-parties William Browder ("Browder"), Sundance Aspen LLC ("Sundance"), Michael Cassidy Foley ("Foley"), Acme Property Management, Inc. ("Acme"), Victoria Tarantino ("Tarantino"), and Victoria Tarantino Consulting LLC ("Tarantino Consulting") (collectively, the "Affected Non-Parties") in connection with subpoenas issued by the Defendants in this civil forfeiture action to the Affected Non-Parties on July 29, 30, 31, and August 15, 2014 (the "Subpoenas").  I submit this declaration in support of the Affected Non-Parties' motion to quash the Subpoenas; for the imposition of sanctions on Defendants and their U.S. counsel; and for a protective order prohibiting Defendants from issuing additional non-party discovery unless and until certain conditions are satisfied, as set forth in the notice of motion and the accompanying memorandum of law.

2.   Shortly before the Subpoenas were issued, Browder was informed by confidential and reliable sources of potential threats against him.  As Browder's counsel, I have been involved in

ongoing discussions of those threats with one such source and understand that such potential threats still exist.

3.   Both before and after the attempted service of the Browder Subpoena, Browder consulted with law enforcement agencies in the U.K. and the U.S. about the potential threats against him and his understanding thereof.

4.   I have discussed the potential threats against Browder with him.  Without waiving privilege with respect to those communications, Browder has grave concerns about his and his family's personal safety.  In light of the potential threats, Browder is particularly concerned about the ways in which the information requested by the Subpoenas would expose him to harm. Browder's fears are well supported, not just by the confidential and reliable sources, but also by the many frightening events he has observed and experienced since the discovery and reporting of the $230 million tax fraud, including his lawyer Sergei Magnitsky's 2009 murder, the death and imprisonment of other informants against Defendants and their co-conspirators, Browder's fabricated conviction in absentia for tax evasion in Russia, and the Russian government's ongoing appeal to Interpol to add Browder to its "internationally wanted" list.

5.   In December 2013, Hermitage Capital Management Ltd. ("Hermitage Capital") submitted a letter to the Grievance Committee of this Court and the Disciplinary Committee of the First Judicial Department with respect to the conflict of interest posed by Baker & Hostetler LLP ("BakerHostetler"), and specifically, John W. Moscow ("Moscow") of that firm, who previously represented Browder and Hermitage Capital in a substantially related matter.

6.   On information and belief, the First Department's investigation remains open.

7.   On information and belief, Defendants have provided a single, unsworn affidavit to the Government concerning the purported impact of the existing protective order on Defendants'

business interests.  I understand that Defendants otherwise have failed to provide any discovery to date.

8.   Attached hereto as Exhibit 1 is a true and correct copy of an article published by *ИТАР-ТАСС* [*ITAR-TASS*] on August 11, 2014, and entitled "Уильям Браудер вызван на допрос в нью-йоркский суд" ["William Browder summoned to New York court for questioning"], a certified English translation thereof, and its accompanying Certificate of Accuracy, dated August 13, 2014.

9.   Attached hereto as Exhibit 2 is a true and correct copy of the non-party subpoena Defendants issued to Browder for testimony and documents, dated July 25, 2014, and Exhibit A thereto.

10. Attached hereto as Exhibit 3 is a true and correct copy of an article published by *Interfax* on June 19, 2014, and entitled "Interpol to review its refusal to declare Browder internationally wanted," *available at* http://rbth.com/news/2014/06/19/interpol_to_review _its_refusal_to_declare_browder_internationally_wanted_37549.html, and last visited on September 11, 2014.

11. Attached hereto as Exhibit 4 is a true and correct copy of an article published by *Известия* [*Izvestia*] on August 12, 2014, and entitled "Уильям Браудер ответит в суде" ["William Browder to Answer in Court"], a certified English translation thereof, and its accompanying Certificate of Accuracy, dated August 13, 2014.

12. Attached hereto as Exhibit 5 is a true and correct copy of an article published by *The Jerusalem Post* on September 1, 2014, and entitled "Architect of the Cold War."

13. Attached hereto as Exhibit 6 is a true and correct copy of a webpage maintained by the Aspen Institute about the 2014 Aspen Action Forum, *available at* http://www.aspenaction forum.org/content/about, and last visited on September 6, 2014.

14. Attached hereto as Exhibit 7 is a true and correct copy of an article published by *Известия* [*Izvestia*] on August 22, 2014, and entitled "Прокурор Нью-Йорка ищет свидетелей для Браудера в российской тюрьме" ["New York Attorney seeking witnesses to Browder in a Russian Prison"], a certified English translation thereof, and its accompanying Certificate of Accuracy, dated August 22, 2014.

15. Attached hereto as Exhibit 8 is a true and correct copy of an article published by *The New York Times* on July 31, 2009, and entitled "Prominent Investor in Russia Claims Wide Scheme of Fraud."

16. Attached hereto as Exhibit 9 is a true and correct copy of an article published by *The New York Times* on July 12, 2013, and entitled "Dead Lawyer, a Kremlin Critic, Is Found Guilty of Tax Evasion."

17. Attached hereto as Exhibit 10 is a true and correct copy of an article published by *Foreign Policy* on December 22, 2009, and entitled "They Killed My Lawyer."

18. Attached hereto as Exhibit 11 is a true and correct copy of an article published by *The Wall Street Journal* on May 9, 2014, and entitled "The Man Who Stood Up to Putin."

19. Attached hereto as Exhibit 12 is a true and correct copy of a 2013 report authored by the Bureau of Democracy, Human Rights and Labor, U.S. Department of State, entitled "Russia 2013 Human Rights Report," *available at* http://www.state.gov/documents/organization/220536. pdf, and last visited on September 10, 2014.

20. Attached hereto as Exhibit 13 is a true and correct copy of a press release reflecting the public statement issued by United States Senator John McCain on July 12, 2013.

21. Attached hereto as Exhibit 14 is a true and correct copy of an article published by *Reuters* on July 11, 2013, and entitled "Russia convicts lawyer Magnitsky in posthumous trial."

22. Attached hereto as Exhibit 15 is a true and correct copy of a webpage maintained by the United States Department of the Treasury entitled "Magnitsky Sanctions Designations," *available at* http://www.treasury.gov/resource-center/sanctions/OFAC-Enforcement/Pages/20140520.aspx, and last visited on September 10, 2014.

23. Attached hereto as Exhibit 16 is a true and correct copy of an article published by RT on August 12, 2014, and entitled "Осуждённый в России Уильям Браудер вызван на допрос судом США" ["William Browder, already convicted in Russia, summoned for questioning in US court"], a certified English translation thereof, and its accompanying Certificate of Accuracy, dated August 13, 2014.

24. Attached hereto as Exhibit 17 is a true and correct copy of a webpage entitled "John W. Moscow," as maintained by BakerHostetler, *available at* http://www.bakerlaw.com/JohnWMoscow, and last visited on September 10, 2014.

25. Attached hereto as Exhibit 18 is a true and correct copy of a letter from Moscow to Browder, dated September 22, 2008.

26. Attached hereto as Exhibit 19 is a true and correct copy of the engagement letter between BakerHostetler, on the one hand, and Browder and Hermitage Capital, on the other, dated September 23, 2008, and executed by Browder on October 15, 2008.

27. Attached hereto as Exhibit 20 is a true and correct copy of a letter from Mark A. Cymrot, Esq. of BakerHostetler to Neil Micklethwaite, Esq. ("Micklethwaite") of Brown Rudnick LLP ("Brown Rudnick"), dated November 13, 2013.

28. Attached hereto as Exhibit 21 is a true and correct copy of an invoice from BakerHostetler to Hermitage Capital, dated November 26, 2008, for professional services rendered through October 31, 2008.

29. Attached hereto as Exhibit 22 is a true and correct copy of an invoice from BakerHostetler to Hermitage Capital, dated January 22, 2009, for professional services rendered through December 31, 2008.

30. Attached hereto as Exhibit 23 is a true and correct copy of an invoice from BakerHostetler to Hermitage Capital, dated February 19, 2009, for professional services rendered through January 31, 2009.

31. Attached hereto as Exhibit 24 is a true and correct copy of an invoice from BakerHostetler to Hermitage Capital, dated May 28, 2009, for professional services rendered through April 30, 2009.

32. Attached hereto as Exhibit 25 is a true and correct copy of an invoice from BakerHostetler to Hermitage Capital, dated June 23, 2009, for professional services rendered through May 31, 2009.

33. Attached hereto as Exhibit 26 is a true and correct copy of an invoice from BakerHostetler to Hermitage Capital, dated May 11, 2010, for professional services rendered through that date.

34. Attached hereto as Exhibit 27 is a true and correct copy of a letter from Micklethwaite to George A. Stamboulidis, Esq. and Jeffrey H. Paravano, Esq. of BakerHostetler, dated October 28, 2013.

35. Attached hereto as Exhibit 28 is a true and correct copy of a letter from the Honorable P. Kevin Castel, Chair of the Committee on Grievances for the Southern District of New York, to Hermitage Capital, dated August 7, 2014.

36. Attached hereto as Exhibit 29 is a true and correct copy of the non-party subpoena issued by Defendants to Hermitage Global Partners LP ("Hermitage Global") for testimony and documents, dated April 16, 2014, and Exhibit A thereto, as filed with the U.S. District Court for the District of Columbia on May 22, 2014.

37. Attached hereto as Exhibit 30 is a true and correct copy of the non-party subpoena issued by Defendants to Browder in his purported capacity as "Director of Hermitage Global Partners LP" for testimony and documents, dated May 5, 2014, and Exhibit A thereto, as filed with the U.S. District Court for the District of Columbia on May 22, 2014.

38. Attached hereto as Exhibit 31 is a true and correct copy of the Declaration of Non-Party Andrew Pucher in Support of Motion of Hermitage Global Partners LP to Quash Deposition Subpoenas, dated May 20, 2014, as filed with the U.S. District Court for the District of Columbia on May 22, 2014.

39. Attached hereto as Exhibit 32 is a true and correct copy of the Memorandum of Points and Authorities in Support of Motion of Non-Party Hermitage Global Partners LP to Quash Deposition Subpoenas and to Award Fees, as filed with the U.S. District Court for the District of Columbia on May 22, 2014.

40. Attached hereto as Exhibit 33 is a true and correct copy of the Memorandum of Points and Authorities in Support of Non-Party Hermitage Global Partners LP's Opposition to Motion to Compel Discovery, as filed with the U.S. District Court for the District of Columbia on June 10, 2014.

41. Attached hereto as Exhibit 34 is a true and correct copy of a Memorandum Order of the U.S. District Court for the District of Columbia transferring the motions relating to the April and May 2014 subpoenas issued by Defendants to Hermitage Global and to Browder in his purported capacity as "Director of Hermitage Global Partners LP" to this Court, as entered on August 8, 2014 (the "Transfer Order").

42. Attached hereto as Exhibit 35 is a true and correct copy of an Amended Memorandum Order of the U.S. District Court for the District of Columbia modifying the Transfer Order in response to Hermitage Global's Motion to Clarify or Correct Order, as entered on September 11, 2014.

43. Attached hereto as Exhibit 36 is a true and correct copy of an email from Seth Taube, Esq. ("Taube") of Baker Botts L.L.P. to Mason C. Simpson, Esq. ("Simpson") of Brown Rudnick, dated September 9, 2014.

44. Attached hereto as Exhibit 37 is a true and correct copy of an email from Simpson to Taube, dated March 26, 2014.

45. Attached hereto as Exhibit 38 is a true and correct copy of the declaration of Thomas Todd, Esq., dated September 11, 2014.

46. Attached hereto as Exhibit 39 is a true and correct copy of the declaration of Michael Cassidy Foley, dated September 11, 2014.

47. Attached hereto as Exhibit 40 is a true and correct copy of the declaration of Victoria Tarantino, dated September 11, 2014.

48. Attached hereto as Exhibit 41 is a true, correct, and redacted copy of the undated non-party subpoena issued by Defendants to Sundance for documents and Exhibit A thereto.

49. Attached hereto as Exhibit 42 is a true, correct, and redacted copy of the non-party subpoena issued by Defendants to Foley for documents, dated July 31, 2014, and Exhibit A thereto.

50. Attached hereto as Exhibit 43 is a true, correct, and redacted copy of the non-party subpoena issued by Defendants to Acme for documents, dated July 31, 2014, and Exhibit A thereto.

51. Attached hereto as Exhibit 44 is a true, correct, and redacted copy of the non-party subpoena issued by Defendants to Tarantino for documents, dated August 12, 2014, and Exhibit A thereto.

52. Attached hereto as Exhibit 45 is a true, correct, and redacted copy of the non-party subpoena issued by Defendants to Tarantino Consulting for documents, dated August 12, 2014, and Exhibit A thereto.

53. Attached hereto as Exhibit 46 is a true and correct copy of the Memorandum of Points and Authorities of the United States of America in Support of its Motion to Quash in Part Subpoenas to Non-Parties Hermitage Global Partners LP and William Browder, as filed with the U.S. District Court for the District of Columbia on June 10, 2014.

54. Attached hereto as Exhibit 47 is a true and correct copy of an article published by *The Guardian* on March 30, 2013, and entitled "Poison claim in mysterious Surrey death of Russian supergrass."

55. Attached hereto as Exhibit 48 is a true and correct copy of excerpts of a transcript of *60 Minutes*, as originally broadcast on February 16, 2014.

56. Attached hereto as Exhibit 49 is a true and correct copy of an article published by CNN.com on July 12, 2013, and entitled "Russian court convicts whistle-blowing lawyer after his death," *available at* http://www.cnn.com/2013/07/11/world/europe/russia-magnitsky-convicted-posthumously/index.html and last visited on September 12, 2014.

57. Attached hereto as Exhibit 50 is a true and correct copy of a letter from Moscow to Browder, dated November 26, 2008.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
September 12, 2014

                                              */s/ Lisa H. Rubin*
                                              Lisa H. Rubin