BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
John W. Moscow

BAKER BOTTS LLP
30 Rockefeller Plaza
New York, New York 10112-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
Seth T. Taube
Richard B. Harper

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Ave.,
Washington, D.C. 20036
Telephone: (202) 861-1677
Facsimile: (202) 861-1783
Mark A. Cymrot

*Attorneys for Prevezon Holdings LTD.,
Prevezon Alexander, LLC, Prevezon Soho USA, LLC,
Prevezon Seven USA, LLC, Prevezon Pine USA, LLC,
Prevezon 1711 USA, LLC, Prevezon 1810 LLC,
Prevezon 2009 USA, LLC, Prevezon 2011 USA, LLC,
Ferencoi Investments, LTD. and Kolevins LTD.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          -against-<br><br>PREVEZON HOLDINGS LTD., FERENCOI INVESTMENTS LTD., KOLEVINS, LTD., *et al.*,<br><br>                    Defendants. | NO. 13-CV-6326 (TPG)<br><br>ECF CASE |

**DECLARATION OF JOHN W. MOSCOW IN SUPPORT OF DEFENDANTS'
OPPOSITION TO NON-PARTIES' MOTION TO DISQUALIFY DEFENDANTS'
COUNSEL BAKER & HOSTETLER LLP AND BAKER BOTTS L.L.P.**

I, John W. Moscow, hereby declare as follows:

1. I have been an attorney admitted to practice law in the State of New York since January 15, 1973. I served as an assistant district attorney in and for the County of New York from August 14, 1972 through January 2005. For the last 17 years I was in charge of a unit in the District Attorney's office working with Robert M. Morgenthau on the prosecution of international economic crime.

2. I have over the years spoken about concepts involved in money laundering and theft. I speak at the Cambridge Symposium on Economic Crime annually; I have spoken at the World Bank twice. I have written about money laundering; one paper was published by The London School of Economics. I am well-known in the field.

3. I served on the Committee on Professional and Judicial Ethics of the Association of the Bar of the City of New York for a couple of three year terms, during which I believe I served with Professor Roy Simon. I was also designated by the Appellate Division in 1995 as Special Trial Counsel for the Departmental Disciplinary Committee in connection with a sensitive matter. I take seriously the strictures of the Rules of Professional Conduct.

4. I joined Baker & Hostetler LLP ("BakerHostetler") in 2007.

5. In the summer of 2008 I was asked to meet with William Browder and other employees of Hermitage Capital Management Limited ("Hermitage"). Thereafter, we wrote Hermitage a letter dated September 22, 2008, saying, in part:

> You and your colleagues gave me a detailed briefing as to certain apparent frauds committed by and through Renaissance Capital ('Renaissance'), some of which may be designed to fraudulently create apparent criminal liability on Hermitage Capital Management Limited ('Hermitage'). You have asked me to analyze the behavior at issue with a view to causing criminal prosecutions where appropriate in New York, in the United States generally, or elsewhere.

6. Since our conversation involved a discussion of tracing funds from the proceeds of theft from the Russian Treasury, the letter continued:

> This will require a breakdown to a very basic level of the factual and legal background of the events in question. To do what you have asked for will require identifying proof through legally sufficient, competent evidence of the facts in questions and locating competent and honest witnesses and genuine documents to prove the facts at issue. Some of the data on which you rely is publicly reported in Russia; some appears to be from government reports. To the extent that we need to prove that those facts are true and not merely stated to be true, locating the witness may pose a problem.

7. However, Hermitage decided not to engage us to do that work. We never undertook to trace any money for them, nor did we interview any competent witnesses to their story. Our engagement was more limited.

8. On October 15, 2008, BakerHostetler was retained by Hermitage to provide legal services "in connection with certain apparent frauds committed by Renaissance Capital ('Renaissance'), some of which may have been designed to fraudulently create apparent criminal liability on behalf of" Hermitage. The Engagement Letter was signed by Paul Wrench in his capacity as "Director, Hermitage Capital Management Limited."

9. Browder was never a client of BakerHostetler. We met with Browder only as the control person and shareholder of Hermitage.

10. At the time, the Russian Federation was investigating a theft of $230 million from the Russian treasury. Hermitage was concerned that it might become a subject or target of that investigation. Hermitage was seeking to collect documents from Renaissance through a petition under 28 U.S.C. § 1782 regarding a prior alleged theft from the Russian treasury. The focus of our representation was Renaissance and its possible role in the prior theft.

11. During meetings and other communications with Hermitage officials, including Browder, they provided us with information that they had collected from various sources, most

of which they had already publicized on an Internet site they had created for this purpose. I understood that the information was already public or that Hermitage intended to make the information public. I do not believe that BakerHostetler has confidential information from Hermitage.

12. After we did a preliminary draft of an affidavit to support the Section 1782 petition to Renaissance, Hermitage decided to have their London counsel submit the declaration, which made public the same information Hermitage had given us to prepare the draft. We never filed any documents on behalf of Hermitage.

13. In addition to drafting the Section 1782 petition, I met with an Assistant U.S. Attorney in Manhattan and the Attorney General's Office in the British Virgin Islands seeking to get them to take action.

14. I understand that Hermitage was not prosecuted in Russia for the alleged theft of $230 million from the Russian treasury, and the criminal investigation regarding the theft was closed. I never heard anyone mention Prevezon during the representation of Hermitage; the subject of tracing funds through Russian, Moldavian and Swiss banks, as alleged in the Complaint, never came up. In September 2013, Prevezon approached BakerHostetler after the Government brought its case. I previously had no knowledge of Prevezon. My partner Mark Cymrot and I spoke with a Prevezon representative regarding the potential representation.

15. When we reviewed the Complaint, we discovered the allegations that three Hermitage so-called portfolio companies had been misappropriated as part of the theft of $230 million from the Russian treasury. However, Hermitage was not a party and had no stake in the lawsuit. Hermitage would not receive any funds if the Government's suit were successful because the theft at issue involved funds stolen from the Russian treasury.

16.     BakerHostetler conducted a thorough conflict of interest review of the potential representation and determined there was no conflict of interest with the legal work the firm had performed for Hermitage. We, therefore, accepted the representation of Prevezon.

17.     On or around October 28, 2013, BakerHostetler received a letter from Hermitage's counsel, Brown Rudnick, claiming that BakerHostetler should withdraw from this matter. On November 13, 2013, Mr. Cymrot, on behalf of BakerHostetler, responded to the letter in consultation with other BakerHostetler attorneys. I answered questions as they arose relating to the prior representation and reviewed a draft of the letter.

18.      REDACTED

19.     REDACTED

20.     In my view, BakerHostetler and I have fully complied with Rule 1.9 of the Rules of Professional Responsibility in connection with our representation of Prevezon and our prior representation of Hermitage.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  
       October 7, 2014

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ John W. Moscow

John W. Moscow  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: 212.589.4200  
Facsimile: 212.589.4201  
Email: jmoscow@bakerlaw.com

*Attorney for Defendants*