BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
John W. Moscow

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Ave.,
Washington, D.C. 20036
Telephone: (202) 861-1677
Facsimile: (202) 861-1783
Mark A. Cymrot

BAKER BOTTS LLP
30 Rockefeller Plaza
New York, New York 10112-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
Seth T. Taube
Richard B. Harper

*Attorneys for Prevezon Holdings LTD.,*
*Prevezon Alexander, LLC, Prevezon Soho USA, LLC,*
*Prevezon Seven USA, LLC, Prevezon Pine USA, LLC,*
*Prevezon 1711 USA, LLC, Prevezon 1810 LLC,*
*Prevezon 2009 USA, LLC, Prevezon 2011 USA, LLC,*
*Ferencoi Investments, LTD. and Kolevins LTD.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   -against-<br><br>PREVEZON HOLDINGS LTD.,<br>FERENCOI INVESTMENTS LTD.,<br>KOLEVINS, LTD., *et al.*,<br><br>               Defendants. | NO. 13-CV-6326 (TPG)<br><br>ECF CASE |

**DECLARATION OF MARK A. CYMROT IN SUPPORT OF DEFENDANTS'
OPPOSITION TO NON-PARTIES' MOTION TO DISQUALIFY DEFENDANTS'
COUNSEL BAKER & HOSTETLER LLP AND BAKER BOTTS L.L.P.**

I, MARK A. CYMROT, hereby declare as follows:

1.     In September 2013, Prevezon approached Baker & Hostetler LLP ("BakerHostetler") after the Government brought its case.  My partner John Moscow and I spoke with a Prevezon representative regarding the potential representation.

2.     Mr. Moscow informed me of our firm's prior representation of Hermitage Capital Management Limited ("Hermitage").

3.     In accordance with the firm's policy, we conducted a thorough conflict of interest review, including an analysis of the firm's prior representation of Hermitage.  BakerHostetler concluded that no conflict of interest precluded our representation of Prevezon in the current lawsuit.

4.     On or around October 28, 2013, we received a letter from Hermitage's counsel, Brown Rudnick, asserting that BakerHostetler should withdraw from this matter and threatening to file a declaratory judgment action to seek our firm's disqualification as counsel for Prevezon.

5.     As a result of this letter, I again reviewed the conflicts analysis concerning Hermitage, taking into account the additional information provided in their letter, and consulted with other attorneys at BakerHostetler.  Once again, BakerHostetler concluded our prior representation of Hermitage did not preclude our representation of Prevezon.

6.     On November 13, 2013, I responded to Brown Rudnick, on behalf of BakerHostetler, noting that Hermitage was not a party to the Prevezon matter and that BakerHostetler did not believe it had any Hermitage confidential information in its possession; however, I invited further private discussion of the matter, stating a willingness to further consider Hermitage's position if it were able to identify any confidential information in

BakerHostetler's possession or explain how the interests of Hermitage were adverse to the Prevezon defendants. Hermitage did not respond.

7.     REDACTED

8.     REDACTED

9.     The day following a Rule 30(b)(6) deposition of the Government – March 4, 2014 – the Government sent a letter to the Court "in order to bring to the Court's attention a prior-client conflict that Hermitage [has] asserted against BakerHostetler" and to assert that it "has subpoenaed Mr. Browder to testify at trial, where he will be a key witness for the Government." Later that same day, in a hearing before this Court, the Government again stated: "William Browder and the principals at Hermitage will be key witnesses in this case." *See* Exhibit 6 (March 4, 2014 Hearing), 26:23-27:5. This was the first time we were told that a Hermitage witness might appear at trial.

10.    After we argued that the Court should have a "motion of some sort" before taking action, the Court stated that:

> [T]he Government is not requesting the Court to do anything, and it would be completely inappropriate for me to take any action or voice any vow. And I will not do it at this time. . . .

2

*Id.* at 28:14-28. Counsel for Hermitage (Brown Rudnick) was present in the courtroom, but made no such motion then or thereafter.

11. REDACTED

12. On September 29, 2014, Browder and Hermitage filed their motion to disqualify counsel and garnered extensive media coverage for the motion, including the *Wall Street Journal*. These articles are attached to the Declaration of Lisa H. Rubin ("Rubin Decl.") (Dkt. 125) in support of that motion as Exhibits 20 and 23.

13. REDACTED

14. Contrary to the suggestion in the motion to disqualify, Defendants did not use any confidential information from BakerHostetler's prior representation of Hermitage to develop any of the document requests in the subpoenas issued to Hermitage Global LP and Browder as its

3

director.  Researchers consulting for Defendants and their counsel in this case discovered the documents underlying those requests from public sources, our clients, and the pleadings in this case.  Browder and Hermitage's two examples of our purported use of confidential information are simply wrong:

- Information regarding Browder's practice of transcribing phone calls came from pleadings filed in litigation before the United States District Court for the District of New Jersey, which led to website articles detailing additional transcriptions.  *See* Exhibits 14-16.

- Hermitage's use of Visao Risk Management Group ("VRMG") for security services came from a simple Internet search based on an endorsement by Ivan Cherkasov, Hermitage's Chief Operating Officer, on the Visao website.  *See* Exhibit 17.

15.     In the course of our representation in this case, we have identified approximately 11,000 pages of documents regarding Hermitage and Browder from Internet websites.

16.     Also contrary to Browder's accusations, Defendants are not seeking information regarding Browder's current security arrangements as he asserts; the subpoenas specifically ask for security information before 2006.  The suggestion to the contrary is contradicted by the subpoena itself.  *See* Rubin Decl., Ex. 17, ¶ 31 and ¶ 37.  Those requests seek information related to Browder's research operations and business intelligence.  *Id.*, Definition No. 5.

17.     We have never provided any of our prior files or other confidential information from Hermitage to attorneys from Baker Botts.  In fact, we exchanged a letter with Baker Botts on or around November 14, 2013, in which we agreed we would not provide it with any

4

information from our prior representation of Hermitage, and we have kept the commitment made in that letter. The letter is attached hereto as Exhibit 19.

18. Attached hereto as Exhibit 1 is a true and correct copy of an article entitled "The Hermitage Fund: Media and Corporate Governance in Russia," authored by Alexander Dyck and published by Harvard Business School on October 17, 2002.

19. Attached hereto as Exhibit 2 is a true and correct copy of an article entitled "Former prosecutor feels heat over Russia involvement," published by the *New York Post* on December 13, 2013.

20. REDACTED

21. Attached hereto as Exhibit 4 is a true and correct copy of excerpts from the deposition of the United States 30(b)(6) witness, Todd S. Hyman in this matter, taken on March 3, 2014.

22. Attached hereto as Exhibit 5 is a true and correct copy of a March 4, 2014, letter from the United States submitted to this Court in this case.

23. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the hearing before this Court on March 4, 2014, in this matter.

24. Attached hereto as Exhibit 7 is a true and correct copy of an email from Lisa H. Rubin to Mark Cymrot dated October 2, 2014.

25. Attached hereto as Exhibit 8 is a true and correct copy of email correspondence between Seth Taube and Mason C. Simpson dated March 20 and March 26, 2014 respectively.

26. Attached hereto as Exhibit 9 is a true and correct copy of the June 3, 2014, letter from the United States to Mason C. Simpson in this case.

27. Attached hereto as Exhibit 10 is a true and correct copy of the June 9, 2014, letter from the United States to Mason C. Simpson in this case.

28. Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the Memorandum of Points and Authorities in Support of Non-Party Hermitage Global Partners LP's Opposition to Motion to Compel Discovery filed in In re Rule 45 Subpoenas to Non-Parties Hermitage Global Partners LP and William Browder, 1:14-mc-0551-ESH-AK, filed before the United States Federal District Court for the District of Columbia ("DC Subpoena action") on June 10, 2014.

29. Attached hereto as Exhibit 12 is a true and correct copy of a Declaration from Andrew Pucher in Support of Hermitage Global Partners LP's Opposition to Motion to Compel Discovery filed in the DC Subpoena Action and dated June 10, 2014.

30. Attached hereto as Exhibit 13 is a letter from the Honorable P. Kevin Castel, Chair, Committee on Grievances, S.D.N.Y., to Hermitage dated August 7, 2014.

31. Attached hereto as Exhibit 14 is a true and correct copy of a Declaration of Bruce S. Marks filed in Avisma Titano-Magneium Kombinat v. Dart Management, No. 99-CV-3879 (JWB), in the United States District Court for the District of New Jersey ("Avisma action") dated September 5, 2000, and Exhibit A to that Declaration, a partial transcript of an "AVISMA/VSMPO investors' meeting on October 14, 1998, in FMC Group office." A copy of this document is also available at http://www.thekomisarscoop.com/wp-content/uploads/2014/06/Avisma-VSMPO-investors-meeting-Oct-14-98.pdf (last accessed October 7, 2014).

32.     Attached hereto as Exhibit 15 is a true and correct copy of an affidavit from Franco Barone filed in the Avisma Action that attaches a letter dated December 22, 1998, from an English law firm Rakisons. Pages 5 and 9 reference taped conversations involving Mr. Browder. A copy of this letter is also available at http://www.thekomisarscoop.com/wp-content/uploads/2014/06/Rakisons-letter-to-Creditanstalt-Dec-22-19981.pdf (last accessed October 7, 2014).

33.     Attached hereto as Exhibit 16 is a true and correct copy of an article entitled "Russian Sanctions Highlight Role of Western Enablers," written by Lucy Komisar, and dated May 21, 2014. http://www.thekomisarscoop.com/2014/06/russian-sanctions-highlight-role-of-western-enablers/ (last accessed October 7, 2014). Also attached thereto is a true and correct copy of a transcript of a phone conversation between Bill Browder and Peter Bond dated September 24, 1998, located at http://www.thekomisarscoop.com/wp-content/uploads/2014/06/Browder-Bond-phone-conversation-Sept-24-1998.pdf (last accessed October 7, 2014), a link for which can also be found in that article ("Browder attempted to negotiate with Bond in a September 24, 1998 phone call that Browder recorded.").

34.     Exhibits 14-16 and the websites cited above were found and obtained by researchers employed by Defendants who discovered (via PACER searches for prior litigations involving Browder), located, and provided (without any information from counsel, let alone any purported confidential information) Defendants and their counsel with the relevant documents and the relevant information prior to the date the subpoena served on Browder on July 29, 2014, was signed by Baker Botts.

35.     Attached hereto as Exhibit 17 is a true and correct copy of website printouts from the website of Visao Risk Management Group. These websites can be located at

http://visaogroup.com/pages/index.php?id_page=2394&PHPSESSID=bee626a098f5f1d7258e64ea87339eea and http://visaogroup.com/pages/index.php?id_page=2388 (both last accessed on October 7, 2014); *see also* http://visaogroup.com/pages/index.php?id_page=2363 (last accessed on October 7, 2014) (describing Visao services).  These documents and websites were found and obtained by researchers employed by Defendants who discovered, located, and provided (without any information from counsel, let alone any purported confidential information) Defendants and their counsel with the relevant documents and the relevant information prior to the date the subpoena served on Browder on July 29, 2014, was signed by Baker Botts.

  36. Attached hereto as Exhibit 18 are true and correct copies of Russian language documents and certified translations of: (1) a SPARK profile obtained on April 14, 2014 for OOO Saturn Investments and its certified English translation, with page 9 of the Exhibit identifying a "Shashua Yakir Daniel"; (2) a SPARK profile obtained on April 14, 2014 for OOO Rilend and its certified English translation, with page 29 of the Exhibit identifying a "Morozov Andrei Vladimiroich"; (3) a SPARK profile obtained on April 17, 2014 for OOO Rauz and its certified English translation, with pages 40 and 44-45 of the exhibit identifying Vovk Eduard Anatolievich ; (4) a SRKIN (Factiva) profile obtained on May 4, 2014 for OAO KF Volzhanka and its certified translation with page 53 of the exhibit identifying Morozov Andrei Vladirmirovich as Vice President of OOO Vizao Group and Morozov Pavel Viktorovich as Vice President of OOO Vizao Group; (5) an Intelbridge (Factiva) profile obtained on July 13, 2014 for Republic National Bank of New York identifying  Natan Vaingold as Chairman of the Management Board; and (6) an affidavit from Jodeci Guzman affirming that the translated documents are true and accurate translations from Russian into English.  These documents were found and obtained by Russian speaking researchers employed by Defendants who reviewed

8

publicly available databases and discovered, located, and provided (without any information from counsel, let alone any purported confidential information) Defendants and their counsel with the relevant documents and the relevant information prior the date the subpoena served on Browder on July 29, 2014 was signed by Baker Botts.

37. Attached hereto as Exhibit 19 is a true and correct copy of a letter from Seth T. Taube to John Moscow dated November 14, 2013.

38. Attached hereto as Exhibit 20 is a true and correct copy of a Law360 article entitled "Baker Hostetler Atty's Discipline Records Sought in Tax Case," published on October 6, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 7, 2014   Respectfully submitted,
Washington, DC

**BAKER & HOSTETLER LLP**

By:   /s/ Mark A. Cymrot

Mark A. Cymrot
Washington Square, Suite 1100
1050 Connecticut Ave.,
Washington, D.C. 20036
Telephone: (202) 861-1677
Facsimile: (202) 861-1783
mcymrot@bakerlaw.com

*Attorney for Defendants*