# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

October 7, 2014

Mark A. Cymrot
direct dial: 202.861.1677
mcymrot@bakerlaw.com

**VIA ECF**

The Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *United States v. Prevezon Holdings, Ltd., et al.*, Case No. 13-Civ-6326 (TPG).

Dear Judge Griesa,

  We write in response to Gibson Dunn's October 2, 2014 letter requesting that the Court enter an order making the entire Disciplinary record part of the public record. We request that the Court maintain the confidentiality given the record of these proceedings by law.

  Hermitage's CEO, William F. Browder, has bragged that he manipulates the courts and the media to inflict reputational damage. As Mr. Browder put it:

> We also go to courts. We've been involved in 32 lawsuits. ***And we win in terms of public attention regardless of the outcome, where we've lost 31 times. I think the proportion of number of words written in the press when a lawsuit is initiated to when it is dismissed is 50 to 1***.

*See* Exhibit 1, Alexander Dyck, *The Hermitage Fund: Media and Corporate Governance in Russia,* Harvard Business School Case Study 2-703-101, at 10 (Oct. 17, 2002) (emphasis added). Browder's purpose is no secret: "We then share stories with the press. By doing so, we want to inflict real consequences – business, *reputational* and financial." (emphasis added)). *Id.* at 9; *see also* Rubin Decl. in Support of Motion to Disqualify (Dkt. 125), Exs. 20, 23.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

605216608.1

The Hon. Thomas P. Griesa
October 7, 2014
Page **2** of **2**

    Browder has been using this patently baseless allegation of an ethics grievance to smear the reputation of our partner, John Moscow, who served New York State honorably for over 30 years as one of its most prominent anti-money laundering attorneys. Browder leaked the original ethics grievance to the *New York Post*, followed with *Wall Street Journal* coverage of the motion to disqualify counsel, and even Mr. Mastro's letter of October 2 was given to *Law360* which posted an article repeating Browder's charges. We are filing our opposition to the motion to disqualify this evening, which will expose Browder's utter lack of concern for the merits of his now well-publicized accusations.

    The Court should not facilitate Hermitage and Browder's use of these proceedings to further tarnish Mr. Moscow's and Baker & Hostetler LLP's reputations before this Court has even had an opportunity to consider the merits of their motion to disqualify. The disciplinary record is by law confidential and should remain so.

    In addition, Mr. Mastro suggests that we withheld from the Court a portion of the disciplinary record. At the time of this submission, we did not even know about or have a copy of Hermitage's [REDACTED]  After several requests, Gibson Dunn finally sent to us the [REDACTED] at 11:06 p.m. on October 2. Our submission of the grievance record to the Court was at the Court's request and not a waiver of the confidential provisions of the rules.

                                              Respectfully submitted,

                                             /s/ Mark A. Cymrot
                                               Mark A. Cymrot