# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Richard W. Mark
Direct: +1 212.351.3818
Fax: +1 212.351.5338
RMark@gibsondunn.com

Client: 12720-00001

October 22, 2014

VIA ELECTRONIC CASE FILING AND HAND DELIVERY

The Honorable Thomas P. Griesa
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Prevezon Holdings, Ltd., et al.*, No. 13 Civ. 6326 (TPG)

Dear Judge Griesa:

I write on behalf of William Browder and the other Affected Non-Parties purportedly subpoenaed by the Defendants to request an adjournment of one-week, to October 30, 2014, of the continuation of the hearing on the pending Motion to Disqualify Defendants' Counsel. The Government joins this request. Counsel for the Prevezon parties ("Defendants" or "Prevezon") opposes this request and stated orally that he would not be in a position to consent until after a meeting of counsel scheduled for this afternoon.

We request the adjournment to allow the parties time for meaningful discussion of stipulations in the case on what should be uncontested factual issues. The parties have scheduled a first meeting on these issues at 4:00 p.m. today. Entering into such a stipulation would not only simplify the trial; it might eliminate or reduce the need for any testimony or other evidence from Mr. Browder, Hermitage Capital Management Limited ("Hermitage"), or the Affected Non-Parties purportedly subpoenaed, and could affect further proceedings on the disqualification motion.

The issue of simplifying the case through stipulations came up at the October 14, 2014 motion hearing. Defendants made clear that they sought discovery from Mr. Browder to probe testimony he would be expected to give to support the Government's allegations in the Complaint concerning the $230 Million tax refund fraudulently obtained from the Russian Federation (the "$230 Million Fraud"):

> [T]here's the first hundred paragraphs of the complaint that describes this fraud scheme that our client is not alleged to be involved with. But that is what Mr. Browder supposedly will testify about, and [Prevezon seeks] to take discovery on those paragraphs about what he knew and what witnesses he

GIBSON DUNN

The Honorable Thomas P. Griesa
October 22, 2014
Page 2

> could identify, what documents he could identify that are relevant to those paragraphs of the complaint.

10/14/14 Tr. at 8:14–20; *see also id.* at 59:18–20 (Prevezon deposition of Mr. Browder would seek to "[d]etermine what evidence he would present of this history the government wants to prove. That's it"). The allegations about the $230 Million Fraud detail a specified unlawful activity—an elaborate fraud scheme that includes the use of wires—which is a money laundering predicate and an element of the Government's claim.

This issue also surfaced during the *in camera* portion of the October 14, 2014 hearing. In general terms (and without going into specifics of the presently-sealed transcript), the Court questioned whether the facts of the $230 Million Fraud and other matters alleged in what has sometimes been described as the "history" portion of the Complaint were truly contested, and expressed the expectation that the parties could stipulate to undisputed facts regarding the $230 Million Fraud and what was done to Hermitage.

We have been informed that two days after the hearing, on Thursday, October 16, 2014, the Government wrote to Defendants' counsel proposing stipulation to certain matters alleged in the Complaint, and requesting a response by Monday, October 20, 2014. No response was received by that date. Strangely, rather than respond to the Government, Defendants' counsel telephoned us just before 11:00 a.m. on Tuesday, October 21, 2014, to discuss the possibility of stipulation and whether we would become involved in a three-way discussion with the Government. We made clear that any issues of stipulation regarding facts in the action had to be resolved in direct discussion between counsel for the Government and Defendants, but that we would be available to participate as well. After several, separate telephone calls with counsel for Government on the one hand, and counsel for the Defendants on the other, a joint meeting on stipulations was scheduled for 4:00 p.m. today.

Both parties to the case have now raised the possibility of stipulation. In our separate discussions with each party's counsel, we suggested that proper exploration of the issues would require more time than is available before Thursday's scheduled hearing. The Government's money laundering case has a complex factual predicate, and counsel will need time to consult with clients (including clients outside the United States) in connection with any stipulation discussions. Defendants waited five days to react to the Government's proposal—and a day later than requested—and only did so by calling Mr. Browder's counsel, not the Government. Defendants have yet to put their position in writing, and in our conversations to date, it has been described only in general terms. As a result, the parties have had serial telephone calls to bring about a substantive meeting to discuss stipulations—and will not be meeting to discuss the stipulations until literally the eve of the hearing. If the parties are sincere in their desire to reach a mutually-agreeable solution that would

GIBSON DUNN

The Honorable Thomas P. Griesa
October 22, 2014
Page 3

potentially eliminate the need for Hermitage's testimony and documents, they should not be forced to resolve their differences by Defendants' artificial deadline.

Respectfully submitted,

*Richard W. Mark /JJK*

Richard W. Mark