# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200
FAX +1 212 488 1220

NEW YORK
LONDON
HONG KONG
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

May 26, 2015

**BY ECF**

Honorable Thomas P. Griesa
United States District Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   **Re:** *United States v. Prevezon Holdings, Ltd., et al.,*
      13 Civ. 6326 (TPG)

Dear Judge Griesa:

  We are counsel to non-party William Browder. As the Court may recall, we substituted in after the Court ruled in March that service of a subpoena on Mr. Browder was valid. We have been representing him since then in his ongoing work to comply with that subpoena.

  We write in response to Defendant's May 13, 2015 Letter-Motion (the "Letter-Motion"), in which they request permission to file a motion to compel against Mr. Browder, seeking a second seven-hour deposition and other relief. The Defendants already deposed Mr. Browder for seven hours in New York on April 15, and filed this Letter-Motion while Mr. Browder was in the midst of ongoing, extensive document production to them. For the reasons below and to be explained further at the conference on May 27, this Court should not permit the proposed motion to compel, and should place a moratorium on any further litigation about Mr. Browder, until party discovery is complete. The parties have wasted enough of the Court's and each other's time fighting about Mr. Browder, rather than advancing this case to conclusion.

  As set forth in the charts below, Mr. Browder has devoted an enormous amount of time and personal expense producing thousands of documents to the Defendants. He has paid third party vendors more than US $50,000 in document collection and processing fees and he and his team have spent hundreds of hours collecting, reviewing, and producing documents. Mr. Browder also spent thousands of dollars traveling from London to attend his deposition in New York and answered questions on substantive topics of the Defendants' choosing for nearly seven

Honorable Thomas P. Griesa
May 26, 2015
Page 2

hours.  Despite repeated requests, Defendants have so far not made any financial contribution whatsoever to the cost of complying with the subpoena.

Meanwhile, *party discovery* is at a standstill.  There is no discovery schedule.  Neither party has begun producing documents.  Approximately <u>two years</u> after the commencement of this case, there still has not been any party discovery, the Defendants still have not produced a single witness for deposition, and the only other deposition in this matter (of a Government witness) occurred well over a year ago.



**Productions to Date**

| | Government | Defendants | Mr. Browder |
|---|---|---|---|
| Document Productions | 0 | 0 | 13 |
| Requests Addressed | 0 | 0 | 22 |



**Documents Produced to Date**

| | Government | Defendants | Mr. Browder |
|---|---|---|---|
| Documents Produced | 0 | 0 | 5,472 |





It is understandable, of course, why the Defendants are angry with Mr. Browder and see litigating against him through this subpoena as a convenient and satisfying way to "get back" at him. After all, Mr. Browder reported their activities to the U.S. authorities. However, as the Defendants confirmed in their deposition of Mr. Browder (and have now asserted to this Court in the recent submission), he does not have first hand knowledge of the allegations in this case. In this respect, this continuing expenditure of judicial energy on discovery against Mr. Browder is a waste of resources.

Although the Defendants claim they need additional discovery from Mr. Browder, the majority of the documents they continue to seek from him are publicly available or obtainable through party discovery. We understand that the Government possesses documents responsive to Requests 1, 2, 3, 4, 5, 6, 14 15, 16, 17, 19, 21, 22, 23, 25, 26, 27 and 31 – none of which the Defendants have obtained. Many of these documents potentially implicate complex issues of Law Enforcement Privilege, which Mr. Browder is not able to resolve himself.

Honorable Thomas P. Griesa
May 26, 2015
Page 4



Documents the Defendants still seek that are in Mr. Browder's possession that the Government does not possess are irrelevant to this case. For example, the Defendants continue to seek materials regarding Mr. Browder's book deal,[1] New York contacts,[2] and U.S. travel.[3]

In light of these facts and others that we will explain at the conference, this Court should put a halt to this wasteful sideshow about Mr. Browder and order the parties to proceed with party discovery instead. If this case does not settle, and party discovery actually gets completed, the Court can revisit this issue if the Defendants can show a substantial need for limited discovery that would not lead to more wasteful briefings and hearings.

Respectfully submitted,

KOBRE & KIM LLP

by: /s/ Michael S. Kim
    Michael S. Kim
    Lindsey Weiss Harris

800 Third Avenue
New York, New York 10022
Tel: +1 212 488 1200

*Attorneys for William Browder*

cc:   Counsel of Record (by ECF)

---

[1] Request 32.
[2] Request 31.
[3] Request 30.