**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 8, 2015

**BY ECF AND HAND DELIVERY**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States* v. *Prevezon Holdings, Ltd., et al.*, 13 Civ. 6326 (TPG)

Dear Judge Griesa,

  The Government writes to respectfully advise the Court that the interlocutory appeal filed by the Prevezon Defendants in this case has been dismissed by summary order, and to advise the Court of an intervening Second Circuit decision, as well as of sworn statements by the Prevezon Defendants, that further undermine the motions of all of the defendant companies (the Prevezon Defendants as well as Kolevins and Ferencoi).

  *Second Circuit Decisions*

  Today the Second Circuit dismissed the appeal of the Prevezon Defendants in this case. A copy of the order is attached hereto as Exhibit A for your convenience. Accordingly, the Government believes that the Prevezon Defendants' motion to dismiss the Amended Complaint, *see* Docket Items ("D.I.") 212-14, 229, 239-40, is ripe for decision by this Court. In addition to the Prevezon Defendants' motion to dismiss the Amended Complaint, the other defendants Kolevins and Ferencoi have also filed a motion to dismiss the Amended Complaint for lack of personal jurisdiction. *See* D.I. 210-11, 229, 238. This motion is also ripe for the Court's decision.

  Additionally, since the Defendants' motions were filed, the Second Circuit decided *United States* v. *Rutigliano*, __ F.3d ____, 2015 WL 3823820 (2d Cir. June 22, 2015) (slip opinion attached hereto as Exhibit B), which concluded that the wiring of the proceeds of wire fraud through the Southern District of New York gave rise to venue for wire fraud in this District. Slip Op. at 16. It rejected the defendants' contentions that "the wiring of benefits was not in furtherance of the conspiracy, but rather occurred after the object of the scheme had been

accomplished," *id.*, explaining that "a scheme to defraud is not complete until the proceeds have been received," *id.* (internal quotation marks omitted).  This is relevant because, as the Second Circuit recognized, venue for wire fraud is "proper in any district in which the offense began, continued, or concluded."  *Id.* at 11 (internal quotation marks omitted).  Accordingly, the *Rutigliano* court necessarily held that the transfers of fraud proceeds through the Southern District caused the wire fraud offense to begin, continue, or conclude in the District.  Similarly, in this case, the wire transfers of fraud proceeds through the Southern District to the conspirators amounted to wire fraud continuing in the District.  *Compare* Prevezon Defs.' Mem. (D.I. 213) at 20 (contending that wire transfers through New York do not support wire fraud in New York) *with* Gov.'s Mem. (D.I. 229) at 18-20 (explaining that such transfers amount to wire fraud in New York) *and Rutigliano*, 2015 WL 3823820, slip op. at 11, 16-17.

*Defendants' Sworn Statements*

The Government also draws the Court's attention to sworn statements from the Prevezon Defendants which further support denial of the motions of the Prevezon Defendants and Kolevins and Ferencoi.  In their sworn claims contesting the Amended Complaint, D.I. 200 and 204 (attached hereto as Exhibits C and D), Prevezon Holdings and Prevezon 1810 admit that funds provided by Leonid Petrov (who according to the Prevezon Defendants is the source of at least $857,354 of the fraud proceeds, *see* Am. Compl. (D.I. 174) ¶ 108) were "allocated" to an apartment held by Prevezon 1810, LLC.  *See* Ex. C at 1 ("Prevezon Holdings purchased an apartment, which was allocated to Mr. Petrov.  Prevezon Holdings and Mr. Petrov signed an agreement stating that the apartment belonged to Mr. Petrov, but would be maintained in the name of Prevezon 1810.").  This apartment was 20 Pine Street, Unit 1810, New York, New York.  Am Compl. (D.I. 174) ¶ 125.

The Prevezon Defendants' own sworn statements therefore undermine their argument that no fraud proceeds were invested in New York.  *Compare* Ex. C at 1 *and* Ex. D at 3 *with* Prevezon Defs.' Mem. (D.I. 213) at 25-27.

Moreover, the Prevezon Defendants' acknowledgment that the fraud proceeds were invested in New York further refutes the motion of the other defendants, Kolevins and Ferencoi.  Kolevins and Ferencoi, two companies that are also under the ownership and control of the same three individuals that own and control the Prevezon Defendants, claim that they are not subject to personal jurisdiction in New York unless the company Prevezon was an agent of the companies Kolevins and Ferencoi.  *See* Kolevins Mem. (D.I. 211) at 5-6.  In fact, however, to determine whether Ferencoi and Kolevins committed money laundering, the Court does not apply agency tests from private lawsuits but instead the well-established standard for corporate criminal liability, under which a company is held accountable for the actions of its representatives.  *See, e.g.*, *United States* v. *George F. Fish, Inc.*, 154 F.2d 798, 801 (2d Cir. 1946) ("[T]he Supreme Court has long ago determined that the corporation may be held criminally liable for the acts of an agent within the scope of his employment . . . ." (citing *N.Y. Cent. & Hudson R.R. Co.* v. *United States*, 212 U.S. 481 (1909)).

Here, the owners and officers of Kolevins and Ferencoi—Denis Katsyv, Timofey Krit, and Alexander Litvak—are the same people as the owners and officers of the Prevezon

Defendants.  *See* Gov.'s Mem. (D.I. 229) at 23 n.20 (describing ownership and control positions of Katsyv, Krit, and Litvak with Prevezon Holdings, Kolevins, and Ferencoi). Kolevins and Ferencoi are responsible for the actions of these three individuals.  *See George F. Fish, Inc.*, 154 F.2d at 801.  Since the same people who own and control Kolevins and Ferencoi transferred the money of Kolevins and Ferencoi to Prevezon for subsequent investment in New York in laundering transactions, Kolevins and Ferencoi can hardly escape liability or jurisdiction for this conduct.

Accordingly, and for the reasons set forth in the Government's memorandum of law, D.I. 229, all of the defendants' motions to dismiss should be denied.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

by: /s/ Paul M. Monteleoni
        Paul M. Monteleoni
        Andrew C. Adams
        Margaret Graham
        Assistant United States Attorneys
        (212) 637-2219/2340/2923

cc: Counsel of Record (by ECF)