# Exhibit A

14-4407-cv
United States v. Prevezon Holdings Ltd., et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1   At a stated term of the United States Court of Appeals for the Second
2   Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
3   Square, in the City of New York, on the 8th day of July, two thousand fifteen.
4
5   PRESENT:   ROSEMARY S. POOLER,
6                      RAYMOND J. LOHIER, JR.,
7                      CHRISTOPHER F. DRONEY,
8                      *Circuit Judges*.
9   ------------------------------------------------------------------
10  UNITED STATES OF AMERICA,
11
12                      *Plaintiff-Appellee*,
13
14                      v.                              No. 14-4407-cv
15
16  PREVEZON HOLDINGS LTD., PREVEZON
17  ALEXANDER, LLC, PREVEZON SOHO USA,
18  LLC, PREVEZON SEVEN USA, LLC,
19  PREVEZON PINE USA, LLC, PREVEZON 1711
20  USA, LLC, PREVEZON 1810 LLC, PREVEZON
21

1    2009 USA, LLC, PREVEZON 2011 USA, LLC,

2

3    *Defendants-Appellants.**

4    -----------------------------------------------------------------

5    FOR APPELLANTS:    MARK A. CYMROT, Baker & Hostetler LLP,

6                       Washington, D.C. (John W. Moscow, Loura

7                       Alaverdi, Baker & Hostetler LLP, New York, NY,

8                       Seth T. Taube, Richard B. Harper, Baker Botts

9                       LLP, New York, NY, *on the brief*).

10

11   FOR APPELLEE:      PAUL M. MONTELEONI (Justin Anderson, *on the*

12                      *brief*), Assistant United States Attorneys, *for* Preet

13                      Bharara, United States Attorney for the Southern

14                      District of New York, New York, NY.

15   Appeal from orders of the United States District Court for the Southern

16   District of New York (Thomas P. Griesa, *Judge*).

17   UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

18   AND DECREED that the appeal is DISMISSED.

19   Prevezon Holdings Ltd. and affiliates (collectively "Prevezon") appeal

20   from the District Court's November 5, 2014 entry of an amended protective order

21   restricting, <u>inter alia</u>, the purchase, sale, or transfer of certain Prevezon assets.

22   We assume the parties' familiarity with the facts and record of the prior

23   proceedings, to which we refer only as necessary to explain our decision to

24   dismiss.

25   Prevezon argues that the amended protective order functions as an

26   injunction and is therefore immediately appealable pursuant to 28 U.S.C.

27   § 1292(a)(1), which provides that "the courts of appeals shall have jurisdiction of

28   appeals from . . . [i]nterlocutory orders of the district courts of the United States .

---

* The Clerk of the Court is respectfully directed to amend the caption of this case as set forth above.

2

1   . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing

2   to dissolve or modify injunctions."  But "§ 1292(a)(1) was intended to carve out

3   only a limited exception to the final-judgment rule."  <u>Carson v. Am. Brands, Inc.</u>,

4   450 U.S. 79, 84 (1981).  "[I]n using the word 'injunctions' in 28 U.S.C. § 1292(a)(1)

5   Congress had in mind traditional orders in equity . . . not those issued under

6   statutes providing for preliminary relief."  <u>Korea Shipping Corp. v. N.Y.</u>

7   <u>Shipping Ass'n</u>, 811 F.2d 124, 126 (2d Cir. 1987).  Here, the amended protective

8   order was entered pursuant to a statute, 18 U.S.C. § 983(j)(1)(A), which provides

9   for preliminary relief in civil forfeiture actions.  As such, the amended protective

10  order is not appealable as an "injunction" within the meaning of § 1292(a)(1).

11      Alternatively, Prevezon argues that the amended protective order is

12  appealable under an exception that is available only when preliminary relief

13  "effectively shuts down an ongoing business."  <u>United States v. All Assets of</u>

14  <u>Statewide Auto Parts, Inc.</u>, 971 F.2d 896, 901 (2d Cir. 1992); <u>see also</u> <u>United States</u>

15  <u>v. Victoria-21</u>, 3 F.3d 571, 574 (2d Cir. 1993).  But the amended protective order is

16  not appealable under this "shut down" exception because Prevezon failed to

17  show that the amended protective order effectively "shut down" its business.

18      Furthermore, Prevezon's appeal from the District Court's denial of a

19  motion to vacate or modify a prior protective order that was entered on

20  September 11, 2013, and superseded by the amended protective order, is moot.

21      Finally, we note that even if we had jurisdiction over this appeal, "[i]t is

22  our settled practice to allow the district court to address arguments in the first

23  instance."  <u>Farricielli v. Holbrook</u>, 215 F.3d 241, 246 (2d Cir. 2000).  The issues

24  raised in this appeal are pending before the District Court in a fully briefed

25  motion to dismiss the underlying verified complaint.  Judicial economy is better

26  served by the District Court expeditiously ruling on that motion.

1        We have considered Prevezon's remaining arguments and conclude that

2    they fail to establish jurisdiction over this appeal.  For the foregoing reasons,

3    Prevezon's appeal is DISMISSED.

4                                                    FOR THE COURT:

5                                                    Catherine O'Hagan Wolfe, Clerk of Court