

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 27, 2015

**BY ECF AND HAND DELIVERY**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re:    *United States* **v.** *Prevezon Holdings, Ltd., et al.*, **13 Civ. 6326** (TPG)

Dear Judge Griesa,

    The Government writes pursuant to Rules 26(c), (d) and (f) of the Federal Rules of Civil Procedure and the Court's May 29, 2015 order, which directed the parties to present the Court with a joint proposed discovery schedule or competing discovery schedules.

    The parties have been unable to agree on a schedule, and the Government therefore proposes the attached scheduling order, which takes into account: (1) the motions to dismiss pending before the Court; (2) the progress that has been made thus far with document discovery; (3) the need for motions to compel document discovery; and (4) the need for one or more motions for summary judgment. The Government correspondingly requests an adjournment of the October 5, 2015 trial date, based on the present status of the case and the remaining tasks to be accomplished by each side.[1]

  *Update on Discovery to Date*

    As background, since the last conference on May 27, 2015, the Government has made sweeping discovery productions of over 171,000 pages that dwarf the defendants' productions. The Government has also produced a 12-page summary of its anticipated proof at trial, which is additional information not required by the Federal Rules of Civil Procedure. The defendants' productions have omitted numerous crucial categories of documents, and two of the defendants have refused to produce any discovery whatsoever until their motion to dismiss has been decided.

---

[1] Indeed, Your Honor noted that the trial would likely need to be adjourned during the most recent Court conference: "THE COURT: We now have a trial date of October 5. I think probably it's not possible to keep that because there is a lot of work to be done. Let's get going on the other work, other discovery." (Tr., May 27, 2015, at 7).

In contrast to the Government's detailed and voluminous disclosures, the defendants have produced fewer than 8,300 pages. While the defendants claim that they have produced substantially all the documents that they intend to produce, there are numerous and important deficiencies, including but not limited to:

- Tax returns for Prevezon Holdings (which are plainly relevant to this money laundering case, as the Defendants' production of tax returns for Prevezon Holdings's subsidiaries tacitly acknowledges);

- Bank account records for numerous accounts possessed by Prevezon Holdings and its affiliated persons, including the Prevezon Holdings Marfin account referenced in Paragraph 127 of the Amended Complaint, which funded an alleged laundering transaction (which are necessary for the litigation of the Government's allegations that Prevezon Holdings used this and other bank accounts to launder money);

- Documents regarding the June 2008 sale of Prevezon Holdings by Timofey Krit to Denis Katsyv (which, as stated in the amended complaint, was described as being for a notably low sum of money and goes directly to the intent of the relevant decisionmakers);

- The compliance disclosures made by Prevezon Holdings to UBS in Switzerland, as referenced by Prevezon's representative Fred Harrison (which, according to Mr. Harrison, provide an account of the very transactions that are alleged to be money laundering);

- Any documents that the Prevezon Defendants have regarding Kolevins and Ferencoi (which are not governed by the pending motion to dismiss filed by Kolevins and Ferencoi, but which are directly relevant not merely to the case against Kolevins and Ferencoi but against Prevezon as well);

- Last, due to the pending motions to dismiss, Kolevins and Ferencoi have not produced *any* discovery to date (which is plainly necessary in a case where they are defendants).

Each of these categories of documents is crucial to the case. The defendants claim not to have substantial additional documentation, but it is difficult to conceive how, for example, the defendants would not possess their own tax returns, bank records, or documents concerning the sale of their own company.

*What Remains to Be Done*

First, as Your Honor is aware, there are two pending motions to dismiss. (*See* Dkt. Nos. 210-14, 229, 238-40.) Accordingly, the defendants have not yet filed an Answer. Once they do so, the Government will likely be entitled to supplemental discovery, and it is therefore difficult to conclude discovery without an Answer. Further, defendants Kolevins and Ferencoi claim in their motion to dismiss that the Court does not have jurisdiction over them. Accordingly, these two parties are refusing to produce <u>any</u> discovery. The Government is therefore providing expedited and expansive factual discovery to two defendants who refuse to produce a single document.

Second, the parties must conclude document discovery. While the Government has attempted to resolve these deficiency issues with the defendants, it has become clear that the Government will need to file a motion to compel the defendants to produce certain crucial documents. The Government intends to file a motion to compel with the Court on August 3, 2015, a week from today. The discovery schedule needs to allow time for this to be fully briefed (under the Government's schedule by August 14, 2015), for the Court to decide the motion, and for the defendants to produce any additional documents ordered by the Court. Also, as noted above, document discovery cannot conclude until the Court decides the pending motions to dismiss,[2] and Ferencoi and Kolevins begin producing discovery.

Third, the parties must take depositions of each other's witnesses once the parties have had a chance to review the relevant discovery.

Fourth, the parties' experts must review discovery and prepare their reports, and such experts must be deposed by the opposing party.

Last, each side must be allowed the opportunity to move for summary judgment, and the schedule must allow time for the Court to decide such motions. The Government presently anticipates moving for at least partial summary judgment, and the defendants have not represented they will not move for summary judgment.

*The Government's Proposed Schedule*

In summary, the Government as well as the defendants are entitled to meaningful discovery, so that they may review discovery and prepare for summary judgment and trial. To date, discovery has been markedly one-sided, which does not allow the Government to litigate its case. A joint discovery schedule is therefore necessary so that the case may proceed to trial in an orderly fashion.[3]

Given the work that remains to be done, the Government proposes the following schedule:

- Government's motion to compel by August 3, with any opposition by August 10, and any reply by August 14;
- Document discovery to be completed by September 30;

---

[2] As noted in the Government's July 8, 2015 letter to the Court, the Second Circuit dismissed the interlocutory appeal filed by the Prevezon Defendants in this case by summary order on July 8, 2015. The Prevezon Defendants's motion to dismiss, which raised many of the same issues as their interlocutory appeal, is therefore ripe for decision by Your Honor.

[3] Although discovery may proceed independently in the absence of a scheduling order, the Court has ample authority to set a schedule sequencing discovery for "the parties' and witnesses' convenience and in the interest of justice," and it is typical and appropriate to provide that the timing of discovery is reciprocal and proceeds in stages. *See* Fed. R. Civ. P. 26(d)(2).

- Fact depositions begin on October 1, absent an agreement by the parties to begin earlier;
- Fact depositions to be completed by November 24;
- Expert reports by December 23;
- Expert depositions and all discovery to be completed by January 29;
- Motions for summary judgment or partial summary judgment to be filed by February 8, with any opposition by February 22, and any reply by February 29;
- Trial to be scheduled at the court's earliest convenience after the motions for summary judgment are decided.

The defendants have not proposed a discovery schedule, but instead on July 10, 2015, sent a "Notice of Depositions" proposing that the Government's witnesses be deposed on July 28, 29, and 30, and August 4, 5, 6, 7, 12 and 13, 2015.[4] These dates are well before there is any realistic chance defendants will remedy the serious deficiencies in their production, given that discussions with defense counsel have made clear the need for a motion to compel. Since the two of the defendants have not produced <u>any</u> discovery, the remaining defendants have not come close to completing document productions, and no defendant has even answered the Amended Complaint, this deposition schedule is clearly unrealistic, and it does not even attempt to address how both sides can complete expert discovery, summary judgment, and trial preparation before October 5.

The Government therefore asks that the Court enter the attached proposed discovery schedule as a realistic and reciprocal schedule that will permit both sides to take the discovery to which they are entitled, and allow the case to proceed expeditiously to trial.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: /s/ Paul M. Monteleoni
    Paul M. Monteleoni
    Andrew C. Adams
    Margaret Graham
    Assistant United States Attorneys
    (212) 637-2219/2340/2923

cc: Counsel of Record (by ECF)

Enc: Proposed Scheduling Order

---

[4] Although the Government will endeavor to arrange for those it seeks to call as witnesses to appear for deposition at mutually agreeable times and places, it also bears noting that many of the individuals the defendants seek to depose are not under the Government's control.