# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

John W. Moscow
direct dial: 212.589.4636
jmoscow@bakerlaw.com

August 12, 2015

**VIA ECF**

The Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Prevezon Holdings, Ltd., et al., Case No. 13-Civ-6326 (TPG)*

Dear Judge Griesa:

    The Government filed last night its opposition to the motion to vacate or modify the protective order, which demonstrates why Defendants are entitled to the current trial date of October 5, 2015. This letter supplements the arguments in our letter of July 29, 2015. Dkt. 308.

    The Government argues that it is entitled to rely upon the Amended Verified Complaint as the basis for the Amended Protective Order. Gov. Br. 9.[1] Thus, if the Government's argument about its burden is correct (which Defendants contest), Defendants are only entitled to contest the merits of the allegations at trial as though there were no added burden for seizure. This case is about to be two years old. Even after an extended period of secret discovery abusing criminal process, the Government argues it has no burden at this point other than to verify an Amended Complaint even though it has abandoned many of the key allegations contained within that complaint. Those key allegations are essential to support required elements of the claims of money laundering.

    For instance, the Government has now admitted that:

    1.    This case is dependent upon the alleged tracing of $1.96 million from the Russian Treasury to the Prevezon 8160 Account as alleged in the Amended Complaint and

---

[1] The Prevezon Defendants will file a reply brief next week responding to the substance of the Government's arguments.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

depicted in Exhibit B to that complaint.[2] The Government now claims it will prove at trial a different flow of money than that shown on Exhibit B. While the Government denies Exhibit B is one more error in its Amended Complaint, its assertion of another tracing analysis is a concession that the foundation for the current Amended Protective Order was erroneous. The Government's current position has not been fully disclosed and is not verified as required by Supplemental Rule G.

2. The Court has rejected the Specified Unlawful Activity originally relied upon by the Government – wire fraud. Dkt. 310 at 18. The Government then shifted its arguments to two new SUAs: fraud on a foreign bank and bribery of a foreign official.

   (a) In its memo yesterday, the Government has again shifted to a new bribery theory: it now argues the tax officials must have been bribed given the circumstances. It appears that the Government no longer relies upon the allegations in the Amended Complaint ¶ 96-100 that $150,000 from the fraud proceeds went to one of the tax officials.[3]

   (b) For the first time, the Government memo (at p. 19) also articulates its fraud on a foreign bank theory as "the tax fraud scheme caused millions of dollars of liabilities to be imposed on entities legally owned by a foreign bank," which is yet another misleading statement. The Amended Complaint alleges that the bank was a trustee (Am. Compl. ¶¶ 15, 16), a key assertion not mentioned in yesterday's memo, and the current articulation of the Government's theory does not even suggest that the bank was injured, which is an essential element of bank fraud under the statute.

3. We have previously pointed out that the Government has admitted it has no evidence that Defendants knew that any crime had taken place or intended to advance the crime in any way, which is yet another essential element of a money laundering claim. Hr'g Tr. Feb. 14, 2014 at 45:23-46:19; Dkt. 300-3, Gov't 30(b)(6) Dep. at 131:21-132:9, 137:13-138:5.

The Government has been totally obstructionist in respect of the Court's October 5, 2015 order setting a trial date. In its efforts to delay the trial, the Government refused to produce even Government employees as witnesses for noticed depositions, defaulting on a notice of deposition for seven of its witnesses and delaying compliance with the Court's order of May 29, 2015,

---

[2] *See* Monteleoni letter to Moscow July 9, 2015, referring to US-PREV140704-750, and US PREV140759-140777.

[3] The Government argues that "defendants do not contest a payment was made ..." Defendants contest the entire description of the events. And the Government's statement that the account that purportedly paid the bribe "contained millions in fraud proceeds" is the type of exaggeration that characterizes the Government's case. That statement is contrary to the allegation in para. 96 of the Amended Complaint that $150,000 in fraud proceeds were allegedly transferred to pay the bribe.

which required the Government to disclose the basis for its case. The Government still has not fully complied with the Order.

Prevezon Holdings and its owner, Mr. Denis Katsyv, have been severely damaged by the original worldwide Protective Order and the Amended Protective Order, which have shut down their operations worldwide. Mr. Katsyv's declaration detailing the prejudices to the Prevezon businesses is attached as Exhibit A. With a broad restraining order currently in place, Defendants are entitled to a speedy trial.

We request that the Court maintain the current trial schedule and order the Government to produce its documents and witnesses forthwith.

Respectfully,

John W. Moscow

cc: Counsel of Record (by ECF)