# BakerHostetler

**Baker&Hostetler LLP**

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Mark A. Cymrot
direct dial: 202.861.1677
MCymrot@bakerlaw.com

September 18, 2015

**VIA ECF**

The Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Prevezon Holdings, Ltd., et al., Case No. 13-Civ-6326 (TPG)*

Dear Judge Griesa:

    We write to request the Court's assistance to resolve disputes concerning depositions noticed by the Government for New York for: Denis Katsyv, Timofey Krit, Alexander Litvak, and Defendants' F.R.Civ.P. 30(b)(6) deposition (for which Mr. Katsyv will be designated as the knowledgeable witness).

    Each of the individual witnesses lives and works in Russia or Israel, has not been served with subpoenas, and is not personally within the jurisdiction of the Court. Prevezon Holdings is a Cyprus corporation. The Government's notices are, thus, defective. Pursuant to Federal Rule of Civil Procedure 26(c), we request that the Court order the Government to conduct the depositions by videoconference or in person in Israel or Russia. In the alternative the Court should enter an order to provide these witnesses with safe passage to appear at both these depositions and at trial in New York.

    Denis Katsyv, owner of Prevezon Holdings who holds no other position with the company, is a citizen of the Russian Federation and had never previously traveled to the United States. He lives and works in Moscow. He is a claimant. When he sought a visa to enter the United States to defend these proceedings, attend a deposition and testify at trial, the Government denied his application in or around November 2014, after holding his passport for many months. He, therefore, was not legally permitted to attend the deposition as the Government noticed.

The Hon. T. Griesa
September 18, 2015
Page **2** of **4**

     Mr. Krit, a director of Prevezon Holdings, lives and works in Moscow and does not have a visa to enter the United States and likely cannot obtain one, certainly in the time the Government has provided in its notice.

     Mr. Litvak is not an officer or director of Defendants. He lives and works in Tel Aviv.

     Pursuant to Federal Rule of Civil Procedure 30(b)(1), Messrs. Katsyv and Litvak, who are not directors, officers, or managing agents, cannot even be summoned to testify via notice. "A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009); *see also In re Transpacific Passenger Air Tranp. Antitrust Litig.*, No. C-07-05634, 2014 WL 6730165, at *2 (N.D. Cal. Dec. 20, 2013) (same); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60786-CIV, 2012 WL 6205044, at *1 (S.D. Fla. Dec. 12, 2012) (same). Mr. Katsyv also cannot be compelled, under Supplemental Rule G, to appear in New York for a deposition that would, in any case, be very limited. The Government never served Special Interrogatories, and, indeed, the Government does not challenge either Mr. Katsyv's identity or his relationship to the property in question. *See* Supplemental Rule G(6)(a).

     Messrs. Katsyv, Krit, and Litvak are also not required to travel to the United States for their depositions under Federal Rules of Civil Procedure 30(b)(6). The Government's deposition notice for Prevezon Holdings in New York is, thus, defective. "It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (citations and quotations omitted). As one court stated,

> [B]ecause a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence – as opposed to the judicial district in which the action is being litigated – is typically respected. . . . And this presumption applies with no less force when the defendant is domiciled in another country. Indeed, insofar as a foreign defendant may be more inconvenienced by having to travel to the United States than a defendant who merely resides in another state or in another judicial district, the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger. . . .
>
> Courts have implemented essentially the same scheme for corporate defendants. Thus, courts have generally recognize a presumption that Rule 30(a)(1) or 30(b)(6) depositions of a foreign defendant corporation's officers or managing agents should be taken at the corporation's principal place of business. This presumption is supported by the same sound reason noted above for applying the presumption to individual defendants. Further support for the presumption in the corporate context is the added potential for undue burdens on a corporation owing to the fact that unlike an individual defendant, a corporate defendant is subject to

The Hon. T. Griesa
September 18, 2015
Page **3** of **4**

> multiple depositions pursuant to Rules 30(a)(1) and 30(b)(6).11 Accordingly, a foreign corporation's Rule 30(b)(6) and managing agent witnesses should presumptively be deposed in the district of the corporation's principal place of business.

*In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471-72 (E.D. Va. 2010); *see also United States* ex rel. *Barko v. Haliburton Co.*, 270 F.R.D. 26, 28-29 (D.D.C. 2010) (permitting foreign depositions when defendant agreed to be deposed pursuant to Federal Rule of Civil Procedure in Amman, Jordan); *Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA*, No. 91 Civ. 2814, 1992 WL 51532, at *5 (S.D.N.Y. 1992) (ordering depositions of defendants to take place in foreign countries).

Defendants have made every effort to accommodate the Government for a more convenient location than Moscow for these depositions. We have made several offers but the Government is insistent that the depositions take place in New York. In this case, the risk to the deponents goes beyond inconvenience. We have repeatedly made the point to this Court that the Government claims to have empanelled a grand jury, which it is illegally using to take civil discovery, and is making misrepresentations to foreign governments in MLAT requests. *E.g.*, Dkt. 299 at 21-23. And we have repeatedly complained about the Government's tactics before this Court, including the use of numerous misleading statements. *E.g.* Dkt. 338 at 3. The Government appears to be using the same sort of tactics regarding these depositions. They have noticed depositions in New York even though they know the witnesses cannot legally appear in New York, and thus, they are provoking a default on the notices to create grounds for sanctions, which might save the Government from ever proving its meritless case.

These issues were raised before the Court on May 27, 2015, when the Government represented that it would give Denis Katsyv safe passage into the United States. There, counsel for Defendants explained that the Government "won't give [Denis Katsyv] a visa to come into the United States to defend this case." Hr'g Tr. at 11:10-20 (May 27, 2015). In response, the Government stated that "we would parole [Denis Katsyv] into the United States and give him letters of safe passage." *Id.* at 11:22-12:4. The Government went so far to claim that this "issue is not a dispute." *Id.* The Government was in error.

Despite the Government's in-court representations, the Government offered the deponents much less protection. If the Court finds the depositions must take place in New York, we seek an order pursuant to which the deponents can enter the United States legally and the Government (or any subdivision thereof) will not arrest, detain or delay the witnesses or their Russian counsel.

The Hon. T. Griesa
September 18, 2015
Page **4** of **4**

   We, therefore, request that the Court quash the current deposition notices as defective and in the alternative, (1) order the depositions to take place where the deponents live and work, (2) by videoconference, or (3) pursuant to an order of safe passage for the witnesses to enter the United States.

                Respectfully submitted,


                /s/ Mark A. Cymrot
                Mark A. Cymrot

cc:  Assistant United States Attorney Paul Monteleoni
   Assistant United States Attorney Christine Magdo
   Assistant United States Attorney Andrew Adams
   Assistant United States Attorney Jaimie Nawaday
   Assistant United States Attorney Margaret Graham

   Seth T. Taube
   John W. Moscow