

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 21, 2015

**BY ECF AND HAND DELIVERY**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Prevezon Holdings, Ltd., et al.*, **13 Civ. 6326 (TPG)**

Dear Judge Griesa,

    The Government writes, pursuant to its letters of August 28, August 31, and September 14, 2015, as well as pursuant to the Court's Order of August 25, 2015, and Federal Rule of Civil Procedure 15(a)(2), to request leave to file a second amended complaint in the form attached hereto as Attachment 1. A comparison of the text of the proposed second amended complaint to the current complaint is attached hereto as Attachment 2. As set forth below, and in the Government's prior letters, leave to amend should be granted.

    Federal Rule of Civil Procedure 15(a)(2) provides that where, as here, leave of court is permitted to file an amended pleading, "the court should grant leave to amend 'freely . . . when justice so requires.'" *Oliver Schools, Inc.* v. *Foley*, 930 F.2d 248, 252 (2d Cir. 1991) (quoting Fed. R. Civ. P. 15(a)). "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Id.* at 523 (internal quotation marks omitted). The Second Circuit has explained that "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed" and the motion for leave to amend should be granted. *Monahan* v. *N.Y. City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). Indeed, the Second Circuit recently reversed where a district court "'violated the liberal spirit of Rule 15,'" *Loreley Financing (Jersey) No. 3 Ltd.* v. *Wells Fargo Secs. LLC*, --- F.3d ----, 2015 WL 4492258, at *26 (2d Cir. July 24, 2015) (quoting *Williams* v. *Citigroup, Inc.*, 659 F.3d 208, 213 (2d Cir. 2011)), by denying leave to amend in absence of a finding that amendment would be futile.

    Here, there is no ground justifying denial of leave to amend. The Government has not been dilatory or acted in bad faith. On the contrary, this request was first made three weeks after the Court rejected the Government's reliance on wire fraud as a specified unlawful activity, and

before any ruling finding any other aspect of the complaint insufficient. This is an extremely expeditious timeframe to seek amendment, as the Second Circuit has recognized. *See Loreley Financing*, 2015 WL 4492258, at *25 ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.").

The proposed second amended complaint would cause no prejudice, let alone undue prejudice, to the defendants. It relies exclusively on documents that have already been produced in discovery—in many cases months ago—and the Government does not believe it would necessitate the calling of any additional witnesses. Indeed, if anything the proposed second amended complaint provides further focus to this action, by setting out with specificity the Government's theories, even as to allegations the Court has already deemed sufficient. In any event, amending the complaint more than a month before the close of expert discovery, months before trial, and without the need for any additional documents beyond those already produced could not possibly cause undue prejudice.

Moreover, the proposed second amended complaint could hardly be deemed futile, given that it provides more detail on allegations the Court has already found sufficient. *See* D.I. 310. As to the Prevezon Alexander and Prevezon Soho properties—the only aspects of the case on which the Court arguably reserved decision—the proposed second amended complaint alleges their receipt of hundreds of thousands of dollars of fraud proceeds, in the form of funds drawn from the Prevezon Holdings 8160 account that the Court has already found the complaint to allege has "tainted" contents, D.I. 310 at 17 n.4, because of the commingling of fraud proceeds with other funds in that account. *See* Att. 1 ¶¶ 133, 135-36. Indeed, the proposed second amended complaint alleges that such funds include fraud proceeds derived from interest on the initial investment of fraud proceeds and of rental income for property purchased in part with such property. *See* Att. 1 ¶¶ 133, 136. The proposed second amended complaint also includes additional and damning allegations regarding the pervasiveness of money laundering at Prevezon Holdings, such as the receipt of millions of additional dollars from shell companies under false payment descriptions. *See* Att. 1 ¶ 126.

As to the additional specified unlawful activity of transportation of stolen property, the proposed second amended complaint clearly alleges the domestic transportation of funds directly traceable to the underlying Russian fraud scheme, *see* Att. 1 ¶¶ 103-04, 117, 120 (describing U.S. transfers); *id.* ¶¶ 150, 153-62 (explaining their status as money laundering predicates), and the subsequent laundering of the proceeds of that stolen property offense. This specified unlawful activity is plainly applicable. *See, e.g.*, *United States* v. *LaSpina*, 299 F.3d 165, 171-73, 178 (2d Cir. 2002); *United States* v. *Lazarenko*, 564 F.3d 1026, 1032 (9th Cir. 2009) (sustaining indictment alleging laundering proceeds of interstate transportation of stolen property relating to the United States transport of funds obtained in a fraud scheme violating Ukrainian law). Moreover, given the essentially total factual overlap with the other specified unlawful activities, this activity can be proven at trial pursuant to Rule 15(b)(1) in any event.

In all, these circumstances—where highly relevant facts and plainly applicable legal theories are all based on the documents already exchanged, and amendment is sought during discovery and months before trial—are just those where the "'liberal spirit of Rule 15,'" *Loreley Financing*, 2015 WL 4492258, at *26 (quoting *Williams*, 659 F.3d at 213), justifies amendment. Accordingly, the Government respectfully requests that the Court grant leave to file a second amended complaint in the form attached.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

by: /s/ Paul M. Monteleoni
        Paul M. Monteleoni
        Margaret Graham
        Jaimie L. Nawaday
        Assistant United States Attorneys
        (212) 637-2219/2923/2275

cc: Counsel of Record (by ECF)