# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

October 5, 2015

Mark A. Cymrot
direct dial: 202.861.1677
MCymrot@bakerlaw.com

**VIA ECF**

The Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Prevezon Holdings, Ltd., et al.*, Case No. 13-Civ-6326 (TPG)

Dear Judge Griesa:

      We write to request that William F. Browder be required to produce additional documents and to sit for further deposition time, pursuant to this Court's May 29, 2015 Order. Dkt. 287. Browder has failed to produce documents important to the defense against the Government's allegations and, despite their efforts, Defendants cannot obtain these documents from the Government as the Court suggested.

      On February 3, 2015, Defendants served a subpoena on Browder in New York, NY. Dkt. 225-1. On March 10, 2015, the Court ordered that Browder comply with the subpoena, produce responsive documents, and appear for a deposition on April 15, 2015. Dkt. 252. On May 29, 2015, the Court adjourned Browder's further compliance with the deposition subject to a later Court order; however, the Court retained jurisdiction over Browder. Dkt. 287.

      Browder, to date, has still failed to produce a number of documents needed by Defendants to defend themselves in this action. The Government has alleged that a fraud was committed on a foreign bank, *see* 18 U.S.C. § 1956(c)(7)(B)(iii), as one of its Specified Unlawful Activities ("SUA") needed as a prerequisite for its money laundering allegations. Dkt. 174 ¶ 143. The bank alleged to be defrauded was HSBC Private Bank Guernsey, who served as the trustee for the Hermitage Fund, which is owned by Mr. Browder. The Amended Complaint alleges that three shell companies owned indirectly by the Hermitage Fund were used as part of the fraud on the Russian Treasury. Am. Compl. ¶ 16-19. Defendants would like to demonstrate that as the trustee HSBC Guernsey was not a defrauded party. Your Honor made reference in the

The Hon. Thomas Griesa
October 5, 2015
Page 2

opinion rejecting our motion to dismiss that we would need to clarify the relationship of these entities before you would accept our argument.  Dkt. 301 at 23-24.

Defendants requested production of these documents but, to date, Browder, the Government, and former HSBC employees who are testifying on behalf of the Government refuse to produce these documents.  Among the documents we sought were the trust instruments and related agreements for the Hermitage Fund which would define the relationship between the Fund and the bank as trustee.  The Government has not been able to produce these documents and, thus, we must seek them from Mr. Browder who has also refused to provide them.

In addition to these documents, Defendants sought the production of financial records for the Hermitage Fund and its entities to address the Government's allegations that HSBC Private Bank Guernsey, acting as trustee, suffered "harm."  Dkt. 300-8 at 3.  These documents include: (1) the Hermitage Fund's financial statements; (2) the Hermitage Fund's bank account statements; and (3) bank account statements for entities owned by the Hermitage Fund at issue in this lawsuit, such as Rilend, Parfenion, and Makhaon (the Russian entities alleged to have been stolen from Hermitage), and Glendora Holdings Limited and Kone Holdings Limited (the Cypriot shareholding vehicles alleged to own Rilend, Parfenion, and Makhaon).  Browder and the Government have produced some of this information prior to September 2007 but not thereafter, when the alleged fraud scheme was discovered and the tax rebates were paid out.

Also crucial to the defense are any documents Browder has obtained or generated regarding the tracing of Russian Treasury funds to: (1) Defendants, a critical element of the Government's case; or (2) Vladlen Stepanov, relevant to the Government's SUA theory that a foreign public official received a bribe.  Browder was the original source of both of these allegations.  The Government's production of these documents is incomplete.  Defendants sought these documents in their subpoena but Browder produced almost no responsive documentation.

Finally, Defendants requested that Browder produce documents regarding his communications (and others affiliated with him) between themselves and/or with the Government concerning the allegations in the Amended Complaint.  To date, Browder has produced no such communications.  Persons covered by this request include: Paul Wrench (a current director of a Hermitage entity who is a witness for the Government), Martin Wilson (former director of Hermitage entities who is a witness for the Government), Ivan Cherkasov and Vadim Kleiner (Hermitage partners who supplied information to the Government, Paul Wrench, and others), Andrei Stolbunov (a potential witness disclosed by the Government who produced numerous documents falsely attacking Denis Katsyv regarding irrelevant Russian business dealings), and the Government's confidential witness that attempts to provide the Government with the materials needed to trace the funds from the Russian Treasury (███████████████████████████████████████████████████).

Defendants attempted to procure these documents from other sources, including witnesses identified by the Government as persons testifying at trial.  The Government, however, refuses to provide Defendants with addresses for these persons and then refuses to serve the subpoenas.  The Government also works with these witnesses, Browder, and his affiliates (such

The Hon. Thomas Griesa
October 5, 2015
Page 3

as HSBC) to obtain documents it wants to introduce at trial.  As a result, Defendants need the Court to enforce Browder's subpoena to obtain the sought-after documents.

     The Court should order Browder to produce these documents immediately.  Defendants also would be entitled to additional deposition time with William F. Browder to obtain testimony regarding these documents and topics related thereto.  Without these additional materials, Defendants will be materially prejudiced in defending themselves against the Government's tracing and SUA allegations.

                                      Respectfully,

                                      *s/ Mark A. Cymrot*
                                      Mark A. Cymrot

cc via ECF:    Assistant United States Attorney Paul Monteleoni
                    Assistant United States Attorney Jaimie Nawaday
                    Assistant United States Attorney Margaret Graham
                    Michael Kim

                    Seth T. Taube
                    John W. Moscow