# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

October 5, 2015

Mark A. Cymrot
direct dial: 202.861.1677
MCymrot@bakerlaw.com

**VIA ECF**

The Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Prevezon Holdings, Ltd., et al.*, Case No. 13-Civ-6326 (TPG)

Dear Judge Griesa:

    We write concerning the Government's letter filed today in further support of its motion for leave to file a Second Amended Complaint.

    We argued in our filing of October 2, 2015 that the Government's assertion of a new Specified Unlawful Activity of transportation of stolen property, 18 U.S.C. § 2314, raises for the first time the issue of the knowledge and intent of Bunicon and Elenast, two Moldovan companies, which would be impossible for Defendants to discover at this late date.  The Government contends that Defendants were on notice since January 2014 that the knowledge and intent of Bunicon and Elenast were necessary, citing an opposition to Defendants' Motion to Dismiss.  Dkt. 360 at 2 (citing Dkt. 58 at 21-22).  However, the section of the brief cited by the Government refers to the knowledge and intent of Prevezon, not that of Bunicon and Elenast.  The knowledge of these entities became relevant only when the Government asserted the new Specified Unlawful Activity.[1]

    That section is entitled "Conspiracy and Intent to Promote" and contends that Defendants knew or intended to enter into a conspiracy with unnamed fraudsters.  *See id.* at 20, 22.  But the

---

[1] For this reason, Defendants dispute the Government's characterization presented in footnote 1 of its letter.  For money laundering to be a money laundering predicate some other actionable SUA must exist.  In this case, the Government's alleged actionable SUA was transportation of stolen property. Dkt. 346-1 ¶ 155.  Defendants dispute the remaining arguments made by the Government although they are not addressed by the instant letter.

The Hon. Thomas Griesa
October 5, 2015
Page 2

critical inquiry under these allegations is whether Defendants knew about or intended to join some conspiracy; otherwise, Defendants cannot be held liable. The Government even concedes as much in its instant letter, stating that there was an alleged "*meeting of the minds between the Defendants and the other individuals engaged in laundering the funds*." Dkt. 360 at 2 (citing Dkt. 358 at 20-21) (emphasis in original). To have a meeting of the minds, Defendants must intend or know it is engaging in a conspiracy.

The same is true for the Complaint and Amended Complaint allegations cited by the Government, Dkt. 360 at 2, all of which focus on the knowledge and intent of Defendants, not some other third-parties. *E.g.* Am. Compl. ¶ 148 (alleging that Defendants "acted with the intent of promoting and perpetuating" the alleged fraud); ¶ 152 (alleging Defendants "knew that the financial transactions were designed" to conceal the alleged fraud).

Defendants thus were never on notice that they should take discovery regarding Bunicon and Elenast's mental states because the critical inquiry in the Government's allegations to date – whether Defendants knew or intended any improper actions – was something Defendants controlled. Simply put, whether Bunicon and Elenast knew property was stolen was irrelevant so long as Defendants did not have an actionable *scienter*. Under its new allegations, however, the Government asserts an SUA under § 2314 that requires proof of the knowledge of the persons transmitting the funds through the United States (another new allegation) – Bunicon and Elenast.

The Government now also contends it had no obligation to amend its complaint until after ruling on the motion to dismiss, but the case cited by the Government states that "[o]ur opinion today, of course, leaves unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec's, LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Waiting for over a year to plead facts and legal theories well within the Government's possession until seventy-five days before trial – a point never disputed by the Government – is exactly the prejudicial circumstance where the Second Circuit would require this Court to deny the Government leave to amend.

Respectfully,

*s/ Mark A. Cymrot*
Mark A. Cymrot

cc:   Assistant United States Attorney Paul Monteleoni
      Assistant United States Attorney Jaimie Nawaday
      Assistant United States Attorney Margaret Graham

      Seth T. Taube
      John W. Moscow