# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200
FAX +1 212 488 1220

NEW YORK
LONDON
HONG KONG
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

October 9, 2015

**BY ECF**

Honorable Thomas P. Griesa
United States District Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:** *United States v. Prevezon Holdings, Ltd., et al.,*
       13 Civ. 6326 (TPG)

Dear Judge Griesa:

  We are counsel to non-party William Browder, whom Your Honor may remember from the time-consuming, and largely pointless, legal battles fought over a subpoena issued to him earlier in the case. In the spring, Mr. Browder gave a deposition and produced documents in response to that subpoena. Thereafter, on May 13, 2015, Defendants made a motion to compel Mr. Browder to produce even more documents and to sit for a *second* deposition. On May 27, 2015, the Court denied the Defendants' motion and put a halt to the sideshow over Mr. Browder that had consumed months of everyone's time, including the Court's.

  By letter dated October 5, 2015, Defendants are moving again for similar relief. After months of no contact with Mr. Browder, Defendants are suddenly demanding the Court to compel two things from Mr. Browder: (a) production of documents that are available from the Government, and (b) submission to a second deposition (which under the Federal Rules of Civil Procedure requires special permission from the Court under exceptional circumstances).

  The Court need not waste additional time on Mr. Browder, especially with so many other issues to address on the eve of the discovery deadline.

Honorable Thomas P. Griesa
October 9, 2015
Page 2

**Same Document Demands Can Be Dealt With Via Party Discovery.**  We understand that the Government will produce the documents in response to the same demands in Defendants' October 5, 2015 letter by next week.  We understand that these documents will clarify HSBC Guernsey's relationship to the relevant entities, which is what the Defendants wish.  The Court need not restart litigation over Mr. Browder.

Defendants also seek communications between the Government and various persons.  The Government has these documents and is the only party that can properly address the complex issues of law enforcement privilege implicated by these communications.

**Court Has Already Denied Second Browder Deposition And Should Not Reverse Itself.**  Mr. Browder has already spent thousands of dollars producing thousands of documents to Defendants and travelling from London to attend a deposition in New York and answer questions on substantive topics of Defendants' choosing.  Defendants took the entire 7 hours allotted to them, and their motion for a second deposition was already denied by the Court on May 27, 2015.  There are no extraordinary circumstances to justify a second deposition from Mr. Browder or to revisit the Court's prior ruling denying the same.

Simply put, the continuing expenditure of judicial energy on discovery against Mr. Browder is a waste of resources, and the Court should not allow this matter to proceed to actual motion practice.

Respectfully submitted,

by: /s/ Michael S. Kim
    Michael S. Kim
    Lindsey Weiss Harris

    +1 212 488 1200

    *Attorneys for William Browder*

cc:     Counsel of Record (by ECF)