# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

October 15, 2015

Mark A. Cymrot
direct dial: 202.861.1677
MCymrot@bakerlaw.com

**VIA ECF**

The Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Prevezon Holdings, Ltd., et al.*, Case No. 13-Civ-6326 (TPG)

Dear Judge Griesa:

  We write in response to the October 9, 2015 letter from William F. Browder regarding Defendants' request for production of additional documents and additional deposition time related to these topics. The Court, in previously adjourning the subpoena against Browder, required Defendants to first seek discovery from the Government. Defendants did so repeatedly but the Government refused to produce the sought-after documents, thus forcing Defendants to seek the materials from Browder. And Browder is still listed as a Government witness, so Defendants are entitled to depose him regarding these documents that were not previously produced. Defendants' request, therefore, should be granted.

  Defendants sought production of documents and testimony relating to: (1) the Hermitage structure and the supposed losses of certain entities associated with the Hermitage Fund (including HSBC Guernsey), relevant to the Government's alleged Specified Unlawful Activity that fraud was committed against a foreign bank pursuant to 18 U.S.C. § 1956(c)(7)B)(iii); (2) the alleged tracing of the funds from the Russian Treasury, plainly relevant under the Government's Amended Complaint; and (3) communications by Browder (and his affiliates) with the Government and its witnesses, again a relevant topic for discovery yet not produced by anyone to date.

  These documents were sought by Defendants in their subpoena to Browder and again in their May 13, 2015 letter to the Court. Dkt. 228-1 at 7-15 (subpoena served on Browder on February 3, 2015); Dkt. 281. Defendants also sought these same documents in their document requests to the Government. *E.g.*, Second Request for Production of Documents at ¶ 2 (seeking

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver*
*Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

The Hon. Thomas Griesa
October 15, 2015
Page 2

communications with Government witnesses); at ¶ 4 ("Documents sufficient to evidence the structure of Hermitage."); at ¶ 20 ("All documents concerning whether and how 'the foreign bank HSBC' was harmed, as alleged in your June 15, 2015 letter."). The Government did not then produce these documents, so Defendants sought these same documents via subpoena to Browder's surrogates at HSBC who are testifying on behalf of the Government. *E.g.,* Subpoena to Paul Wrench, September 2, 2015, at 4-10. The Government, although it has been in communication with HSBC and the surrogate witnesses, refused to transmit the subpoenas to the witnesses and did not obtain the documents from HSBC. *E.g.,* Wrench Dep. 192:13-193:1 ("Mr. Monteleoni: … we were never authorized to accept service for Mr. Wrench. … We're also not able to affect service of a subpoena for a private party on Mr. Wrench and we didn't actually send the subpoena to him, but we did transmit the substance of the requests to him."). These witnesses did not produce the documents either, despite repeated requests at the depositions from Defendants' counsel for the documents that were needed to address the Government's allegations. *See* Wrench Dep. 14:10-15 ("Q. Did you make any efforts to try to find the documents sought in the document requests? … A. No, I haven't."); *id.* 193:4-9 (reserving right to continue deposition "when and if we receive additional documents that should have been produced to us pursuant to our subpoena prior to the deposition."). Defendants then requested the documents from Browder, but he did not produce them. Only after Defendants sought to compel Browder's documents and testimony will the Government – at least according to Browder, however he supposedly knows – produce responsive documents that should be in the custody of third-parties and not the Government.

Browder also misconstrues Defendants' request for communications. Although communications between the Government and their testifying witnesses are unlikely to be shielded via law-enforcement privilege,[1] Defendants also seek communications between Browder and the witnesses in this case – something for which Browder does not claim privilege. Those documents are relevant to this dispute and should be produced forthwith.

While Browder claims his testimony is a "sideshow," it was his actions – and subsequent interrogatory responses and deposition testimony from the Government – that caused Defendants to seek Browder's testimony. The Government persists with listing Browder as a potential witness, intending to call him at trial, *inter alia*, "regarding the business practices, structure and operations of Hermitage."

Defendants have requested a limited deposition related to the document production they are currently seeking from Browder. Dkt. 361 at 3. Contrary to Browder's assertion, the Court adjourned his subpoena so that Defendants could obtain documents and testimony precisely in circumstances like this. Hr'g Tr. at 6:1-7:7 (May 27, 2015). Otherwise, Defendants will be materially prejudiced, as Browder is the only witness the Government disclosed who it stated will testify about many of these topics. Defendants' request should be granted, Browder should

---

[1] Defendants intend to compel the Government to produce its communications; at a minimum, the Government must identify those communications on a proper privilege log instead of baldly listing them as a category of documents it refuses to produce.

The Hon. Thomas Griesa
October 15, 2015
Page 3

be ordered to produce the sought-after documents, and additional deposition time should be scheduled.

                                                Respectfully,

                                                *s/ Mark A. Cymrot*
                                                Mark A. Cymrot

cc:        Assistant United States Attorney Paul Monteleoni
           Assistant United States Attorney Jaimie Nawaday
           Assistant United States Attorney Margaret Graham
           Michael S. Kim

           Seth T. Taube
           John W. Moscow