UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/2015
```

------------------------------------------x
                                          :
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                    Plaintiff,            :        13-cv-06326 (TPG)
                                          :
            v.                            :          ECF CASE
                                          :
PREVEZON HOLDINGS LTD., et al.,           :          **OPINION**
                                          :
                    Defendants.           :
                                          :
                                          :
------------------------------------------x

        Before the Court are two fully briefed motions and the Court's partially

outstanding decision on defendants' motion to dismiss the Amended Verified

Complaint ("AVC") as to Prevezon Soho and Prevezon Alexander.    First,

defendants submitted a motion to vacate or modify the amended protective order,

arguing that the government's AVC inadequately alleges that Prevezon Soho and

Prevezon Alexander were involved in money laundering activity.  The Court now

holds that the AVC states plausible claims as to Prevezon Soho and Prevezon

Alexander such that defendants' motion to vacate or modify the amended

protective order and motion to dismiss as to Prevezon Soho and Prevezon

Alexander is also denied.

        Second, the government has requested leave to amend the AVC to specify

facts relating to Prevezon Soho and Prevezon Alexander, include two new

Specified Unlawful Activities ("SUAs") as predicates to money laundering, and

include additional facts relating to transfers and entities linked to Prevezon's alleged fraud against the Russian Treasury. For the reasons set forth in Part C below, the government's request to amend the AVC is granted

## A. **Background**

On July 28, 2015, defendants submitted a motion to vacate or modify the amended protective order and materials in further support of their pending motion to dismiss the AVC. See Dkts. 298–300. At the time defendants made their submission, the Court had not yet reached its decision on defendants' motion to dismiss, which it did on August 7, 2015. See Dkt. 310. In that Opinion, the Court denied the motion to dismiss, except that it reserved decision as to Prevezon Soho and Prevezon Alexander because defendants' added motion to vacate or modify the amended protective order introduced new issues requiring response from the government and further consideration by the Court. See Dkt. 310 at 17 n.4. Thus, the Court issued its Opinion partially deciding the motion to dismiss, leaving open the status of Prevezon Soho and Prevezon Alexander.

Meanwhile, the government opposed defendants' motion to vacate or modify the protective order on August 11, 2015. See Dkts. 311–12. Defendants submitted a letter response on August 12, 2015, Dkt. 313, and a formal reply memorandum on August 21, 2015, Dkt. 320. On August 25, 2015, the Court issued an order requesting the government to set forth in a letter the specific facts known to the government supporting a reasonable belief that Prevezon Soho and Prevezon Alexander were involved in money laundering. See Dkt. 322.

Following the Court's Order, the parties exchanged a flurry of letters as to the appropriateness of the extant amended protective order, the sufficiency of the AVC in supporting the amended protective order, and, specifically, the adequacy of the government's allegations as to Prevezon Soho and Prevezon Alexander. See Dkts. 333–60. In sum, the government argued that the AVC adequately describes the myriad ways in which the defendants knowingly laundered money with the intent to promote or conceal the nature of funds involved in the bribery of Russian public officials, created fraudulent contracts to convert property, and defrauded of a foreign bank, among other things. There are allegations that the fraudulently obtained funds were deposited into a cascade of foreign bank accounts, and that some of the illicit funds in those bank accounts were used to purchase certain properties in New York. Prevezon Soho and Prevezon Alexander are allegedly tied to the network of bank accounts that received illicit funds.

The government alternatively sought leave to file a Second Amended Verified Complaint ("SAVC") and attached a proposed SAVC and a comparison against the AVC. See Dkt. 347. The proposed SAVC includes, among other changes, two new predicate SUAs for money laundering: transportation of stolen property in violation under 18 U.S.C. § 2314 and money laundering itself in violation of 18 U.S.C. § 1956 and § 1957. Defendants opposed the government's request to amend. See Dkts. 358–59. On October 5, 2015, the parties submitted follow-up letters in further support of their positions. See Dkts. 360, 362.

3

## B. **Motion to Vacate or Modify the Amended Protective Order**

### *1. Legal Standard*

Federal forfeiture laws make subject to forfeiture the proceeds or property involved in the proceeds of certain specified unlawful activity. See 18 U.S.C. § 981(a)(1) (2012). A party seeking to maintain a money laundering claim must allege: "(1) that the defendant conducted a financial transaction; (2) that the transaction in fact involved, or was related or traceable to the proceeds of specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7); (3) that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and (4) that the defendant knew that the financial transaction was designed in whole or in part to conceal or disguise the source, ownership, control, etc., of those proceeds." United States v. Maher, 108 F.3d 1513, 1527–28 (2d Cir. 1997); see also 18 U.S.C. § 1956 (2012).

The Civil Action Forfeiture Act of 2000 ("CAFRA") is codified in part at 18 U.S.C. § 983 and states that "the burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." See id. § 983(c)(1). This "preponderance of the evidence" standard replaced the "probable cause" standard applied in pre-CAFRA forfeiture cases, and describes the government's ultimate burden of obtaining forfeiture. CAFRA further provides that "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish

4

that there was a substantial connection between the property and the offense."
Id. § 983(c)(3).

At the pleading stage, the government must set forth its claims in the complaint "with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." See Supplemental Fed. R. Civ. P. E(2)(a). A complaint for forfeiture must "assert specific facts supporting an inference that the property is in fact subject to forfeiture." See id.; United States v. 1,399,313.74, 591 F. Supp. 2d 365, 377 (S.D.N.Y. 2008) (collecting cases); see also United States v. Mondragon, 313 F.3d 862, 865 (4th Cir. 2002) (holding that the complaint must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture). Allegations that are conclusory or unspecific do not pass muster, but the government not required at the pleading stage to meet its ultimate burden of establishing the application of forfeiture by a preponderance of the evidence, nor must it allege in the complaint all of the facts and evidence at its disposal. See 18 U.S.C. § 983(a)(3)(D).

In any context, "[w]hether to lift or modify a protective order is a decision committed to the sound discretion of the trial court." In re Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 147 (2d Cir. 1987). The Second Circuit has not directly addressed the standard of proof for continuing a pretrial restraining order where no parallel criminal proceeding is pending. However, we have addressed the issue in the higher-stakes context of a defendant's right to counsel. Indeed, the question of whether to amend, modify, or vacate a protective order sometimes

arises when a party whose property is restrained seeks funds to pay a criminal defense attorney's fees. See, e.g., United States v. Cosme, 796 F.3d 226 (2d. Cir. 2015); United States v. Bonaventre, 720 F.3d 126 (2d Cir. 2006); see also SEC v. TheStreet.Com, 273 F.3d 222, 229 (2d Cir. 2001) (quoting Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979)). Where a defendant's right to counsel is implicated, a defendant must make a "sufficient evidentiary showing" that he will not be able to afford counsel in a related criminal prosecution. See Bonaventre, 720 F.3d at 131. Only then will the defendant be afforded a hearing to challenge a pre-trial restraining order. Once defendant has made that showing, and after the hearing is held, courts apply a probable cause standard to determine the propriety of continuing the pretrial restraining order.

### 2. Application

Defendants contend that the amended protective order should be vacated or modified because the government has now provided a preponderance-of-the-evidence-basis to seize the Prevezon Soho and Prevezon Alexander accounts. This argument runs in tandem with defendants' assertion that the government has inadequately pled the unlawful acts which form the basis of the government's money laundering claim.

But defendants are misguided in seeking the preponderance standard as the applicable benchmark here. The preponderance standard is the government's burden of proof at trial. Compare 18 U.S.C. § 983(c)(1), with § 983(j)(1)(A). The Court also declines to analogize Prevezon's case to the exigencies present in Bonaventre and its progeny. In that discrete line of cases,

courts apply a heightened standard when evaluating whether to continue a pretrial restraining order where a parallel criminal proceeding is pending, and where the defendants seeks release of the funds to pay for his defense. Neither of those qualifiers applies here, and defendants do not present any analogous exigencies that suggest that the Court should hold that the higher preponderance standard should apply here. Rather, defendants argue that the AVC is in adequate, and so the protective order, which is based on the AVC, should be modified or vacated. In this way, defendants' own arguments suggest that the Court must assess the adequacy of the AVC in order to determine the continuing propriety of the protective order.

Consequently, the question remains whether the government succeeded in asserting "specific facts supporting an inference that the property is in fact subject to forfeiture." See Supplemental Fed. R. Civ. P. E(2)(a). We hold that it did. Because we find that the AVC adequately alleges facts to support that Prevezon Soho and Prevezon Alexander were involved in or related to a greater network of accounts and properties already properly alleged to be in the money laundering scheme, we also find no reason to vacate or modify the protective order as to Prevezon Soho or Prevezon Alexander.

## C. Motion to Further Amend the Amended Verified Complaint

The government submitted a proposed SAVC which includes two new money laundering predicates—transportation of stolen property and money laundering—to replace the dismissed wire fraud theory, provides detail on various transfers and entities already specified in the AVC, including Prevezon

7

Soho and Prevezon Alexander, and names a number of new transfers and apparent shell companies, all of which are allegedly related to Prevezon's web of fraud on the Russian Treasury.

### 1. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). "When justice so requires necessarily implies justice to both parties. See Pollux Marine Agencies, Inc. v. Louis Dreyfus Corp., 455 F. Supp. 211, 215 (S.D.N.Y. 1978). And although Rule 15(a) requires that leave should be granted freely, "it is within the sound discretion of the court whether to grant leave to amend." See John Hancock Mut. Life Ins. Co. v. Amerford Intern. Corp., 22 F.3d 458, 462 (2d Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Leave may be denied for good reason, "including futility, bad faith, undue delay, or undue prejudice to the opposing party." See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); see also 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d, § 1487, at 613 (1990 & 2007 Supp.) (citing prejudice to the opposing party as "the most important factor" and "the most frequent reason for denying leave to amend"). Moreover, parties have been permitted to amend their pleadings to assert new claims long after they acquired facts necessary to support those claims. See, e.g., Green v. Wolf Corp., 50 F.R.D.

8

220, 223 (S.D.N.Y. 1970) (plaintiff was aware of facts asserted in amended complaint from outset of case).

In evaluating prejudice, we consider whether an amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Undue prejudice may arise when an "amendment [comes] on the eve of trial and would result in new problems of proof." Fluor Corp., 654 F.2d at 856 (reversing denial of leave to amend sought promptly after learning new facts, where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants" and where "the amendment will not involve a great deal of additional discovery"). Even this is not a hard and fast rule; the Second Circuit has also explicitly allowed amendments on the eve of trial. See, e.g., Hanlin v. Mitchelson, 794 F.2d 834 (2d Cir. 1986) (granting plaintiff's motion to amend her complaint after the completion of discovery and after defendant filed a motion for summary judgment).

### 2. Application

In the present case, defendants contend that the proposed SAVC should be denied because it is sought to be made years after the government first initiated its lawsuit. Defendants further argue that amendment of the complaints would cause them undue hardship and prejudice because the amendments would further delay the trial of these cases while substantial assets

remain restrained and because the amendments would subject them to the need to conduct discovery on the new allegations.

Defendants' arguments about prejudice have little merit. The government's request does not come on the eve of trial. Moreover, the new SUAs alleged arise from the same core of operative facts as the AVC and defendants were on actual notice of the importance of mental state as of the filing of the first complaint in this matter, when conspiracy—which requires specific intent—was put at issue. Defendants' claim of a legal and factual ambush rings particularly hollow in the case of money laundering as a new SUA, insofar as defendants are already on notice that the allegations against them include money laundering.

We also note that this request marks the government's first attempt to amend their pleadings after the motion to dismiss was ruled on. The Courts interests are with maintaining an orderly record and ensuring judicial economy. These interests are best served in allowing the government to bring its case against defendants now.

Based on these considerations, the Court does not believe that the government's motion to amend its complaint is futile, untimely, or brought in bad faith, and the circumstances in this case are not sufficiently extreme or prejudicial to justify denial of the government's motion to amend.

## D. **Conclusions**

In sum, and upon review of the briefing, the Court finds that the AVC alleges facts sufficient to support a reasonable belief that the Government will be able to meet its burden of proof at trial as to Prevezon Soho and Prevezon

Alexander.  Therefore, defendants' motion to vacate or modify the amended protective order is denied.  However, the Court believes that the government is entitled to further amend the AVC in the form of the proposed SAVC.

Consistent with this Opinion, the Clerk of Court is directed to close the motion listed as docket number 298.


SO ORDERED.

Dated:  New York, New York
        October 22, 2015

Thomas P. Griesa
U.S. District Judge

11