# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Mark A. Cymrot
direct dial: 202.861.1677
MCymrot@bakerlaw.com

November 5, 2015

**VIA ECF AND HAND DELIVERY**

The Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Prevezon Holdings, Ltd., et al.*, Case No. 13-Civ-6326 (TPG)

Dear Judge Griesa:

      We write on behalf of Defendants and in connection with the motion for partial summary judgment that was filed by the Government on November 3, and the briefing schedule that was entered by the Court on November 4.  On October 22, 2015, the Government came up with yet another new theory for this case, and served Defendants with supplemental initial disclosures. (Ex. A.)  This new theory of specified unlawful activity (SUA) is central to the Government's summary judgment motion; the Government is asking the Court to enter summary judgment on a new theory that Defendants have known about for two weeks.  This SUA theory is the seventh the Government has posited in its ever-changing case.  Pursuant to Fed. R. Civ. P. 56(d), the summary judgment motion is not ripe for resolution.

      Defendants have not yet had an opportunity to take discovery regarding this new SUA theory.  Neither essential documents nor a key witness have been produced.  Defendants will not be able to take the new witness's deposition until November 24, 2015, after they are required to respond to the Government motion for partial summary judgment.  The Government also has refused to deliver to the new deponent a deposition notice with a document request, without which Defendants are severely handicapped in responding to the new theory.

      Defendants have repeatedly sought the relevant documents related to the Government's old SUA theory of fraud on a foreign bank, which is also included in the summary judgment motion.  However, the Government and William F. Browder have failed to produce them.  Defendants ask the Court to order the Government to produce the relevant documents immediately.

The Hon. Thomas Griesa
November 5, 2015
Page 2

Moreover, the Government's motion does not rely upon direct evidence of a fraud but relies substantially on a declaration and report by Andreas Gross, a rapporteur of the Council of Europe. Mr. Gross's report is plainly hearsay that does not satisfy the public records exception. Mr. Gross' report was largely engineered by William F. Browder. Mr. Gross has been dismissed as rapporteur for bias in at least one other situation. The Government has also refused to make Mr. Gross available for deposition. Defendants ask the Court to direct the Government to produce Mr. Gross for deposition.

If the Government cannot or will not provide this essential discovery, as specified in detail below, the summary judgment motion should be summarily denied. If the required discovery is produced, Defendants should be granted additional time to respond to the motion. If relief is not granted, Defendants will provide a substantive response to the motion on November 17 as currently ordered.

**I.     The Motion is Contrary to the Court's Advice and Interferes With Defendants' Trial Preparation**

At the October 21, 2015 hearing, the Court advised the Government not to file a summary judgment motion, given the very short time period remaining before trial. (Tr. at 42-43 ("December 7 is around the corner now. It's very close. And the idea that summary judgment motions would be made two months before the trial is an astounding idea to me.")) The Court also explained that if the motion would cause the parties to be diverted from trial, it would summarily deny the motion. *Id.* at 42 ("if the government filing summary judgment causes [Defendants' counsel] to be diverted from trial preparation, then that is a very bad thing); *Id.* at 43 ("And if I get a bunch of summary judgment motion papers and it looks as if it's going to delay the trial, that motion will be endorsed 'denied' right away.")

As the Court feared, the Government's summary judgment motion will interfere with Defendants' ability to prepare for the trial, which is set to begin in a month.

**II.    The Motion Improperly Relies Upon a New SUA Theory, and the Government Has Refused Defendants' Reasonable Request to Take Discovery Relating to That Theory**

On May 29, 2015, the Court ordered the Government to disclose its case to Defendants. In the Government's response on June 15, 2015, HSBC Private Bank (Suisse) was not mentioned, it was not mentioned in the recently-filed Second Amended Complaint (Dkt. 381), and it was not mentioned by the Government or its agents in any of the depositions Defendants took in this case. Yet one month before trial, with discovery all but closed, the Government *for the first time* suggests that it will base its case on the harm HSBC Private Bank (Suisse) apparently suffered due to the alleged $230 million fraud. (Dkt. 398 at 13-14; Dkt. 403.) No discovery has been taken yet with regard to that entity, and Defendants never had any notice that HSBC Private Bank (Suisse) had anything whatsoever to do with this case until the Government belatedly served Defendants with supplemental initial disclosures on October 22, 2015. These

The Hon. Thomas Griesa
November 5, 2015
Page 3

disclosures merely recited that an employee of HSBC Private Bank (Suisse) likely had knowledge of the harm that HSBC suffered, without further detail.  (Ex. A.)

A defendant is entitled to notice of the case it must defend against.  Here, the Government's litigation tactics have denied Defendants that notice.  It was fundamentally improper for the Government to announce these factual allegations and legal theories on the eve of trial in the form of a summary judgment motion.  *See Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99 CV 10452 (GBD), 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in [briefing], and hence such new allegations and claims should not be considered in resolving the [summary judgment] motion."); *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[Where] the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court.").

The Government's supplemental initial disclosures, received on October 22, 2015, stated that an employee of HSBC Private Bank (Suisse) was the "designated corporate representative for HSBC Private Bank (Suisse) . . . under Federal Rule of Civil Procedure 30(b)(6)," and would "appear voluntarily in London for a deposition via videoconference." (Ex. A.)  On October 23, 2015, Defendants wrote to the Government requesting documents relating to HSBC Private Bank (Suisse)'s connections to this case that were necessary for the deposition.   The Government declined to honor this request.  On October 29, 2015, Defendants noticed the representative's deposition for November 13, 2015, and again requested critical documents in its notice. (Ex. B.)  On October 30, 2015, the Government responded by refusing to deliver the notice to the representative, saying that the notice "was not the proper vehicle" for the representative's deposition, as he was "not a party nor under [the Government's] control." (Ex. C.)  Nevertheless, the Government then noticed the representative for a deposition on their own Rule 30(b)(6) topics, and informed Defendants that the representative was only available at a time period that would work for Defendants on November 24 or November 25—after the filing of Defendants' summary judgment opposition brief is due. (Ex. D.)  The Government has also refused to provide contact information for the representative's counsel to Defendants—even though this is contemplated by Rule 30(b)(1).

The Government's conduct is unreasonable.  The HSBC Private Bank (Suisse) representative is obviously responsive to the Government, because he has provided a declaration in support of the Government's motion for summary judgment (Dkt. 403), his employer has proffered evidence that is central to the Government's current case against Defendants, and he has made himself available on the topics contained in the Government's 30(b)(6) notice.  Defendants deserve a fair shot at discovery under Rule 56(d) in order to oppose the Government's newfangled summary judgment theory, and to prepare for trial.  Defendants therefore request that the Government produce the documents contained in Defendants' Rule 30(b)(6) notice immediately, and confirm that the representative will be available for a 30(b)(6) deposition at a date mutually convenient to the parties on the topics contained in Defendants' 30(b)(6) notice.

The Hon. Thomas Griesa
November 5, 2015
Page 4

### III. The Government Continues to Withhold Crucial Discovery Relating to Its Old "Foreign Bank" Specified Unlawful Activity

The Government also seeks summary judgment on its theory that HSBC Guernsey was defrauded when the Hermitage Companies were "fraudulently re-registered." (*See* Dkt. 398 at 14-15.) The relationship—if any—between HSBC Guernsey and the Hermitage Companies is therefore crucial to any determination of whether HSBC Guernsey was affected in any way when the companies were re-registered. Yet the Government and Browder have withheld the trust documents governing HSBC Guernsey's relationship with those companies and financial statements of both entities that would show any losses. Without those absolutely critical documents, there is no way to know who or what was harmed (let alone actually defrauded, as required by the statute) if in fact the Hermitage companies were "fraudulently re-registered." These documents are required to defend against both SUA theories.

The Government must either produce the requested documents or abandon its theory that HSBC Guernsey was defrauded. Defendants requested these documents from the Government and from Hermitage agents Wilson, Wrench, and Browder on multiple occasions, and Defendants sought assistance from the Court in compelling the production of these documents on at least three occasions in 2015: first on May 13, and later on October 5 and 15. (Dkts. 281, 361, 369.) The Court has taken no action on those requests, and the documents have not been produced. Defendants therefore repeat their request for the prompt production of these documents.

### IV. The Motion for Summary Judgment Does not "Streamline" the Issues—Rather, It Is an Attempt to Substitute Inadmissible Hearsay for Competent Evidence

Contrary to the Government's assertion, the motion does not legitimately "streamline" the issues to be resolved at trial. Rather, it is an improper attempt to substitute inadmissible hearsay for competent evidence—because the Government lacks reliable witnesses and documents to present at trial. The Government's summary judgment motion relies heavily on a report from Andreas Gross, a rapporteur to the Congress of Europe. (Dkt. 398 at at 5, 11; Dkt. 399 ¶¶ 8, 9, 14, 15, 16, 17, 18, 19, 20, 21, 26.) The report is political and relies upon multiple levels of hearsay; the author was offered as a Government deponent but withdrew when he learned he would be cross-examined by Defendants.

The Government's motion contends that specific, detailed factual findings relating to the alleged theft of $230 million from the Russian Treasury accomplished through an alleged fraud on HSBC should be held to be matters of undisputed fact. Defendants vigorously dispute the Government's version of events, and intend to prove at trial that its story is wildly off-base. But as a threshold matter, many of the Government's factual contentions cannot be relied upon for purposes of this motion because they are based upon inadmissible evidence. *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("only admissible evidence" need be considered on summary judgment); *Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 306 (S.D.N.Y. 2011) (granting motion to strike hearsay exhibits and paragraphs of Local Rule 56.1 statement based on the hearsay exhibits).

The Hon. Thomas Griesa
November 5, 2015
Page 5

     A particularly egregious example of this is the Government's use of factual contentions regarding the alleged Russian tax fraud sourced from the report written by Andreas Gross. Gross has submitted a declaration in support of the Government's motion, attaching his report. (Dkt. 402.) The Government concedes his report is hearsay, but incorrectly argues that it is admissible as a public record. (Dkt. 398 at 11 (citing Fed. R. Evid. 803(8)(A)(iii)).) The public records exception does not sanction the admission of hearsay statements contained within a public record—and Gross's report relies entirely upon them. *United States v. Awad*, No. 06 CR. 600 (DLC), 2007 WL 1988382, at *4 (S.D.N.Y. July 3, 2007). Gross's report is based heavily on conclusions engineered by William F. Browder and his associates at Hermitage, rather than a proper investigatory source. (Dkt. 402-6 at Sec B.1.1.) Gross also admits that his report is based extensively on his conversations with law enforcement personnel from various jurisdictions, rather than a focus on those with personal knowledge of the events at issue. (Dkt. 402-6 at Sec B.1.1; Dkt 402 ¶ 23); *Robins v. Whelan*, 653 F.2d 47, 52 (1st Cir. 1981) ("reporting agency must have firsthand knowledge of the investigation by which it accumulates the published factual findings"). Gross's compilation of a report from separate hearsay sources does not qualify as an admissible public record.

     Separately, the public records exception does not apply if the circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8)(B). Gross's purported investigation occurred in 2013, six years after the alleged tax fraud at issue. Gross is a career politician, who has expressed anti-Russia views in the past,[1] and Russia has been recently stripped of its voting rights in Gross's political group, the Council of Europe.[2] It has also been reported that Gross was removed as a rapporteur for Azerbaijan because of bias.[3] And rather than conducing an objective investigatory assessment, Gross's charge from the Council of Europe was to put together a report "refusing impunity for the killers" of "whistleblower Sergei Magnitsky." (Dkt. 402-2.) Beyond its hearsay problems, Gross's report is of insufficient trustworthiness to be accepted as a public record.

     The Government has refused Defendants' request to take Gross's deposition, and so Defendants have been blocked from assessing the factual contentions that the Government claims are "undisputed facts." Despite initially agreeing to make Gross available, the Government now represents that Gross does not want to be humiliated by a deposition, and has also disingenuously represented that he is not within the Government's control. (*See* Ex. E, email exchange between Assistant United States Attorney Cristine Phillips and Loura Alaverdi, Esq.) But the fact that the Government procured a declaration from Gross in support of its instant motion demonstrates that he is in fact responsive to the Government's requests. Defendants therefore request that the Court direct the Government to promptly produce Gross for deposition pursuant to Rules 30 and 56(d) of the Federal Rules of Civil Procedure.

---

[1]   *See* http://www.swissinfo.ch/eng/russian-elections--a-defeat-for-democracy-/6294524 (Statement by Gross calling 2007 Russian elections "a defeat for democracy").
[2]   *See* https://www.rt.com/news/227107-pace-resolution-against-russia/
[3]   *See* http://en.trend.az/azerbaijan/politics/856928.html

The Hon. Thomas Griesa
November 5, 2015
Page 6

*   *   *

Defendants respectfully request that the Court order the Government to (1) immediately produce the documents contained in the request attached to Defendants' Rule 30(b)(6) notice pertaining to HSBC Private Bank (Suisse), (2) immediately produce the documents concerning the relationship between HSBC Guernsey and the Hermitage Companies, (3) confirm that the representative of HSBC Private Bank (Suisse) will be available at a mutually convenient time to appear for a 30(b)(6) deposition on the topics contained in Defendants' notice, and (4) promptly produce Andreas Gross for deposition.  If the Government cannot or will not comply with these requests, the summary judgment motion should be summarily denied.  If the required discovery is produced, Defendants should be granted additional time to respond to the motion.  If relief is not granted, Defendants will provide a substantive response to the motion on November 17 as currently ordered.

Respectfully submitted,

*s/ Mark A. Cymrot*
Mark A. Cymrot

cc via ECF:   Assistant United States Attorney Paul Monteleoni
              Assistant United States Attorney Jaimie Nawaday
              Assistant United States Attorney Margaret Graham
              Seth T. Taube
              John W. Moscow