# EXHIBIT 1

# Р Е Ш Е Н И Е
## Именем Российской Федерации

22 июня 2015 года                                                                                      город Москва

Тверской районный суд города Москвы в составе председательствующего судьи Молитвиной Т.А., при секретаре Павленко А.В., рассмотрев в открытом судебном заседании гражданское дело № 2-4284/2014 по заявлению Кацыва Дениса Петровича о признании незаконным и немотивированным ответа начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е., обязании выдать копию материалов переписки,

### УСТАНОВИЛ:

Кацыв Д.П. обратился в суд с заявлением о признании незаконным и немотивированным ответа начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е., обязании выдать копию материалов переписки.

Уточнив заявленные требования, Кацыв Д.П. просил суд признать ответ начальника отдела международного сотрудничества по особо важным делам (на правах управления) Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Груниса Д.Е. от 01.12.2014 г. № 35/37-9с-2014 немотивированным и незаконным, обязать Генеральную прокуратуру РФ в 3-х дневный срок с момента вступления в силу решения суда выдать надлежаще заверенные (апостилированные) копии запросов-ответов от США (в лице Министерства юстиции США и иных любых без исключения органов и должностных лиц) от 20 марта 2014 года и 25 ноября 2014 года в адрес Российской Федерации (в лице органов юстиции, Генеральной прокуратуры РФ), и всех ответов Генеральной прокуратуры РФ на них с приложенными документами и результатами рассмотрения запроса США, направленных Генеральной прокуратурой РФ в Министерство юстиции США либо иному уполномоченному лицу США в связи с обстоятельствами, изложенными в иске Правительства США от 10 сентября 2013 года и измененном иске от 5 ноября 2014 года по гражданскому делу окружного суда Южного судебного округа штата Нью-Йорка№ 13 CV 6326(TPG) «США против компаний «Превезон».

Кроме того, заявитель просил восстановить ему срок на обжалование ответа от 01 декабря 2014 года, указывая на уважительность причин его пропуска.

Заявитель в судебное заседание не явился, о времени и месте судебного разбирательства извещен надлежащим образом, доверил представлять свои интересы представителю.

Представитель заявителя – адвокат Весельницкая Н.В. в судебное заседание явилась, доводы заявления поддержала в полном объеме.

Представитель Генеральной прокуратуры Российской Федерации – Тюкавкин С.А. в судебное заседание явился, против восстановления Кацыву Д.П. срока на обжалование ответа начальника отдела международного сотрудничества по особо важным делам (на правах управления) Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Груниса Д.Е. от 01.12.2014 г. не возражал. Требования Кацыва Д.П. в части признания незаконным и немотивированным ответа начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е., обязании выдать копию материалов переписки полагал не основанными на законе, просил в их удовлетворении отказать.

Выслушав объяснения сторон, исследовав письменные материалы дела, оценив собранные по делу доказательства в их совокупности, суд приходит к следующему.

Согласно ч. 1 ст. 254 ГПК РФ гражданин, организация вправе оспорить в суде решение, действие (бездействие) органа государственной власти, органа местного самоуправления, должностного лица, государственного или муниципального служащего, если считают, что нарушены их права и свободы. Гражданин, организация вправе обратиться непосредственно в суд или в вышестоящий в порядке подчиненности орган государственной власти, орган местного самоуправления, к должностному лицу, государственному или муниципальному служащему.

В соответствии со ст. 255 ГПК РФ к решениям, действиям (бездействию) органов государственной власти, органов местного самоуправления, должностных лиц, государственных или муниципальных служащих, оспариваемым в порядке гражданского судопроизводства, относятся коллегиальные и единоличные решения и действия (бездействие), в результате которых: нарушены права и свободы гражданина; созданы препятствия к осуществлению гражданином его прав и свобод; на гражданина незаконно возложена какая-либо обязанность или он незаконно привлечен к ответственности.

В судебном заседании установлено, что 14 ноября 2014 года Кацыв Д.П. в лице адвоката Весельницкой Н.В. обратился в Генеральную прокуратуру Российской Федерации с заявлением о предоставлении сведений, касающихся оказания правовой помощи российской стороной Правительству США по его иску против группы компаний «Превезон» и их владельца Кацыва Д.П. по гражданскому делу № 13 CV 6326(TPG), находящемуся в производстве окружного суда Южного судебного округа штата Нью-Йорка по иску Правительства США. Данный запрос был мотивирован ставшей известной заявителю информацией о направлении запроса в Российскую Федерацию со стороны Министерства юстиции США в связи с подачей ими иска против

группы компаний и принадлежащих им активов, владельцем которых на момент возбуждения гражданского дела в США являлся гражданин России Кацыв Д.П.

01 декабря 2014 года начальником отдела международного сотрудничества по особо важным делам (на правах управления) Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Грунисом Д.Е. в удовлетворении заявления от 14 ноября 2014 года было отказано.

Согласно указанному ответу, запрашиваемая Кацывом Д.П. информация не может быть предоставлена в соответствии с ч. 5 ст. 7 Договора между Российской Федерацией и Соединенными Штатами Америки о взаимной правовой помощи по уголовным делам от 17.06.1999, ратифицированного Федеральным законом от 03.11.2000 № 133-ФЗ.

Вместе с тем, в соответствии с Федеральным законом "О прокуратуре Российской Федерации" органы прокуратуры действуют гласно в той мере, в какой это не противоречит законодательству Российской Федерации об охране прав и свобод граждан, а также о государственной и иной специально охраняемой законом тайне (абзац третий пункта 2 статьи 4), что отражает предписания статей 23, 24, 29 и 55 (часть 3) Конституции Российской Федерации. В силу указанных норм не допускается ограничение прав и свобод в сфере получения информации, в частности права свободно, любым законным способом искать и получать информацию, а также права знакомиться с собираемыми органами государственной власти и их должностными лицами сведениями, документами и материалами, непосредственно затрагивающими права и свободы гражданина, если иное не предусмотрено федеральным законом в целях защиты основ конституционного строя, нравственности, здоровья, прав и законных интересов других лиц, обеспечения обороны страны и безопасности государства. Исходя из этого, на органы прокуратуры, как и на все другие органы государственной власти, распространяется требование Конституции Российской Федерации о соблюдении прав и свобод человека и гражданина, в частности в сфере получения информации. Данная позиция отражена в Постановлении Конституционного Суда Российской Федерации от 18.02.2000 N 3-П.

Федеральный закон "О прокуратуре Российской Федерации", в том числе и положения пункта 2 его статьи 5, не предусматривает какие-либо конкретные основания для ограничения вытекающего из статьи 24 (часть 2) Конституции Российской Федерации права гражданина на получение собираемой органами прокуратуры информации, непосредственно затрагивающей его права и свободы. Это обусловлено, в частности, предметом регулирования как названного Федерального закона в целом, определяющего согласно статье 129 Конституции Российской Федерации полномочия, организацию и порядок деятельности прокуратуры Российской Федерации, так и его статьи 5, формулирующей лишь некоторые гарантии независимости прокуратуры. Кроме того, в данном Федеральном законе не закреплены процедуры общенадзорной

деятельности прокуратуры и не предусматриваются гарантии прав тех лиц, в отношении которых осуществляется возложенный на прокуратуру надзор за исполнением законов.

Поэтому в части установления ограничений права гражданина на получение собираемой органами прокуратуры информации, непосредственно затрагивающей его права и свободы, действуют другие федеральные законы, в том числе ГК Российской Федерации, УПК РСФСР, Федеральный закон "Об оперативно - розыскной деятельности", обеспечивающие охрану государственной тайны, сведений о частной жизни, а также конфиденциальных сведений, связанных со служебной, коммерческой, профессиональной и изобретательской деятельностью.

Вся иная информация, в том числе полученная при осуществлении органами прокуратуры надзора за исполнением законов, которая, исходя из Конституции Российской Федерации и федеральных законов, не может быть отнесена к сведениям ограниченного доступа, в силу непосредственного действия статьи 24 (часть 2) Конституции Российской Федерации должна быть доступна гражданину, если собранные документы и материалы затрагивают его права и свободы, а законодатель не предусматривает специальный правовой статус такой информации в соответствии с конституционными принципами, обосновывающими необходимость и соразмерность ее особой защиты.

Представителем заявителя в рамках рассмотрения настоящего дела представлены документы, подтверждающие, что владельцем группы компаний «Превезон» и принадлежащих им активов на момент возбуждения гражданского дела в США являлся Кацыв Д.П.

Кроме того, как пояснила в судебном заседании представитель заявителя, согласно сведениям с официального сайта суда Южного судебного округа штата Нью-Йорка, Кацыв Д.П. является стороной по вышеуказанному гражданскому делу.

В этой связи суд приходит к выводу, что весь объем информации, который был объекта обмена между США (Министерством юстиции США) и Россией (Генеральной прокуратурой РФ) в полном объеме относится к информации, затрагивающей права и свободы гражданина Российской Федерации – заявителя по настоящему делу.

При этом суд полагает ссылку на Договор между Российской Федерацией и Соединенными Штатами Америки о взаимной правовой помощи по уголовным делам от 17.06.1999 г., ратифицированного Федеральным законом от 03.11.2000 № 133-ФЗ в ответе начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е. от 01 декабря 2014 года неправомерной по следующим основаниям.

Согласно статье 1 Договора, его стороны констатируют взаимную правовую помощь по уголовным делам, под которой понимается любая помощь, оказываемая Сторонами в связи с предупреждением, пресечением, расследованием преступлений и уголовным преследованием, а также с

производством, имеющим отношение к таким уголовным делам, при этом в части 4 этой статьи отдельно указывается, что положения настоящего Договора не ведут к возникновению у каких-либо иных лиц права получать доказательства, добиваться исключения тех или иных доказательств либо препятствовать исполнению запроса.

В развитие этих общих положений Договора, частью 5 статьи 7 Договора на Запрашиваемую Сторону возлагается обеспечение конфиденциальности запроса и его содержания при наличии просьбы об этом Центрального органа запрашивающей Стороны. Если сохранение конфиденциальности при исполнении запроса невозможно, Центральный орган запрашиваемой Стороны информирует об этом Центральный орган запрашивающей Стороны, который решает, следует ли исполнять запрос при таких обстоятельствах.

Вместе с тем, как установлено судом и не отрицается заинтересованным лицом, в отношении заявителя – Кацыва Д.П. уголовного преследования как в США, так и в России не ведется, и как следует из содержания запроса Министерства юстиции США от 20 марта 2014 года (том 3 л.д. 2-15), он направлен в связи с рассмотрением вещного иска без лишения свободы о производстве конфискации активов компаний «Превезон».

В этой связи, информация, имеющая отношение к гражданскому делу, в котором к конфискации заявлены принадлежащие заявителю опосредованно через владение юридическими лицами активы, в отсутствие доказательств существования уголовного дела в отношении него, равно как и уголовного дела по изложенным в запросе США сведениям, не может быть отнесена к информации, не подлежащей разглашению.

При таких обстоятельствах суд не может признать обоснованной ссылку в ответе начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е. от 01 декабря 2014 года на Договор между Российской Федерацией и Соединенными Штатами Америки о взаимной правовой помощи по уголовным делам от 17.06.1999 г.

В силу ч. 1 ст. 256 ГПК РФ гражданин вправе обратиться в суд с заявлением в течение трех месяцев со дня, когда ему стало известно о нарушении его прав и свобод.

Мотивируя ходатайство о восстановлении срока, заявитель указал, что им не предпринимались меры по обжалованию ответа начальника отдела международного сотрудничества по особо важным делам (на правах управления) Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Груниса Д.Е. от 01 декабря 2014 года до июня 2015 года, пока 27 мая 2015 года он в ходе судебного заседания по вышеуказанному гражданскому делу в США, когда определялись даты раскрытия доказательств и виды передаваемых сведений между сторонами, не узнал, что истец – Правительство США, выступающее в лице федерального прокурора, не намерен предоставлять в ходе раскрытия доказательств по делу

переписку между ним и Российской Федерацией, выступающей в лице ГП РФ, а лишь частичные документы, полученные от Российской Федерации.

В этой связи, и с учетом ранее полученного ответа, 02 июня 2015 года от имени и в интересах заявителя, представителем заявителя была подана жалоба в Генеральную прокуратуру РФ на решение от 01.12.2014 г. с просьбой о признании его немотивированным и не основанном на правильном применении закона.

18 июня 2015 года по результатам рассмотрения жалобы на ответ начальника отдела международного сотрудничества по особо важным делам (на правах управления) Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Груниса Д.Е. от 01 декабря 2014 года начальником Главного управления международно-правового сотрудничества Карапетяном С.А. было отказано в удовлетворении жалобы, а ответ от 01.12.2014 признан законным и обоснованным.

При таких обстоятельствах, суд, с учетом мнения представителя заинтересованного лица, полагает возможным признать уважительными причины пропуска заявителем срока обращения в суд с жалобой, и восстановить Кацыву Д.П. срок на обжалование в судебном порядке ответа начальника отдела международного сотрудничества по особо важным делам (на правах управления) Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Груниса Д.Е. от 01 декабря 2014 года.

Учитывая изложенные обстоятельства, суд приходит к выводу о том, что представленные в гражданское дело материалы свидетельствуют о необоснованности отказа должностного лица Генеральной прокуратуры РФ в ознакомлении с материалами переписки и получении ее копий.

Поскольку право заявителя на получение информации может быть восстановлено только путем возложения обязанности на Генеральную прокуратуру Российской Федерации предоставить копии запрашиваемых материалов, суд полагает требование Кацыва Д.П. об обязании выдать копии материалов переписки между Соединенными Штатами Америки и Российской Федерацией по запросам от 20 марта 2014 года и 25 ноября 2014 года в связи с обстоятельствами, изложенными в иске Правительства США от 10 сентября 2013 года и измененном иске от 05 ноября 2014 года по гражданскому делу окружного суда Южного судебного округа штата Нью-Йорк № 13 CV 6323 (TPG) «США против компаний «Превезон» обоснованным и подлежащим удовлетворению.

Вместе с тем, суд полагает требование заявителя в части обязания Генеральную прокуратуру РФ выдать апостилированные копии запрашиваемых документов не основанным на законе, в связи с чем отказывает в его удовлетворении.

Также с учетом объема запрашиваемого материала, суд полагает возможным установить Генеральной прокуратуре Российской Федерации пятидневный срок с момента вступления в законную силу решения суда для

выдачи заявителю заверенных надлежащим образом копий материалов переписки между Соединенными Штатами Америки и Российской Федерацией по запросам от 20 марта 2014 года и 25 ноября 2014 года в связи с обстоятельствами, изложенными в иске Правительства США от 10 сентября 2013 года и измененном иске от 05 ноября 2014 года по гражданскому делу окружного суда Южного судебного округа штата Нью-Йорк № 13 CV 6323 (TPG) «США против компаний «Превезон».

На основании изложенного, руководствуясь ст.ст. 194-199 ГПК РФ, суд

**Р Е Ш И Л:**

Заявление Кацыва Дениса Петровича о признании незаконным и немотивированным ответа начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е., обязании выдать копию материалов переписки удовлетворить частично.

Признать ответ начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е. от 01 декабря 2014 года № 35/37-9с-2014 необоснованным.

Обязать Генеральную прокуратуру Российской Федерации в пятидневный срок с момента вступления в законную силу решения суда выдать заверенные надлежащим образом копии материалов переписки между Соединенными Штатами Америки и Российской Федерацией по запросам от 20 марта 2014 года и 25 ноября 2014 года в связи с обстоятельствами, изложенными в иске Правительства США от 10 сентября 2013 года и измененном иске от 05 ноября 2014 года по гражданскому делу окружного суда Южного судебного округа штата Нью-Йорк № 13 CV 6323 (TPG) «США против компаний «Превезон».

В удовлетворении остальной части заявления – отказать.

Решение может быть обжаловано в Московский городской суд в течение месяца со дня его изготовления в окончательной форме через Тверской районный суд города Москвы.

Судья:



Прошито, пронумеровано и
скреплено печатью
на _4_ листах
Судья:
Секретарь:

Stamp<br>
COPY<br>
Tverskoy District Court of the City of Moscow

## DECISION
### In the name of the Russian Federation

June 22, 2015                                                                                                                       city of Moscow

Tverskoy District Court of the City of Moscow composed of Presiding Judge T.A. Molitvina, with Secretary A.V. Pavlenko, having considered in an open court session civil case No. 2-4284/2014 ex parte Denis P. Katsyv seeking to recognize the response of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis invalid and unjustified, and to compel him to issue a copy of the correspondence materials,

**F O U N D   T H E   F O L L O W I N G :**

D.P. Katsyv filed a claim to the court seeking to recognize the response of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis invalid and unjustified, and to compel him to issue a copy of the correspondence materials.
Specifying the stated claims, D.P. Katsyv asked the court to recognize response No. 35/37-9c-2014 of the Head of Department of International Cooperation for special cases (as the directorate) of the Main Directorate for International Legal Cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dated December 01, 2014 as unjustified and invalid, to compel the Office of the Prosecutor General of the Russian Federation within three (3) days from the date of entry into force of the court decision to issue duly certified (apostilized) copies of requests-responses by the USA (represented by the US Department of Justice and by any and all other bodies and officials) dated March 20, 2014 and November 25, 2014 made to the Russian Federation (represented by judicial authorities, Office of the Prosecutor General of the Russian Federation), and of all the responses to them by the Office of the Prosecutor General of the Russian Federation with the accompanying documents and the results of the US request, sent by the Office of the Prosecutor General of the Russian Federation to the US Department of Justice or to or other authorized person in the US relating to the circumstances set forth in the complaint of the Government of the United States dated September 10, 2013 and in the Amended complaint dated November 5, 2014 re civil case No. 13 CY 6326(TPG) of the District Court of the Southern District of New York "USA v. Prevezon Companies".
In addition, the claimant asked to extend the time for appealing against the response dated December 01, 2014, providing appropriate reasons for omission.
Defendant duly notified of the time and place of the court session failed to appear in the court session, appointed a representative to represent his interests.
Representative of the claimant – attorney N.V. Veselnitskaya appeared before court, supported the claim in full.
Representative of the Office of the Prosecutor General of the Russian Federation – S.A. Tyukavkin appeared before court, had no objection to extension of time for D.P. Katsyv to appeal against the response of the Head of Department of International Cooperation for special cases (as the directorate) of the Main Directorate for International Legal Cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dated December 01, 2014. Found the claims of D.P. Katsyv with regard to recognizing the response of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis as unjustified and invalid, and to compelling him to issue a copy of correspondence materials not to be based on the law, asked to dismiss them.
After hearing the arguments of the parties, after examining the written case materials and evaluating the evidence collected in the case in their totality, the court comes to the following conclusion.
Pursuant to p.1 of art. 254 of the Code of Civil Procedure of the Russian Federation, a citizen, an organization has the right to challenge in court the decision, action (omission) of a public authority, local government, an official, government employee or municipal officer, if they consider that their rights and

freedoms were violated. A citizen, an organization is entitled to apply directly to the court or to a superior public authority, local authority, official, government employee or municipal officer.

Pursuant to article 255 of the Code of Civil Procedure decision, action (omission) of a public authority, local government, an official, government employees or municipal officers challengeable in civil proceedings include collective and individual decisions and actions (omissions), resulting in: violation of the rights and freedoms of a citizen; creating obstacles to exercising rights and freedoms by a citizen; a duty is unlawfully imposed on a citizen or a citizen is illegally prosecuted.

It was established in the course of the court session that on November 14, 2014 D.P. Katsyv represented by his attorney N.V. Veselnitskaya filed an application to the Office of the Prosecutor General of the Russian Federation for information relating to legal assistance by the Russian Federation to the US Government in their action against Prevezon group of companies and its owner D.P. Katsyv in civil case No.13 СУ 6326(TPG), pending in the District Court of the Southern District of New York. This application was motivated by information found out by the applicant of UC Department of Justice making a request to the Russian Federation in connection with their filing a claim against the group of companies and assets held by such companies, the owner of which as of the moment of initiating the civil case in the US was D.P. Katsyv.

On December 01, 2014 the Head of Department of International Cooperation for special cases (as the directorate) of the Main Directorate for International Legal Cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dismissed the application dated November 14, 2014.

According to the response, information requested by D.P. Katsyv cannot be disclosed under part 5 of article 7 of the Treaty on Mutual Legal Assistance in Criminal Cases between the Russian Federation and the United States dated June 17, 1999, ratified by the Federal Law No. 133-FZ as of November 03, 2000.

However, according to the Federal Law "Concerning the Public Prosecution Office of the Russian Federation" prosecution authorities shall act openly to the extent that it does not contradict the legislation of the Russian Federation concerning protection of the rights and freedoms of the citizens, as well as protection of the state secret and other secrets protected by law (paragraph three of clause 2 of article 4), which reflects the provisions of Articles 23, 24, 29 and 55 (part 3) of the Constitution of the Russian Federation. By virtue of these provisions the rights and freedoms in the field of obtaining information shall not be restricted, in particular the right to freely, and legally seek and receive information, and the right to get familiar with information, documents and materials directly affecting the rights and freedoms of citizens, collected by public authorities and their officials, unless otherwise provided by federal law in order to protect the constitutional order, morality, health, rights and lawful interests of other persons, and to support national defense and security. On this basis, the prosecutor's office, as well as all other public authorities, are subject to the requirements of the Constitution of the Russian Federation concerning respecting the rights and freedoms of man and citizen, in particular in the field of obtaining information. This view is reflected in Ruling No. 3-P of the Constitutional Court of the Russian Federation dated February 18, 2000.

The Federal Law "Concerning the Public Prosecution Office of the Russian Federation", including the provisions of clause 2 of article 5 thereof, provides no specific grounds for restrictions arising from article 24 (part 2) of the Constitution of the Russian Federation a citizen's right to information collected by prosecution authorities and directly affecting his rights and freedoms. This is due, in particular, to the scope of both the Federal Law on the whole, determining pursuant to Article 129 of the Constitution of the Russian Federation the authorities, organization and operating procedures of the Prosecutor's Office of the Russian Federation, and its article 5 formulating only certain guarantees of independence of the Prosecutor's Office. Furthermore, this Federal Law does not capture the procedures of general supervisory activities of the Prosecutor's Office nor does it provide guarantee of rights of those in respect of which the Prosecutor's Office carries out the supervision over law enforcement.

Therefore, with regard to establishment of restrictions on the right of a citizen to information collected by the prosecutor's office and directly affecting his rights and freedoms, other federal laws operate, including the Civil Code of the Russian Federation, Code of Criminal Procedure of the Russian Soviet Federative Socialist Republic, Federal Law "Concerning Investigative activities", ensuring protection of state secrets, private life information, as well as confidential information relating to employment, commercial, professional and inventive activities.

All other information, including the one obtained in the exercise of the prosecutor's office of supervision over implementation of laws, which pursuant to the Constitution of the Russian Federation and federal laws, cannot be referred to the restricted access information, due to the direct operation of article 24 (part 2) of the Constitution of the Russian Federation shall be available to a citizen, if the collected documents and materials affect his rights and freedoms, and the legislator does not provide for any special legal status of

such information in accordance with the constitutional principles, justifying the necessity and proportionality of its special protection.

Within this case the representative of the claimant submitted documents confirming that the owner of "Prevezon" group of companies and if assets owned by such companies at the time of the civil case initiated in the USA was D.P. Katsyv.

Furthermore, as the claimant's representative explained at the hearing, according to information obtained at the official website of the District Court of the Southern District of New York, D.P. Katsyv is a party to the aforementioned civil case.

In this regard, the Court finds that the entire volume of information that has been exchanged between the United States (the US Department of Justice) and Russia (Office of the Prosecutor General of the Russian Federation) fully refers to information affecting the rights and freedoms of a citizen of the Russian Federation – the claimant in this case.

However the court finds the reference to the Treaty on Mutual Legal Assistance in Criminal Cases between the Russian Federation and the United States dated June 17, 1999, ratified by the Federal Law No. 133-FZ as of November 03, 2000 contained in the response of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dated December 01, 2014 to be unlawful for the following reasons.

According to Article 1 of the Treaty, the parties thereto confirm mutual legal assistance in criminal cases, which means any assistance provided by the Parties in connection with prevention, suppression, investigation and prosecution of crimes, as well as proceedings related to such crimes, however part 4 of the article states separately that the provisions of this Treaty do not entail accrual at any other persons of the right to obtain evidence, seek exclusion of certain evidence, or prevent completion of request.

In furtherance of these general provisions of the Treaty, part 5 of article 7 of the Treaty the Requested Party is entrusted with a duty to ensure confidentiality of the request and of the contents thereof if so requested by the Central Authority of the requesting Party. If confidentiality cannot be ensured in the course of execution of the request, the central authority of the Requested Party shall advise the Central Authority of the Requesting Party thereof, which decides whether or not to complete the request in such circumstances.

However, as established by the court and is not denied by the interested person, the claimant – D.P. Katsyv – is not being prosecuted either in the US or in Russia, and as follows from the content of the request of the US Department of Justice dated March 20, 2014 (volume 3, pages 2-15), it was made in connection with an action in rem without imprisonment for civil forfeiture of the assets of "Prevezon".

In this regard, information related to the civil case in which forfeiture is sought of assets owned by the applicant indirectly through the ownership of legal entities, in the absence of evidence of a criminal case against him, as well as criminal proceedings relating to the information set forth in the US request, cannot be referred to confidential information not subject to disclosure.

In such circumstances, the court cannot consider the reference to the Treaty on Mutual Legal Assistance in Criminal Cases between the Russian Federation and the United States dated June 17, 1999 contained in the response of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dated December 01, 2014 to be justified.

Pursuant to part 1 of article 256 of the Code of Civil Procedure of the Russian Federation a citizen has the right to appeal to the court within three months following the date he became aware of the violation of his rights and freedoms.

Giving reasons to his application for extension of limitation period, the claimant stated that he did not take steps to appeal against the response of the Head of Department of International Cooperation for special cases (as the directorate) of the Main Directorate for International Legal Cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dismissed the application dated November 14, 2014 until June 2015, when on May 27, 2015 he in the course of the hearing on the above civil proceedings in the United States, where the disclosure dates and the types of information exchanged between the parties were determined, he found out that the complainant in that case – the US Government, represented by the Attorney General, had no intention under the disclosure of evidence in the case to provide the correspondence between him and the Russian Federation, represented by the Office of the Prosecutor General of the Russian Federation, but only partial documents obtained from the Russian Federation.

Therefore, bearing in mind the previously received response, on June 02, 2015 on behalf of and in the interests of the claimant, the representative of the claimant made a complaint to the Office of the Prosecutor General against the decision dated December 01, 2014 seeking it to be recognized as unmotivated and not based on correct application of law.

On June 18, 2015 upon consideration of the complaint against the response of the Head of Department of International Cooperation for special cases (as the directorate) of the Main Directorate for International Legal Cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dated December 01, 2014 the Head of the Main Directorate for International Legal Cooperation S.A. Karapetyan dismissed the complaint, and the response dated December 01, 2014 was recognized as lawful and justified.

In such circumstances, the court, taking into account the views of the representative of the interested person, finds it is possible to recognize the reasons for omitting the term of the filing a complaint as valid and to extend the limitation period for taking an appeal from the response of the Head of Department of International Cooperation for special cases (as the directorate) of the Main Directorate for International Legal Cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dated December 01, 2014.

In view of the above circumstances, the Court concludes that the materials submitted in the civil case evidence the groundlessness of the denial of the officer of the Office of the Prosecutor General of the Russian Federation of the opportunity to see the correspondence materials and to get copies thereof.

Since the right of the claimant to receiving the information can only be restores by way of entrusting the Office of the Prosecutor General of the Russian Federation with the duty to provide copies of the requested materials, the court finds the claim of D.P. Katsyv to compel the Office of the Prosecutor General to provide copies of the correspondence between the US and Russia under requests of March 20, 2014 and November 25, 2014 concerning the circumstances set out in the complaint filed by the US Government on September 10, 2013 and in the Amended Complaint filed on November 05, 2014 in civil case No. 13 CV 6323 (TPG) of the District Court of the Southern District of New York USA v."Prevezon" to be justified and subject to satisfaction.

At the same time, the Court considers the claimant's claim with regard to compelling the Office of the Prosecutor General of the Russian Federation to provide the apostilized copies of the requested documents not to be based on the law, and therefore dismisses the claim.

Also, given the volume of the requested material, the court finds it possible to set a term for the Office of the Prosecutor General of five days following the entry into force of the court decision to provide the claimant with the duly certified copies of the correspondence between the US and Russia under requests dated March 20, 2014 and November 25, 2014 concerning the circumstances set out in the complaint filed by the US Government on September 10, 2013 and in the Amended Complaint filed on November 05, 2014 in civil case No. 13 CV 6323 (TPG) of the District Court of the Southern District of New York USA v."Prevezon".

Based on the foregoing and governed by Articles 194-199 of the Code of Civil Procedure of the Russian Federation, the court

**R U L E D :**

To grant in part the claim filed by D.P. Katsyv seeking to recognize the response of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis invalid and unjustified, and to compel him to issue a copy of the correspondence materials.

To recognize the response No. 35/37-9c-2014 of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis dated December 01, 2014 to be unjustified.

To compel the Office of the Prosecutor General of the Russian Federation within five days following the entry into force of the court ruling to provide the claimant with the duly certified copies of the correspondence between the US and Russia under requests dated March 20, 2014 and November 25, 2014 concerning the circumstances set out in the complaint filed by the US Government on September 10, 2013 and in the Amended Complaint filed on November 05, 2014 in civil case No. 13 CV 6323 (TPG) of the District Court of the Southern District of New York USA v. "Prevezon".

To dismiss the rest of the claim.

The ruling can be appealed against to the Moscow City Court within one month following the date of making the ruling in its final form through Tverskoy District Court of the City of Moscow.

Judge:

Official seal

Tverskoy District Court of the City of Moscow * 15
Russian Federation

Stamp:
Russian Federation * Tverskoy District Court of the City of Moscow

TRUE COPY

| | |
|---|---|
| Judge | <u>*(signed)*</u> |
| Secretary | <u>*(signed)*</u> |

Official seal
Tverskoy District Court of the City of Moscow * 15
Russian Federation

Stamp:
4 sheets bound, numbered and sealed
Judge: (*signed*)
Secretary: (*signed*)