# EXHIBIT 2

# ПРОТОКОЛ СУДЕБНОГО ЗАСЕДАНИЯ

город Москва                                      22 июня 2015 года

Тверской районный суд города Москвы в составе председательствующего судьи Молитвиной Т.А., при секретаре Павленко А.В., рассмотрел в открытом судебном заседании гражданское дело № 2-4284/2015 по заявлению Кацыва Дениса Петровича о признании незаконным и немотивированным ответа начальника отдела международно-правового сотрудничества Генеральной прокуратуры Российской Федерации Груниса Д.Е., обязании выдать копию материалов переписки.

**Судебное заседание открыто в 16 часов 00 минут.**

Председательствующий объявляет судебное заседание открытым и объявляет, какое дело подлежит рассмотрению.

Секретарь судебного заседания докладывает суду о явке вызванных в судебное заседание лиц.

Заявитель Кацыв Д.П. - не явился, извещен о времени и месте судебного заседания надлежащим образом, доверил представлять свои интересы представителю.

Представитель заявителя – адвокат Весельницкая Н.В. (личность установлена по удостоверению, полномочия проверены, копия доверенности в деле) - явилась.

Представитель Генеральной прокуратуры РФ – Тюкавкин С.А. (личность установлена по удостоверению, полномочия проверены, копия доверенности в деле) - явился.

Явка доложена.

Председательствующий объявляет состав суда, сообщает, кто участвует в судебном заседании в качестве секретаря судебного заседания, и разъясняет лицам, участвующим в деле, их право заявлять отводы.

Отводов не заявлено.

Председательствующий разъясняет лицам, участвующим в деле, их процессуальные права и обязанности, предусмотренные ст. 35, 39, 56, 57 ГПК РФ.

Права разъяснены и понятны.

Председательствующий выясняет, имеются ли у лиц, участвующих в деле, ходатайства перед началом судебного разбирательства.

Представитель заявителя Весельницкая Н.В.: Прошу приобщить к материалам дела дополнения к жалобе, а также жалобу на имя Генерального прокурора и ответ на данную жалобу.

Представитель Генеральной прокуратуры РФ – Тюкавкин С.А.: Не возражаю.

**Суд определил:**

Удовлетворить ходатайство представителя заявителя и приобщить к материалам дела дополнения к жалобе, жалобу на имя Генерального прокурора и ответ на данную жалобу.

Представитель заявителя Весельницкая Н.В.: Прошу приобщить к материалам дела копии иска правительства США от 10 сентября 2013 года, протокол осмотра сайта www.pacer.gov с документами электронного архива дела южного федерального судебного округа штата Нью-Йорк № 13CV 6326, документы, подтверждающие владение со стороны Кацыва Д.П. всеми компаниями, которые заявлены в иске прокурора США, переписку между адвокатами Кацыва Д.П.

Представитель Генеральной прокуратуры РФ – Тюкавкин С.А.: Не возражаю.

**Суд определил:**

Удовлетворить ходатайство представителя заявителя и приобщить к материалам дела копии иска правительства США от 10 сентября 2013 года, протокол осмотра сайта www.pacer.gov с документами электронного архива дела южного федерального судебного округа штата Нью-Йорк № 13CV 6326, документов, подтверждающих владение со стороны Кацыва Д.П. всеми компаниями, заявленными в иске прокурора США, переписки между адвокатами Кацыва Д.П.

На вопросы суда - представитель Генеральной прокуратуры РФ – Тюкавкин С.А.:

- Документы, представленные в суд, содержат все надзорное производство в полном объеме?

- Те документы, которые были представлены суду, полностью отражают всю переписку по данному предмету. Надзорное производство представлено не в полном объеме, так как оно не все касается заявителя. Заявитель просил ознакомить его с запросом США и ответом на него. Мы предоставили в этой части материалы надзорного производства: там есть запросы и ответы со всеми приложенными к ним документами. Иных запросов от США по Кацыву Д.П. не поступало. Если суд посчитает возможным, мы можем сделать перерыв, и я уточню был ли какой-то ответ из США или дополнительная переписка в той части, которая относится к делу.

Представитель заявителя Весельницкая Н.В.: Поддерживаю, прошу объявить перерыв.

**Председательствующий объявляет перерыв в судебном заседании на 20 минут.**

Судебное заседание продолжено в 16 часов 40 минут в том же составе.

Представитель Генеральной прокуратуры РФ – Тюкавкин С.А.: Прошу приобщить к материалам дела ответ Министерства юстиции США, поступивший в Генеральную прокуратуру в декабре 2014 года, касающийся переписки по данному делу. Это переписка в рамках этого же запроса. Поскольку по сути это ответ запрашивающей стороны, а ответ на наш ответ заявитель не просил, он не был представлен. Иной переписки не было между Генеральной прокуратурой и Минюстом США.

Представитель заявителя Весельницкая Н.В.: Не возражаю.

**Суд определил:**

Приобщить к материалам дела ответ Министерства юстиции США.

Обсуждается вопрос о возможности начать рассмотрение дела по существу при данной явке.

Возражений не поступило.

**Суд на месте определил:**

Начать рассмотрение дела при настоящей явке.

Суд переходит к рассмотрению дела по существу.
Докладывается дело.
Оглашается заявление (л.д. 4-10).
Председательствующий переходит к выслушиванию мнений сторон.

Представитель заявителя Весельницкая Н.В.: В мае 2014 года от Министерства Юстиции США в адрес Российской Федерации в лице Генерального прокурора РФ поступил запрос от 20 марта 2014 года, в котором представитель Министерства Юстиции США указывал в разделе 1 ходатайства об ускоренном исполнении, цель данного направления ходатайства - помочь федеральной прокуратуре соблюсти установленный судом график и своевременно предоставить компании «Prevezon» и его структурам соответствующие доказательства. При этом, Министерство Юстиции США ссылалось на некий вещный иск, который подан в суд к компании «Prevezon». Я ориентируюсь на русский текст перевода, имеющийся в материалах надзорного производства, на странице 7 перевода этого запроса США указано конкретное дело, в рамках которого направляются данные запросы. Это дело инициировано 10 сентября 2013 года Федеральной прокуратурой США. Мы приобщили к материалам настоящего дела протокол осмотра сайта суда, из которого видно, что данное дело возбуждено под номером 13CV-6326. Мы также представили суду доказательства того, что ответчиками по данному делу является часть юридических лиц, зарегистрированных в США и Европе, владельцем которых является Кацыв Денис Петрович, заявитель по настоящему делу. Также из материалов настоящего дела видно, что у нас была переписка с Генеральной прокуратурой, где на мое ходатайство о сообщении нам результатов проверки причастности Кацыва Д.П. к обстоятельствам,

изложенным в иске, Генеральной прокуратурой РФ, то есть заинтересованным лицом, еще 27 декабря 2013 года и 04 февраля 2014 года был дан ответ о том, что в рамках уголовного дела, которое находится в производстве наших следственных российских органов, проверена причастность Кацыва Д.П. и его компании «Prevezon» к обстоятельствам хищения из бюджета Российской Федерации в 2007 году 5,4 миллиардов рублей, и установлено отсутствие связи какой-либо между заявителем и обстоятельством этого хищения. Об этом мы сообщили американским суду и прокурору, что подтверждается приобщенными к этому делу стенограммами судебных заседаний по гражданскому делу в США. Однако, несмотря на данные обстоятельства и отсутствие официальных сведений у прокуратуры США на момент возбуждения в сентябре 2013 года информации из Российской Федерации, более 90% которой содержится в иске, как первоначально поданном, так и измененном от ноября 2014 года, видимо, после получения ответа Российской Федерации, с которым мы также ознакомились в материалах надзорного производства, мы видим, что США, как на момент возбуждения, так и вплоть до 20 марта 2014 года не направляли официального запроса в Российскую Федерацию об обстоятельствах и событиях, которые они излагают как основания требований к компаниям заявителя. При этом Генеральная прокуратура РФ, как в ответе на мой адвокатский запрос, приобщенный к материалам дела, так и в заключении о результатах проверки, которое находится в 3 томе дела и было направлено в Министерство Юстиции США в ответе на запрос о правовой помощи, указывает, что причастности к хищению и дальнейшему прохождению похищенных бюджетных средств компаний, принадлежащих Кацыву Д.П., указанных в иске американского прокурора, как собственно и самого Кацыва Д.П., российским следствием не установлено. Генеральная прокуратура России сообщила окружному прокурору США - истцу по гражданскому делу, в котором Кацыв Д.П. в лице его юридических лиц выступает ответчиком, очень детально и подробно на нескольких страницах, о том, как на самом деле происходили те события, которые описаны в иске прокурора, как в первоначально поданном, так и в измененном в ноябре 2014 года. Зная, что никакого уголовного дела или расследования в США не ведется, Генеральная прокуратура России по необъяснимой причине, ссылаясь на просьбу американской стороны о засекречивании переписки, как проходящей по Договору о взаимопомощи между нашими странами, не предоставляет гражданину России информацию, непосредственно затрагивающую его права. Кацыв Д.П., в лице его активов и компаний, является такой же стороной гражданского процесса, как и федеральный окружной прокурор штата Нью Йорк. В силу международных норм и Конституции РФ, Кацыв Д.П. имеет право знать все то, чем располагает другая сторона в состязательном, равноправном процессе. И если отказ в предоставлении таких сведений со стороны офиса окружного прокурора в принципе нам понятен, но нам не понятен такой же отказ со стороны Генеральной прокуратуры РФ. То, что сама переписка между США и

Россией, вообще имеет место, это заслуга стороны ответчика по американскому делу, который неоднократно ставил вопрос о предоставлении официальной позиции России – государства, в которой произошли все события, положенные в основу требований истца. И согласно имеющейся в материалах настоящего дела стенограмме судебного заседания 4 марта 2014 года дело было отложено на неопределенный срок для того, чтобы прокурор, выступающий от имени Правительства США, выяснил у Российской Федерации ее позицию по этим событиям. Любая полученная по такому документу-запросу информация должна быть раскрыта второй стороне. Этого на протяжении почти года не делается. Основания наших требований таковы: Соединенные Штаты Америки в лице конкретных представителей используют Договор 1999 года о правовой помощи по уголовным делам, вводя в заблуждение запрашиваемую сторону, создавая видимость какого-то расследования, которого в принципе быть не может. Именно поэтому, зная об этих обстоятельствах, зная о такой позиции американского прокурора, выступающего от имени истца в гражданском процессе, мы и обратились сначала в прокуратуру, потом в суд с тем, чтобы нам была предоставлена эта переписка с США - такой же стороной по делу, как и ответчики.

Представитель Генеральной прокуратуры РФ – Тюкавкин С.А.: В части восстановления процессуального срока я не возражаю, так как объективно видно, что как сама переписка между ведомствами, так и переписка с адвокатом заявителя продолжалась длительное время вплоть до прошлой недели. Что касается самой жалобы, мы считаем, что при наличии просьбы запрашиваемой стороны, которая ссылается на имеющее у нее расследование о конфиденциальности переписки, она должна быть обеспечена. Если мы не может ее обеспечить, то в силу положений Договора между Россией и США мы должны поставить в известность в об этом запрашивающую сторону. Мы подробно ответили США на их доводы, направили более 250-ти страниц документов с заключением, в котором констатировали, что действительно описываемых в иске событий не было, или они искажены, и высказали предложение провести совместное расследование причин и условий введения США в заблуждение, возможно со стороны лиц, которые рассматривались и рассматриваются в рамках существующего у нас уголовного дела, как соучастники хищения бюджетных средств. Также обращаю внимание суда на то, что, исходя из переписки между нашими ведомствами, наибольшая часть предоставленной позиции сторонами переписки вообще не касается заявителя либо связанных с ним лиц, а событий и обстоятельств 2007-2009 годов, никак не связанных с заявителем. Что касается вопроса о конфиденциальности, то на момент дачи ответа адвокату заявителя, мы исходили в том числе и из того, что, если запрашивающая сторона ссылается на Договор о взаимопомощи по уголовным делам, соответственно, даже в условиях явно искаженного преставления о событиях в России, мы исходим их презумпции добросовестности сторон и пусть даже формальных, но оснований для сбора информации по такому договору.

Вопросов не поступило.

Председательствующий переходит к исследованию письменных материалов дела.

Исследуются и оглашаются следующие материалы дела:

**Том 1:**

- копия ответа начальника отдела международного сотрудничества по особо важным делам (л.д. 13)
- копия запроса (л.д. 15-35)
- дополнение к жалобе Кацыва Д.П. (л.д. 60-62)
- копия адвокатского запроса (л.д. 63-66)
- копия ответа на запрос (л.д. 67-68)
- копия дополнительного ответа на запрос (л.д. 69)
- копия запроса адвоката Джона Москоу на имя адвоката Весельницкой о вызове в США для снятия показаний (л.д. 70-71)
- копия сопроводительного письма адвоката заявителя (л.д. 72)
- копия письма адвоката Джона Москоу в адрес помощников окружного прокурора (л.д. 73-74)
- копия обращения адвоката Марка Цимрота в адрес адвоката Весельницкой (л.д. 75-76)
- копия протокола судебного заседания окружного суда США по делу №13 CV 6326 (TPG) (л.д. 77-96)
- копия распоряжения окружного суда США по делу №13 CV 6326 (TPG) (л.д. 97-101)
- копия стенограммы видеозаписи допроса Уильяма Ф. Браудера (л.д. 102-417)

**Том 2:**

- копия обращения федерального прокурора США (л.д. 1-10)
- копия измененного искового заявления (л.д. 11-73)
- копия протокола судебного заседания по делу № 13 CV 6326 (TPG) (л.д. 74-100)
- копия стенограммы видеозаписи допроса специального агента МНБ США Тодда С. Хаймана (л.д. 101-237)

**Том 3:**

- сопроводительное письмо (л.д. 1)
- ходатайство Международного отдела Департамента уголовных расследований Министерства юстиции США (л.д. 2-39)
- сопроводительное письмо начальника Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Карапетяна С.А. (л.д. 40)
- результаты рассмотрения запроса США (л.д. 41-54)
- приговор Тверского районного суда г. Москвы (л.д. 55-83)
- постановление ст. следователя по ОВД ГСУ СК РФ Стрижова А.А. (л.д. 84-115)
- кассационное определение Московского городского суда (л.д. 116-124)
- постановление Тверского районного суда г. Москвы (л.д. 125-159)

- приговор Тверского районного суда г. Москвы (л.д. 160-194)
- апелляционное определение Московского городского суда на приговор Тверского районного суда г. Москвы (л.д. 195-236)
- постановление начальника 4 отдела по расследованию ОВД СД МВД России Сингурова Г.Р. (л.д. 237-239)
- постановление Тверского районного суда г. Москвы (л.д. 240-241)
- постановление по делу № А41-8992/2009 (л.д. 242-256)
- определение Арбитражного суда Республики Татарстан (л.д. 257-261)
- постановление ФАС МО (л.д. 262-275)
- Определение ВАС РФ (л.д. 276-281)
- ответ начальника Главного управления международно-правового сотрудничества Генеральной прокуратуры РФ Карапетяна С.А. (л.д. 282)

**Том 4:**
- решение Тверского районного суда г. Москвы (л.д. 1-5)
- определение судебной коллегии по гражданским делам Московского городского суда (л.д. 6-8)
- решение Тверского районного суда г. Москвы (л.д. 9-16)
- определение судебной коллегии по гражданским делам Московского городского суда (л.д. 17-18)
- решение Тверского районного суда г. Москвы (л.д. 19-26)
- определение судебной коллегии по гражданским делам Московского городского суда (л.д. 27-29)
- определение судебной коллегии по гражданским делам Московского городского суда (л.д. 30)
- решение АС МО по делу №А41-22363/09 (л.д. 31-38)
- постановление по делу №А41-22363/09 (л.д. 39-42)
- постановление ФАС МО по делу №А41-22363/09 (л.д. 43-48)
- решение по делу №А41-42510/09 (л.д. 49-58)
- постановление по делу №А41-42510/09 (л.д. 59-66)
- постановление ФАС МО по делу №А41-142510/09 (л.д. 67-71)
- решение Королевского городского суда МО (л.д. 72-82)
- апелляционное определение Московского областного суда (л.д. 83-89)
- решение Королевского городского суда МО (л.д. 90-114)
- апелляционное определение Московского областного суда (л.д. 115-120)
- определение Московского областного суда (л.д. 121-126)
- определение ВС РФ от 25.02.2014 на апелляционное определение Московского областного суда (л.д. 127-133)
- решение Королевского городского суда МО (л.д. 134-144)
- апелляционное определение Московского областного суда (л.д. 145-148)
- решение Королевского городского суда МО (л.д. 149-161)
- апелляционное определение Московского областного суда (л.д. 162-166)
- решение Арбитражного суда Москвы (л.д. 167-179)

- постановление ФАС МО по делу № А40-29110/13 (л.д. 180-195)
- решение Тверского районного суда г. Москвы (л.д. 196-212)
- апелляционное определение Московского городского суда (л.д. 213-246)
- решение Тверского районного суда г. Москвы (л.д. 247-252)
- апелляционное определение Московского городского суда (л.д. 253-255)
- решение Тверского районного суда г. Москвы (л.д. 256-263)
- апелляционное определение Московского городского суда (л.д. 264-271)
- решение Химкинского городского суда МО (л.д. 272-296)

**Том 5:**
- постановление руководителя ГСУ СК РФ Щукина А.В. (л.д. 1-8)
- приговор Мирового судьи Некучаевой А.Ю. судебного участка №368 Тверского района г. Москвы (л.д. 9-32)
- приговор Тверского районного суда г. Москвы (л.д. 33-79)
- кассационное определение Московского городского суда (л.д. 80-87)
- постановление Президиума Московского городского суда (л.д. 88-91)
- постановление ВС РФ (л.д. 92-98)
- постановление ВС РФ (л.д. 99-108)
- кассационное определение ВС РФ (л.д. 109-114)
- приговор Тверского районного суда г. Москвы (л.д. 115-135)
- кассационное определение Московского городского суда (л.д. 136-138)
- постановление Президиума Московского городского суда (л.д. 139-142)
- приговор Тверского районного суда г. Москвы (л.д. 143-154)
- апелляционное определение Московского городского суда (л.д. 155-161)
- приговор Мещанского районного суда г. Москвы (л.д. 162-208)
- апелляционное определение Московского городского суда (л.д. 209-225)
- приговор Мещанского районного суда г. Москвы (л.д. 226-260)
- кассационное определение Московского городского суда (л.д. 261-265)
- приговор Тверского районного суда г. Москвы (л.д. 266-289)

Материалы дела оглашены. Дополнительных документов для приобщения к материалам дела не имеется.
Замечаний и дополнений по оглашенным материалам дела не поступило.
Исследование письменных материалов гражданского дела закончено.

Председательствующий объявляет рассмотрение дела по существу оконченным и переходит к судебным прениям.
Судебных прений нет.
Реплик нет.

Председательствующий удаляется в совещательную комнату для вынесения решения.

Решение вынесено и оглашено.

Сроки и порядок обжалования решения, а также право на ознакомление с протоколом судебного заседания и принесения на него замечаний, разъяснены и понятны.

**Судебное заседание закрыто 22 июня 2015 года в 17 часов 30 минут.**

Председательствующий _____ Т.А.Молитвина
10 июля 2015 года (дата подписания протокола)

Секретарь судебного заседания _____ А.В.Павленко
10 июля 2015 года (дата изготовления протокола)

КОПИЯ ВЕРНА
Судья _____
Секретарь _____

Прошито пронумеровано и скреплено печатью на ___ листах

Судья:
Секретарь:

# TRANSCRIPT OF COURT SESSION

city of Moscow                                                                                                  June 22, 2015

Tverskoy District Court of the City of Moscow composed of Presiding Judge T.A. Molitvina, with Secretary A.V. Pavlenko, considered in an open court session civil case No. 24284/2015 ex parte Denis P. Katsyv seeking to recognize the response of the Head of the department of international legal cooperation of the Office of the Prosecutor General of the Russian Federation D.E. Grunis invalid and unjustified, and to compel him to issue a copy of the correspondence materials,

**Court session opened at 4:00 p.m**

The presiding judge declares the hearing open and announces which case is to be reviewed.
The secretary of the court reports to the court on appearance of the persons summoned to the hearing.
Claimant D.P. Katsyv, duly notified of the time and place of the court hearing, failed to appear in the hearing, appointed a representative to represent his interests.
Representative of the claimant – attorney N.V. Veselnitskaya (identity confirmed by Lawyer ID card, authorities checked, copy of the power of attorney attached to the case file) - present.
Representative of the Office of the Prosecutor General oft the Russian Federation – S.A. Tyukavkin (identity confirmed by ID card, authorities checked, copy of the power of attorney attached to the case file) - present.
Presence in court reported.

The presiding judge announces the composition of the court, announces the secretary of the court, and explains to the case participants their right to propose disqualifications.
No disqualifications proposed.

The presiding judge explains to the case participants their procedural rights and duties, provided for in articles 35, 39, 56, 57 of the Code of Civil Procedure of the Russian Federation.
Rights and duties of the Parties explained and understood.
The presiding judge finds out whether the case participants have motions before the hearing starts.
N.V. Veselnitskaya, representative of the claimant: I request that supplement to the complaint be entered into the case file, as well as the complaint in the name of the Prosecutor General and the response thereto.
S.A. Tyukavkin, Representative of the Office of the Prosecutor General of the Russian Federation: No objection.

**The Court ruled:**
To grant the motion of the representative of the claimant and to enter the supplement to the complaint into the case file, as well as the complaint in the name of the Prosecutor General and the response thereto into the case file.

N.V. Veselnitskaya, representative of the claimant: I request that copies of the complaint of the US Government filed on September 10, 2013, www.pacer.gov website inspection protocol with the electronic archive of documents of case No. 13CV 6326 considered in the Southern District of New York, documents confirming the ownership of D.P. Katsyv in respect of all the companies claimed in the complaint of the US Attorney, materials of correspondence between the councils of D.P. Katsyv be entered into the case file.
S.A. Tyukavkin, Representative of the Office of the Prosecutor General of the Russian Federation: No objection.

**The Court ruled:**
To grant the motion of the representative of the claimant and to enter the copies of the complaint of the US Government filed on September 10, 2013, www.pacer.gov website inspection protocol with the electronic archive of documents of case No. 13CV 6326 considered in the Southern District of New York, documents confirming the ownership of D.P. Katsyv in respect of all the companies claimed in the complaint of the US Attorney, materials of correspondence between the councils of D.P. Katsyv into the case file.

Questions of the court answered by S.A. Tyukavkin, Representative of the Office of the Prosecutor General of the Russian Federation:
- Do the documents submitted to the court comprise the supervisory review materials in full?
- The documents submitted to the court fully reflect all the correspondence on the subject. Supervisory review materials are not presented in full, because not all of them relate to the claimant. The Claimant sought to be familiarized with the US request and the response thereto. With this regard we have submitted the supervisory review materials: there are requests and responses with all the attached documents. No other requests concerning D.P. Katsyv were received from the USA. If the court considers it possible, we can recess the hearing so I can reconfirm whether there was any response from the USA or any further correspondence in the part concerning the case.

N.V. Veselnitskaya, representative of the claimant: I accede to the request for recess.

**The presiding judge announces a 20 minute recess in the hearing.**

**The court hearing continued at 4:40 p.m. with the same present.**

S.A. Tyukavkin, Representative of the Office of the Prosecutor General of the Russian Federation: I request that the response of the US Department of Justice received by the Office of the Prosecutor General in December 2014 and relating to the correspondence with regard to this case be entered into the case materials. It is correspondence concerning the same request. Since as a matter of fact it is the answer of the requesting party, and the claimant did not request our response, the latter was not submitted. No other correspondence took place between the US Department of Justice and the Office of the Prosecutor General of the Russian Federation.

N.V. Veselnitskaya, representative of the claimant: No objection.

**The Court ruled:**
To enter the answer of the US Department of Justice into the case materials.

The question of the possibility to begin examination of the case on its merits at this court appearance is put forward for discussion.
No objection has been received.

**The court ruled on the bench:**
To begin examination of the case at this court appearance.

The court proceeds to consider the merits of the case.
The case is stated.
The claim is announced (pages 4-10).
The presiding judge proceeds to listening to the cases of the parties.
N.V. Veselnitskaya, representative of the claimant: In May 2014 a request dated March 20, 2014 came to the Office of the Prosecutor General of the Russian Federation represented by the Prosecutor General from the US Department of Justice, in which the representative of the US Department of Justice in part 1 of the petition for expedited execution identified the aim of sending the request - helping the United States Attorney's Office keep to the schedule set by the court and providing "Prevezon" and its structures with relevant evidence in a timely manner. The US Department of Justice referred to an action in rem filed to court against "Prevezon". I am guided by the text of Russian text available in the supervisory review materials, at page 7 of the translation of the US request a certain case is referred to under which the requests are made. The case was initiated on September 10, 2013 by the United States Attorney's Office. We attached to the materials of the case the Court website inspection report, which shows that the case was filed under number 13CV-6326. We also presented the court with evidence that defendants in that case are some of the legal entities registered in the US and Europe of which the owner is D.P. Katsyv, claimant in this case. It also can be seen from the case materials that we corresponded with the Office of the Prosecutor General, where in response to my request to inform us of the results of looking into the involvement of D.P. Katsyv into the circumstances set forth in the complaint, the Office of the Prosecutor General of the Russian Federation, i.e., its interested person, responded on December 27, 2013 and on February 04, 2014 that in a criminal case, which is pending with our Russian investigative authorities, involvement of D.P. Katsyv and

of his "Prevezon" company into the embezzlement of 5.4 billion rubles from the Russian Budget in 2007 had been looked into, and it was established that there was no connection whatsoever between the claimant and the embezzlement. We advised the American court and the US Attorney thereof, which fact is evidenced by transcripts of the US civil case court hearings attached to the case file. However, despite these circumstances and despite the US Attorney's Office having no official information at the moment of initiating the civil forfeiture case in September 2013, information from the Russian Federation, over 90% of which is contained in the complaint, both the original and the one amended in November 2014, apparently after receiving the response of the Russian Federation, which we also found in the materials of supervisory review, we see that the US, at the moment of initiating the case, and up to March 20, 2014 made no official requests to the Russian Federation for information relating to the circumstances and the events they pose as the ground for the claims against claimant's companies. The Office of the Prosecutor General of the Russian Federation both in its response to my request entered into the case materials and in the report on the results of the inspection, which is in volume 3 of the case and which was provided to the US Department of Justice in response to their MLAT request, states that no involvement of companies owned by D.P. Katsyv specified in the complaint filed by the US Attorney and of D.P. Katsyv himself into the embezzlement and further trafficking the stolen budget funds, was established by the Russian investigating authorities. The Office of the Prosecutor General of the Russian Federation advised the US District Attorney – the plaintiff in the civil case in which D.P. Katsyv through his companies is the defendant, in considerable detail on several pages, of how events referred to in the complaint filed by the US Attorney, both the original and the one amended in November 2014, actually developed. Knowing that no criminal case or investigation is conducted in the US, the Office of the Prosecutor General of the Russian Federation for whatever reason, relying on the request of the American side on classification of correspondence, as carried on under the Mutual Legal Assistance Treaty made and entered by and between our countries, fails to provide a citizen of the Russian Federation with information directly affecting his rights. D.P. Katsyv, through his assets and companies, is just as a party to the civil case as the District Attorney of New York. By virtue of international regulations and the Constitution of the Russian Federation, D.P. Katsyv has the right to know everything that his counterpart has in their possession. And if the refusal to provide such information on the part of the office of the District Attorney is basically understandable, we fail to understand such refusal on the part of the Office of the Prosecutor General of the Russian Federation. The fact that the correspondence between the USA and Russia even exists is the merit of the defendant in the US civil proceedings, who has repeatedly raised the issue of providing the official position of Russia – the country in which all the events underlying the claims set forth in the complaint took place. And according to the transcript of the court hearing available in the case materials on March 4, 2014 the case was adjourned for an indefinite period so that the Attorney representing the US Government developed the position of the Russian Federation on these events. Any information obtained by such request shall be disclosed to the other party. For almost a year it has not been done. Our claims are based on the following: The United States of America by their representatives use the 1999 Treaty Treaty on Mutual Legal Assistance in Criminal Cases, misleading the Requested Party, creating the appearance of an investigation which cannot take place. That is why, knowing the circumstances, aware of this position of the US Attorney acting on behalf of the plaintiff in the civil proceedings, we addressed first the office of the prosecutor, and then the court, to obtain the materials of correspondence with the USA which is just as a party to the civil proceedings as the defendants.

S.A. Tyukavkin, Representative of the Office of the Prosecutor General of the Russian Federation: With regard to the extension of the limitation period I have no objections, for it is clear that both the correspondence between the departments, and the correspondence with the claimant's council lasted a long time up until the last week. As for the complaint, we believe that upon request of the Requested Party which refers to its investigation of the privacy of correspondence, it shall be ensured. If we cannot ensure it, then by virtue of the provisions of the Treaty made by and between the USA and Russia we have to advise the Requesting Party of the fact. We gave detailed answers to the arguments of the US, sent over 250 pages of documents accompanied by a report stating that the events described in the complaint either did not take place or they were distorted, and we expressed the proposal to conduct a joint investigation into the reasons and the conditions of the USA being misinformed and misled, possibly by those who within the existing criminal proceedings are considered and addressed as accomplices in the embezzlement of budgetary funds. I would also like to draw the court's attention to the fact that, based on the correspondence between our departments, the largest part of the correspondence provided by the parties has nothing to do with the claimant or any of his related structures of individuals, rather events and circumstances of 2007-2009, which are in no way related to the claimant. As for the issue of confidentiality, at the time of responding to the

claimant's lawyer, we proceeded among other things from the fact that, if the requesting party relies on the Treaty on Mutual Legal Assistance in Criminal Cases, then, even in the context of apparently distorted representation of the events in Russia, we proceed from the presumption of good faith of the parties6 and grounds, though formal, for collecting information under such a treaty.
No questions received.

The presiding judge proceeds to the study of written materials of the case.
The following case materials are being studied and announced:

**Volume 1:**
- copy of the response of the Head of Department of International Cooperation for special cases (page 13)
- copy of the request (pages 15-35)
- supplement to the complaint filed by D.P. Katsyv (pages 60-62)
- copy of the request of the claimant's attorney (pages 63-66)
- copy of the response to the request (pages 67-68)
- copy of the supplement response to the request (page 69)
- copy of the request by John Moscow in the name of N.V. Veselnitskaya to be summoned to the USA for deposition (pages 70-71)
- copy of the cover letter of the claimant's lawyer (page 72)
- copy of the letter of John Moscow, a lawyer, to the Assistant District Attorneys (pages 73-74)
- copy of the address of Mark Cymrot, lawyer, to N.V. Veselnitskaya (pages 75-76)
- copy of the transcript of the hearing of case No.13 CV 6326 (TPG) at the US District Court (pages 77-96)
- copy of the district court order in case No.13 CV 6326 (TPG) (pages 97-101)
- copy of the transcript of William F. Browder deposition video (pages 102-417)

**Volume 2:**
- copy of the letter of the US Attorney (pages 1-10)
- copy of the amended complaint (pages 11-73)
- copy of the transcript of the hearing of case No.13 CV 6326 (TPG) (pages 74-100)
- copy of the transcript of special agent of US Department of Homeland Security Todd S. Hyman deposition video (pages 101-237)

**Volume 3:**
- cover letter (page 1)
- petition of the International department of the Criminal Investigation Division of the US Department of Justice (pages 2-39)
cover letter of the Head of the Main Directorate for International Legal Cooperation S.A. Karapetyan (page 40)
- results of the US request consideration (pages 41-54)
- verdict of Tverskoy District Court of the City of Moscow (pages 55-83)
- order of the chief investigator in and for Department of Internal Affairs of the Central Investigation Department of the Investigative Committee of the Russian Federation A.A. Strizhov (pages 84-115)
- cassational ruling of the Moscow City Court (pages 116-124)
- ruling of Tverskoy District Court of the City of Moscow (pages 125-159)
- verdict of Tverskoy District Court of the City of Moscow (pages 160-194)
- appellate decision of the Moscow City Court in respect of the verdict of Tverskoy District Court of the City of Moscow (pages 195-236)
- order of the head of the investigation department 4 of the Department of Internal Affairs of the Justice Department of the Ministry of Internal Affairs of the Russian Federation G.R. Singurov (pages 237-239)
- ruling of Tverskoy District Court of the City of Moscow (pages 240-241)
- ruling in respect of case No. A41-8992/2009 (pages 242-256)
- determination of the Arbitration court of the Republic of Tatarstan (pages 257-261)
- decree of the Moscow District Federal Arbitration Court (pages 262-275)
- Ruling of the Supreme Arbitration Court of the Russian Federation (pages 276-281)
- response of the Head of the Main Directorate for International Legal Cooperation S.A. Karapetyan (page 282)

**Volume 4:**
- decision of Tverskoy District Court of the City of Moscow (pages 1-5)
- ruling of the Judicial Division for Civil Cases of the Moscow City Court (pages 6-8)

- decision of Tverskoy District Court of the City of Moscow (pages 9-16)
- ruling of the Judicial Division for Civil Cases of the Moscow City Court (pages 17-18)
- decision of Tverskoy District Court of the City of Moscow (pages 19-26)
- ruling of the Judicial Division for Civil Cases of the Moscow City Court (pages 27-29)
- ruling of the Judicial Division for Civil Cases of the Moscow City Court (page 30)
- decision of the Arbitration Court of the Moscow Region in respect of case No.A41-22363/09 (pages 31-38)
- ruling in respect of case No. A41-22363/09 (pages 39-42)
- ruling of the Moscow District Federal Arbitration Court in respect of case No.A41-22363/09 (pages 43-48)
- decision in respect of case No. A41-42510/09 (pages 49-58)
- ruling in respect of case No. A41-42510/09 (pages 59-66)
- ruling of the Moscow District Federal Arbitration Court in respect of case No.A41-142510/09 (pages 67-71)
- decision of Korolev Municipal Court of the Moscow Region (pages 72-82)
- appellate decision of the Moscow Regional Court (pages 83-89)
- decision of Korolev Municipal Court of the Moscow Region (pages 90-114)
- appellate decision of the Moscow Regional Court (pages 115-120)
- decision of the Moscow Regional Court (pages 121-126)
- decision of the Supreme Court of the Russian Federation dated February 25, 2014 in respect of the appellate decision of the Moscow Regional Court (pages 127-133)
- decision of Korolev Municipal Court of the Moscow Region (pages 134-144)
- appellate decision of the Moscow Regional Court (pages 145-148)
- decision of Korolev Municipal Court of the Moscow Region (pages 149-161)
- appellate decision of the Moscow Regional Court (pages 162-166)
- decision of the Moscow City Arbitration Court (pages 167-179)
- ruling of the Moscow District Federal Arbitration Court in respect of case No.A40-29110/13 (pages 180-195)
- decision of Tverskoy District Court of the City of Moscow (pages 196-212)
- appellate decision of the Moscow City Court (pages 213-246)
- decision of Tverskoy District Court of the City of Moscow (pages 247-252)
- appellate decision of the Moscow City Court (pages 253-55)
- decision of Tverskoy District Court of the City of Moscow (pages 256-263)
- appellate decision of the Moscow City Court (pages 264-271)
- decision of Khimki Municipal Court of the Moscow Region (pages 272-296)

**Volume 5:**
- order of the head of the Central Investigation Department of the Investigative Committee of the Russian Federation A.V. Shchukin (pages 1-8)
- verdict of Justice of the Peace A.Yu. Nekuchyeva of judicial district No.368 of Tverskoy District of Moscow (pages 9-32)
- verdict of Tverskoy District Court of the City of Moscow (pages 33-79)
- cassational ruling of the Moscow City Court (pages 80-87)
- ruling of the Presidium of the Moscow City Court (pages 88-91)
- ruling of the Supreme Court of the Russian Federation (pages 92-98)
- ruling of the Supreme Court of the Russian Federation (pages 99-108)
- cassational ruling of the Supreme Court of the Russian Federation (pages 109-114)
- verdict of Tverskoy District Court of the City of Moscow (pages 115-135)
- cassational ruling of the Moscow City Court (pages 136-138)
- ruling of the Presidium of the Moscow City Court (pages 139-142)
- verdict of Tverskoy District Court of the City of Moscow (pages 143-154)
- appellate decision of the Moscow City Court (pages 155-161)
- verdict of Meshchansky District Court of the City of Moscow (pages 162-208)
- appellate decision of the Moscow City Court (pages 209-225)
- verdict of Meshchansky District Court of the City of Moscow (pages 226-260)
- cassational ruling of the Moscow City Court (pages 261-265)
- verdict of Tverskoy District Court of the City of Moscow (pages 266-289)

Case materials are announced. No additional documents to be entered into the case file are available.
No comments and additions received in respect of the read case materials. The study of written materials of the civil case completed.

The presiding judge declares the examination of the case on its merits over and proceeds to pleadings.
No pleadings.
No replies.

The presiding judge retires to the chambers to consider the decision.
Decision delivered and pronounced.

The terms and procedure for appealing against the decision, as well as the right of access to court records and of making comments thereto, are explained and understood.

**The court hearing closed on June 22, 2015 at 5:30 p.m.**

Presiding judge _____ _(signature)_____ T.A. Molitvina
July 10, 2015 (date of signing the transcript)

Secretary of court session _____ _(signature)_____ A.V. Pavlenko
July 10, 2015 (date of preparation of the transcript)

| Stamp: |
| --- |
| The Russian Federation * Tverskoy District Court of the City of Moscow |
| **TRUE COPY** |
| Judge _____ _(signed)_____ |
| Secretary _____ _(signed)_____ |

Stamp:

__5__ **sheets bound, numbered and sealed**

**Judge:** *(Signed)*
**Secretary:** *(Signed)*

Case 1:13-cv-06326-WHP   Document 420-2   Filed 11/18/15   Page 19 of 19