# EXHIBIT 4-Part 2

  (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

  (ii) to avoid a transaction reporting requirement under State or Federal law[.]

* * *

(a)(2) Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States—

  (A) with the intent to promote the carrying on of specified unlawful activity; or

  (B) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part—

    (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

    (ii) to avoid a transaction reporting requirement under State or Federal law[.]

* * *

(b) Penalties.—

  **(1) In general.**--Whoever conducts or attempts to conduct a transaction described in subsection (a)(1) or (a)(3), or section 1957, or a transportation, transmission, or transfer described in subsection (a)(2), is liable to the United States for a civil penalty of not more than the greater of—

    **(A)** the value of the property, funds, or monetary instruments involved in the transaction; or
    **(B)** $10,000.

* * *

(h) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

**18 U.S.C. § 1957. Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity.**

(a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity[.]

11

\* \* \*

(c)(7) the term "specified unlawful activity" means—

(A) any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31;

(B) with respect to a financial transaction occurring in whole or in part in the United States, an offense against a foreign nation involving—

(i) the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act);

(ii) murder, kidnapping, robbery, extortion, destruction of property by means of explosive or fire, or a crime of violence (as defined in section 16);

(iii) fraud, or any scheme or attempt to defraud, by or against a foreign bank (as defined in paragraph 7 of section 1(b) of the International Banking Act of 1978));

(iv) bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official;

(v) smuggling or export control violations[. . .]

\* \* \*

(f) As used in this section—

(1) the term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (as defined in section 19565(c)(5) of this title) of this title) by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title, but such term does not include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution.

## V. SUBJECTS OF THE INVESTIGATION

1. **Prevezon Holdings, Ltd.**
   Registered office: 9 Lambousa, 1095 Nicosia, Cyprus
   Alternative address: 5, Goudiou Street, Agios Andreas, P.C. 1095 Nicosia, Cyprus
   Date of Incorporation: September 26, 2005

2. **Ferencoi Investments, Ltd.**
   Address: 90 Main Street, P.O. Box 3099, Road Town, Tortola, British Virgin Islands

3. **Kolevins, Ltd**
   Address: 90 Main Street, P.O. Box 3099, Road Town, Tortola, British Virgin Islands

4. **Timofey Krit**
   Date of birth: March 19, 1986

5. **Denis Katsyv**
   Address: Posledny Pereulo, D.25 Korpus 1, Ky. 10, 107045 Moscow, Russia
   Date of birth: April 29, 1977

6. **Artem Kuznetsov**
   Date of birth: February 28, 1975

7. **Dmitry Klyuev**
   Date of birth: Unknown

8. **Pavel Karpov**
   Date of birth: August 27, 1977

9. **Andrey Pavlov**
   Date of birth: Unknown

10. **Yulia Mayorova**
    Date of birth: Unknown

11. **Olga Stepanova**
    Date of birth: July 29, 1962

12. **Vladlen Stepanov**
    Date of birth: Unknown

13. **Rilend**
    Address: 127006, Moscow, Staropimenovsky per., 13, Building 2, 6th Floor
    State Registration Number (OGRN): 1020800751322
    Taxpayer Identification Number (INN): 814067290

14. **Parfenion**
    Address: 127055, Moscow, ul. Obraztsova, 19, Building 9
    State Registration Number (OGRN): 1057715063427
    Taxpayer Identification Number (INN): 7715398270

15. **Makhaon**
    Address: 127055, Moscow, ul. Obraztsova 19, Building 9
    State Registration Number (OGRN): 1047796056406
    Taxpayer Identification Number (INN): 7715508532

## VI. ASSISTANCE REQUESTED

Please provide copies of the following documents, each accompanied by an executed

13

copy of the certificate of authenticity of business records attached hereto as Form A:

A. **Bank Records**

As explained in more detail below, the U.S. prosecutor requests records held by the banks, and also by the Central Bank of the Russian Federation, regarding a series of specified accounts. The bank accounts for which records are requested are:

1. For Intercommerz Bank, 119435, Moscow, Bolshoi Savinskiy Pereulok, d.2-4-6, str.10, account numbers 40702810000000002761 held in the name of Parfenion and account 40702810000000002792 held in the name of Fausta, or any other related Intercommerz Bank accounts.

2. For Sberbank Rossi, 117997, Moscow, Vavilova Str. 19, account number 40702810640330102750, or any other Sberbank Rossii accounts held in the name of ZhK.

3. For "Universalniy Bank Sberezheniy" (USB), 115093, Moscow, Partiiniy Pereulok d.1, korp.11, account numbers 40702810200000000376 held in the name of OOO Rilend and 40702810900000000375, held in the name of OOO Makhaon, or any other related USB accounts.

4. For Okean Bank, 119334, Moscow, Kanatchikovsky proezd, 1, Building 1, account number 40702810800030001158, or any other accounts held in the name of Anika.

5. For Mosstroieconombank, 117393, Moscow, Profsoyuznaya Ulitsa, d. 78, str. 1, account number 40702810056000014979, or any other accounts held in the name of Univers.

6. For Alfa Bank, 107078, Moscow, Kalanchevskaya Ulitsa, 27, account number 30109810800000000449, or any other accounts held in the name of Krainiy Sever.

The following records are requested for each of the bank accounts listed above:

1. All records held by the Central Bank of the Russian Federation (including any regional Settlement and Clearance Center or Regional Cash Settlement Centers) relating to any settlement or clearing of funds made to or from the bank accounts listed above, between November 1, 2007 and December 31, 2008.

2. All records held by the financial institution, or any successor of the financial institution,

14

or any liquidator or governmental body having custody of the records of the financial institution, from July 1, 2007 to the present, including, but not limited to, the following:

(1) signature cards;

(2) documents relating to the opening (and if applicable, closing) of the account, including any identification records of the account holder;

(3) account ledger cards;

(4) periodic account statements;

(5) records (including all checks, each copied front and back) of all items deposited;

(6) instructions relating to the receipt or transfer of any funds in or out of the account;

(7) records of wire transfers, including all instructions, authorization (written or memos of verbal authorizations), documentation of dates, places, persons receiving the funds, amount of monies transferred in or out, and Fedwire, CHIPS, or SWIFT transmissions and detail;

(8) due diligence file relating to the account;

(9) records of correspondence to, from, or on behalf of the account holder;

(10) memoranda relating to the account;

(11) powers of attorney and other banking authorizations, including the names of all persons authorized to transact business or otherwise make decisions with respect to these accounts;

(12) copies of electronic recordings of any conversations with those associated with these accounts; and

(13) IP addresses used to access this account.

## B. Court Records

All documents contained in the official court files for the following cases:

1. Arbitration Court of the Republic of Tatarstan, 420014, Republic of Tatarstan, Kazan, Kremlin, korpus 1, entrance 2: Case Nos. A65-13793/2007 and A65-26689/2007.

2. Arbitration Court of St. Petersburg and Leningrad Region, 191015, Sankt-Petersburg, Suvorovskiy Prospekt, 50-52: Case Nos. A56-22459/1007, A56-22470/2007, A56-22481/2007, A56-22479/2007, A56-22474/2007, and A56-22484/2007.

3. Arbitration Court of City of Moscow, 115225, Moscow, Russia

4. Bolshaya Tulskaya Ulitsa, 17: Case No. A40-54502/07-100-385.

5. Arbitration Court of Moscow Region, 107996, Moscow, GSP-6, Prospekt Akademika Sakharova, 18: Case Nos. A41-14643/08 and A41-14640/08.

6. 10 Arbitration Appeal Court, 117997, Moscow, ul. Sadovnicheskaya, 68/70, buld. 1: Case Nos. A41-8992/09 and A41-8992/09.

7. Tverskoi district court of Moscow: criminal case numbers 242972, 152979, and 311605, (defendant Viktor Aleksandrovich Markelov), and number 152979 (defendant Viacheslav Georgievich Khlebnikov).

## C. Corporate Registration Records

For the following corporations, all public records of their incorporation, founding, liquidation, reorganization, dissolution, ownership, and control, from the time of their formation to the present:

1. OOO KB Intercommerz Bank, 19435, Moscow, Bolshoi Savinskiy Pereulok, d.2-4-6, str.10.

2. OO KB Universalniy Bank Sberezheniy, 15093, Moscow, Partiiniy Pereulok d.1, korp.11.

3. ZAO Okean Bank, 19334, Moscow, Kanatchikovsky proezd, 1, Building 1.

4. ZAO Mosstroieconombank, 117393, Moscow, Profsoyuznaya Ulitsa, d. 78, str. 1.

5. OAO Alfa-Bank, 107078, Moscow, Kalanchevskaya Ulitsa, 27.

6. OAO NAB Krainiy Sever, 683024, Kamchatskiy Krai, Petropavlovsk-Kamchatskiy, Prospekt 50 Let Oktyabrya, 21/1.

7. OOO Parfenion, 127055, Moscow, ul. Obraztsova, 19, build. 9.

8. OOO Rilend, 127006, Moscow, Staropimenovsky per., 13, build.2, 6 floor.

9. OOO Makhaon, 127055, Moscow, ul. Obraztsova, 19, build. 9.

10. OOO Pluton, 420127, Republic of Tatarstan, Kazan, Ulitsa Dementieva, 22.

11. OOO Detoks, 420078, Republic of Tatarstan, Kazan, Gavanskaya Ulitsa, 75.

12. OOO ZhK, Baumanskaya Ulitsa d.20, str.7.

13. OOO Anika, 119334, Moscow, 5th Donskoi Proezd, 23.

14. OOO Fausta, 105523, Moscow, 15th Parkovaya Ulitsa, 60.

15. OOO Univers, 123056, Moscow, Bolshaya Gruzinskaya Ulitsa, 39.

16. OOO Instar, 117335, Moscow, Ulitsa Garibaldi, 21.

17. OOO Grand-Aktive, 346413, Rostovskaya oblast, Novocherkassk, Kharkovskoe Shosse, 15.

18. ZAO Logos Plus, 192102, Sankt-Peterburg, Ulitsa Salova, 52.

For any of the above corporations that have had any required licenses suspended or rescinded, the decree suspending or rescinding each such license and any application or other documents supporting the suspension or rescission.

### D. Tax Records

Please provide copies of all tax returns, amended tax returns, tax refund applications, and decisions granting or denying tax refund applications filed on behalf of the following companies in 2006, 2007, 2008, 2009, and 2010.

1. OOO Parfenion, 127055, Moscow, ul. Obraztsova, 19, build. 9.

2. OOO Rilend, 127006, Moscow, Staropimenovsky per., 13, build.2, 6 floor.

3. OOO Makhaon, 127055, Moscow, ul. Obraztsova, 19, build. 9.

4. OOO Pluton, 420127, Republic of Tatarstan, Kazan, Ulitsa Dementieva, 22.



5. OOO Detoks, 420078, Republic of Tatarstan, Kazan, Gavanskaya Ulitsa, 75.

6. OOO ZhK, Baumanskaya Ulitsa d.20, str.7.

7. OOO Anika, 119334, Moscow, 5th Donskoi Proezd, 23.

8. OOO Fausta, 105523, Moscow, 15th Parkovaya Ulitsa, 60.

9. OOO Univers, 123056, Moscow, Bolshaya Gruzinskaya Ulitsa, 39.

10. OOO Instar, 117335, Moscow, Ulitsa Garibaldi, 21.

11. OOO Grand-Aktive, 346413, Rostovskaya oblast, Novocherkassk, Kharkovskoe Shosse, 15.

12. ZAO Logos Plus, 192102, Sankt-Peterburg, Ulitsa Salova, 52.

## CONTACT INFORMATION

Within the Office of International Affairs, this matter is assigned to Betsy Burke, who may be reached at +1 202-514-0023 or by facsimile at +1 202-514-0080 or by email at Betsy.Burke@usdoj.gov. Andrew Lewczyk, the FSA contract attorney assigned, is also available at +1 202-353-8433 or by email at Andrew.Lewczyk@usdoj.gov.

## CONCLUSION

The United States appreciates the cooperation and aid it has received in the past from the Russian Federation in the area of international law enforcement. Permit the United States to thank the Russian Federation in advance for its attention to this particular request and for any assistance the Russian Federation is able to render in this matter.

20 March 2014
Date

Mary D. Rodriguez
Principal Deputy Director
Office of International Affairs
Criminal Division

FORM A
CERTIFICATE OF AUTHENTICITY OF BUSINESS RECORDS

I, _____, attest on penalty of criminal punishment for false statement or
         (Name)

false attestation that I am employed by
_____
                              (Name of business or governmental body providing
documents)

and that my official title is _____. I further state that each of the records attached
                         (Official title)

hereto is the original or a duplicate of the original records in the custody of

_____.
(Name of business or governmental body providing documents)

I further state that:

1. such records were made, at or near the time of the occurrence of the matters set forth by a person with knowledge, or from information transmitted by a person with knowledge, of those matters;

2. such records were kept in the course of a regularly conducted business activity;

3. the business activity made such records as a regular practice; and

4. if any such record is not the original, it is a duplicate of the original.

_____        _____
        (Signature)                         (Date)

Sworn to or affirmed before me, _____, a judicial officer,
                                        (Name)

this _____ day of _____, 20____.