# Exhibit 54

## Part 1



**St. Petersburg and Leningrad Region Arbitration Court**

**Claimant**: Closed Joint-Stock Company (ZAO) Logos Plus
(hereinafter – ZAO Logos Plus or "Buyer")
52 Salova Street, St. Petersburg, 192102

**Respondent**: Limited Liability Company (OOO) Makhaon
(hereinafter – OOO Makhaon or "Respondent")
Address: 19/9 Obraztsova Street
Moscow 121099

Amount of claim: RU 2,976,000
State duty: RU 26,380
(clause 1.1 of article 333.21 of the Tax Code of the Russian Federation)

4

(дата, по состоянию на которую, средневзвешенная цена за одну акцию на НП Фондовая Биржа "Санкт-Петербург" определялась как цена одной акции по Дополнительному соглашению №1) по 19.12.2005 года. Как следует из данных котировок НП Фондовая Биржа "Санкт-Петербург": за указанный период времени цена на обыкновенные акции "Газпром" выросла с 74,78 рублей/за акцию (16.05.2005) до 95,32 рублей/за акцию (19.12.2005). Таким образом, сторонами была согласована сумма, подлежащая выплате ответчиком истцу, соответствующая сумме, которую ЗАО "Логос Плюс" должно было бы заплатить, чтобы приобрести пакет акций, равный тому, который должен был поставить ООО "Махаон". Сумма, согласованная сторонами, соответствует размеру денежных средств, которые могли быть получены ЗАО "Логос Плюс" в случае реализации акций, если бы они были своевременно перерегистрированы ООО "Махаон" на счет ЗАО "Логос Плюс" в соответствии с условиями Дополнительного соглашения №1.

Не смотря на то, что в стороны в Соглашении о расторжении Дополнительного соглашения №1 договорились, что сумма убытков должна быть оплачена на счет ЗАС "Логос Плюс" в течение 3 (трех) банковских дней, следующих за днем подписания Соглашения о расторжении, ООО "Махаон" вплоть до сегодняшнего дня уклоняется от исполнения своей обязанности по возмещению убытков.

Таким образом, ЗАО "Логос Плюс" понесло убыток ввиду курсовой разницы цен на акции.

Согласно ст.ст. 309-310 ГК РФ, обязательства должны исполняться надлежащим образом в соответствии с условиями обязательства, а односторонний отказ от исполнения обязательства и одностороннее изменение его условий не допускаются, за исключением случаев, предусмотренных законом. Таким образом, неисполнение ООО "Махаон" условий Соглашения от 21.12.2005 года о расторжении Дополнительных соглашений №1 от 17 мая 2005 года является нарушением ст. 309, 310 ГК РФ.

В соответствии с договорной подсудностью, установленной в п. 9 Договора поставки ценных бумаг №2005-51202 от 12 мая 2005 года, настоящее дело подлежит рассмотрению в Арбитражном суде Санкт-Петербурга и Ленинградской области. Кроме того, поскольку в п. 5 Дополнительного соглашения №1 от 17 мая 2005 года указано место его исполнения г. Санкт-Петербург, такой иск в соответствии с п. 4 ст. 36 АПК РФ может быть предъявлен также в арбитражный суд по месту исполнения договора.

В связи с изложенным, прошу суд:

1. Взыскать с ООО "Махаон" в пользу ЗАО "Логос Плюс" убыток в размере 2976000 рублей.

2. Расходы по государственной пошлине отнести на ответчика.

Приложения:

- Доказательство направления ответчику копии искового заявления;
- Копия Договора поставки ценных бумаг №2005-51202 от 12 мая 2005 года;
- Копия Дополнительного соглашения №1 от 17 мая 2005 года;
- Копия Соглашения от 21.12.2005 о расторжении Дополнительного соглашения №1 от 17 мая 2005 года;
- Доверенность на представителя;
- Свидетельство о регистрации ЗАО "Логос Плюс";
- Копия протокола о назначении генерального директора ЗАО "Логос Плюс".

Представитель ЗАО "Логос Плюс"  
по доверенности                                        Стражев А.В.



St. Petersburg and Leningrad Region Arbitration Court

**Claimant**: Closed Joint-Stock Company (ZAO) Logos Plus
(hereinafter – ZAO Logos Plus or "Buyer")
52 Salova Street, St. Petersburg, 192102

**Respondent**: Limited Liability Company (OOO) Makhaon
(hereinafter – OOO Makhaon or "Respondent")
Address: 19/9 Obraztsova Street
Moscow 121099

Amount of claim: RU 2,976,000
State duty: RU 26,380
(clause 1.1 of article 333.21 of the Tax Code of the Russian Federation)



дата, по состоянию на которую, средневзвешенная цена за одну акцию на НП Фондовая Биржа "Санкт-Петербург" определялась как цена одной акции по Дополнительному соглашению №1) до 19.12.2005 года. Как следует из данных котировок НП Фондовая Биржа "Санкт-Петербург": за указанный период времени цена на обыкновенные акции "Газпром" выросла с 74,78 рублей/за акцию (16.05.2005) до 195,32 рублей/за акцию (19.12.2005). Таким образом, сторонами была согласована сумма, подлежащая выплате ответчиком истцу, соответствующая сумме, которую ЗАО "Логос Плюс" должно было бы заплатить, чтобы приобрести пакет акций, равный тому, который должен был поставить ООО "Махаон". Сумма, согласованная сторонами, соответствует размеру денежных средств, которые могли быть получены ЗАО "Логос Плюс" в случае реализации акций, если бы они были своевременно перерегистрированы ООО "Махаон" на счет ЗАО "Логос Плюс" в соответствии с условиями Дополнительного соглашения №1.

Не смотря на то, что в стороны в Соглашении о расторжении Дополнительного соглашения №1 договорились, что сумма убытков должна быть оплачена на счет ЗАО "Логос Плюс" в течение 3 (трех) банковских дней, следующих за днем подписания Соглашения о расторжении, ООО "Махаон" вплоть до сегодняшнего дня уклоняется от исполнения своей обязанности по возмещению убытков.

Таким образом, ЗАО "Логос Плюс" понесло убыток ввиду курсовой разницы цен на акции.

Согласно ст.ст. 309-310 ГК РФ, обязательства должны исполняться надлежащим образом и в соответствии с условиями обязательства, а односторонний отказ от исполнения обязательства и одностороннее изменение его условий не допускаются, за исключением случаев, предусмотренных законом. Таким образом, неисполнение ООО "Махаон" условий Соглашения от 21.12.2005 года о расторжении Дополнительных соглашений №1 от 17 мая 2005 года является нарушением ст. 309, 310 ГК РФ.

В соответствии с договорной подсудностью, установленной в п. 9 Договора поставки ценных бумаг №2005-51202 от 12 мая 2005 года, настоящее дело подлежит рассмотрению в Арбитражном суде Санкт-Петербурга и Ленинградской области. Кроме того, поскольку в п. 5 Дополнительного соглашения №1 от 17 мая 2005 года указано место его исполнения г. в городе Санкт-Петербург, такой иск в соответствии с п. 4 ст. 36 АПК РФ может быть предъявлен также в арбитражный суд по месту исполнения договора.

В связи с изложенным, прошу суд:

1. Взыскать с ООО "Махаон" в пользу ЗАО "Логос Плюс" убыток в размере 2976000 рублей.

2. Расходы по государственной пошлине отнести на ответчика.



FSUE RUSSIAN POST
Federal Postal Administration
St. Petersburg and Leningrad Region,
Office 07, 191014
Register No. 19101407

Operator N.A. Karpechenko
Serial number 3664054
Taxpayer Identification Number (INN) 007724261610
07/24/2007 18:58 document No. 24375
Document cost (cash): 15.35

Received
Internal mail
Cost accounting, cash (rubles)
Registered letter
    Receipt No. 14781
191014(85)14781  0

To: OOO Makhaon
121099, Moscow, Moscow 99
Shipped: GROUND
Weight [illegible]: 24
Sale of stamps: 15.35 rubles
With return receipt (4.75 rubles)
Claim submission period 6 months
SALE                 15.35 rubles
00012332 #007859        ZKLZ
3295820990

Case 1:13-cv-06326-WHP   Document 422-21   Filed 11/18/15   Page 8 of 8



City of New York, State of New York, County of New York

I, Alitasha Younger, hereby certify that the document "**PREV_000001891**" is to the best of my knowledge and belief, a true and accurate translation from Russian into English.

_____
Alitasha Younger

Sworn to before me this
November 17, 2015

_____
Signature, Notary Public

SENIDA KULJANCIC
Notary Public - State of New York
No. 01KU6322856
Qualified in KING County
Commission Expires April 13, 2019

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE