# Exhibit 57

## Part 1



CONFIDENTIAL          CONFIDENTIAL          CONFIDENTIAL

КОПИЯ

St. Petersburg and Leningrad Region Arbitration Court

**Claimant**: Closed Joint-Stock Company (ZAO) Logos Plus (hereinafter – ZAO Logos or "Buyer")
52 Salova Street, St. Petersburg, 192102

**Respondent**: Limited Liability Company (OOO) Parfenion (hereinafter – OOO Parfenion or "Respondent")
Address: 19/9 Obraztsova Street
Moscow, 121099

**Amount of claim**: RU 1,857,000
**State duty**: RU 20,785
(clause 1.1 of article 333.21 of the Tax Code of the Russian Federation)

Исх. №П-51201-2

### ИСКОВОЕ ЗАЯВЛЕНИЕ

12 апреля 2005 года ЗАО "Логос Плюс" подписало долгосрочный Договор поставки ценных бумаг Договор с ООО "Парфенион".

В соответствии с Договором поставки ценных бумаг №2005-51201, стороны договорились, что ООО "Парфенион" (продавец) будет осуществлять поставки ценных бумаг ЗАО "Логос Плюс" (покупатель), количество, вид, тип, эмитент, цена или порядок ее определения, порядок и срок передачи и оформления прав собственности на которые будут устанавливаться сторонами в Дополнительных соглашениях к Договору №2005-51201.

После подписания долгосрочного Договора поставки ценных бумаг №2005-51201, 18 мая 2005 года было подписано Дополнительное соглашение №2, в соответствии с которым, Продавец обязан был в течение 3 рабочих дней с даты его заключения поставить Покупателю 113500000 обыкновенных акций ОАО "Газпром". В соответствии с Дополнительным соглашением №2 цена на одну акцию определялась средневзвешенной ценой за одну акцию на НП Фондовая Биржа "Санкт-Петербург" по состоянию на 16.05.2005 года. Таким образом, общая сумма в соответствии с п. 3 Дополнительного соглашения №2 составила 848753000 рублей.

Вследствие неисполнения Продавцом условий Дополнительного соглашения №2 от 18 мая 2005 года в части поставки акций, 21.12.2005 года сторонами был заключено Соглашение о расторжении Дополнительного соглашения №2.

В соответствии с условиями Соглашения от 21.12.2005 года о расторжении Дополнительного соглашения №2, ООО "Парфенион" было обязано возместить Покупателю ЗАО "Логос Плюс») убытки. Указанный убыток возник в связи с изменениями котировок (средневзвешенных цен) на обыкновенные акции ОАО "Газпром" за период с 16.05.2005 года



Ч

(дата, по состоянию на которую, средневзвешенная цена за одну акцию на НП Фондовая Биржа "Санкт-Петербург" определялась как цена одной акции по Дополнительному соглашению №1) по 19.12.2005 года. Как следует из данных котировок НП Фондовая Биржа "Санкт-Петербург": за указанный период времени цена на обыкновенные акции "Газпром" выросла с 74,78 рублей/за акцию (16.05.2005) до 195,32 рублей/за акцию (19.12.2005). Таким образом, сторонами была согласована сумма, подлежащая выплате ответчиком истцу, соответствующая сумме, которую ЗАО "Логос Плюс" должно было бы заплатить, чтобы приобрести пакет акций, равный тому, который должен был поставить ООО "Парфенион". Сумма, согласованная сторонами, соответствует размеру денежных средств, которые могли быть получены ЗАО "Логос Плюс" в случае реализации акций, если бы они были своевременно перерегистрированы ООО "Парфенион" на счет ЗАО "Логос Плюс" в соответствии с условиями Дополнительного соглашения №2.

Не смотря на то, что в стороны в Соглашении о расторжении Дополнительного соглашения №2 договорились, что сумма убытков должна быть оплачена на счет ЗАО "Логос Плюс" в течение 3 (трех) банковских дней, следующих за днем подписания Соглашения о расторжении, ООО "Парфенион" вплоть до сегодняшнего дня уклоняется от исполнения своей обязанности по возмещению убытков.

Таким образом, ЗАО "Логос Плюс" понесло убыток ввиду курсовой разницы цен на акции.

Согласно ст.ст. 309-310 ГК РФ, обязательства должны исполняться надлежащим образом в соответствии с условиями обязательства, а односторонний отказ от исполнения обязательства и одностороннее изменение его условий не допускаются, за исключением случаев, предусмотренных законом. Таким образом, неисполнение ООО "Парфенион" условий Соглашения от 21.12.2005 года о расторжении Дополнительных соглашений №2 от 18 мая 2005 года является нарушением ст. 309, 310 ГК РФ.

В соответствии с договорной подсудностью, установленной в п. 9 Договора поставки ценных бумаг №2005-51201 от 12 мая 2005 года, настоящее дело подлежит рассмотрению в Арбитражном суде Санкт-Петербурга и Ленинградской области. Кроме того, поскольку в п. 5 Дополнительного соглашения №2 от 18 мая 2005 года указано место его исполнения г в городе Санкт-Петербург, такой иск в соответствии с п. 4 ст. 36 АПК РФ может быть предъявлен также в арбитражный суд по месту исполнения договора.

В связи с изложенным, прошу суд:

1. Взыскать с ООО "Парфенион" в пользу ЗАО "Логос Плюс" убыток в размере 1857000 рублей.

2. Расходы по государственной пошлине отнести на ответчика.

PREV 00000191G

CONFIDENTIAL     CONFIDENTIAL     CONFIDENTIAL



Приложения

Доказательство направления ответчику копии искового заявления;

Копия Договора поставки ценных бумаг №2005-51201 от 12 мая 2005 года;

Копия Дополнительного соглашения №2 от 18 мая 2005 года;

Копия Соглашения от 21.12.2005 о расторжении Дополнительного соглашения №2 от 18 мая 2005 года;

Доверенность на представителя;

Свидетельство о регистрации ЗАО "Логос Плюс";

Копия протокола о назначении генерального директора ЗАО "Логос Плюс".


Представитель ЗАО "Логос Плюс"

по доверенности

Стражев А.В.



**St. Petersburg and Leningrad Region Arbitration Court**

**Claimant**: Closed Joint-Stock Company (ZAO) Logos Plus
(hereinafter – ZAO Logos Plus or "Buyer")
52 Salova Street, St. Petersburg, 192102

**Respondent**: Limited Liability Company (OOO) Parfenion
(hereinafter – OOO Parfenion or "Respondent")
Address: 19/9 Obraztsova Street
Moscow, 121099

**Amount of claim**: RU 1,857,000
**State duty**: RU 20,785
(clause 1.1 of article 333.21 of the Tax Code of the Russian Federation)

Исх. №П-51201-2

ИСКОВОЕ ЗАЯВЛЕНИЕ

12 апреля 2005 года ЗАО "Логос Плюс" подписало долгосрочный Договор поставки ценных бумаг Договор с ООО "Парфенион".

В соответствии с Договором поставки ценных бумаг №2005-51201, стороны договорились, что ООО "Парфенион" (продавец) будет осуществлять поставки ценных бумаг ЗАО "Логос Плюс" (покупатель), количество, вид, тип, эмитент, цена или порядок ее определения, порядок и срок передачи и оформления прав собственности на которые будут устанавливаться сторонами в Дополнительных соглашениях к Договору №2005-51201.

После подписания долгосрочного Договора поставки ценных бумаг №2005-51201, 18 мая 2005 года было подписано Дополнительное соглашение №2, в соответствии с которым, Продавец обязан был в течение 3 рабочих дней с даты его заключения поставить Покупателю 113500000 обыкновенных акций ОАО "Газпром". В соответствии с Дополнительным соглашением №2 цена на одну акцию определялась средневзвешенной ценой за одну акцию на НП Фондовая Биржа "Санкт-Петербург" по состоянию на 16.05.2005 года. Таким образом, общая сумма в соответствии с п. 3 Дополнительного соглашения №2 составила 8487510000 рублей.

Вследствие неисполнения Продавцом условий Дополнительного соглашения №2 от 18 мая 2005 года в части поставки акций, 21.12.2005 года сторонами был заключено Соглашение о расторжении Дополнительного соглашения №2.

В соответствии с условиями Соглашения от 21.12.2005 года о расторжении Дополнительного соглашения №2, ООО "Парфенион" было обязано возместить Покупателю ЗАО "Логос Плюс") убытки. Указанный убыток возник в связи с изменениями котировок (средневзвешенных цен) на обыкновенные акции ОАО "Газпром" за период с 16.05.2005 года

7

(дата, по состоянию на которую, средневзвешенная цена за одну акцию на НП Фондовая Биржа "Санкт-Петербург" определялась как цена одной акции по Дополнительному соглашению №1) по 19.12.2005 года. Как следует из данных котировок НП Фондовая Биржа "Санкт-Петербург": за указанный период времени цена на обыкновенные акции "Газпром" выросла с 74,78 рублей/за акцию (16.05.2005) до 195,32 рублей/за акцию (19.12.2005). Таким образом, сторонами была согласована сумма, подлежащая выплате ответчиком истцу, соответствующая сумме, которую ЗАО "Логос Плюс" должно было бы заплатить, чтобы приобрести пакет акций, равный тому, который должен был поставить ООО "Парфенион". Сумма, согласованная сторонами, соответствует размеру денежных средств, которые могли быть получены ЗАО "Логос Плюс" в случае реализации акций, если бы эти были своевременно перерегистрированы ООО "Парфенион" на счет ЗАО "Логос Плюс" в соответствии с условиями Дополнительного соглашения №2.

Не смотря на то, что в стороны в Соглашении о расторжении Дополнительного соглашения №2 договорились, что сумма убытков должна быть оплачена на счет ЗАО "Логос Плюс" в течение 3 (трех) банковских дней, следующих за днем подписания Соглашения о расторжении, ООО "Парфенион" вплоть до сегодняшнего дня уклоняется от исполнения свой обязанности по возмещению убытков.

Таким образом, ЗАО "Логос Плюс" понесло убыток ввиду курсовой разницы цен на акции.

Согласно ст.ст. 309-310 ГК РФ, обязательства должны исполняться надлежащим образом в соответствии с условиями обязательства, а односторонний отказ от исполнения обязательства и одностороннее изменение его условий не допускаются, за исключением случаев, предусмотренных законом. Таким образом, неисполнение ООО "Парфенион" условий Соглашения от 21.12.2005 года о расторжении Дополнительных соглашений №2 от 18 мая 2005 года является нарушением ст. 309, 310 ГК РФ.

В соответствии с договорной подсудностью, установленной в п. 9 Договора поставки ценных бумаг №2005-5/201 от 12 мая 2005 года, настоящее дело подлежит рассмотрению в Арбитражном суде Санкт-Петербурга и Ленинградской области. Кроме того, поскольку в п. 5 Дополнительного соглашения №2 от 18 мая 2005 года указано место его исполнения г в городе Санкт-Петербург, такой иск в соответствии с п. 4 ст. 36 АПК РФ может быть предъявлен также в арбитражный суд по месту исполнения договора.

В связи с изложенным, прошу суд:

1. Взыскать с ООО "Парфенион" в пользу ЗАО "Логос Плюс" убыток в размере 1857000 рублей.

2. Расходы по государственной пошлине отнести на ответчика.



CONFIDENTIAL                    CONFIDENTIAL                    CONFIDENTIAL

Приложения:

1. Доказательство направления ответчику копии искового заявления
2. Копия Договора поставки ценных бумаг №2005-51201 от 12 мая
3. Копия Дополнительного соглашения №2 от 18 мая 2005 года;
4. Копия Соглашения от 21.12.2005 о расторжении Дополнительно
   2005 года;
5. Доверенность на представителя;
6. Свидетельство о регистрации ЗАО "Логос Плюс";
7. Копия протокола о назначении генерального директора ЗАО "Ло

Представитель ЗАО "Логос Плюс"
по доверенности

FSUE RUSSIAN POST
Federal Postal Administration
St. Petersburg and Leningrad Region,
Office 07, 191014
Register No. 19101407

Operator N.A. Karpechenko
Serial number 3664054
Taxpayer Identification Number (INN)
007724261610
07/24/2007 18:59 document No. 24377
Document cost (cash): 15.35

Received
Internal mail
Cost accounting, cash (rubles)
Registered letter
       Receipt No. 14783
191014(85)14783  4

To: OOO Parfenion
121099, Moscow, Moscow 99
Shipped: GROUND
Weight [illegible]: 24
Sale of stamps: 15.35 rubles
With return receipt (4.75 rubles)
Claim submission period 6 months
SALE                          15.35 rubles
00012334 #027254              ZKLZ
3295820990


TRANSPERFECT

City of New York, State of New York, County of New York

I, Alitasha Younger, hereby certify that the document "**PREV_000001812**" is to the best
of my knowledge and belief, a true and accurate translation from Russian into English.

Alitasha Younger

Sworn to before me this
November 17, 2015

Signature, Notary Public

SENIDA KULJANCIC
Notary Public - State of New York
No. 01KU6322856
Qualified in KING County
Commission Expires April 13, 2019

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE