# Exhibit 57

## Part 2

CONFIDENTIAL  CONFIDENTIAL  CONFIDENTIAL

КОПИЯ

Арбитражный суд Санкт-Петербурга и
Ленинградской области

Истец: Закрытое акционерное общество "Логос Плюс"
(далее – ЗАО "Логос Плюс" или "Покупатель")
192102, г. Санкт-Петербург, ул. Салова, д. 52

Ответчик: Общество с ограниченной ответственностью
"Парфеннон"
(далее – ООО "Парфеннон" или "Ответчик")
Адрес: 121099, г. Москва, ул. Образцова, д. 19, стр. 9

Цена иска: 1857000 руб.
Государственная пошлина: 20785 руб.
(пп. 1 п. 1 ст. 333.21 НК РФ)

Исх. №П-51201-2

## ИСКОВОЕ ЗАЯВЛЕНИЕ

12 апреля 2005 года ЗАО "Логос Плюс" подписало долгосрочный Договор поставки ценных бумаг Договор с ООО "Парфеннон".

В соответствии с Договором поставки ценных бумаг №2005-51201, стороны договорились, что ООО "Парфеннон" (продавец) будет осуществлять поставки ценных бумаг ЗАО "Логос Плюс" (покупатель), количество, вид, тип, эмитент, цена или порядок ее определения, порядок и срок передачи и оформления прав собственности на которые будут устанавливаться сторонами в Дополнительных соглашениях к Договору №2005-51201.

После подписания долгосрочного Договора поставки ценных бумаг №2005-51201, 18 мая 2005 года было подписано Дополнительное соглашение №2, в соответствии с которым Продавец обязан был в течение 3 рабочих дней с даты его заключения поставить Покупателю 113500000 обыкновенных акций ОАО "Газпром". В соответствии с Дополнительным соглашением №2 цена за одну акцию определялась средневзвешенной ценой за одну акцию на НП Фондовая Биржа "Санкт-Петербург" по состоянию на 16.05.2005 года. Таким образом, общая сумма в соответствии с п. 3 Дополнительного соглашения №2 составила 8487530000 рублей.

Вследствие неисполнения Продавцом условий Дополнительного соглашения №2 от 18 мая 2005 года в части поставки акций, 21.12.2005 года сторонами был заключено Соглашение расторжения Дополнительного соглашения №2.

В соответствии с условиями Соглашения от 21.12.2005 года о расторжении Дополнительного соглашения №2, ООО "Парфеннон" было обязано возместить Покупателю ЗАО "Логос Плюс" убытки. Указанный убыток возник в связи с изменением котировок (средневзвешенных цен) на обыкновенные акции ОАО "Газпром" за период с 16.05.2005 года

PREV_000001812

CONFIDENTIAL   CONFIDENTIAL   CONFIDENTIAL

дата, по состоянию на которую, средневзвешенная цена за одну акцию на НП Фондовая Биржа "Санкт-Петербург" определялась как цена одной акции по Дополнительному соглашению №1) по 19.12.2005 года. Как следует из данных котировок НП Фондовая Биржа "Санкт-Петербург" за указанный период времени цена на обыкновенные акции "Газпром" выросла с 74,78 рублей/за акцию (16.05.2005) до 195,32 рублей/за акцию (19.12.2005). Таким образом, сторонами была согласована сумма, подлежащая выплате ответчиком истцу, соответствующая сумме, которую ЗАО "Логос Плюс" должно было бы заплатить, чтобы приобрести пакет акций, равный тому, который должен был поставить ООО "Парфеннон". Сумма, согласованная сторонами, соответствует размеру денежных средств, которые могли быть получены ЗАО "Логос Плюс" в случае реализации акций, если бы они были своевременно перерегистрированы ООО "Парфеннон" на счет ЗАО "Логос Плюс" в соответствии с условиями Дополнительного соглашения №2.

Не смотря на то, что в стороны в Соглашении о расторжении Дополнительного соглашения №2 договорились, что сумма убытков должна быть оплачена на счет ЗАО "Логос Плюс" в течение 3 (трех) банковских дней, следующих за днем подписания Соглашения о расторжении, ООО "Парфеннон" вплоть до сегодняшнего дня уклоняется от исполнения своей обязанности по возмещению убытков.

Таким образом, ЗАО "Логос Плюс" понесло убыток ввиду курсовой разницы цен на акции.

Согласно ст.ст. 309-310 ГК РФ, обязательства должны исполняться надлежащим образом в соответствии с условиями обязательства, а односторонний отказ от исполнения обязательства и одностороннее изменение его условий не допускаются, за исключением случаев, предусмотренных законом. Таким образом, неисполнение ООО "Парфеннон" условий Соглашения от 21.12.2005 года о расторжении Дополнительных соглашений №2 от 18 мая 2005 года является нарушением ст. 309-310 ГК РФ.

В соответствии с договорной подсудностью, установленной в п. 9 Договора поставки ценных бумаг №2005-51201 от 12 мая 2005 года, настоящее дело подлежит рассмотрению в Арбитражном суде Санкт-Петербурга и Ленинградской области. Кроме того, поскольку в п. 5 Дополнительного соглашения №2 от 18 мая 2005 года указано место его исполнения в городе Санкт-Петербург, такой иск в соответствии с п. 4 ст. 36 АПК РФ может быть предъявлен также в арбитражный суд по месту исполнения договора.

В связи с изложенным, прошу суд:

1. Взыскать с ООО "Парфеннон" в пользу ЗАО "Логос Плюс" убыток в размере 1857000 рублей.

2. Расходы по государственной пошлине отнести на ответчика.

PREV_000001812



Приложения:
- Доказательство направления ответчику копии искового заявления;
- Копия Договора поставки ценных бумаг №2005-51201 от 12 мая 2005 года;
- Копия Дополнительного соглашения №2 от 18 мая 2005 года;
- Копия Соглашения от 21.12.2005 о расторжении Дополнительного соглашения №2 от 18 мая 2005 года;
- Доверенность на представителя;
- Свидетельство о регистрации ЗАО "Логос Плюс";
- Копия протокола о назначении генерального директора ЗАО "Логос Плюс".

Представитель ЗАО "Логос Плюс"
по доверенности                                             Стражев А.В.

Арбитражный суд Санкт-Петербурга и
Ленинградской области

**Истец:** Закрытое акционерное общество "Логос Плюс"
(далее – ЗАО "Логос Плюс" или "Покупатель")
192102, г. Санкт-Петербург, ул. Салова, д. 52

**Ответчик:** Общество с ограниченной ответственностью
"Парфеннон"
(далее – ООО "Парфеннон" или "Ответчик")
Адрес: 121099, г. Москва, ул. Образцова, д. 19, стр. 9

**Цена иска:** 1857000 руб.
**Государственная пошлина:** 20785 руб.
(пп.1 п. 1 ст. 333.21 НК РФ)

Исх. №П-51201-2

## ИСКОВОЕ ЗАЯВЛЕНИЕ

12 апреля 2005 года ЗАО "Логос Плюс" подписало долгосрочный Договор поставки ценных бумаг Договор с ООО "Парфеннон".

В соответствии с Договором поставки ценных бумаг №2005-51201, стороны договорились, что ООО "Парфеннон" (продавец) будет осуществлять поставки ценных бумаг ЗАО "Логос Плюс" (покупатель), количество, вид, тип, эмитент, цена или порядок ее определения, порядок и срок передачи и оформления прав собственности на которые будут устанавливаться сторонами в Дополнительных соглашениях к Договору №2005-51201.

После подписания долгосрочного Договора поставки ценных бумаг №2005-51201, 18 мая 2005 года было подписано Дополнительное соглашение №2, в соответствии с которым, Продавец обязан был в течение 3 рабочих дней с даты его заключения поставить Покупателю 113500000 обыкновенных акций ОАО "Газпром". В соответствии с Дополнительным соглашением №2 цена за одну акцию определялась средневзвешенной ценой за одну акцию на НП Фондовая Биржа "Санкт-Петербург" по состоянию на 16.05.2005 года. Таким образом, общая сумма в соответствии с п. 3 Дополнительного соглашения №2 составила 8487530000 рублей.

Вследствие неисполнения Продавцом условий Дополнительного соглашения №2 от 18 мая 2005 года в части поставки акций, 21.12.2005 года сторонами был заключено Соглашение о расторжении Дополнительного соглашения №2.

В соответствии с условиями Соглашения от 21.12.2005 года о расторжении Дополнительного соглашения №2, ООО "Парфеннон" было обязано возместить Покупателю (ЗАО "Логос Плюс") убытки. Указанный убыток возник в связи с изменениями котировок (средневзвешенных цен) на обыкновенные акции ОАО "Газпром" за период с 16.05.2005 года

PREV_000001812

(дата, по состоянию на которую, средневзвешенная цена за одну акцию на НП Фондовая Биржа "Санкт-Петербург" определялась как цена одной акции по Дополнительному соглашению №1) по 19.12.2005 года. Как следует из данных котировок НП Фондовая Биржа "Санкт-Петербург", за указанный период времени цена на обыкновенные акции "Газпром" выросла с 74,78 рублей/за акцию (16.05.2005) до 195,32 рублей/за акцию (19.12.2005). Таким образом, сторонами была согласована сумма, подлежащая выплате ответчиком истцу, соответствующая сумме, которую ЗАО "Логос Плюс" должно было бы заплатить, чтобы приобрести пакет акций, равный тому, который должен был поставить ООО "Парфенион". Сумма, согласованная сторонами, соответствует размеру денежных средств, которые могли быть получены ЗАО "Логос Плюс" в случае реализации акций, если бы они были своевременно перерегистрированы ООО "Парфенион" на счет ЗАО "Логос Плюс" в соответствии с условиями Дополнительного соглашения №2.

Не смотря на то, что в стороны в Соглашении о расторжении Дополнительного соглашения №2 договорились, что сумма убытков должна быть оплачена на счет ЗАО "Логос Плюс" в течение 3 (трех) банковских дней, следующих за днем подписания Соглашения о расторжении, ООО "Парфенион" вплоть до сегодняшнего дня уклоняется от исполнения своей обязанности по возмещению убытков.

Таким образом, ЗАО "Логос Плюс" понесло убыток ввиду курсовой разницы цен на акции.

Согласно ст.ст. 309-310 ГК РФ, обязательства должны исполняться надлежащим образом в соответствии с условиями обязательства, а односторонний отказ от исполнения обязательства и одностороннее изменение его условий не допускаются, за исключением случаев, предусмотренных законом. Таким образом, неисполнение ООО "Парфенион" условий Соглашения от 21.12.2005 года о расторжении Дополнительных соглашений №2 от 18 мая 2005 года является нарушением ст. 309, 310 ГК РФ.

В соответствии с договорной подсудностью, установленной в п. 9 Договора поставки ценных бумаг №2005-51201 от 12 мая 2005 года, настоящее дело подлежит рассмотрению в Арбитражном суде Санкт-Петербурга и Ленинградской области. Кроме того, поскольку в п. 5 Дополнительного соглашения №2 от 18 мая 2005 года указано место его исполнения г. в городе Санкт-Петербург, такой иск в соответствии с п. 4 ст. 36 АПК РФ может быть предъявлен также в арбитражный суд по месту исполнения договора.

В связи с изложенным, прошу суд:

1. Взыскать с ООО "Парфенион" в пользу ЗАО "Логос Плюс" убыток в размере 18 рублей.

2. Расходы по государственной пошлине отнести на ответчика.



Приложения:
1. Доказательство направления ответчику копии искового заявления
2. Копия Договора поставки ценных бумаг №2005-51201 от 12 мая
3. Копия Дополнительного соглашения №2 от 18 мая 2005 года;
4. Копия Соглашения от 21.12.2005 о расторжении Дополнительно 2005 года;
5. Доверенность на представителя;
6. Свидетельство о регистрации ЗАО "Логос Плюс";
7. Копия протокола о назначении генерального директора ЗАО "Лог

Представитель ЗАО "Логос Плюс"
по доверенности

PREV_000001812