# Exhibit 63

[Coat of Arms of the Russian Federation]
### ARBITRAZH COURT OF THE REPUBLIC OF KALMYKIA
**9 Pushkin St., Elista 358000**

**In the Name of the Russian Federation**

**JUDGMENT**

Elista
June 9, 2007                                          Case No. A22-941/06/15-133

**The operative part of the court's decision was announced on 06.05.2007**
**A full version of the decision was prepared on 06.09.2007**

The Arbitrazh Court of the Republic of Kalmykia, in the following composition: the presiding Khazikova, V.N., judge Shevchenko, V.I., Dzhambinova, L.B., with the presiding maintaining the record of the court proceeding, having reviewed the report of the interim trustee of Dalnaya Step LLC, Dolzhenko, A.N., on the results of monitoring Dalnaya Step LLC, together with the interim trustee's motion requesting initiation of the simplified bankruptcy proceeding against the absent debtors,
in the presence of the representatives of the parties involved in this matter:
interim trustee Dolzhenko, A.N.,
on behalf of the UFNS (Office of the Federal Tax Service) of Russia for the Republic of Kalmykia – under power of attorney No. 5960, dated 08.17.2006, Mutulova, S.A.,

**f o u n d   a s   f o l l o w s :**
By the decree, dated 08.07.2006, the arbitrazh court initiated bankruptcy proceedings against the debtor, Dalnaya Step LLC (hereinafter referred to as the "LLC"), with the monitoring period of 6 months. Dolzhenko, A.N. was appointed the interim trustee.
By the court's decree, dated 02.27.2007, monitoring procedure with respect to the debtor was extended to one month.
Upon expiration of the monitoring period, the interim trustee presented his report on the monitoring results.
Additionally, the interim trustee moved for a simplified bankruptcy procedure applicable to the absent debtors.
In support of his motion, the interim trustee stated that, based on the information received from the various authorities in response to the respective requests, it was determined that the LLC had no property and no assets.
The interim trustee submitted to the court his request for reimbursement of the expenses incurred in the course of the monitoring procedure with respect to the LLC, in the amount of 64,425 rub., including the cost of publication of the notice in the Russian newspaper in the amount of 4,425 rub., the interim trustee's fee of 60,000 rub. (based on the amount of the monthly compensation of 10,000 rub.).
During the court proceeding, the interim trustee requested that the court granted his motion and initiated bankruptcy proceedings applicable to the absent debtors. He further requested reimbursement of the funds expended on the monitoring procedure.
Representative of the UFNS of Russia for the RK supported the motion as to declaring bankruptcy and initiating involuntary bankruptcy action against the LLC. He pointed out that he objected to transferring the debtor to the simplified bankruptcy proceeding.
**Having reviewed materials of the case, having heard argument of the representatives making appearance on behalf of the parties involved in the case, the court made the following findings:**
According to the report on the monitoring results for the LLC, in order to locate the assets, analyze accounting documentation and other information, the interim trustee of the debtor exercised its rights under article 66 of Federal Law No. 127-FZ "On Insolvency (Bankruptcy)," dated 10.26.2002 (hereinafter the "Law"), and forwarded his requests to the founding members of the debtor, to the MRI FNS (Interregional Inspection of the Federal Tax Service) of Russia for Major Taxpayers of the Republic of Kalmykia; GIBDD (Office of the State Auto Inspection) for the Republic of Kalmykia; CEO of the LLC, FGUP (Federal State Unitary Enterprise) Rostekhinventarizaciya, TMO No. 1 for the City of Elista of the office of Rosnedvizhimost, UFRS (Office of the Federal


EXHIBIT
7
4/15/15

BrowderDepo0001522

Registration Service) for the Republic of Kalmykia, Open Joint Stock Company DVRB, Closed Joint Stock Company MMB, FGU (Federal State Institution) Zemelnaya Kadastrovaya Palata (Land Cadastre Chamber) for the Republic of Kalmykia.

Responses to the above-referenced requests evidenced that there were no assets in the possession of the debtor; no funds were reflected on the LLC's accounts.

The interim trustee was unable to locate any documents evidencing current business activity of the LLC for the period of 2005 through 2007.

According to the balance sheet, value of the LLC's current assets is 22,359 thousand rubles which, for the most part, represents short-term accounts receivable. The interim trustee received no register for the accounts receivable.

According to the information provided on the balance sheet, the debtor has 16,000 rubles as cash on hands, together with the funds available on its accounts.

Value of the fixed assets represents long-term financial investments and equals 14,000 rubles.

According to the balance sheet as of 03.31.2005, the total value of the LLC's assets equals 22,373 thousand rubles.

The interim trustee concluded that, based on the monitoring procedure administered with respect to the LLC, the actual assets of the debtor could not be determined due to the absence of the accounting documentation.

Financial analysis of the debtor's liabilities demonstrated that no liabilities of the LLC were disputable; debtor's liability deadline restructuring could not be accomplished.

Based on the conclusions of the interim trustee, the debtor's assets are insufficient to cover the court expenses, compensation of the arbitrazh trustees and further bankruptcy proceedings.

Due to the insufficient assets, the debtor is unable to restore its solvency.

The interim trustee was unable to detect any fraudulent or premeditated bankruptcy conditions.

During the court proceeding, it was found that on 05.04.2007, the meeting of the LLC's creditors, whereat debtor's creditor was registered with the claim in the amount of 100% of the established primary debt amount, having reviewed the report of the interim trustee, made an unanimous decision to move the arbitrazh court to declare the debtor insolvent and to initiate bankruptcy proceedings.

Pursuant to clause 1 of article 75 of the Law, the arbitrazh court, based on the decision of the first meeting of creditors, holds that the debtor shall be declared insolvent and bankruptcy proceedings shall be initiated.

In view of the above mentioned facts, creditors' motion seeking LLC's insolvency (bankruptcy) and initiation of the bankruptcy proceeding shall be granted.

Pursuant to clause 2 of article 12 of the Law, selection of a self-governing organization for providing to the arbitrazh court bankruptcy trustees candidates falls under the exclusive competence of the meeting of creditors.

According to the minutes of the first meeting of the LLC's creditors held on 05.04.2007, the meeting of creditors made a unanimous decision to select a self-governing organization, a member of which was to become a bankruptcy trustee, Interregional Self-Governing Organization of Professional Arbitrazh Trustees, Noncommercial Partnership.

Under article 45 of the Law, the above-referenced noncommercial partnership provided a list of candidates for bankruptcy trustees as follows: 1) Dolzhenko, A. N., 2) Kovalenko, G.N., 3) Kovalev, M.I.

The claimant failed to exercise its right to withdraw the presented candidates under articles 45 and 127 of the Law.

The arbitrazh court takes the view that Dolzhenko, A.N., the top candidate on the list provided by the selected self-governing organization, meets the requirements stipulated by article 20 of the Law and therefore the court hereby approves Dolzhenko, A.N., as a bankruptcy trustee of the LLC, pursuant to clause 4 of articles 45 and 127 of the Law.

BrowderDepo0001523

3

Pursuant to article 70 of the Law, the interim trustee shall be in charge of conducting financial analysis of the debtor. Considering that such analysis determines ability or inability to restore solvency of the debtor, together with the sufficient funds required to satisfy creditors' claims and expenses incurred during the period of the bankruptcy proceedings, the necessary condition for conducting such analysis is availability of the information regarding the assets in the possession of the debtor as well as the information relating to its operation, value of the assets, transactions concluded prior to the decree initiating bankruptcy proceedings against the debtor.

Absence of the information on the assets in the possession of the debtor, together with inability to locate the company and the debtor's CEO, indicates that the debtor did not engage in any business activity.

Under section 1 of article 227 of the Law, a request to declare the absent debtor insolvent may be filed if there is no CEO of the debtor, a legal entity, which technically has stopped its operation.

Pursuant to article 230 of the Law, the above provisions also apply if it is evident that the assets of the debtor, a legal entity, are not sufficient to cover the expenses associated with the bankruptcy proceedings as well as there are other elements evidencing that the debtor is not engaged in any business activity or other operations.

Given such facts, the court takes the view that, under article 228 of the Law, it is necessary to apply bankruptcy proceedings against an absent debtor with respect to the LLC.

Pursuant to clause 2 of article 227 of the Federal Law "On Insolvency (Bankruptcy)," the terms and procedures for financing bankruptcy proceedings against absent debtors, including the amount of compensation of the bankruptcy trustee, shall be governed by the Government of the Russian Federation. In accordance with clause 3 of the Provision on the Terms and Procedures for Financing Bankruptcy Proceedings Against Absent Debtors. Approved by decision of the Government of the Russian Federation No. 573, dated 10.21.2004, the amount of a one-time fee of the bankruptcy trustee, for handling bankruptcy proceedings against an absent debtor, equals 10,000 rubles.

The court further concludes that the request for reimbursement of the expenses associated with the monitoring of the LLC in the amount of 64,425 rubles shall be granted.

Pursuant to clause 63 of the decision of the Plenum of the Supreme Arbitrazh Court of the RF, dated 12.15.2004 "On Certain Issues for Application of Federal Law No. 127-FZ "On Insolvency (Bankruptcy),"'dated 10.26.2002, in the event a liquidated debtor lacks sufficient assets to cover the court-related expenses, including expenses associated with publication of the appropriate information, compensation of the arbitrazh trustee and compensation for the services provided by the persons engaged by the arbitrazh trustees to ensure performance of his duties, upon the request submitted by the arbitrazh trustee, the arbitrazh court imposes responsibility for payment of the respective sums on the claimant (clause 3 of article 59 of the Law).

Under clause 3 of article 59 of the Law on Bankruptcy, in the event a debtor lacks sufficient funds to cover the expenses (court expenses, including state fees, expenses associated with compensation of the arbitrazh trustees and compensation for the services provided by the persons engaged by the arbitrazh trustees to ensure performance of their duties), the claimant must compensate a portion of the above referenced expenses which has not been paid with the debtor's funds.

In the bankruptcy proceedings against the LLC, MRI FNS for Major Taxpayers for the Republic of Kalmykia acted as the claimant and, as such, shall be responsible for the expenses associated with the monitoring procedure with respect to the LLC.

**Based on the above findings and pursuant to article 223 of the Arbitrazh Procedural Code of the RF, articles 59 and 228 of the Federal Law "On Insolvency (Bankruptcy)," it is**

o r d e r e d and a d j u d g e d as follows:

1.    Motion filed by the interim trustee of Dalnaya Step LLC, Dolzhenko, A. N., is hereby granted, and Dalnaya Step LLC shall be considered an absent debtor.

2.    The absent debtor, Dalnaya Step LLC, shall be declared insolvent (bankrupt), bankruptcy proceedings shall be initiated for the period of six months, and monitoring of the debtor shall be concluded.

3.    A bankruptcy trustee of Dalnaya Step LLC shall be appointed a member of Noncommercial Partnership Interregional Self-Governing Organization of Professional Arbitrazh Trustees,

BrowderDepo0001524

4

Aleksandr Nikolaevich Dolzhenko, entitled to a one-time compensation in the amount of 10,000 rubles payable with the funds allocated by the authorized body for the respective purposes.

     4.     Pursuant to articles 54 and 228 of the Federal Law "On Insolvency (Bankruptcy)," the bankruptcy trustee shall publish the information regarding insolvency (bankruptcy) of the absent debtor, Dalnaya Step LLC and initiation of the bankruptcy proceedings.

     5.     During the period of bankruptcy proceedings, prohibitions and restrictions prescribed by article 126 of the Federal Law "On Insolvency (Bankruptcy)" shall be enforced.

     6.     The Interregional Inspection of the Federal Tax Service of Russia for Major Taxpayers in the Republic of Kalmykia shall compensate the arbitrazh trustee of Dalnaya Step LLC, Dolzhenko, A.N., for the expenses associated with the monitoring procedure with respect to Dalnaya Step LLC, in the amount of 64,425 rubles.

This decision shall take effect forthwith, however, it may be appealed to the Sixteenth Arbitrazh Court of Appeals through the Arbitrazh Court of the Republic of Kalmykia.

**Presiding**                      **V.N. Khazikova**

**Judges**                           **V.I. Shevchenko**

                                           **L.B. Dzhambinova**

True copy _____ V.N. Khazikova

4

BrowderDepo0001525



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Alitasha Younger, hereby certify that the document "Docs A22-941(2), A22-1319 (2) in Russian - 032015_EN (1)" is, to the best of my knowledge and belief, a true and accurate translation from Russian into English.

Alitasha Younger

Sworn to before me this
March 30, 2015.

Signature, Notary Public

AMY LEONG
Notary Public - State of New York
No. 01LE6314554
Qualified in Richmond County
Commission Expires Nov 10, 2018

Stamp, Notary Public

BrowderDepo0001526



**АРБИТРАЖНЫЙ СУД РЕСПУБЛИКИ КАЛМЫКИЯ**
358000 г. Элиста, ул. Пушкина,9

**Именем Российской Федерации**

**РЕШЕНИЕ**

г. Элиста
«09» июня 2007 г.                                                   Дело № А22-941/06/15-133

**Резолютивная часть решения объявлена 05.06.2007г.**
**Решение в полном объеме изготовлено 09.06.2007г.**

Арбитражный суд Республики Калмыкия в составе: председательствующий Хазикова В.Н., судьи – Шевченко В.И., Джамбинова Л.Б., при ведении протокола судебного заседания председательствующим, рассмотрев в судебном заседании отчет временного управляющего ООО «Дальняя степь» Долженко А.Н. о результатах процедуры наблюдения ООО «Дальняя степь» и ходатайство временного управляющего о введении в отношении должника конкурсного производства по упрощенной процедуре, применяемой по отношении к отсутствующим должникам,
        при участии в судебном заседании представителей лиц, участвующих в деле:
временного управляющего Долженко А.Н.,
        от УФНС России по РК – по доверенности от 17.08.2006г. № 5960 Мутулова С.А.,

                                у с т а н о в и л :

        Определением арбитражного суда от 07.08.2006г. в отношении должника ООО «Дальняя степь» (далее по тексту – ООО) введена процедура банкротства – наблюдение сроком на 6 месяцев. Временным управляющим назначен Долженко А.Н.
        Определением суда от 27.02.2007г. процедура наблюдения должника продлена на месяц.
        По истечении срока наблюдения временным управляющим представлен отчет по результатам наблюдения должника.
        Временным управляющим также заявлено ходатайство о переходе на упрощенную процедуру банкротства должника, применяемую по отношении к отсутствующим должникам.
        Свое ходатайство временный управляющий обосновывает тем, что согласно ответам на направленные в различные уполномоченные органы запросы какого – либо имущества либо денежных средств ООО не обнаружено.
        Временным управляющим в суд подано заявление о возмещении расходов на проведение наблюдения ООО в размере 64 425 руб., в том числе стоимости публикации объявления в Российской газете – 4 425 руб., вознаграждения временного управляющего – 60 000 руб. (исходя из ежемесячного вознаграждения 10 000 руб.).
        В судебном заседании временный управляющий просил ходатайство удовлетворить и перейти к процедуре банкротства, применяемой к отсутствующим должникам. Просил возместить сумму расходов на проведение наблюдения.
        Представитель УФНС России по РК поддержал ходатайство в части признания ООО банкротом и введении конкурсного производства. Указал, что возражает против перевода должника на упрощенную процедуру банкротства.

        **Исследовав материалы дела, выслушав представителей лиц, участвующих в деле, суд установил следующее.**

        Как следует из отчета, по результатам наблюдения ООО, временным управляющим должника с целью выявления имущества, анализа бухгалтерской документации и прочей информации и в рамках реализации своих полномочий согласно ст. 66 ФЗ «О несостоятельности (банкротстве)» № 127-ФЗ от 26.10.202 г. (далее – Закон) были направлены запросы учредителям должника, в МРИ ФНС России по КНП по РК; Управление ГИБДД РК; Руководителю ООО;      ФГУП

BrowderDepo0001527

2

«Ростехинвентаризация», ТМО № 1 по г. Элиста управления Роснедвижимость, УФРС по РК, ОАО «ДВРБ», ЗАО ММБ, ФГУ «Земельная кадастровая палата» по РК.

На указанные запросы были получены ответы, свидетельствующие об отсутствии сведений о наличии имущества должника; денежные средства на счетах ООО отсутствуют.

Документы, отражающие текущую финансово – хозяйственную деятельность ООО за период с 2005 год по 2007 год, временным управляющим обнаружены не были.

По данным баланса стоимость оборотных активов ООО составляет 22 359 тыс. руб.  и, в основном, приходится на краткосрочную дебиторскую задолженность. Расшифровка дебиторской задолженности временному управляющему предоставлена не была.

Согласно данным баланса на счетах и в кассе должника имеются денежные средства в размере 16 тыс. руб.

Стоимость внеоборотных активов приходится на долгосрочные финансовые вложения и составляет 14 тыс. руб.

В соответствии с балансом на 31.03.2005г. общая стоимость имущества по ООО составляет 22 373 тыс. руб.

В соответствии с выводом временного по результатам проведения процедуры наблюдения в отношении ООО, установление фактического наличия активов должника не представляется возможным ввиду отсутствия документов бухгалтерского учета.

Финансовый анализ пассивов должника показал, что обязательства ООО, которые могут быть оспорены, не выявлены; возможность реструктуризации сроков исполнения обязательств должника отсутствует.

Согласно выводам временного управляющего, у должника не недостаточно имущества для покрытия судебных расходов, расходов на выплату вознаграждения арбитражным управляющим и проведения дальнейших процедур банкротства.

В связи с отсутствием собственных средств должник не имеет возможности восстановить платежеспособность.

Признаки фиктивного или преднамеренного банкротства временным управляющим не установлены.

В судебном заседании установлено, что 04.05.2007г.  первым собрание кредиторов ООО, на котором зарегистрировался кредитор должника с суммой требований в размере 100 % от установленной суммы основного долга, рассмотрев отчет временного управляющего, единогласно решило обратиться в арбитражный суд с ходатайством о признании должника банкротом и об открытии конкурсного производства.

В соответствии с п.1 ст. 75 Закона арбитражный суд на основании решения первого собрания кредиторов принимает решение о признании должника банкротом с открытием конкурсного производства.

При таких обстоятельствах ходатайство кредиторов о признании ООО несостоятельным (банкротом) и открытии конкурсного производства подлежит удовлетворению.

В соответствии с п. 2 ст. 12 Закона выбор саморегулируемой организации для представления в арбитражный суд кандидатур конкурсных управляющих относится к исключительной компетенции собрания кредиторов.

Как следует из протокола первого собрания кредиторов ООО от 04.05.2007г.  собранием кредиторов единогласно решено определить в качестве саморегулируемой организации, из числа членов которой должен быть назначен конкурсный управляющий, Некоммерческое партнерство «Межрегиональная саморегулируемая организация профессиональных арбитражных управляющих».

Указанным некоммерческим  партнерством в порядке ст. 45 Закона представлен список кандидатур конкурсных управляющих в следующем порядке: 1) Долженко А.Н., 2) Коваленко Г.Н., 3) Ковалев М.И.

Установленное ст. 45, 127 Закона право отвода представленных кандидатур заявитель не использовал.

Арбитражный суд установил, что кандидатура Долженко А.Н., которая занимает первую позицию в списке кандидатур, представленной заявленной саморегулируемой организацией, соответствует требованиям ст. 20 Закона, в связи с чем, суд, в соответствии с п.4 ст. 45, ст. 127, Закона утверждает Долженко А.Н. в качестве конкурсного управляющего ООО.

2

BrowderDepo0001528

3

Согласно ст. 70 Закона на временного управляющего возложена обязанность проведения анализа финансового состояния должника, Учитывая, что данный анализ определяет возможность или невозможность восстановления платежеспособности должника, а также достаточность средств для удовлетворения требований кредиторов и расходов в период процедур банкротства, необходимым условием осуществления такого анализа является наличие сведений об имуществе, находящемся в собственности должника, а также сведений о его деятельности, стоимости активов, сделках, осуществленных им до вынесения определения о введении в отношении должника процедуры наблюдения.

Отсутствие сведений о имеющемся у должника имуществе, а также невозможность установления местонахождения общества и руководителя должника указывает на то, что должником не осуществлялась какая-либо хозяйственная деятельность.

В соответствии с ч.1 ст. 227 Закона заявление о признании отсутствующего должника банкротом может быть подано, если руководитель должника - юридического лица, фактически прекратившего свою деятельность, отсутствует.

Согласно ст. 230 Закона указанные положения применяются также в случае, если имущество должника - юридического лица заведомо не позволяет покрыть судебные расходы в связи с делом о банкротстве, а также при наличии иных признаков, свидетельствующих об отсутствии предпринимательской или иной деятельности должника.

При таких обстоятельствах, суд считает необходимым, в соответствии со ст. 228 Закона, применить к ООО процедуру банкротства отсутствующего должника.

В соответствии с п. 2 ст. 227 ФЗ «О несостоятельности (банкротстве)» порядок и условия финансирования процедур банкротства в отношении отсутствующих должников, в том числе размер вознаграждения конкурсного управляющего, определяется Правительством Российской Федерации. Согласно п. 3 Положения о порядке и условиях финансирования процедур банкротства отсутствующих должников, Утвержденного постановлением Правительства РФ от 21.10.2004г. № 573 установлено, что размер единовременного вознаграждения конкурсного управляющего за проведение процедуры банкротства отсутствующего должника составляет 10 000 руб.

Суд также пришел к выводу о необходимости удовлетворения заявления о возмещении расходов на проведение наблюдения ООО в размере 64 425 руб.

Согласно п. 63 постановления Пленума ВАС РФ от 15.12.2004г. «О некоторых вопросах практики применения ФЗ от 26.10.2002г. № 127-ФЗ «О несостоятельности (банкротстве)» в случае отсутствия у ликвидируемого должника достаточных средств для оплаты судебных расходов, в том числе расходов на опубликование соответствующих сведений, а также на вознаграждение арбитражного управляющего и оплату услуг лицам, привлекаемым арбитражным управляющим для обеспечения исполнения своей деятельности, обязанность по уплате соответствующих сумм возлагается арбитражным судом по заявлению арбитражного управляющего на заявителя (пункт 3 статьи 59 Закона).

В соответствии с п. 3 ст. 59 Закона о банкротстве в случае отсутствия у должника средств, достаточных для погашения расходов (судебные расходы, в том числе расходы на уплату государственной пошлины, которая была отсрочена или рассрочена, расходы на опубликование сведений, а также расходы на выплату вознаграждения арбитражным управляющим и оплату услуг лиц, привлекаемых арбитражными управляющими для обеспечения исполнения своей деятельности), заявитель обязан погасить указанные расходы в части, не погашенной за счет имущества должника.

Заявителем в деле о банкротстве ООО выступало МРИ ФНС по КНП по РК, в связи с чем на него относится бремя несения расходов на проведение процедуры наблюдения ООО.

**На основании изложенного, руководствуясь ст. 223 АПК РФ, ст.ст. 59, 228 ФЗ «О несостоятельности (банкротстве)», суд**

р е ш и л :

1. Ходатайство временного управляющего ООО «Дальняя степь» Долженко А.Н. – удовлетворить, признать ООО «Дальняя степь» отсутствующим должником.

2. Признать отсутствующего должника – ООО «Дальняя степь» несостоятельным (банкротом) и открыть конкурсное производство сроком на шесть месяцев, процедуру наблюдения должника завершить.

3. Утвердить конкурсным управляющим ООО «Дальняя степь» члена Некоммерческого партнерства «Межрегиональная саморегулируемая организация профессиональных арбитражных

3

BrowderDepo0001529

4

управляющих» Долженко Александра Николаевича с единовременным вознаграждением в сумме 10 000 рублей за счет средств, выделяемых уполномоченному органу на соответствующие цели.

4. Конкурсному управляющему в соответствии со ст.ст. 54, 228 ФЗ «О несостоятельности (банкротстве)» опубликовать сведения о признании отсутствующего должника ООО «Дальняя степь» несостоятельным (банкротом) и открытии конкурсного производства.

5. На период конкурсного производства ввести запреты и ограничения, предусмотренные ст.126 ФЗ «О несостоятельности (банкротстве)».

6. Обязать Межрайонную инспекцию Федеральной налоговой службы России по крупнейшим налогоплательщикам по Республике Калмыкия возместить арбитражному управляющему ООО «Дальняя степь» Долженко А.Н. расходы по проведению процедуры наблюдения ООО «Дальняя степь» в сумме 64 425 руб.

Решение подлежит немедленному исполнению, но может быть обжаловано в Шестнадцатый арбитражный апелляционный суд через Арбитражный суд Республики Калмыкия.


Председательствующий                                      В.Н. Хазикова


                            Судьи                              В.И. Шевченко


                                                              Л.Б. Джамбинова



Копия верна _____ В.Н. Хазикова

BrowderDepo0001530