# Exhibit 64



[Coat of Arms of the Russian Federation]

### ARBITRAZH COURT OF THE REPUBLIC OF KALMYKIA
**9 Pushkin St., Elista 358000 Republic of Kalmykia**

**DECREE**
**on conclusion of the bankruptcy proceedings**

Elista  
October 22, 2007                                                                                           Case No. A22-941/06/15-133

    The Arbitrazh Court of the Republic of Kalmykia, in the following composition: the presiding Khazikova, V.N., with the record of the court proceeding maintained by the presiding, regarding the matter on insolvency (bankruptcy) of Dalnaya Step LLC, having reviewed the report and motion of the bankruptcy trustee of Dalnaya Step LLC, Dolzhenko, A.N., regarding the results of conducting bankruptcy proceedings against the debtor, Dalnaya Step LLC,
with the following parties present during the court proceedings:
bankruptcy trustee Dolzhenko, A.N.,
on behalf of the UFNS (Office of the Federal Tax Service) of Russia for the Republic of Kalmykia – under the power of attorney, Mutulov, S.A.,

f o u n d a s f o l l o w s:

    By the decision of the arbitrazh court, dated 06.09.2007, Dalnaya Step LLC was declared an absent debtor, and the bankruptcy proceedings were initiated for the period of six months, and Dolzhenko, A.N., was appointed the bankruptcy trustee.
    Due to the conclusion of the bankruptcy period, under article 147 of the Federal Law "On Insolvency (Bankruptcy)," the bankruptcy trustee provide his report on the results of the bankruptcy proceedings conducted against Dalnaya Step LLC, together with all supporting documents evidencing the fact that all terms and conditions stipulated by Federal Law "On Insolvency (Bankruptcy)" No. 127-FZ, dated 10.26.2002, have been complied with.
    At the hearing, the bankruptcy trustee argued in support of his motion and moved to conclude bankruptcy proceedings against the absent debtor.
    During the court proceeding, representative of the authorized body supported the motion filed by the bankruptcy trustee as to conclusion of the bankruptcy proceedings and made no objections thereto.
    According to the report of the bankruptcy trustee, he took every effort to locate and recover the property of Dalnaya Step LLC.
    Creditors' claims were timely submitted and reviewed. A register of the creditors' claims was prepared.
    During the court proceedings, the court found that UFNS of Russia for the Republic of Kalmykia was the only creditor. No property or cash was identified in the possession of the creditor. All accounts of Dalnaya Step LLC in credit institutions have been closed. The debt payable to the creditor cannot be satisfied.



BrowderDepo0001531

Pursuant to the minutes of the creditors' meeting No. 1, dated 10.05.2007, the meeting of the bankruptcy creditors attended by the only creditor of the debtor, made its decision to move this court to conclude the bankruptcy proceedings.

Having reviewed materials of the case, having heard representative of the tax authority, the arbitrazh court concludes that the bankruptcy trustee has conducted bankruptcy proceedings in accordance with the Federal Law "On Insolvency (Bankruptcy)," and states that there are no comments with respect to the report of the bankruptcy trustee.

In view of the aforementioned facts, the report, prepared by the bankruptcy trustee regarding the results of the bankruptcy proceedings against the debtor, shall be affirmed and the bankruptcy proceedings – concluded.

Pursuant to clause 9 of article 42 of the Federal Law "On Insolvency (Bankruptcy)," claims of the creditors which could not have been satisfied due to insufficient assets of the debtor, shall be deemed satisfied. Accordingly, the total debt existing at the time of conclusion of the bankruptcy proceedings shall be deemed satisfied.

Based on the aforementioned and pursuant to articles 147-149 of Federal Law No. 127-FZ "On Insolvency (Bankruptcy)," dated October 26, 2002, articles 184-185 and 223 of the Arbitrazh Procedural Code of the RF, it is

**ORDERED as follows:**

The report of the bankruptcy trustee of Dalnaya Step LLC, Dolzhenko A.N., is hereby affirmed.

Bankruptcy proceedings against the absent debtor, Dalnaya Step LLC (INN (Taxpayer's Identification Number) 0814099824), shall be concluded.

Creditors' claims against Dalnaya Step LLC, which have not been satisfied due to insufficient assets of the debtor, shall be deemed satisfied.

Bankruptcy trustee of Dalnaya Step LLC, Dolzhenko, A.N., within five days of receipt of the decree, shall provide this decree to the authority administering state registration of legal entities for the purpose of making an entry to the unified state register of legal entities regarding liquidation of the debtor-company.

Pursuant to clause 3 of article 149 of the Federal Law "On Insolvency (Bankruptcy)," a decree issued by the arbitrazh court ordering conclusion of bankruptcy proceedings constitutes a valid ground for making an entry to the unified state register of legal entities regarding liquidation of the debtor.

This decree shall be enforced forthwith.

This decree may be appealed to the appellate court prior to the date of the entry on liquidation of the debtor made to the unified state register of legal entities.

**Presiding**                                             V.N. Khazikova



City of New York, State of New York, County of New York

I, Alitasha Younger, hereby certify that the document "Docs A22-941(2), A22-1319 (2) in Russian - 032015_EN (2)" is, to the best of my knowledge and belief, a true and accurate translation from Russian into English.

Alitasha Younger

Sworn to before me this
March 30, 2015

Signature, Notary Public

AMY LEONG
Notary Public - State of New York
No. 01LE6314554
Qualified in Richmond County
Commission Expires Nov 10, 2018

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 I T 212.689.5555 I F 212.689.1059 I WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

Case 1:13-cv-06326-WHP   Document 422-33   Filed 11/18/15   Page 5 of 6





## АРБИТРАЖНЫЙ СУД РЕСПУБЛИКИ КАЛМЫКИЯ
358000, Республика Калмыкия, г. Элиста, ул. Пушкина, 9

### ОПРЕДЕЛЕНИЕ
о завершении конкурсного производства

г. Элиста  
22 октября 2007 года                                         Дело №А22-941/06/15-133

Арбитражный суд Республики Калмыкия в составе председательствующего Хазиковой В.Н., при ведении протокола судебного заседания председательствующим, в рамках дела о несостоятельности (банкротстве) ООО «Дальняя степь» рассмотрев в судебном заседании отчет и ходатайство конкурсного управляющего Долженко А.Н. о результатах проведения конкурсного производства в отношении должника ООО «Дальняя степь»,

при участии в судебном заседании:  
конкурного управляющего Долженко А.Н.,  
от УФНС России по Республике Калмыкия – по доверенности Мутулов С.А.,

**установил:**

Решением арбитражного суда от 09.06.2007г. ООО «Дальняя степь» признано отсутствующим должником, в его отношении введено конкурсное производство сроком на шесть месяцев, конкурсным управляющим должника утвержден Долженко А.Н.

В связи с окончанием срока конкурсного производства конкурсным управляющим в соответствии со ст. 147 ФЗ «О несостоятельности (банкротстве)» представлен отчет о результатах проведения конкурсного производства ООО «Дальняя степь», а также подтверждающие документы, свидетельствующие о выполнении условий, предусмотренных ФЗ «О несостоятельности (банкротстве)» №127-ФЗ от 26.10.2002г.

В судебном заседании конкурсный управляющий ходатайство поддержал, просил завершить конкурсное производство отсутствующего должника.

Представитель уполномоченного органа в судебном заседании ходатайство конкурсного управляющего о завершении процедуры конкурсного производства поддержал, возражений не заявил.

Как следует из отчета конкурсного управляющего, им предприняты все меры, направленные на поиск и возврат имущества ООО «Дальняя степь».

Предъявленные в установленный срок требования кредиторов рассмотрены, установлены, составлен реестр требований кредиторов.

Как установлено в судебном заседании, единственным кредитором является УФНС России по Республике Калмыкия. Какое-либо имущество и денежные средства должника не выявлены. Счета ООО «Дальняя степь» в кредитных учреждениях закрыты. Погашение задолженности перед кредитором не представляется возможным.

BrowderDepo0001534

Согласно протокола собрания кредиторов от 05.10.2007г. № 1, собрание конкурсных кредиторов, в котором участвовал единственный кредитор должника, приняло решение - ходатайствовать о завершении конкурсного производства.

Исследовав материалы дела, выслушав представителя налогового органа, арбитражный суд, приходит к выводу, что конкурсным управляющим конкурсное производство проведено в соответствии с требованиями ФЗ «О несостоятельности (банкротстве)», замечаний по отчету конкурсного управляющего не имеется.

При таких обстоятельствах отчет конкурсного управляющего о результатах проведения конкурсного производства в отношении должника подлежит утверждению, а конкурсное производство - завершению.

Согласно п.9 ст. 42 ФЗ «О несостоятельности (банкротстве)» требования кредиторов, не удовлетворенные по причине недостаточности имущества должника, считаются погашенными. В связи с чем, имеющаяся на момент завершения конкурсного производства общая задолженность подлежит признанию погашенной.

На основании изложенного, руководствуясь статьями 147-149 Федерального закона от 26 октября 2002г. № 127-ФЗ «О несостоятельности (банкротстве)», ст.ст. 184-185, 223 АПК РФ суд,

ОПРЕДЕЛИЛ:

Отчет конкурсного управляющего ООО «Дальняя степь» Долженко А.Н. утвердить.

Конкурсное производство в отношении отсутствующего должника ООО «Дальняя степь» (ИНН 0814099824) завершить.

Требования кредиторов ООО «Дальняя степь», неудовлетворенные по причине недостаточности имущества должника, считать погашенными.

Конкурсному управляющему ООО «Дальняя степь» Долженко А.Н. в пятидневный срок со дня получения определения представить настоящее определение в орган, осуществляющий государственную регистрацию юридических лиц, для внесения в единый государственный реестр юридических лиц записи о ликвидации должника-организации.

Согласно п. 3 ст. 149 ФЗ «О несостоятельности (банкротстве)» определение арбитражного суда о завершении конкурсного производства является основанием для внесения в единый государственный реестр юридических лиц записи о ликвидации должника.

Настоящее определение подлежит немедленному исполнению.

Настоящее определение может быть обжаловано в апелляционную инстанцию до даты внесения записи о ликвидации должника в единый государственный реестр юридических лиц.

Председательствующий                                        В.Н. Хазикова

BrowderDepo0001535