UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>  v.<br><br>PREVEZON HOLDINGS LTD., *et al.*<br><br>    Defendants,<br><br>ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOW AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 1816 ("20 PINE STREET, UNIT 1816"), *et al.*,<br><br>    Defendants *in Rem*. | Case No. 1:13-cv-06326 (TPG)<br><br>ECF CASE<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE WHY WILLIAM F. BROWDER SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO APPEAR AT HIS DEPOSITION** |

   This order to show cause is brought to hold William F. Browder in contempt of this Court's order to November 9, 2015, requiring him to appear for a pretrial deposition pursuant to subpoena. The deposition was duly noticed for December 7, 2015, at the requested of Browder to accommodate his schedule. Browder refused to appear for the deposition, and he has repeatedly refused to produce documents sought by Defendants. He should thus be held in contempt.

   This case has seen a long history of Browder evading or attempting to evade cross-examination by Defendants' counsel. Browder testified that he literally hand-delivered this case to the Government, making him an essential witness for discovery. Dkt. 281-1 at 15:10-19 (Dep. of Browder). Defendants has made numerous efforts to subpoena Browder, including in Delaware (where Browder's company, Hermitage Global Partners LP is domiciled), Colorado (where Browder appeared at conference, owns vehicles, and has use of a residence), and in New York City. On February 3, 2015, Browder was finally served with a subpoena in New York

exiting his appearance on "The Daily Show." Dkt. 225-1; *see also* http://tinyurl.com/z89q75s.

Browder fought the New York subpoena but, on March 10, 2015, the Court responded to Browder's professed fears of appearing for a deposition in New York:

> Apparently the credible threats did not prevent him from going on The Daily Show on February 3, Fox and Friends on February 3, appearing on Sirius on February 3, going on CNBC Squawk Box on February 3, going on MSNBC on February 5, going on Greg Greenberg's program on February 6th.
>
> Apparently the threats didn't prevent him from doing that. Now why could he not have been deposed?

Hr'g Tr. at 45:2-8 (Mar. 9, 2015). The Court ordered Browder to appear on April 15, 2015, stating:

> I have reviewed the affidavits and declarations on the issue of whether Browder was served properly in New York. I have also seen a video of the events attending what occurred in New York and it is my ruling that Browder was properly served with process in New York City.
>
> I do not accept the argument that somehow that service of process was ineffective because of some fear of harm from Russian officials. My ruling is that he was served in New York City and properly served.

*Id.* at 48:8-49:19, 50:22-51:18; *see also* Dkt. 252.

Browder appeared for his deposition on April 15, 2015, which, along with other pretrial testimony of his associates, seriously undermined the case the Government has presented and he has been repeating publicly.[1] Defendants subsequently sought additional deposition time and documents from him. The Court did not order him to do so at that time, instead retaining jurisdiction over Browder and adjourning compliance with the subpoena subject to a later Court order. Dkt. 287.

Because the Government's case continues to be centered around the story offered by Browder and his Hermitage Fund, Defendants sought additional deposition time with Browder. Dkt. 361. On November 9, 2015, this Court ordered Browder to appear for further deposition

---

[1] Dkt. 418-423 (Defendants' Opposition to Summary Judgment, exhibits thereto, and related pleadings).

time. *See* Hr'g Tr. at 15:15-16:7. On November 16, 2015, Defendants noticed the deposition for November 23, 2015. Ex. 1.[2] On November 17, 2015, Defendants filed their opposition to the Government's partial motion for summary judgment recounting recently-discovered inconsistencies and discrepancies in Browder's prior accounts (including Congressional testimony) of the Russian Treasury theft. Dkt. 418-423. Browder stated he was unavailable on November 23, so Defendants re-noticed the deposition for December 3, 2015. Ex. 2. Browder again stated he was unavailable that day and offered December 7, 2015 as a date for his deposition. Ex. 3. Defendants agreed, and re-noticed (for a second time) Browder's deposition for December 7. Ex. 4.

On December 3, 2015, Browder issued a lengthy press release regarding the *Prevezon* case through his website, http://lawandorderinrussia.org. The press release was entitled "Alleged Money Launderers in the Magnitsky Case to Be Brought to Trial in New York on January 6, 2016," and it essentially parroted the Government's complaint allegations. **Ex. 5.** The press release was subsequently picked up in numerous media outlets, including The New York Times, U.S. News and World Report, ABC News, and the Times of London. Ex. 6. These publications will undoubtedly have an impact on jury selection.

On December 4, 2015 at approximately 3:45 p.m., Defendants contacted counsel for Browder to confirm Browder's appearance at the noticed deposition. Browder's counsel stated that Browder was not refusing to appear at the deposition. Ex. 7. Later that day, the Government issued a "cross-notice" for the deposition, setting the date for January 5, 2015 – the day before jury selection. The Government "cross-notice" appears to have been issued to create a fake dispute about the timing of the deposition.

---

[2] All exhibit references herein are to the attached declaration of Mark A. Cymrot.

3

Browder's counsel used the Government's cross-notice as an excuse, stating in an email that Browder would not appear on December 7, 2015 pursuant to the Court's order, Browder's selection of that date for his deposition, and Defendants' second amended deposition notice. Defendants responded that:

> We plan to go forward on Monday as noticed. The government is free to ask question at the end of our examination. We will move for a protective order to bar a deposition on January 5.
>
> We will enforce our rights under the court's order requiring Mr. Browder to appear for this deposition if he does not appear and testify on Monday.

Ex. 8. Both the Government and Browder's counsel are well aware of the appropriate procedure for resolving a real dispute about the timing of a deposition: seek a protective order from the Court. However, neither the Government nor Browder sought an order from the Court to postpone the deposition.

On December 7, 2015, Browder did not appear for his deposition pursuant to Defendants' second amended notice. Exs. 9-10. Browder's counsel stated in an email that his client would appear on January 5, 2015; in response, Defendants stated that they would "seek to enforce our rights against Mr. Browder." Ex. 9.

Browder should be held in contempt for his failure to appear pursuant to his deposition notice. Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See also Leser v. U.S. Bank NA*, No. 09-CV-2362, 2011 WL 1004708 (E.D.N.Y. 2011) (finding contempt appropriate sanction for failure to compare with subpoena and court order). As described above, Browder was properly served with a subpoena (as determined by this Court) and required to appear for additional deposition time (as ordered by this Court). Browder failed to appear for his deposition even though he selected the date. Pursuant to Rule 45(g), contempt is the appropriate sanction

4

and the Court should order Browder to show cause why he should not be held in contempt. Browder should be ordered to pay a daily penalty in an amount sufficient to ensure his compliance with the Court's order by appearing for deposition and producing documents responsive to Defendants' documents requests in their subpoena.

Dated: December 7, 2015
Washington, DC

Respectfully submitted,

*[signature]*

**BAKER & HOSTETLER LLP**
1050 Connecticut Avenue NW, Suite 1100
Washington, DC 20036
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
Mark A. Cymrot

**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
Seth Taube

*Attorneys for Defendants*