

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

December 11, 2015

**BY ECF AND EMAIL**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Prevezon Holdings, Ltd., et al.*, 13 Civ. 6326 (TPG)

Dear Judge Griesa,

    The Government writes to respond briefly to the defendants' misleading and baseless recent motion for sanctions against the Government.  *See* Dkt. No. 478-80.  It should be summarily denied, so that the parties and the Court may resume their important preparations for trial.

**The Defendants' Recitation of the Facts Is Misleading and Inaccurate**

    The defendants offer a misleading and inaccurate version of the events surrounding William Browder's deposition, which includes wild accusations about alleged Government misconduct that have no foundation.  The actual chain of events is as follows:

- William Browder was noticed by the defendants for a deposition on December 7, 2015.

- The Government also has its own questions that it wishes to ask Browder, as it is entitled to do under the Federal Rules.

- On December 4, 2015, the Government learned that Browder might not be available to testify for trial.  The Government therefore required time for its own questioning.  Given the time difference between here and England, where Browder would be sitting for his deposition, the Government did not believe that it would have sufficient time on December 7 to question Browder once defense finished their questioning. The Government therefore cross-noticed

The Honorable Thomas P. Griesa
Page 2 of 4
December 11, 2015

- Browder for January 5, 2016, which Browder stated was his next available date to sit for a deposition that was also consistent with the defendants' availability.

- On December 7, 2015, Browder did not appear for his deposition, stating that he preferred to appear for questioning by both parties on one day, and that he was prepared to appear on January 5, 2016.

- On December 7, 2015, the defendants appeared in Your Honor's chambers *ex parte* with a motion to hold Browder in contempt, which they had not shown to the Government. Your Honor denied the motion as meritless and directed the Government to arrange for Browder's deposition before January 5, 2016. Tr. of Dec. 7, 2015 Conf. at 7.

- Since that date, the Government has made extensive efforts to arrange for Browder's deposition, as directed by the Court. *See* Defs.' Ex. 9 (emails where the Government notes its efforts to arrange for deposition). These efforts included working with Browder's counsel to arrange for dates, which necessitated the rearranging of their family schedules over the holidays.

- Yesterday, December 10, 2015, Browder's counsel wrote the defendants, proposing <u>six potential dates</u> for Browder's deposition, in half-days. The defendants do not even bother to attach this letter to their motion, but the Government has attached it as Exhibit A:
    - December 18, 2015
    - December 28, 2015
    - December 29, 2015
    - December 30, 2015
    - January 4, 2015
    - January 5, 2015

The defendants, rather than responding to this proposal, have instead brought the instant frivolous motion before the Court. It should be denied as meritless, and the defendants should be directed to engage in Browder's good faith efforts to find a time for his deposition.

**The Defendants' Accusations of Government Misconduct are Baseless and Irresponsible**

The defendants' incendiary accusations that the Government is somehow colluding with Browder are without merit, are not made in good faith, and should be summarily rejected by the Court.[1]

---

[1] This is not the first time the defendants have made baseless accusations of dishonesty or misconduct against counsel for the Government, all of which have been rejected by the Court. *See, e.g.*, Dkt. No. 88 at 21-40 (responding to Rule 11 sanctions motion); Dkt. No. 276 at 6-10 (responding to claim of abuse of grand jury); Dkt. No. 295 (responding to

The Honorable Thomas P. Griesa
Page 3 of 4
December 11, 2015

## **The Defendants' Frivolous Motion Is an Attempt to Distract the Court from Their Own Misconduct**

The parties should be focusing their attention on the rapidly approaching trial. Indeed, the defendants are wasting their time filing this frivolous motion while they ignore two important outstanding requests from the Government, which the Government made pursuant to the Court's orders.

- *The Statement of Facts on the Russian Fraud Requested by the Court:* The Court asked the parties at the Thursday, December 3 conference to work together to agree on a statement of facts regarding the Russian Fraud. Tr. of Dec. 3, 2015 Conf. at 5-6. This is to save time at trial by stipulating to undisputed issues. The Government sent the defendants a proposed a compromise statement of facts that evening, and has been waiting <u>over eight days</u> for a substantive reply.

- *Defendants' Refusal to Produce Discovery:* Last Friday, December 4, the defendants sent the Government a list of documents that they may use at trial that included <u>108 documents</u> that have not yet been produced to the Government, despite the Court's order that the parties produce all discovery in their possession by November 23, 2015, and the fact that trial begins in three and a half weeks. The Government requested these documents on December 4, but defendants have refused, claiming that these documents, which are largely Russian case files and interrogation minutes that were created before this case was even filed, are somehow "work product" (despite not being listed on their privilege log and despite the fact that the defendants voluntarily identified these documents to the Government). The Government is entitled to these documents, and the defendants' refusal to produce them three and a half weeks from the start of trial is inexcusable.

---

accusation of dishonesty); Dkt. No. 351 (responding to accusation of violation of no-contact rule).

The Honorable Thomas P. Griesa
Page 4 of 4
December 11, 2015

      In summary, the defendants' motion should be denied, and the parties should focus instead on preparing for trial in an orderly fashion.  This includes producing all remaining discovery as quickly as possible and working together in good faith to limit the number of issues to be presented at trial (both through stipulations and pre-trial rulings on motions *in limine*), to use the Court and the jury's time most efficiently.

                                    Respectfully submitted,

                                    PREET BHARARA
                                  United States Attorney

By:   /s/   Margaret Graham
           Paul M. Monteleoni
           Margaret Graham
           Jaimie L. Nawaday
           Cristine I. Phillips
           Assistant United States Attorneys
           Tel.: (212) 637-2219/2923/2275/2696

cc:     Counsel of Record (via ECF)

Enclosures: Exhibit A, December 10, 2015 Letter from Michael Kim Proposing Deposition Dates

# **EXHIBIT A**

# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200
FAX +1 212 488 1220

NEW YORK
LONDON
HONG KONG
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

December 10, 2015

**BY EMAIL**

Mark A. Cymrot, Esq
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5304

Re:   *United States v. Prevezon Holdings, Ltd., et. al.,* 13 Civ. 6326 (TPG)

Dear Mark:

We have made several adjustments to our personal schedules as well as those of Mr. Browder, including cancelling parts of holiday plans and family vacations of counsel, to accommodate the request that his deposition take place before January 5.

We think this will be workable if we do the deposition session in two ½ day segments. Mr. Browder can be available for deposition on the afternoon (EST) of December 18, afternoon (EST) of December 28, afternoon (EST) of December 29, afternoon (EST) of December 30, and all day GMT January 4, subject to the Government's and the Court's availability on those dates. He will also keep January 5 open as previously indicated.

We would be grateful if you could let us know those dates you would prefer to proceed.

Michael S. Kim
+1 212 488 1201

Lindsey Weiss Harris
+1 212 488 4937

cc:  Counsel of Record