# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Mark A. Cymrot
direct dial: 202.861.1677
MCymrot@bakerlaw.com

December 17, 2015

**VIA ECF**

The Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Prevezon Holdings, Ltd., et al., Case No. 13-Civ-6326 (TPG)*

Dear Judge Griesa:

Hermitage Capital Management Ltd. ("Hermitage") is attempting to re-litigate issues long decided by this Court. Though Hermitage's counsel has changed, their claim remains the same, namely that John Moscow and Baker & Hostetler LLP should be disqualified from this case.

Hermitage's first attempt to deprive Defendants' of their chosen counsel was made in March 2014 by the Government, but the Court would not hear the issue without a motion from Hermitage. (Mar. 4, 2014 H'rg Tr. at 29:6-30:2).

Months later, Hermitage, joined by Mr. Browder,[1] moved in September 2014 for disqualification. Dkt. 124. The Court received extensive briefing from all concerned, supported by competing expert reports (including from Hermitage's current expert), held a multi-session hearing, entertained hours of argument, and conducted *in camera* review with respect to Hermitage's and William Browder's claims regarding confidentiality. After all that, the question of defense counsel's ability to proceed unfettered in this case was conclusively put to rest when the Court dictated its order rejecting the joint disqualification effort of Hermitage and Mr. Browder on October 23, 2014, which included specific findings of fact. (Oct. 23, 2014 Hr'g Tr. ("Tr.") at 67:3-70:24).

That litigation was distracting. This time Hermitage's reopened campaign is being mounted on the eve of trial and of Mr. Browder's court-ordered deposition, after many months of extensive

---

[1] Thus far Mr. Browder has not joined Hermitage's instant motion.

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver*
*Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

The Honorable Thomas P. Griesa
December 17, 2015
Page 2

discovery and litigation have been conducted.  The Court should resist this thinly-veiled effort to distract Defendants' counsel from the deposition of Mr. Browder and the trial in this case.

Rather than rehash the arguments made in last year's proceedings, Defendants direct the Court to its prior findings and conclusions, more specifically:

- "***One of the prime facts is that neither Mr. Browder nor Hermitage are parties to this action***.  The action is against a company called Prevezon, completely different from Hermitage, and ***whatever happens in this case, whether Prevezon is held liable or not held liable, will not redound to the liability or legal position of Hermitage or its principals.***"  (Tr. 67:19-24 (emphasis added).)

- "Now [Mr. Moscow] has been retained to represent ***a defendant in an entirely new action, an action which is not related in any substantial way to what he was doing then***."  (Tr. 68:13-15 (emphasis added).)

- "There's no conflict of interest which would indicate that [Mr. Moscow and his firm] cannot properly, ***without inhibition***, represent their new client."  (Tr. 70:2-4 (emphasis added).)

- "[A]ll the lawyers have litigated vigorously in this matter, and it is time to put it to a close.  And ***the court rules that Mr. Moscow is not subject to any conflict of interest, anything that impairs his ability to do his job, anything that in a substantial way puts him adverse to his former client, and therefore he can continue representing his client in this case***."  (Tr. 70:18-23 (emphasis added).)

Given the Court's factual findings, entered only after "extensive litigation before [the Court]" (Tr. 70:14-15), there has not been, and there is not now, any violation of any rules.  The outcome of this matter ***still*** has no impact on the liability or legal position of Hermitage or Mr. Browder, and hence there has been no "attack"[2] on Hermitage, and the limited prior representation is ***still*** not related in "any substantial way" to the present action.  Under these established facts, Rule 1.9 of the New York Rules of Professional Conduct is not implicated—as found by the Court—the matters are not, to use the language of the rule, the "same or … substantially related," nor are the parties' interests "materially adverse."[3]

---

[2] As the Court itself pointed out last year, there has been no attacking of a former client in the "sense of seeking to hold your client liable or obtaining a finding of something against your client".  (Tr. 57:25-58:1.)  As the Court explained:  "Obviously if Hermitage and Browder, or one of them, if they're going to be a witness in the trial before me, and that's what we're talking about, then obviously a party to the case before me would seek to take the deposition.  That's just simple prudent trial preparation, but ***it doesn't seem to me to be an attack upon your client***."  (Tr. 58:10-15 (emphasis added).)  The Court continued: "If your client isn't telling the truth, that's your client's problem and he can be impeached.  If he tells the truth, he's got no problem.  If he doesn't tell the truth, well, you expect he doesn't get impeached.  ***Of course not.***"  (Tr. 58:15-19 (emphasis added).)

[3] The sparse case law cited by Hermitage, delineated only in footnotes, is of no moment.  Most of the cases were decided under the now superseded New York Code of Professional Responsibility, and the

The Honorable Thomas P. Griesa
December 17, 2015
Page 3

Moreover, although Hermitage again raises the specter of some elusive breach of confidentiality, as with its prior motion, Hermitage offers absolutely no hint as to what confidential information has been somehow put at risk.  More importantly, none of the information used in the supposedly objectionable Opposition to the Government's Motion for Summary Judgment was derived from anything other than that information which was developed through many months of discovery or through otherwise available information.  Because Hermitage has not identified any aspect of Defendants' Opposition that suggests any use of confidential information whatsoever, its strawman argument should be rejected.

In sum, Defendants' counsel should be allowed to proceed with this case "without inhibition" and Hermitage's effort to derail this case be denied.

Sincerely,

 s/ Mark A. Cymrot

Mark A. Cymrot

cc:  Counsel of Record by ECF

---

only more recent case involved a lawyer **_suing_** a former client regarding a contract he had negotiated on behalf of both parties.  See AVRA Surgical, Inc. v. Dualis Medtech GMBH, 2014 WL 2198598, *3 (S.D.N.Y. May 27, 2014).  There is neither any material adversity nor a substantially similar matter here that even remotely approaches the facts in AVRA.

607843970.4