UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
                      Plaintiff, : 13-cv-06326 (TPG)
:
            v. : ECF CASE
:
PREVEZON HOLDINGS LTD., *et al.*, : **OPINION**
:
                    Defendants. :
:
:
------------------------------------------------x

      Counsel to non-party Hermitage Capital Management, Ltd. (Hermitage) has filed a motion to disqualify BakerHostetler and John Moscow of that firm as counsel to the defendants in the above-captioned matter. This motion was preceded by a similar motion approximately one year ago. That motion was denied.

      On the new motion, a lengthy and thorough oral argument was held today on the record. For the reasons explained below, the motion to disqualify BakerHostetler and Moscow as counsel for defendants is granted.

      The reasons for granting the motion are twofold. It is now clear that one of BakerHostetler's primary defense strategies in the present case involves asserting that Hermitage had substantial responsibility for what is well known as the Russian Treasury Fraud. This is significant because the level of Hermitage's involvement in fraudulent activity may make the difference between

proving or not proving the commission of certain alleged specified unlawful activities as a foundation for showing money laundering, which is at the heart of the present case. Hermitage's involvement was not previously at issue. Indeed, Moscow, who formerly represented Hermitage, took the position that Hermitage had "nothing to do" with the Russian Treasury Fraud. See Hr'g Tr. 30:4–5, Oct. 14, 2014. The case has now changed, in that it appears that BakerHostetler, and thus Moscow, is asserting that "the evidence points that Hermitage" was substantially involved in the Russian Treasury Fraud. See Hr'g Tr. 36:19–25, Nov. 30, 2014.

BakerHostetler's change in defense strategy now makes the subjects of its former and current representation "substantially related." There is now a very real possibility that BakerHostetler will be in a position where it would be trying to show that its current clients (the Prevezon defendants) are not liable and showing this by attacking its former client (Hermitage) on the very subject of BakerHostetler's representation of that former client.

It should also be noted that Baker Botts LLP was engaged in this matter to perform any cross-examination of Hermitage officials and to otherwise mitigate the conflict now alleged in the motion before the court. Baker Botts withdrew as counsel this week. Any mitigating effect they may have once had is now absent and, in any event, would not resolve the very real conflict described above.

The court does not take lightly the decision to disqualify counsel. However, the court is now convinced that it would be improper for BakerHostetler and Moscow to continue as counsel to defendants. For the reasons stated above,

Hermitage's motion to disqualify BakerHostetler and Moscow as counsel to defendants is granted.

SO ORDERED.

Dated: New York, New York
December 18, 2015

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2015