UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>PREVEZON HOLDINGS LTD., *et al.*,<br><br>            Defendants,<br><br>ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOW AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 1816 ("20 PINE STREET, UNIT 1816"), *et al.*,<br><br>            Defendants *in Rem*. | Case No. 1:13-cv-06326 (TPG)<br><br>ECF CASE<br><br>**DECLARATION OF DENIS KATSYV** |

I, DENIS KATSYV, hereby declare as follows:

1.    I am a claimant and the owner of Defendant Prevezon Holdings, Ltd. together with its affiliated defendant companies in New York, and Defendant Ferencoi Investments, Ltd. I submit this declaration in support of my right to counsel of my choice for myself and my companies in defense in this case.

2.    We retained Baker & Hostetler LLP ("BakerHostetler"), specifically John Moscow and Mark Cymrot, to represent us in this matter. They are highly competent, sophisticated counsel who have been diligent and work well with me, my colleagues, and each other. They have our complete confidence; they have performed enormous amounts of work in the more than two years since this case was filed. We want them to act as trial counsel.

3.    Defendants' property in New York and Holland worth over $15 million has been seized, with no opportunity for us to challenge the facts inaccurately alleged by the U.S.

1

Government at the time of the seizure. Our reputation across the world has been severely damaged, to the extent that it is difficult for me and my companies to transact business. Corporate service providers and our accountant have resigned because of vile accusations against us and certain of our legal entities have been deregistered as corporations in various jurisdictions.

4. We followed the litigation in 2014 seeking to disqualify my attorneys. When the Court denied the motion to disqualify BakerHostetler, we relied upon that decision in going forward with BakerHostetler as our counsel.

5. We sought an early trial to clear our name of these allegations and release our property from a freezing order. The case was originally scheduled for trial on March 31, 2014, but the trial date was adjourned. At the time Hermitage Capital Management Ltd. filed a motion to disqualify our counsel, we were in the last stages of preparing for a trial scheduled to begin on January 6, 2016.

6. We are entitled to have my property unfrozen and we want a trial so that our name can be cleared. The U.S. Government says we did vile things; we deny their accusations. We want a trial in which we are represented by the lawyers in whom I have faith, whom we have chosen, and who are ready for trial.

7. It would be difficult, expensive and time consuming to retain new counsel. The case is large, sophisticated, and complex, involving many years' worth of events in many countries. I am told that more than 43,000 documents and over 500,000 pages have been turned over in discovery. We understand that there are more than 500 docket entries with the Court involving over 1100 separate entries and over 14,000 pages of pleadings filed with the court. Parts of the case involving past relationships of various participants in the events alleged in the

complaint are difficult to learn and comprehend, but knowing the case well involves being able to relate such complex data. It has taken highly skilled and competent counsel thousands of hours of work to master the factual background of the case. Hermitage Capital Management Ltd., however, has now twice attempted to disqualify the law firm of my choosing in order to delay the trial and Defendants' attempt to depose William F. Browder. Should the court have any continued concern regarding this issue, I am prepared to retain lawyers from a second law firm to serve as co-counsel if that would allow BakerHostetler to remain as our counsel to ensure we obtain a trial as soon as possible to clear my name of these charges.

8. The U.S. Government has harassed me throughout this lawsuit. I applied for a visa to enter the United States in order to defend this lawsuit. The U.S. Embassy in Moscow held my passport for six months and then denied my visa application. Thus, my companies are sued in New York but cannot effectively defend the lawsuit, including by attending court and meeting regularly with our counsel in New York.

9. The U.S. Government noticed my deposition in New York at a time when I could not enter the United States. After our counsel raised the issue with the judge, I was granted a limited parole into the United States until January 7, 2016.

10. I attended my deposition in New York but then returned home. Upon my recent entry into the United States on December 28, 2015, I was detained at immigration. I was placed into a holding area set aside for people traveling from jurisdictions with public health issues such as Ebola. I understood that I was not allowed to make telephone calls. I was detained for two and one-half hours.

11. The U.S. Government has now denied my request to remain in New York to either retain new counsel or attend the trial. I must leave the United States by January 7, 2016, which will severely hamper our defense of this lawsuit.

12. I also understand that my Russian counsel, Natilya Veselnitskaya, was harassed upon entry into the United States.

13. I neither read nor write English, but this document has been translated for me into Russian, and I understand the contents of this document.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 5, 2016
New York, New York

_____
DENIS KATSYV