UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PREVEZON HOLDINGS LTD., *et al.*,<br><br>    Defendants,<br><br>ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOW AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 1816 ("20 PINE STREET, UNIT 1816"), *et al.*,<br><br>    Defendants *in Rem*. | Case No. 1:13-cv-06326 (TPG)<br><br>ECF CASE<br><br>**DECLARATION OF NATALIA VESELNITSKAYA** |

I, NATALIA VESELNITSKAYA, hereby declare as follows:

1.      I am an attorney admitted to practice in the Russian Federation. I have been practicing law since 1998. I am the founder and managing partner of the law offices of Kamerton Consulting. In 1998, I graduated with distinction from the Moscow State Legal Academy with a degree in jurisprudence. Upon graduation from the Academy, I started working at the Prosecutor's Office. I worked there for three years, overseeing the legality of statutes that were adopted by legislators of Moscow Oblast. After that I moved into private business. In 2003, I formed a private legal firm, Kamerton Consulting, which later grew to 30 employees, including five attorneys. My firm and I specialize in corporate and property disputes in courts. Among my clients are large state-owned and private corporations, as well as clients from the real estate and banking sectors. I have argued and won more than 300 cases on corporate, tax, and property law. I am also familiar with the criminal laws and procedures of the Russian

Federation, and I represent victims in many criminal cases involving economic crimes. I have been retained by Denis Katsyv and the Defendants in this action to assist their attorneys in the United States, Baker & Hostetler LLP ("BakerHostetler") to prepare their defense.

2.  As counsel to Defendants, it is important that I be able to participate in the defense of this action by traveling to the United States. For that reason, I applied for a visa to enter the United States, but was denied. I also applied for entry visas for my children, so that they could be together with me over the Christmas holiday while I was working in New York on this lawsuit, but this was also denied. However, the United States did issue a parole letter for me to enter the United States in order to help defend this lawsuit. Nevertheless, I have been harassed by the Government despite being paroled into the United States. In November of 2015, after having been in the United States in connection with this matter, I traveled to London for two days. Upon returning to Heathrow Airport on my way back to the United States, I was detained for two hours by Heathrow Airport officials who specifically targeted me on the basis of the parole number that the United States Government had assigned to me. During this detention I was unjustifiably subjected to a strip search, for no apparent reason. I should not be subjected to such humiliation when I have been promised entry into the United States to defend against the scandalous accusations in this lawsuit on behalf of my clients.

3.  On January 4, the request to extend my parole letter was denied. That letter, the purpose of which is to enable me to assist in the defense of this matter, expires on January 7, 2016. Prior to that date, I will have to leave the United States. At the present time, it is important for me to be in New York to assist in the defense. If the Court grants the motion to disqualify counsel, I will have to assist the Defendants and Mr. Katsyv to find new counsel. If the motion to disqualify counsel is denied, we will ask for a trial date and will need to coordinate

with BakerHostetler to prepare for trial. If I am forced to leave New York, the defense of this lawsuit will suffer.

4. Under Article 19 of the Criminal Code of the Russian Federation, corporations and other corporate-like entities (such as "OOOs", similar to limited liability companies in the United States) in the Russian Federation are not subject to criminal liability. Only physical persons who act as general directors or managers can be subjected to criminal sanction based on the acts of the corporation.

5. I have reviewed the December 28, 2015 letter filed by Hermitage Capital Management Limited ("HCML") claiming that "new charges" are being contemplated against HCML and Mr. Browder. Based upon the law of the Russian Federation, these "new charges" cannot be brought against HCML; they can only be brought against individuals. Therefore, HCML is at not risk for prosecution in the Russian Federation.

6. In addition, these supposed "new charges" against Mr. Browder (which have not been brought) have nothing to do with the $230 million tax fraud alleged in the Complaint before this Court. The ongoing investigation HCML refers to when speculating about "new charges" is, according to press reports, related to Browder's—not HCML's, but Browder's—other allegedly unlawful actions in Russia.

7. HCML is also wrong to state that the Russian Prosecutor General "has stated that Mr. Browder and Hermitage were involved with the Russian Treasury Fraud." In fact, the prosecutor has stated only that Browder—not HCML, but Browder—may have been involved in that fraud. As a defense attorney, I am surprised that counsel for HCML would incorrectly assert that its client had been accused of something by the prosecutor when, in fact, the prosecutor had made no such accusation against the client.

8.  Finally, it is natural that the Prosecutor General would watch this lawsuit "with great interest," considering that the United States, after issuing an MLAT request to the Russian Federation for assistance in this case, strangely refused his offer of assistance in investigating this matter.

9.  I neither read nor write English, but this document has been translated for me into Russian, and I understand the contents of this document.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 5, 2016
       New York, New York

Nataliya Veselnitskaya