UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
                Plaintiff, : 13-cv-06326 (TPG)
:
                v. : ECF CASE
:
PREVEZON HOLDINGS LTD., *et al.*, : **OPINION**
:
                Defendants. :
:
------------------------------------------------x

## **Background**

On January 8, 2016, this court denied a motion by non-party Hermitage Capital Management Limited to disqualify John Moscow and BakerHostetler as defense counsel in this litigation. Dkt. 521. Hermitage had, in effect, been allowed to intervene for that limited purpose. Hermitage now moves to certify that order for immediate appeal. Dkt. 522.

Specifically, Hermitage requests that this court certify its order, pursuant to 28 U.S.C. § 1292(b), so that the court of Court of Appeals may address two questions: (1) "whether the court's use of the 'substantially related' test was correct in its first or second ruling;" and (2) "whether a lawyer should be permitted to accuse a former client of the very crime it once defended that former client against, simply because those false accusations now serve the interest of a new client." Dkt. 522 at 2.

1

BakerHostetler opposes Hermitage's motion to certify. Dkt. 523. The Government has taken no position on certification. For the reasons set forth below, Hermitage's motion to certify is denied.

## Analysis

Appeals from orders denying disqualification are neither reviewable as final orders under 28 U.S.C. § 1291, nor are they appealable under the collateral-order doctrine. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 434–35 (1985). However, such orders are immediately appealable if the district court grants permission under 18 U.S.C. § 1292(b). In this context, only "exceptional circumstances" warrant "departure from the basic policy of postponing appellate review until after the entry of a final judgment." See Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand); see also Genetech v. Novo Nordisk A/S, 907 F. Supp. 97, 99 (S.D.N.Y. 1995) (quoting Klinghoffer in the context of a § 1292(b) appeal of a decision to disqualify counsel).

Section 1292(b) allows a district court to certify an immediate appeal of an interlocutory order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision as to whether the movant has met the § 1292(b) statutory requirements falls within the district court's broad discretion. See Estevez-Yalcin v. Children's Vill., No. 01-cv-8784, 2006 WL 3420833, at *1 (S.D.N.Y. Nov. 27, 2006) ("District court

2

judges have broad discretion to deny certification even where the statutory criteria are met.").

While courts treat § 1292(b) as a unitary requirement, see 3-27 Moore's Manual, Fed. Prac. & Proc. § 27.04 (2015), the statutory language is often articulated as involving three elements. The movant must demonstrate that: (i) there is a controlling question of law, (ii) as to which there is a substantial ground for a difference of opinion, and (iii) an appeal would not prolong the litigation, but instead would materially advance it. Id. None of these elements favors certification in this case.

## A. Hermitage May Not Immediately Appeal Issues of Fact

The first element is whether there is a controlling legal question. A controlling question of law must be distinguished from a controlling question of fact. See Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d. Cir. 1991). Where "controlling issues are factual rather than legal, . . . section 1292(b) certification is unavailable." Genentech, Inc., 907 F. Supp. at 99 (quoting Harriscom, 947 F.2d at 630)). Therefore, certification is unavailable where the primary question for appeal is whether the trial court correctly applied the law to the facts. See Estevez-Yalcin, No. 01-cv-8784, 2006 WL 3420833, at *3 (S.D.N.Y. Nov. 27, 2006).

Mixed questions of law and fact are likewise impermissible grounds for certification. Rather, the "question of law" certified for interlocutory appeal must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" See Century Pac. Inc. v. Hilton

3

Hotels Corp., 574 F. Supp. 2d 369 (S.D.N.Y. 2008) (quoting In re WorldCom, No. M–47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. 2003)); S.E.C. v. First Jersey Sec., 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that, where an appeal "would necessarily present a mixed question of law and fact, not a controlling issue of pure law," the district court's order was "not appropriate for certification pursuant to 28 U.S.C. § 1292(b)").

Accordingly, a requested appeal that involves a highly fact-specific application of law may not be appropriate under 1292(b). See, e.g., In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F. Supp. 2d 524, 533 (S.D.N.Y. 2014); Stone v. Patchett, No. 08-cv-5171, 2009 WL 1544650, at *2–3 (S.D.N.Y. June 2, 2009); Multi-Juice, S.A. v. Snapple Beverage Corp., 2003 WL 21998970, at *3 (S.D.N.Y. Aug. 21, 2003).

Courts also look to several other factors when deciding whether a question of law is controlling. One such factor is whether "reversal of the district court's order would terminate the action or if it substantially affects a large number of cases." Tyco Int'l, Ltd. v. Kozkowski, No. 02-cv-7317, 2011 WL 2038763, at *4 (S.D.N.Y. May 24, 2011) (citing In re Payroll Exp. Corp., 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996) (internal quotation marks omitted)). Courts also assess the status of the underlying legal doctrine. See, e.g., DeVittorio v. Hall, No. 07-cv-0812, 2008 WL 273981, at *3 (S.D.N.Y. Jan. 29, 2008); Decora Inc. v. DW Wallcovering, Inc., 901 F. Supp. 161, 165 (S.D.N.Y. 1995). Where the controlling law is settled, purely legal questions are less likely to arise. Notably, courts can

4

rely on "fairly well-settled" law in the attorney disqualification context. Genentech, Inc., 907 F. Supp. at 100.

In this case, Hermitage wishes the Court of Appeals to address the question of whether this court correctly applied the "substantial relationship" test to the facts of this case. Dkt. 522 at 2. This is a plainly impermissible attempt to seek early review as to whether this court properly applied the law to the facts. Moreover, attorney disqualification rests on a "highly fact-specific inquiry," Genetech, Inc., 907 F. Supp. at 99, as does the "substantial relationship" test that courts apply to determine if disqualification is appropriate, see Dkt. 521 at 6 (citing Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 518 F.2d 751 (2d Cir. 1975)). This makes Hermitage's question even less apt for certification.

Hermitage would also like the Court of Appeals to address "whether a lawyer should be permitted to accuse a former client of the very crime it once defended that former client against, simply because those false accusations now serve the interest of a new client." Dkt. 522 at 2. This is a factual question styled as a legal one. Hermitage has described in general terms the fact-specific question presented by its motion to disqualify. In so doing, Hermitage is prematurely asking for a second opinion on this court's denial of its disqualification motion. This is also an improper use of § 1292(b).

Finally, Hermitage has not argued as part of this element that resolution of either question would advance the termination of this action or that it would solve a complex problem of law whose solution would affect many cases. Rather,

5

Hermitage's questions are specific to Hermitage and, as such, they are not appropriate for interlocutory appeal.

## B. Hermitage Does Not Show There Is Substantial Ground for a Difference of Opinion on a Controlling Question of Law

Since the court has found that Hermitage has not raised controlling questions of law, it need not go into the second element—whether there is a substantial ground for difference of opinion about the controlling question of law. But for the sake of a complete analysis, the court notes that Hermitage has not shown that there is a substantial ground for difference of opinion about a controlling question of law. This exists "when there is conflicting authority on the question, or the question is particularly difficult and of first impression for the circuit." Tyco Int'l Ltd, No. 02-cv-7317, 2011 WL 2038763, at *5 (citation omitted). The Second Circuit has cautioned, however, that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). Instead, it is the court's duty to evaluate the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one about which there is a substantial ground for dispute. Id.

"A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion. Rather, there must be 'substantial doubt' that the district court's order was correct." Estevez-Yalcin, No. 01-cv-8784, 2006 WL 3420833, at *4 (finding that "substantial doubt"

6

requires the movant to advance a meritorious argument that governing law relied upon in the court's order was in error).

Hermitage has not argued that its interlocutory appeal would present any particularly difficult issues or questions of first impression.  Instead, Hermitage argues that there is substantial difference of opinion simply because the court withdrew its previous decision on the disqualification motion to allow full briefing by the parties.  But the order does not become immediately appealable merely because this court reexamined its decision.  If that were true, every decision to grant an ordinary motion for reconsideration should be certified for appeal simply because the court came to a different conclusion the second time around.  That is not the law of this circuit, nor is it consistent with the Supreme Court's view that certification under § 1292(b) is justified only in "exceptional circumstances."  See Coopers & Lybrand, 437 U.S. at 475; Klinghoffer, 921 F.2d at 25.

It should also be noted that Hermitage has not provided independent reasons for why there is a substantial *ground* for a difference of opinion as to this court's order denying disqualification.  As noted above, the law of disqualification is fairly well settled.  Hermitage is merely arguing with how this court apply that law to the relevant facts.

## C. Interlocutory Appeal Would Delay This Litigation

The final element is whether an appeal would materially advance the ultimate termination of the litigation. The requirement that an immediate appeal must materially advance the termination of the litigation is strictly construed.

See Westwood Pharm., Inc. v. Nat'll Fuel Gas Distrib. Corp., 964 F.2d 85, 88 (2d Cir. 1992) (dismissing appeal under § 1292(b) because it was "not clear" that appeal would advance the termination of the litigation); In re 105 East Second St. Assoc.'s, No. M–47, 1997 WL 311919, at *2 (S.D.N.Y. 1997). Its purpose is to "avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865–66 (2d Cir. 1996). To that end, "[a]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial." In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (internal quotation marks and citation omitted).

Courts have not thoroughly analyzed this element in cases where an order regarding disqualification is up for interlocutory appeal. Assessing the likelihood of delay in the disqualification context is challenging because all disqualification motions "inevitably cause delay." See Bd. of Educ. of N.Y.C. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). But the initial delay caused by disqualification litigation, including any appeal stemming from that litigation, may ultimately be shorter than the time needed to relitigate and retry the case entirely, should the Court of Appeals overturn the order denying disqualification after final judgment. Thus, from the standpoint of this court, it is not possible to determine with certainty whether certification would "materially advance" this litigation by averting a re-trial, or whether certification would merely slow down the litigation because the Court of Appeals will affirm this court's disqualification order. See also Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 176

(S.D.N.Y. 1987) (noting that disqualification motions cause delay but that immediate appeal may avoid further delay).

While the "material advancement" element may not fit neatly in context of disqualification, that element does not appear in a vacuum. Rather, it is closely tied to the requirement that the order involve a controlling question of law as to which there is a substantial ground for a difference of opinion. In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978); Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001); see also 16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2015) ("The three factors [of § 1292(b)] should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal.").

Nor must this court mechanically apply the statutory language. Instead, the relevant standard here is whether the *"district judge . . . shall be of the opinion that . . .* an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 18 U.S.C. § 1292(b) (emphasis added). Assessing the movant's arguments and their likelihood of success on the merits of those arguments, then, is left to the district court's judgment.

Here, Hermitage writes that appellate review of this matter "will not necessarily delay, but instead might well advance the ultimate termination of this litigation." Dkt. 522 at 3. This statement falls short of the required showing that appellate review would "materially advance" trial. Isra Fruit Ltd., 804 F.2d at 26. Moreover, the court believes that an immediate appeal would likely have precisely the opposite effect. Not only would certification result in a delay of the

9

trial, but certification is unlikely to advance proceedings given Hermitage's unsuccessful history of seeking to disqualify and sanction defendants' counsel. The court has now twice found there is no conflict that warrants disqualification, and this court's disciplinary committee reached the same conclusion. See Dkt. 523 at 10. Hermitage's complaints have been adequately heard and resoundingly rejected.

## Conclusion

For the reasons stated above, the court declines to certify its disqualification decision for immediate appellate review under 28 U.S.C. § 1292(b).

SO ORDERED.

Dated: New York, New York
       January 15, 2016

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/15/2016