

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

---

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

April 3, 2017

**BY ECF AND HAND DELIVERY**

The Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *United States* v. *Prevezon Holdings, Ltd., et al.*, 13 Civ. 6326 (WHP)

Dear Judge Pauley,

      The Government writes respectfully regarding two arguments the defense articulated for the first time in their reply in support of their motion for summary judgment, D.I. 624.[1] For the reasons stated herein, the Court should not entertain these arguments, as defendants have waived them by failing to raise them in their opening brief. Should the Court decide to allow these arguments, we ask that it accept the responses set forth herein as the Government's sur-reply.

      It is well-settled that arguments raised for the first time in a reply brief are waived. *See, e.g.*, *Friends of Animals* v. *Clay*, 811 F.3d 94, 99 n.8 (2d Cir. 2016). Here, where the parties are engaged in the second round of summary judgment briefing (the first having taken place in late 2015), it is particularly inappropriate for the defense to be raising new arguments at this juncture.

      Specifically, for the first time in their reply brief, the defendants object to the authenticity of the records the Government will use to prove that the Russian Treasury Fraud was a foreign offense involving "bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official" in violation of 18 U.S.C. § 1956(c)(7)(B)(iv). D.I. 624 at 5-6. The defendants gave no hint of this argument in their opening memorandum, and it thus should not be entertained in their reply. In any event, this argument is incorrect; the bank statements challenged by the defendants in their newly asserted argument are admissible on numerous bases, which are set forth in the Government's motion *in limine* number 1 to authenticate this evidence. *See* D.I. 593. Additionally, with respect to evidence demonstrating the marital status of the tax official whose ex-husband received some of the fraud proceeds, that information is set forth in the materials relied on in the defendants' own statement of undisputed facts, *see* D.I. 574 ¶ 85 (citing Sharma Decl. Ex. 30 at 29 n.73), which is uncontested, *see* D.I. 613 ¶ 85 (citing Sharma Decl. Ex. 30 at 29 n.73). While the admissibility of the challenged exhibit demonstrating

---

[1] Citations to "D.I." refer to docket items in this case. Citations to "Sharma Decl." refer to the Declaration of Renita Sharma submitted with the defendants' original motion papers, D.I. 576.

the marital status of the tax official, which is a stamped foreign marital-registration document, can be taken up if it is offered at trial, it is self-authenticating under Rule 902(3) in the absence of any reason to doubt its genuineness, and also can be authenticated by comparison to nonpublic information contained in documents received from the Government of Switzerland by treaty request. *See* Fed. R. Evid. 901(b)(3).

In their reply brief, defendants also reconfigure an argument regarding the legal standards applicable to the tracing of funds and attempt to shoehorn it into their original argument; the latter argument has been waived, and in any event, neither argument has merit. In their opening brief, defendants claimed (incorrectly) that the *United States* v. *Banco Cafetero Panama*, 797 F.2d 1154 (2d Cir. 1986) tracing assumptions only applied when there was "evidence that money laundering has occurred." D.I. 575 at 22-23. Upon the Government pointing out that the *Banco Cafetero* assumptions applied more broadly than just in money laundering cases, D.I. 612 at 14, the defendants reconfigured that point to the very different (and also incorrect) claim that the *Banco Cafetero* assumptions do not apply without some other corroborating "proof that an account was used by or at the direction of a bad actor to hold or launder proceeds of the crime asserted as a basis for a criminal charge or forfeiture." D.I. 624 at 8. This argument is also incorrect; indeed, *Banco Cafetero* itself considered the case of accounts held at different banks by a bank whose only apparent connection to the crime was receiving the money. 797 F.2d at 1161 (rejecting contention that the analysis "should apply any differently in this context than in the simpler context of a drug seller making deposits into his account at his own bank").[2] In fact, several of the other cases listed by the defendants also include funds held by individuals not involved in the underlying wrongdoing. *See, e.g.*, *In re Moffitt, Zwerling & Kemler, P.C.*, 875 F. Supp. 1152, 1156-57 (E.D. Va. 1995) (considering discovery to trace funds received by law firm from drug dealer), *rev'd in part on other grounds sub nom. United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660 (4th Cir. 1996), *In re Restraint of Bowman Gaskins Fin. Group Accounts*, 345 F. Supp. 2d 613, 614-17 & n.5 (E.D. Va. 2004) (tracing to accounts held by daughters of fraudster). In any event, the Government in fact has ample circumstantial evidence covering *all* of the accounts—not just the few for which the money laundering presumptions are relevant—indicating that they were used "by or at the direction of a bad actor," and would have cited it in its opposition had the defendants made clear they sought to impose this corroboration requirement on all asset tracing. *See, e.g.*, Sharma Decl. Ex. 21 (Rollins report) ¶¶ 34-111, 135-49, 156-60, 179-94.

---

[2] Of course, in order to actually forfeit the accounts, the Government had to prevent the bank from establishing that it was an innocent owner under the law at the time, 797 F.2d at 1162, just as Prevezon would prevail if it can establish it is an innocent owner under the current governing law, 18 U.S.C. § 983(d). However, the innocent owner defense is not a *part* of the traceability analysis; it is a defense to forfeiture even *when* crime proceeds are traced into a claimant's hands. See 18 U.S.C. § 983(d)(1).

Accordingly, the Government respectfully requests that these two arguments be disregarded as presented for the first time in the defendants' reply. Should the Court consider these arguments, we ask that this letter be accepted as a sur-reply.

    Very truly yours,

    PREET BHARARA
    United States Attorney

by: /s/ Paul M. Monteleoni
    Paul M. Monteleoni
    Cristine Irvin Phillips
    Tara M. La Morte
    Assistant United States Attorneys
    (212) 637-2219/2696/1041
    paul.monteleoni@usdoj.gov
    cristine.phillips@usdoj.gov
    tara.lamorte2@usdoj.gov

cc: Counsel of Record (via ECF)