

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 9, 2015

***REQUEST TO BE FILED UNDER SEAL***

**BY HAND DELIVERY**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States* **v.** *Prevezon Holdings, Ltd., et al.*, 13 Civ. 6326 (TPG)

Dear Judge Griesa,

      The Government writes to request that the Court enter the attached proposed order that (1) confirms that the parties can use the deposition of Russian citizen and resident Nikolai Gorokhov at trial and (2) quashes subpoenas for trial testimony and document production presented to Mr. Gorokhov by defendants' counsel at his October 1, 2015 deposition. As a foreign citizen and resident who does not conduct business in the United States, Mr. Gorokhov cannot be required to appear at trial or produce documents in the United States pursuant to a Rule 45 subpoena, and defendants' attempt to do so is unlawful on its face. Moreover, either party is entitled to use his deposition testimony at trial under the express terms of Federal Rule of Civil Procedure 32(a)(4).

      Mr. Gorokhov and his family are temporarily staying in the United States due to well-founded concerns that they could be endangered by individuals in Russia seeking to prevent Mr. Gorokhov from testifying in this matter. They wish to return to Russia now that Mr. Gorokhov's deposition is complete. However, the Government has strong concerns that now that Mr. Gorokhov's identity has been revealed, individuals in Russia could attempt to threaten or harm Mr. Gorokhov and his family in an effort to prevent Mr. Gorokhov from testifying at trial. Based on these safety concerns, the Government requests that the Court enter a public order conclusively stating that Mr. Gorokhov's deposition testimony will be admitted at trial, thereby eliminating this incentive to harm him or his family. While the proposed order does nothing more than articulate the express terms of Rule 32(a)(4), a public Order making the admissibility of his deposition explicit will go far in securing the safety of Gorokhov and his family, as it will make clear that any additional testimony by him is not necessary and that, accordingly, any action against Mr. Gorokhov will not impact the trial. Accordingly, the Government respectfully requests that the Court address this issue on an expedited basis.

## The Gorokhov Deposition

Mr. Gorokhov is a Russian attorney who is not a party to the case. He nonetheless consented to travel to the United States to be deposed by the defendants. He is not involved in any of the underlying events set forth in the Amended Complaint, and in fact has little knowledge of what the case is even about. His sole relevance as a witness is that in the course of his own work in Russia he inspected and photographed a Russian court file containing documents that the Government seeks to introduce at trial. Despite his limited role as essentially a document authentication witness, Mr. Gorokhov was deposed for two days by the defendants on October 1 and 2, 2015, totalling over seven hours of questioning. The defendants were able to fully question him about his limited role in and knowledge of this matter.

Because of real and well-founded safety concerns, Mr. Gorokhov and his family, including his minor child, had to travel to the United States and were here for several weeks before his deposition took place. Gorokhov voluntarily travelled to the United States to be deposed at great inconvenience and cost to him and his family. Mr. Gorokhov, a practicing attorney in Russia, cannot work or earn money in the United States, and will suffer professionally and economically if he is forced to remain away from his legal practice in Russia for a prolonged period. Mr. Gorokhov's minor child is missing school in Russia, and while the child has enrolled in school in the United States, the curriculum is different from that in Russia and the child will have to work hard to catch up once back in Russia.

As Mr. Gorokhov is a non-party who lives abroad, neither the Government nor defense can require him to return for trial. As Federal Rule of Civil Procedure 45(c)(1)(A) makes clear, a subpoena under the Federal Rules of Civil procedure can command a person to attend trial "*only* . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Additionally, Rule 32(a)(4) expressly provides that the parties are entitled to use at trial the deposition of a foreign witness like Mr. Gorokhov. *See* Fed. R. Civ. P. 32(a)(4)(B)("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition."). It cannot be disputed that defendants had ample notice of the deposition and were present to fully depose Mr. Gorokhov, and that Mr. Gorokhov resides outside the United States in Russia, where he wishes to return so that he and his family can resume their normal life. Moreover, the absence of a third-party foreign witness from trial is obviously not procured by the Government, which has no authority to compel Mr. Gorokhov to remain in the United States and which has granted him a standard three-year visa. Accordingly, his deposition testimony is clearly admissible at trial.

Before Mr. Gorokhov and his family return home, the Government respectfully requests that the Court enter the proposed order as means of removing any incentive for Mr. Gorokhov to be threatened or harmed in Russia. The proposed order does little more than confirm that Mr. Gorokhov's deposition will be admissible at trial, consistent with the plain text of the Federal Rules of Civil Procedure. A public order making clear that, no matter what Mr. Gorokhov may encounter in Russia, his already-provided deposition testimony can be admitted at trial, will

dramatically reduce the incentive for anyone in Russia hoping to influence this proceeding to threaten or injure him or his family.

Accordingly, the Government respectfully requests that the Court enter the proposed order as soon as possible, so that Mr. Gorokhov may return to Russia without fear of being threatened or harmed, and so that he may resume his work and provide for his family, and his minor child may resume regular schooling.

### The Defendants' Subpoenas

On October 1, 2015, the defendants presented Rule 45 subpoenas to Mr. Gorokhov during his deposition, purportedly requiring him to appear at trial in December and to produce documents by October 15, 2015.[1] These subpoenas are unlawful on their face when directed to a foreign resident witness such as Mr. Gorokhov. Accordingly, the Court should quash the subpoenas.

As set forth above, under Rule 45, a subpoena may command a non-party to attend a trial or to produce documents only if that person "resides, is employed, or regularly transacts business in person" with 100 miles of the trial. Fed. R. Civ. P. 45(c)(1)(A). Mr. Gorokhov indisputably resides in Russia, and has been in the United States for approximately five weeks only to appear for his deposition. The subpoenas must therefore be quashed, pursuant to Rule 45(d)(3)(A)(ii). *See In re Application for Order Quashing Deposition Subpoenas*, No. M8–85, 2002 WL 1870084, at *2-5 (S.D.N.Y Aug. 14, 2002) (Lynch, J.).

Unfortunately, this is not the first instance in this very case in which counsel for the defendants have served unlawful process and the intervention by the Court was required. In February of this year, this Court quashed a third-party subpoena to Hermitage Global because it required attendance at a deposition and the production of documents over 100 miles from where the employees of the corporation worked. *See Hermitage Global Partners LP.* v. *Prevezon Holdings Ltd.*, 14 Misc. 318 (TPG) (S.D.N.Y. Feb. 19, 2015) (ECF No. 5) at 8 ("Because the 100-mile rule applies in this instance, the court holds that the Global Subpoena does not comply with Rule 45(c). *This alone is enough to quash the Global Subpoena on Rule 45 grounds*." (emphasis added)). And in March, this Court quashed a subpoena served on William Browder, a non-party served in Aspen, Colorado, where he did not reside or regularly transact business. *See* Tr., Mar. 9, 2015 ("Although he [i.e., Browder] may have been served in Aspen, he cannot be required to attend a deposition pursuant to that service. My ruling and finding is that he does not reside in Aspen, nor does he regularly transact business in Aspen and he cannot be deposed in Aspen. So, if there are subpoenas requiring him to be deposed in Aspen, those subpoenas must be quashed."). The same result is even more appropriate here.

In addition, the subpoenas must be quashed pursuant to Rule 45(d)(3)(A)(iv), because they would subject Mr. Gorokhov to undue burden. Mr. Gorokhov, who has already endured

---

[1] The subpoenas were written only in English, and Mr. Gorokhov, who does not speak English, returned the subpoenas to defense counsel. For the purposes of this motion, the Court can assume that the defendants successfully served Mr. Gorokhov.

significant inconvenience and risk in temporarily traveling to the United States with his family and sitting for a deposition voluntarily, would have to travel back to Russia to get at least certain of requested documents, then return to the United States to provide the documents and testify at trial, as well as perform a detailed privilege review before any production, at great additional inconvenience and cost to this non-resident, non-party private individual.[2] The geographical limit of non-party subpoenas set forth of Rule 45 "gives non-party deponents protection from expending time and money to comply with a subpoena," and "protect[s] such witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest." *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002). Such protection is entirely appropriate here. Relatedly, the defendants' attempt to serve unlawful process on Gorokhov, if permitted by the Court, would serve only to prolong discovery in this case long past the deadlines imposed by the Court, and is in any event unnecessary given that Gorokhov's testimony relates solely to his taking a series of photographs, copies of which have been presented to the defense over three months ago. Indeed, in this very case the Court quashed a subpoena against Hermitage Global on undue burden grounds, where Hermitage Global had at most a tangential role in this case and the subpoena called for little that was discoverable and not duplicative of other discovery. *See Hermitage Global Partners*, 14 Misc. 318 (TPG), ECF No. 5 at 9-10.

Mr. Gorokhov has already endured great inconvenience and burden to present the parties with photographs he took relevant to this case and to allow the defendants to depose him for over 7 hours. The photographs, and Mr. Gorokhov's deposition testimony about having taken them, are in the record, and Mr. Gorokhov and his family should be permitted to return to their lives, careers, and education in Russia without being subjected to burdensome and collateral demands for yet more documents and testimony.

---

[2] As Gorokhov has testified, at least some of the requested documents are in Russia, and a number of requested documents are covered by the attorney-client privilege law of the Russian Federation, which differs from United States law and which would embroil the witness and potentially the Court in a time-consuming privilege review and litigation process. All of this is collateral and unduly burdensome given that Gorokhov's connection to this case is in having taken a series of photographs, which have been copied for defense inspection months ago. There is no need to subject Gorokhov to such burdens, or to launch the Court into a foreign privilege law analysis, for records collateral to the photographs that Gorokhov took, which speak for themselves.

      Because of the sensitive nature of the safety concerns discussed herein, the Government respectfully requests that this letter be filed under seal. However, in order for the proposed Order to serve its purpose of helping to reduce the threat of harm to Gorokhov and his family, the Government respectfully requests the proposed order be filed publicly, with his name redacted, and that certified unredacted copies be provided to counsel for the parties. In this manner, individuals familiar with Gorokhov's identity and role in the case will be aware of this order, and the threat to Gorokhov and his family will be correspondingly reduced, without the need to publicly disclose his identity at this time.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

by: /s/ Paul M. Monteleoni
      Paul M. Monteleoni
      Margaret Graham
      Jaimie L. Nawaday
      Cristine I. Phillips
      Assistant United States Attorneys
      (212) 637-2219/2923/2275/2696

cc: Counsel of Record (by email)