UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | **Proposed Joint Pretrial Order** |
| : | |
| - against - : | No. 13 Civ. 6326 (WHP) |
| : | |
| PREVEZON HOLDINGS LTD., : | ECF Case |
| PREVEZON ALEXANDER, LLC, : | |
| PREVEZON SOHO USA, LLC, : | |
| PREVEZON SEVEN USA, LLC, : | |
| PREVEZON PINE USA, LLC, : | |
| PREVEZON 1711 USA, LLC, : | |
| PREVEZON 1810, LLC, : | |
| PREVEZON 2009 USA, LLC, : | |
| PREVEZON 2011 USA, LLC, : | |
| FERENCOI INVESTMENTS, LTD., : | |
| KOLEVINS, LTD., : | |
| : | |
| Defendants, : | |
| : | |
| ALL RIGHT, TITLE AND INTEREST IN : | |
| THE REAL PROPERTY AND : | |
| APPURTENANCES KNOWN AS THE 20 : | |
| PINE STREET CONDOMINIUM, 20 PINE : | |
| STREET, NEW YORK, NEW YORK 10005, : | |
| UNIT 1816 ("20 PINE STREET, UNIT : | |
| 1816"), : | |
| : | |
| ANY AND ALL FUNDS ON DEPOSIT IN : | |
| BANK OF AMERICA ACCOUNT NUMBER : | |
| **********8293 HELD IN THE NAME OF : | |
| PREVEZON ALEXANDER LLC (THE : | |
| "PREVEZON ALEXANDER ACCOUNT"), : | |
| : | |
| ANY AND ALL FUNDS ON DEPOSIT IN : | |
| BANK OF AMERICA ACCOUNT NUMBER : | |
| **********8084 HELD IN THE NAME OF : | |
| PREVEZON SOHO USA LLC (THE : | |
| "PREVEZON SOHO ACCOUNT"), : | |
| : | |
| ANY AND ALL FUNDS ON DEPOSIT IN : | |
| BANK OF AMERICA ACCOUNT NUMBER : | |
| **********6021 HELD IN THE NAME OF : | |

| | |
|---|---|
| PREVEZON SEVEN USA LLC (THE "PREVEZON SEVEN ACCOUNT"), | : <br> : <br> : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********8349 HELD IN THE NAME OF PREVEZON 1711 USA, LLC (THE "PREVEZON 1711 ACCOUNT"), | : <br> : <br> : <br> : <br> : <br> : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********9102 HELD IN THE NAME OF PREVEZON 2009 USA, LLC (THE "PREVEZON 2009 ACCOUNT"), | : <br> : <br> : <br> : <br> : <br> : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********8242 HELD IN THE NAME OF PREVEZON PINE USA, LLC (THE "PREVEZON PINE ACCOUNT"), | : <br> : <br> : <br> : <br> : <br> : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********5882 HELD IN THE NAME OF PREVEZON 2011 USA, LLC (THE "PREVEZON 2011 ACCOUNT"), | : <br> : <br> : <br> : <br> : <br> : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********9128 HELD IN THE NAME OF PREVEZON 1810 USA, LLC (THE "PREVEZON 1810 ACCOUNT"), | : <br> : <br> : <br> : <br> : <br> : |
| APPROXIMATELY $1,379,518.90 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 2009 (THE "20 PINE STREET, UNIT 2009 SALE PROCEEDS"), | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| APPROXIMATELY $4,429,019.44 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND | : <br> : <br> : |

| | |
|---|---|
| INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS ALEXANDER CONDOMINIUM, 250 EAST 49th STREET, NEW YORK, NEW YORK 10017, UNIT COMM3 (THE "250 EAST 49th STREET, UNIT COMM3 SALE PROCEEDS"), | : : : : : : : : |
| APPROXIMATELY $1,046,530.04 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 2308 (THE "20 PINE STREET, UNIT 2308 SALE PROCEEDS"), | : : : : : : : : : : : |
| APPROXIMATELY $894,026.21 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 1711 (THE "20 PINE STREET, UNIT 1711 SALE PROCEEDS"), | : : : : : : : : : : : |
| A DEBT OF 3,068,946 EUROS OWED BY AFI EUROPE N.V. TO PREVEZON HOLDINGS RESTRAINED BY THE GOVERNMENT OF THE NETHERLANDS ON OR ABOUT JANUARY 22, 2014 (THE "AFI EUROPE DEBT"), | : : : : : : : |
| and all property traceable thereto, | : : |
| Defendants in Rem. | : : |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements are adopted as the Pretrial Order:

1. **The full caption of this action.**  The full caption of this action is set forth above at pages 1-3 of this Order.

2. **The names, addresses (including firm names), and telephone and fax numbers of trial counsel.**

*For the United States ("Government")*:

Paul M. Monteleoni
Cristine Irvin Phillips
Tara M. La Morte
Assistant United States Attorneys
Southern District of New York
One St. Andrews Plaza
New York, NY 10007
Phone:   (212) 637-2219/2696/1041
Fax:   (212) 637-0016

*For the defendants Prevezon Holdings Ltd., Prevezon Alexander, LLC, Prevezon Soho USA, LLC, Prevezon Seven USA, LLC, Prevezon Pine USA, LLC, Prevezon 1711 USA, LLC, Prevezon 1810, LLC, Prevezon 2009 USA, LLC, Prevezon 2011 USA, LLC, Ferencoi Investments Ltd., and Kolevins, Ltd. (collectively, the "Defendants")*:

Kevin S. Reed
Faith E. Gay
Renita Sharma
QUINN EMANUEL LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel:  (212) 849-7000
Fax:  (212) 849-7100

3. **A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**  The Government asserts that this Court has

subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, and 1355(a) and (b)(1)(A).  Defendants do not contest the Court's subject matter jurisdiction.

4. **A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied upon.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.**

*United States*:  This action is brought by the Government pursuant to 18 U.S.C. §§ 981(a)(1)(A), 985, and 1956(b)(1) seeking the forfeiture of certain property involved in laundering the proceeds of a Russian tax refund fraud scheme ("Russian Tax Fraud") and the imposition of civil money laundering penalties.  The Russian Tax Fraud was perpetrated by members of a Russian criminal organization that included Russian government officials, and defrauded the Russian treasury of approximately $230 million.  The perpetrators of the fraud then engaged in a complicated series of transactions in order to launder the fraud proceeds and distribute them amongst the members and associates of their criminal organization.  These transfers often involved the use of shell companies, nominees, and commingling of the proceeds of the fraud scheme with other funds in order to launder the fraud proceeds.  Prevezon Holdings Ltd. received a portion of these funds, and commingled them with other funds to purchase real estate, including real estate in New York City. The Government asserts that Defendants' principals knew, or were willfully blind to the fact that the funds they received from the Russian Tax Fraud were proceeds of crime and that the transactions were structured in whole or in part to conceal or disguise the nature, location, source, ownership and control of those funds.

As a result, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 985, in conjunction with 18 U.S.C. §§ 1956(a)(1), (a)(2), (h), and 1957, the Government seeks forfeiture of all right, title and interest in

certain property including specified real property, property in bank accounts, and substitute property, which are sued *in rem*. (*See* SAC ¶¶ 12, 143-164). The Government also seeks civil money laundering penalties against Prevezon Holdings Ltd., a holding company that is owned and controlled by Denis Katsyv, Timofey Krit, and Alexander Litvak, a number of subsidiaries of Prevezon Holdings Ltd., and other companies owned and controlled by Katsyv, Litvak, and/or Krit, which are sued *in personam*. Specifically, the Government seeks money laundering penalties for concealment money laundering pursuant to 18 U.S.C. § 1956(a)(1)(B)(i); money laundering penalties for international concealment money laundering pursuant to 18 U.S.C. § 1956 (a)(2)(B); money laundering penalties for financial transaction money laundering pursuant to 18 U.S.C. § 1957; and money laundering penalties for money laundering conspiracy pursuant to 18 U.S.C. § 1956(h). (SAC ¶¶ 13, 170-173, 177-183, 191).

Finally, the Government is not proceeding to trial on claims two and four of its Second Amended Complaint, which allege, respectively, promotion money laundering pursuant to 18 U.S.C. §§ 1956(a)(1)(A) and (b) (*see* SAC ¶¶ 165-169), and international promotion money laundering pursuant to 18 U.S.C. §§ 1956(a)(2)(A) and (b) (*see* SAC ¶¶ 174-176). In addition, the Government is no longer pursuing money laundering claims premised upon a specified unlawful activity of mail or wire fraud, in light of in light of the Second Circuit's decision clarifying that the wire fraud statute does not apply extraterritorially. *See European Cmty. v. RJR Nabisco, Inc.*, 764 F.3d 129 (2d Cir. 2014), *rev'd and remanded*, 136 S. Ct. 2090 (2016). Accordingly, the Second Amended Complaint does not include mail and wire fraud among the specified unlawful activities alleged.

*Defendants*: Defendants contest the claims made by the Government. Defendants did not participate in, intend to further, or even know about the purported fraud against the Russian

Treasury. Defendants did not, knowingly or unknowingly, receive or transact in any of the proceeds of that purported crime. The Government therefore cannot prove any of the elements of its claims. *First*, it cannot establish the Russian Treasury Fraud, except through unreliable secondhand accounts by witnesses with significant incentive to misrepresent their own involvement in any wrongdoing. *Second*, even if the Government could establish the Russian Treasury Fraud, it cannot demonstrate that it qualifies as specified unlawful activity ("SUA"), a necessary predicate for money laundering (*see* 18 U.S.C. §§ 1956, 1957), among other reasons because that fraud did not target any foreign bank and the Government has not demonstrated that the fraud involved bribery of a foreign official. *Third*, regardless of whether the Russian Treasury Fraud could theoretically qualify as an SUA, the Government cannot establish that any of the proceeds of that purported crime reached Defendants, or that anyone responsible for the various bank accounts through which those proceeds supposedly traveled had any intention or design to conceal criminal proceeds or to route such proceeds to Defendants. And, *fourth*, Defendants did not intend to transact in criminal proceeds, but intended instead to engage in their ordinary and proper business activities by entering into real estate investments on behalf of clients.

In light of the foregoing, Defendants will pursue a variety of defenses at trial, including

- That Plaintiff has not carried the burden of proof.
- That Defendants are innocent owners and/or recipients of the funds and/or properties in question.
- That Plaintiff's claims are barred as it has unlawfully used criminal processes to pursue its claims in this civil action.

- That Plaintiff has abused process by using criminal processes, seeking and obtaining overbroad freeze orders, obtaining inconsistent relief in other jurisdictions, and using other processes in a manner that harms Defendants.
- That Plaintiff is estopped from asserting its claims, as it has abused process to do so.

The following affirmative defenses do not remain to be tried:

- Defendants Ferencoi and Kolevins are not subject to the personal jurisdiction of this Court. (Dkt. 310)[1]
- This Court lacks subject matter of jurisdiction over the claims asserted by Plaintiff.
- The claims asserted by Plaintiff are barred by the statute of limitations.
- That the claims asserted by Plaintiff are barred by the equitable doctrine of laches.
- That Plaintiff is estopped from asserting its claims, as Plaintiff has already had funds frozen in the Netherlands arising out of Plaintiff's allegations.

5. **A statement by each party as to whether the case is to be tried with or without a jury and the number of trial days needed.**

*United States*: This case is to be tried with a jury. The United States anticipates needing approximately 13 trial days.

*Defendants*: Defendants sought the Government's consent for this matter to be tried to the bench. The Government declined, and the case will therefore be tried to a jury. Defendants anticipates needing approximately seven trial days.

---

[1] Defendants respectfully reserve all rights for appeal.

6. **A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).** The parties have not consented to have this case tried before a magistrate judge.

7. **Any stipulations or agreed statements of fact or law that have been agreed to by all parties**. The parties have not agreed to any stipulations or agreed statements of fact or law.

8. **A list by each party as to the witnesses whose testimony is to be offered in its case-in-chief, including expert witnesses, and a statement indicating whether the witnesses will testify in person or by deposition. No witness not listed may be called at trial on either party's case-in-chief absent good cause.**

*United States*:

The Government reserves the right to call at trial any witness disclosed on the Defendants' list.

The Government notes that, despite having previously requested travel documents and letters of safe passage for Alexander Litvak and Timofey Krit (two principals of the Defendants), defense counsel disclosed yesterday that these witnesses do not intend to attend trial in person. In light of the fact that Judge Griesa previously ruled they are party representatives required to testify in person in New York, the Government has attempted to confer with Defendants regarding their position. Discussions are ongoing in an attempt to avoid seeking relief from the Court, but the Government reserves the right to submit designations of Litvak and Krit's deposition testimony within a reasonable period should discussions, or a ruling by the Court, not result in Litvak or Krit attending trial in person.

| **Will call the following witnesses:** | **May call the following witnesses if necessary:** |
|---|---|
| Special Agent Svetlana Angert | Special Agent Todd Hyman |
| Louise Shelley (expert) | Task Force Officer Aleksander Schwartzman |
| Jamison Firestone | George Virgin (expert) |
| Paul Wrench | Martin Wilson |
| John Rollins (expert) | Arthur Middlemiss (expert) |
| Ross Delston (expert) | Daniel Alpert (expert) |
| Yianna Alexandrou (via recorded deposition testimony) | One or more additional summary witnesses |
| Chrystalla Argyridou (via recorded deposition testimony) | Gabriella Volshteyn |
| Albert Dabbah (via recorded deposition testimony) | A Bank of America records custodian |
| Denis Katysv | |
| Timofey Krit[4] | |
| Alexander Litvak[2] | |
| Elena Matveeva | |
| William Browder | |
| *Summary witnesses*: Special Agent Paul Rooney Steven Yagoda; Christine Chen; Kathleen Lewis; Henry Thomson-Smith | |

---

[2] Defendants have stated that they intend to call Krit and Litvak via deposition. The parties are conferring regarding Krit's and Litvak's attendance at trial, and will write the Court in the event a resolution is not reached.

*Defendants*:

By making this disclosure, Defendants do not waive, and hereby expressly reserve, their right to assert any applicable privilege or objection, to the extent applicable to the testimony of any witness.  Defendants reserve all rights to revise this disclosure as trial preparation continues or in light of any ruling made by the Court on the Parties' pending motions.  Defendants also reserve the right to call at trial any witness disclosed on Plaintiff's list.

The Defendants believe they are entitled to rely upon the deposition testimony of Mr. Litvak and Mr. Krit, who reside in Israel and Russia respectively, pursuant to Federal Rule of Civil Procedure 32(a)(4)(B), which permits the use of deposition testimony "for any purpose" where a witness is outside the United States.  Mr. Litvak and Mr. Krit are outside the subpoena power of the Court, and both witnesses were subject to videotaped depositions, in which the Government examined each of them extensively.  As such, the Defendants do not believe that the Government has articulated any basis upon which to demand their appearance at trial.  In addition, Defendants would object to any effort by the Government to designate the testimony of those witnesses after submission of this Joint Pre-Trial Order.

| Defendants intend to call the following witnesses in their cases-in-chief | The Defendants may call the following witnesses in their cases-in-chief |
|---|---|
| Yianna Alexandrou (via deposition) | Svetlana Angert |
| Daniel Alpert (expert) | William Browder |
| Chrystalla Argyridou (via deposition) | Jamison Firestone |
| Lloyd Cunningham (expert) | Fred Harrison |
| Todd Hyman | Dominic Rolle |
| Denis Katsyv (will request interpreter under FRCP 43(d)) | Aleksander Schwartzman |
| Timofey Krit (via deposition) | Gabriella Volshteyn |
| Alexander Litvak (via deposition) | Martin Wilson |
| Oleg Lurie (via deposition) | Paul Wrench |
| Arthur Middlemiss (expert) | |
| Anthony Milazzo (expert) | |
| Leonid Petrov[3] (will request interpreter under FRCP 43(d)) | |

9.  **A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party**.  Attached hereto as Exhibits A-1 and A-2 is each party's designation of testimony to be offered in its respective case-in-chief, along with cross-designations and objections by the opposing party.

---

[3] Defendants are working to secure Mr. Petrov's appearance at trial.  However, family considerations may prevent him from traveling to the United States, in which case the Defendants will seek permission from the Court to allow Mr. Petrov to testify via contemporaneous video transmission pursuant to Federal Rule of Civil Procedure 43(a).

y

**10. A list by each party of exhibits to be offered in its case-in-chief and any objections by the adverse party. In cases likely to involve substantial numbers of deposition exhibits, the parties are encouraged to agree at the outset of discovery to assign a unique exhibit number or letter to each exhibit marked at any deposition so that exhibit designations used in deposition transcripts may be used without change at trial. Absent such a system, plaintiff's trial exhibits shall be identified by numbers and defendant's by letters. Only listed exhibits may be used at trial except for cross-examination purposes or if good cause for its exclusion from the joint pretrial order is shown. Any objection to a listed exhibit not set forth in the joint pretrial order will be considered waived absent good cause.**
Attached hereto as Exhibits B-1 and B-2 is each party's respective exhibit list, along with the objections of the opposing party.[4]

Dated: New York, New York
         April 25, 2017

| | |
|---|---|
| JOON H. KIM<br>Acting United States Attorney for the<br>Southern District of New York | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP |
| /s/ Paul M. Monteleoni<br>Paul Monteleoni<br>Cristine Irvin Phillips<br>Tara M. La Morte<br>Assistant United States Attorneys<br>One St. Andrews Plaza<br>New York, NY 10007<br>(212) 637-2219/2696/1041<br>paul.monteleoni@usdoj.gov<br>cristine.phillips@usdoj.gov<br>tara.lamorte2@usdoj.gov<br>*Attorneys for Plaintiff* | /s/ Kevin S. Reed<br>Kevin S. Reed<br>Faith E. Gay<br>Adam M. Abensohn<br>Renita Sharma<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br>*Attorneys for Defendants* |

---

[4] Given the scope of the exhibit list, Defendants respectfully request that the Court permit them to designate their exhibits by the prefix DX and a number.

**SO ORDERED**, at New York, New York

_____, 2017:

                                                       WILLIAM H. PAULEY III
                                                       United States District Judge