# EXHIBIT 2

# EXHIBIT 14

Case 1:13-cv-06326-TPG Document 175-14 Filed 05/20/17 Page 2 of 4



8
Clifford
Street
London
W1S 2LQ
tel +44.20.7851.6000
fax +44.20.7851.6100

NEIL MICKLETHWAITE
Direct dial: +44 (0) 20 7851 6086
nmicklethwaite@brownrudnick.com

George A. Stamboulidis
Managing Partner
Baker & Hostetler LLP, New York Office
45 Rockefeller Plaza, New York, NY 10111-0100
F 212.589.4201
gstamboulidis@bakerlaw.com

Jeffrey H. Paravano
Managing Partner
Baker & Hostetler LLP, Washington Office
Washington Square, Suite 1100
1050 Connecticut Avenue, NW, Washington, DC 20036-5304
F 202.861.1783
jparavano@bakerlaw.com

28 October 2013

Dear Sirs

Re: **The Hermitage Fund and Hermitage Capital Management ("Hermitage")
Conflict of Interest in BakerHostetler's Representation of Prevezon Holdings Limited et al in the Civil Forfeiture Case (U.S. District Court, Southern District of New York (Foley Square) CIVIL DOCKET FOR CASE #: 1:13-cv-06326-TPG)**

We act for the above referenced Hermitage entities. We have recently been made aware that John W. Moscow of your firm and other individual employees have been instructed to represent Prevezon Holdings Ltd ("Prevezon") and named Prevezon individuals in a civil forfeiture case (Cause: 18:981 Civil Forfeiture, Date Filed: 09/10/2013) brought by the U.S. Attorney's Office for Southern District in New York. That case has a direct bearing on our clients' interests and the frauds perpetrated against them in Russia, which ultimately led to the arrest and unlawful killing in police custody of Hermitage's Russian lawyer, Sergei Magnitsky.

Prior to his arrest, Mr Magnitsky worked alongside our clients to expose how an organised Russian criminal enterprise, which includes corrupt Russian government officials and convicted felons, had stolen Hermitage's Russian investment companies and US$230 million worth of taxes that Hermitage had duly paid in Russia. As set out in the complaint filed by the U.S. District Attorney's Office in the Southern District Court of New York, which describes the fraud against our clients in detail, a proportion of the stolen US$230 million of Hermitage tax payments was later comingled with other funds and used to purchase real estate in Manhattan on behalf of various Prevezon Group entities.

Your firm and Mr Moscow were previously engaged by our clients in relation to the frauds perpetrated against them in Russia, and in respect of the identification of the stolen funds during the time when Sergei Magnitsky was still alive. In the context of that instruction Mr Moscow and your firm were specifically involved in the preparation of the filing in the New York District Court which detailed the US$230 million theft and the related frauds. Through that engagement your firm and Mr Moscow came into possession of material, information and knowledge that has direct relevance to the civil forfeiture case brought by the U.S. District Attorney's Office against Prevezon et al, and which affects the interests of our clients and their on-going pursuit of justice. The interests of Prevezon and those individuals defending the current action, who are alleged by the

Brown Rudnick LLP    an international law firm    Boston | Dublin | Hartford | London | New York | Orange County | Providence | Washington, D.C.

Brown Rudnick LLP is a Limited Liability Partnership ("LLP") authorised and regulated by the Solicitors Regulation Authority and registered in England & Wales, No. OC300611. We use the word "partner" to refer to a member of the LLP, or to an employee or consultant with equivalent standing and qualifications. A full list of members, who are either solicitors or registered foreign lawyers, is open to inspection at the registered office, 8 Clifford Street London W1S 2LQ.

brownrudnick.com



U.S. District Attorney's Office to have benefited from the US$230 million proceeds, are necessarily materially adverse to those of Hermitage, which continues to trace the laundered proceeds in order ultimately to seek to identify those responsible for Mr Magnitsky's death and the cover up of the large scale fraud in Russia.

The adverse interests of Prevezon et al to those of our clients immediately place your firm and certain of its members in an actual conflict of interest. Your firm and its members are in possession of material, information and knowledge which should not be available to Prevezon persons, entities or associates. Your firm and its professional employees are under obligation pursuant to the ABA Model Code of Professional responsibility and the New York Rules of Professional Conduct to avoid such conflicts of interest. In particular, we refer you to Rules 1.7 - 1.9, and specifically to Rule 1.9 which states that:

> "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

In the circumstances, it is inappropriate and improper for your firm and/or Mr Moscow to act or to continue to act for Prevezon et al in this matter. Doing so will undoubtedly place your firm and Mr Moscow in breach of your respective professional obligations.

In the light of the matters set our above, we request that you confirm by return that you will recuse your firm from the case immediately. Please be advised that to the extent that you refuse to provide such confirmation, we are instructed to file a declaratory judgment action in court seeking a decree that counsel is disqualified without further recourse to you.

Yours faithfully

*[signature]*

**Brown Rudnick LLP**