# EXHIBIT 3

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:13-cv-06326 |
| Prevezon Holdings Ltd., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Hermitage Global Partners LP c/o National Corporate Research, Ltd.
615 South Dupont Hwy
Dover, DE 19901

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

The documents listed in Exhibit A, and the subject matter of the Complaint, attached hereto as Exhibit B.

| Place: Baker Botts L.L.P., The Warner, 1299 Pennsylvania Ave., NW, Washington, D.C. 20004-2400 | Date and Time: 05/02/14 9:00 A.M. |
|---|---|

The deposition will be recorded by this method: Video, audio, and stenographic recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The documents listed in Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/16/14

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* / *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Prevezon Holdings et al. , who issues or requests this subpoena, are:
Seth Taube, seth.taube@bakerbotts.com, 212.408.2655

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:13-cv-06326

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Documents to be Produced**

**DEFINITIONS**

The definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules for the United States District Court for the Southern District of New York ("Local Civil Rules") shall apply. This includes the definitions of the terms "communication," "identify," "person," and "concerning," and the rules of construction of the terms "any," "all," "each," "and," "or," and numbers. In addition, the following definitions shall apply herein except where otherwise indicated by words or context.

1. The term "you," and "your" refer to William Browder; any corporation directly or indirectly controlled by William Browder; Starcliff, S.A.; Starcliff & Partners LP; Hermitage Capital Management Limited; Hermitage Capital Management (UK) Limited; Hermitage Capital LLP; Hermitage Finance Limited; the Hermitage Fund; Hermitage Global Partners LP; the Hermitage Global Fund; any fund advised by you; all predecessor and successor companies of the above entities; all related entities; your representatives; or any person acting or purporting to act on your behalf, including all Affiliated Persons as defined below.

2. The term "Affiliated Persons" includes all employees, consultants, agents, representatives, or persons acting on your behalf.

3. The term "Complaint" refers to the civil complaint filed in this matter against the Defendants, attached as Exhibit B.

4. The term "document" shall include any document or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. The term "document" shall further include any document or electronically stored information in the possession, custody, or control of the responding party, including documents in the possession or custody of Hermitage Capital Management Limited, Starcliff S.A., or any other affiliated entity (whether located in the United States or abroad), but subject to the control of the responding party—that is, where the responding party has the right, authority, or practical ability to obtain such documents or electronically stored information.

## INSTRUCTIONS

1. Any document produced in response to this subpoena should be produced in full, complete, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form, if practicable.

2. Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information available in such different form, provided that the information requested is readily intelligible in such different form made available by you.

3. Whenever a Request calls for 'documents sufficient to' provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

Active 15232662.3                               2

4.      Each Request should be construed so as to make the Request inclusive rather than exclusive.  Thus, for example, in addition to the rules of construction set forth in Local Civil Rule 26.3(d), words importing the masculine gender may be applied to females and vice versa.

5.      If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

6.      If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the information specified in Local Civil Rule 26.2 in writing at the time of your response to these Requests.

7.      Unless otherwise specified below, the relevant time period for the following Requests is from January 1, 2005, to the present.

8.      In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case.  If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

## DOCUMENT REQUESTS

You are hereby requested to produce the following:

1. All documents, including bank records, related to your tracing of the proceeds from the Russian tax refund fraud alleged in the Complaint, or any portion thereof, including but not limited to documents relating to your tracing of the proceeds to Defendants' New York real estate identified in the Complaint.

2. All documents, including pleadings, testimony, written evidence, and court orders and opinions, related to any conviction or finding of liability against you by any court or ministry of the Russian Federation.

3. All tax returns and supporting documentation of Dalniaya Step and Saturn Investments for the period 1995 to 2007, and any and all documents related to investments by you and/or either company in the Kalmykia republic or region during that same period.

4. All documents sent by you to investors or potential investors describing the tax rate or rates paid by you in Russia.

5. Your tax returns for the years 2005 through the present.

6. All documents, including but not limited to pleadings, evidencing any civil or criminal proceeding brought against you in any jurisdiction.

7. All documents constituting, reflecting or relating to Dmitry Baranovsky, including but not limited to and any communications between you and Dmitry Baranovsky or any agent of Dmitry Baranovsky.

8. All documents constituting, reflecting or relating to communications between you and the Russian newspaper Novaya Gazeta, or any contributor, reporter, or agent thereof.

9. All documents constituting, reflecting or relating to communications between you and the Organized Crime and Corruption Reporting Project, or any member, contributor, reporter, or agent thereof.

10. All documents that are related to the subject matter of the Complaint provided by you to any officer or agent of the United States government.

11. All documents that are related to the subject matter of the Complaint or provided to you by any officer or agent of the United States government.

12. All documents provided by you to any officer or agent of the Swiss government that are related to the subject matter of the Complaint.

13. All documents provided to you by any officer or agent of the Swiss government that are related to the subject matter of the Complaint.

14. All documents provided to you by any officer or agent of the Russian, United Kingdom, Cypriot, Guernsey, and British Virgin Islands governments that are related to the subject matter of the Complaint.

15. All documents provided by you to any officer or agent of the Russian, United Kingdom, Cypriot, Guernsey, and British Virgin Islands governments that are related to the subject matter of the Complaint.

16. All documents constituting, reflecting or relating to any trading in Gazprom stock by you or anyone you have worked with, including all documents related to obtaining prices applicable to local buyers for those purchases.

17. All documents constituting, reflecting or relating to the subject matter of the Complaint that support statements, allegations, or materials that you have published on any website, including but not limited to http://russian-untouchables.com.

18. All documents constituting, reflecting or relating to the citizenship and immigration status of William Browder from 2005 through the present, including complete copies of all passports held by William Browder during that time period, and all documents regarding William Browder's relinquishment or renunciation of US citizenship.

19. All registrations and reports filed by you, including by your agents, regarding your lobbying efforts, including all registrations and reports filed under the Foreign Agent Registration Act, the Lobbying Disclosure Act, or any similar Act or regulation.

20. All reports and other documents related to any lobbying of or other contact with any member of U.S. Congress, the U.S. Department of Justice, and/or the U.S. Attorney's Office for the Southern District of New York, by you and/or the Ashcroft Group (or any other lobbying firm retained by you and/or working with the Ashcroft Group at your request), including but not limited to documents regarding the Sergei Magnitsky Rule of Law Accountability Act of 2012, the Magnitsky List, and/or this civil forfeiture and money laundering action.

21. All documents received by you in response to your applications under 28 U.S.C. § 1782.

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:13-cv-06326 |
| Prevezon Holdings Ltd., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: William Browder, Director of Hermitage Global Partners LP, c/o National Corporate Research, Ltd. 615 South Dupont Hwy., Dover, DE 19901
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
The documents listed in Exhibit A, and the subject matter of the Complaint, attached hereto as Exhibit B.

| Place: Baker Botts L.L.P., The Warner, 1299 Pennsylvania Avenue, NW, Washington, D.C. 20004-2400 | Date and Time: 05/28/2014 9:00 am |
|---|---|

The deposition will be recorded by this method: Video, audio, and stenographic recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: The documents listed in Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/05/2014

_____           _____
*CLERK OF COURT*                     OR    *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Prevezon Holdings et al._____, who issues or requests this subpoena, are:
Seth Taube, seth.taube@bakerbotts.com, 212-408-2655

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:13-cv-06326

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:13-cv-06326-VEC-ADocDocument 215-12 Filed 06/22/14 Page 13 of 19

Case 1:13-cv-06326-VEC-AJP Document 215-26 Filed 05/29/14 Page 14 of 19
Case 1:13-cv-06326-TPG Document 215-22 Filed 06/19/14 Page 14 of 19

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Documents to be Produced

### DEFINITIONS

The definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules for the United States District Court for the Southern District of New York ("Local Civil Rules") shall apply. This includes the definitions of the terms "communication," "identify," "person," and "concerning," and the rules of construction of the terms "any," "all," "each," "and," "or," and numbers. In addition, the following definitions shall apply herein except where otherwise indicated by words or context.

1. The term "you," and "your" refer to William Browder; any corporation directly or indirectly controlled by William Browder; Starcliff, S.A.; Starcliff & Partners LP; Hermitage Capital Management Limited; Hermitage Capital Management (UK) Limited; Hermitage Capital LLP; Hermitage Finance Limited; the Hermitage Fund; Hermitage Global Partners LP; the Hermitage Global Fund; any fund advised by you; all predecessor and successor companies of the above entities; all related entities; your representatives; or any person acting or purporting to act on your behalf, including all Affiliated Persons as defined below.

2. The term "Affiliated Persons" includes all employees, consultants, agents, representatives, or persons acting on your behalf.

3. The term "Complaint" refers to the civil complaint filed in this matter against the Defendants, attached as Exhibit B.

4. The term "document" shall include any document or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. The term "document" shall further include any document or electronically stored information in the possession, custody, or control of the responding party, including documents in the possession or custody of Hermitage Capital Management Limited, Starcliff S.A., or any other affiliated entity (whether located in the United States or abroad), but subject to the control of the responding party—that is, where the responding party has the right, authority, or practical ability to obtain such documents or electronically stored information.

## INSTRUCTIONS

1. Any document produced in response to this subpoena should be produced in full, complete, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form, if practicable.

2. Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information available in such different form, provided that the information requested is readily intelligible in such different form made available by you.

3. Whenever a Request calls for 'documents sufficient to' provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

4.      Each Request should be construed so as to make the Request inclusive rather than exclusive.  Thus, for example, in addition to the rules of construction set forth in Local Civil Rule 26.3(d), words importing the masculine gender may be applied to females and vice versa.

5.      If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

6.      If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the information specified in Local Civil Rule 26.2 in writing at the time of your response to these Requests.

7.      Unless otherwise specified below, the relevant time period for the following Requests is from January 1, 2005, to the present.

8.      In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case.  If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

**DOCUMENT REQUESTS**

You are hereby requested to produce the following:

Active 15232662.3                                3

1. All documents, including bank records, related to your tracing of the proceeds from the Russian tax refund fraud alleged in the Complaint, or any portion thereof, including but not limited to documents relating to your tracing of the proceeds to Defendants' New York real estate identified in the Complaint.

2. All documents, including pleadings, testimony, written evidence, and court orders and opinions, related to any conviction or finding of liability against you by any court or ministry of the Russian Federation.

3. All tax returns and supporting documentation of Dalniaya Step and Saturn Investments for the period 1995 to 2007, and any and all documents related to investments by you and/or either company in the Kalmykia republic or region during that same period.

4. All documents sent by you to investors or potential investors describing the tax rate or rates paid by you in Russia.

5. Your tax returns for the years 2005 through the present.

6. All documents, including but not limited to pleadings, evidencing any civil or criminal proceeding brought against you in any jurisdiction.

7. All documents constituting, reflecting or relating to Dmitry Baranovsky, including but not limited to and any communications between you and Dmitry Baranovsky or any agent of Dmitry Baranovsky.

8. All documents constituting, reflecting or relating to communications between you and the Russian newspaper Novaya Gazeta, or any contributor, reporter, or agent thereof.

9. All documents constituting, reflecting or relating to communications between you and the Organized Crime and Corruption Reporting Project, or any member, contributor, reporter, or agent thereof.

10. All documents that are related to the subject matter of the Complaint provided by you to any officer or agent of the United States government.

11. All documents that are related to the subject matter of the Complaint or provided to you by any officer or agent of the United States government.

12. All documents provided by you to any officer or agent of the Swiss government that are related to the subject matter of the Complaint.

13. All documents provided to you by any officer or agent of the Swiss government that are related to the subject matter of the Complaint.

14. All documents provided to you by any officer or agent of the Russian, United Kingdom, Cypriot, Guernsey, and British Virgin Islands governments that are related to the subject matter of the Complaint.

15. All documents provided by you to any officer or agent of the Russian, United Kingdom, Cypriot, Guernsey, and British Virgin Islands governments that are related to the subject matter of the Complaint.

16. All documents constituting, reflecting or relating to any trading in Gazprom stock by you or anyone you have worked with, including all documents related to obtaining prices applicable to local buyers for those purchases.

17. All documents constituting, reflecting or relating to the subject matter of the Complaint that support statements, allegations, or materials that you have published on any website, including but not limited to http://russian-untouchables.com.

18. All documents constituting, reflecting or relating to the citizenship and immigration status of William Browder from 2005 through the present, including complete copies of all passports held by William Browder during that time period, and all documents regarding William Browder's relinquishment or renunciation of US citizenship.

19. All registrations and reports filed by you, including by your agents, regarding your lobbying efforts, including all registrations and reports filed under the Foreign Agent Registration Act, the Lobbying Disclosure Act, or any similar Act or regulation.

20. All reports and other documents related to any lobbying of or other contact with any member of U.S. Congress, the U.S. Department of Justice, and/or the U.S. Attorney's Office for the Southern District of New York, by you and/or the Ashcroft Group (or any other lobbying firm retained by you and/or working with the Ashcroft Group at your request), including but not limited to documents regarding the Sergei Magnitsky Rule of Law Accountability Act of 2012, the Magnitsky List, and/or this civil forfeiture and money laundering action.

21. All documents received by you in response to your applications under 28 U.S.C. § 1782.