**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7220**

WRITER'S EMAIL ADDRESS
**faithgay@quinnemanuel.com**

October 31, 2017

**VIA ECF**

Hon. William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     <u>United States v. Prevezon Holdings, Ltd., et al.</u>, 13 Civ. 6326 (WHP)

Dear Judge Pauley:

We write in response to the Government's letter of October 30, 2017 (Dkt. 735), which requested a pre-motion conference or briefing schedule for a motion to enforce the parties' settlement agreement, which was signed and entered by this Court on May 15, 2017 (Dkt. 716 (the "Settlement Agreement")). Defendants do not believe any payment is presently due under the Settlement Agreement, but concur with the Government's request that the Court either schedule a pre-motion conference or set a briefing schedule so that the issue may be resolved.

Pursuant to the protective orders in this case, on January 22, 2014, the Government secured the restraint by the Government of the Netherlands of a debt of 3,068,946 Euros owed by AFI Europe N.V. to defendant Prevezon Holdings (the "AFI Europe Debt"). (*See* Dkt. 735.) The parties settled the case on May 15, 2017. The Settlement Agreement required that the Government request that the Government of the Netherlands lift the restraint of the AFI Europe Debt. (Dkt. 716 at ¶ 3.) The Settlement Agreement further provided that "15 business days [after] the release by the Government of the Netherlands of the AFI Europe Debt," defendant Prevezon Holdings agreed to pay $5,896,333.65 to the Government, following which the Government's restraints on Defendants' properties in the United States would be dissolved. (*Id.* at ¶ 4.)

On October 10, 2017, the Government informed the Defendants that the Government of the Netherlands had agreed to release the U.S.-requested hold on the AFI Europe Debt but had simultaneously imposed its own hold on those funds. The hold imposed by the Netherlands was based on a money laundering complaint against Prevezon Holdings and AFI Europe that had

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

been filed in the Netherlands by Hermitage Capital Management, the same William Browder-managed entity that instigated this action. Defendants had no knowledge of these facts until they were informed of them by the Government on October 10, 2017. The Government has declined to say when it learned of the Dutch investigation or the Netherlands' intent to impose its own restraint on the AFI Europe Debt, but the complaint that is the basis for the Netherlands investigation was filed on May 16, 2017 – the day after the Settlement Agreement in this case.

In light of these facts, Defendants do not believe any payment under the Settlement Agreement is presently due. The Settlement Agreement requires payment to the Government "15 business days [after] the release by the Government of the Netherlands of the AFI Europe Debt" (Dkt. 716 at ¶ 4), and there has been no such release. In light of the Government's position that payment is due, Prevezon concurs with the Government's request for a pre-motion conference or a briefing schedule for an anticipated motion. However, Prevezon respectfully requests that the Court order a briefing schedule that affords the parties an equal amount of time to file motion and opposition papers and thus proposes the following schedule:

- Motions due November 30, 2017
- Oppositions due December 29, 2017
- Replies due January 15, 2018

Finally, because of the importance of this matter and the unusual circumstances of this case, if this Court wishes to hear pre-motion argument from the parties regarding the parties' positions, Defendants wish to appear for any such conference in person as well as by counsel. As such, Defendants respectfully request that this Court direct the Government to seek immigration parole (or any other necessary temporary immigration status) to permit Defendants' representatives Denis Katsyv and Natalia Veselnitskaya to attend Court proceedings.

Very truly yours,

*/s/ Faith Gay*

Faith Gay