```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------x
                                              :
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
                         Plaintiff,           :    No. 13-cv-6326 (WHP)
                                              :
            v.                                :    MEMORANDUM & ORDER
                                              :
PREVEZON HOLDINGS, LTD., et al.,              :
                                              :
                         Defendants.          :
                                              :
                                              :
----------------------------------------------x
```

WILLIAM H. PAULEY III, United States District Judge:

        In May 2017, on the eve of trial, the parties settled this civil forfeiture action for approximately $5.9 million. Absent settlement, the trial would have showcased a tale of international intrigue—a massive tax fraud in Russia resulting in the transfer of $230 million through a Byzantine web of shell companies. In view of recent revelations regarding Russia's outsized influence, there may have been more to this money laundering case than a few luxury condominiums at 20 Pine Street.

        Six months later, Prevezon refuses to pay, and the Government seeks to re-open the case to enforce the parties' settlement agreement. A pre-motion conference is scheduled for November 9, 2017. (ECF No. 737.) In anticipation of that conference, Prevezon made a supplemental request seeking an order from this Court directing the Government to offer temporary immigration parole to its principal, Denis Katsyv, and its lawyer, Natalia Veselnitskaya. (ECF No. 736.)

The authority to grant temporary immigration parole arises under Immigration and Nationality Act, 8 U.S.C. § 1182. Section 212(d) provides that the Attorney General may "in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Charged with the responsibility for the administration and enforcement of the nation's laws pertaining to immigration and naturalization, the Attorney General enjoys broad discretion in deciding whether to grant the temporary parole request at issue here. "Indeed, section 1182(d)(5) permits the Attorney General to deny parole to all or to certain groups of unadmitted aliens on the ground that he finds no emergent or public interest reasons justifying their release on parole." Bertrand v. Sava, 684 F.2d 204, 212 (2d Cir. 1982).

While such discretion "may not be exercised to discriminate invidiously against a particular race or group or to depart without rational explanation from established polices," there is no reason here to question the Government's "presumptively legitimate and bona fide" decision not to grant parole. Sava, 684 F.2d at 212–13. As an initial matter, Prevezon offers very little, if anything, to justify its request. It asserts that "the importance of this matter and the unusual circumstances of this case" warrant parole to permit its representatives to attend next week's pre-motion conference or any subsequent proceedings. (ECF No. 736, at 2.) Every case, however, is consequential in the eyes of a party that has a vested interest in the outcome. And while the external circumstances surrounding this case may make it unusual, the subject matter of the Government's anticipated motion is no more unique than any other case in which a party seeks to excuse its performance under a settlement agreement.

Further, that the Government has previously exercised its discretion to grant or deny parole at different stages in this action only bolsters the "presumptive legitimacy of [its] discretionary decisions." Sava, 684 F.2d at 218. As the Government notes in its letter dated November 2, 2017, it granted parole "for periods when necessary to facilitate the provision of live testimony by witnesses," including Katsyv, who was deposed in 2015 and early 2016. Veselnitskaya also was paroled to assist foreign witnesses in preparing their testimony. (ECF No. 738, at 2.) These decisions are wholly supported by the statute authorizing temporary parole. See 8 C.F.R. § 212.5(b).

By contrast, in March 2016, the Government denied the parole request for Katsyv and Veselnitskaya to prepare with U.S. counsel Prevezon's appeal of the district court's decision to disqualify its then-counsel. The Government also refused to parole Katsyv and Veselnitskaya to permit them to attend the oral argument on Prevezon's appeal at the Second Circuit. (ECF No. 738, Ex. A.) The Government in its discretion determined that in-person meetings with counsel or attendance at oral argument do not justify the exercise of its immigration parole authority. Nor do they serve any statutory purpose for which temporary parole may be granted.

The same result is warranted here. Next week's conference is merely an opportunity for each party to summarize its position and for this Court to enter a briefing schedule for the Government's anticipated motion to enforce the settlement agreement. And to the extent that this Court permits oral argument on the motion at some point in the future, it is difficult to imagine how a denial of temporary parole for that argument differs from the Government's refusal to parole Katsyv and Veselnitskaya for argument in the Second Circuit regarding the disqualification of their previous counsel. Absent "strong proof" that the Government's decision was made "irrationally or in bad faith," this Court sees no basis to

interfere with a decision that sits squarely within the purview of the Executive Branch. <u>Sava</u>, 684 F.2d at 213.

Accordingly, Prevezon's supplemental request seeking an order directing the Government to grant temporary immigration parole for Denis Katsyv and Natalia Veselnitskaya is denied.

Dated: November 3, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.