# Exhibit 1

| | |
|---|---|
| **From:** | Cymrot, Mark |
| **To:** | Monteleoni, Paul (USANYS) |
| **Cc:** | Moscow, John W.; Seth.Taube@bakerbotts.com |
| **Subject:** | United States v. Prevezon Holding, et al. |
| **Date:** | Monday, May 4, 2015 4:11:15 PM |
| **Attachments:** | Draft Settlement Agreement 050415.pdf |

Paul: As you discussed with John Moscow, we are submitted a written settlement offer. You have agreed to keep this offer confidential and, in particular, not to disclose the offer or the fact of the offer to William Browder.

If you have any questions, please give me a call. John is traveling this week.

We look forward to hearing from you.

Regards,

Mark

**Mark A. Cymrot** | **BakerHostetler**
Washington Square | 1050 Connecticut Avenue, N.W., Suite 1100 | Washington, D.C. 20036-5304
T 202.861.1677 | F 202.861.1783
mcymrot@bakerlaw.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

DRAFT/CONFIDENTIAL
FOR SETTLEMENT PURPOSES ONLY
5/4/2015

## SETTLEMENT AGREEMENT

This Settlement agreement (this "Settlement Agreement") is executed the ____ day of May, 2015, by and between the United States of America ("United States") and Defendants (as defined below) in settlement of the action in *United States of America v. Prevezon Holdings, Ltd., et al*, Case No. 13 Civ. 6326 (TPG), pending in the Southern District of New York (the "Lawsuit").

1. **DEFINITIONS**

    a. "Defendants" means, collectively, the *in personam* and *in rem* defendants named in the Lawsuit.

    The *in personam* defendants ("*in personam* Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon SOHO USA, LLC ("Prevezon SOHO"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011").

    The *in rem* defendants ("*in rem* Defendants") are as follows:

    - All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816").

    - Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander (the "Prevezon Alexander Account").

    - Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon SOHO (the "Prevezon SOHO Account").

    - Any and funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven (the "Prevezon Seven Account").

    - Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 (the "Prevezon 1711 Account").

- Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 (the "Prevezon 2009 Account").

- Any and all funds on deposit in Bank of America account number **********8242 held in the name of Prevezon Pine (the "Prevezon Pine Account").

- Any and all funds on deposit in Bank of America account number **********5882 held in the name of Prevezon 2011 (the "Prevezon 2011 Account").

- Any and all funds on deposit in Bank of America account number **********9128 held in the name of Prevezon 1810 (the "Prevezon 1810 Account").

- Approximately $1,379,518.90 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds").

- Approximately $4,429,019.44 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds").

- Approximately $1,046,530.07 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds").

- Approximately $849,026.21 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds").

- A debt of 3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

b. "Claims" means, collectively, the following claims filed in the Lawsuit on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon SOHO Account, (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308

Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street, Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816.  (Docket Item 196 in the Lawsuit)

- The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds.  (Docket Item 197 in the Lawsuit)

- The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816.  (Docket Item 198 in the Lawsuit)

- The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon SOHO Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account.  (Docket Item 199 in the Lawsuit)

- The claim of Prevezon 1810 in the Prevezon 1810 Account.  (Docket Item 200 in the Lawsuit)

- The claim of Prevezon Alexander in the Prevezon Alexander Account and the 250 East 49th Street, Unit Comm3 Sale Proceeds.  (Docket Item 201 in the Lawsuit)

- The claim of Martash Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon SOHO Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt.  (Docket Item 202 in the Lawsuit)

- The claim of Prevezon 2009 in (1) the Prevezon 2009 Account and the 20 Pine Street, Unit 2009 Sale Proceeds.  (Docket Item 203 in the Lawsuit)

- The claim of Prevezon Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon SOHO Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009

    Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt.  (Docket Item 204 in the Lawsuit)

- The claim of Prevezon Pine in the Prevezon Pine Account and the 20 Pine Street, Unit 2308 Sale Proceeds.  (Docket Item 205 in the Lawsuit)

- The claim of Prevezon SOHO in the Prevezon Seven Account.  (Docket Item 206 in the Lawsuit)

- The claim of Prevezon Pine in the Prevezon SOHO Account.  (Docket Item 207 in the Lawsuit)

 c. "Amended Protective Order" means Amended Protective Order issued on November 5, 2014, in the Lawsuit as Docket Item 173.

 d. "Magnitsky Law" means the Sergei Magnitsky Rule of Law Accountability Act of 2012, Public Law 112-208-Dec. 14, 2012.

 e. "Restrained Properties" mean the *in rem* Defendants, as defined above.

 f. "United States," "Government" or "Plaintiff" means the United States of America.

**2. TERMS**

 **NOW, THEREFORE**, for valuable consideration, including the promises as set forth below, the Parties agree as follows:

 a. The Government and Defendants shall stipulate in accordance with the form of stipulation attached as Exhibit A:

  1. To the dismissal of the Lawsuit against all Defendants with prejudice;

  2. Consent to all Claims; and

  3. Consent to the vacation of the Amended Protective Order and release of all Restrained Properties.

 b. The Government shall obtain the release of all property of Defendants currently frozen in the Netherlands and any other properties that are or may be restrained as a result of this Lawsuit and the Amended Protective Order.

 c. For the purpose of settlement only, Defendants will make a payment to the United States in the amount of the proceeds of the sale of 20 Pine Street, Unit 1816 plus US$400,000.  The Government and Defendants hereby agree that this Agreement is for the purposes of settlement only and nothing in this Agreement, nor any act (including, but not limited to, the execution of this Agreement and/or fulfillment of

the consideration for this Agreement) of any party hereto, nor any transaction occurring between any parties hereto prior to the date hereof, is or shall be treated, construed or deemed as an admission by Defendants, Claimants or Denis Katsyv, Alexander Litvak or Timofey Krit for any purpose whatsoever, all such liability, fault, responsibility and wrongdoing of any kind being expressly denied by Defendants, Claimants, Denis Katsyv, Alexander Litvak, Timofey Krit, and they specifically deny that the events described in the Amended Complaint as to them occurred as described therein.

d. Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaint or the Amended Complaint or of any defenses to those claims.

e. The Government acknowledges that Defendants, Denis Katsyv, Alexander Litvak and Timofey Krit believe now and have always known in good faith and with good cause that the funds the United States sought to forfeit are unrelated to any of the events described in the Amended Complaint or in the Novaya Gazeta article of August 2012 which the Complaint quotes, and they deny any allegation that suggests funds came to them from any unlawful source.

f. The Government represents that it has no credible information that any of Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit is responsible, directly or indirectly, for any of the events described in the Magnitsky Law and that they have not acted as an agent of, on behalf of or in agreement with a person in a matter relating to any activity described in the Magnitsky Law. The Government further acknowledges that by making this Agreement, Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit are not admitting that any of the events or activities described in the Magnitsky Law occurred as described therein. The Government shall if requested by the Defendants provide the representations in this subparagraph d to any other branch, department or agency of the United States and to any other government or court.

g. The Government hereby releases all Defendants, Claimants and their current and former subsidiaries, affiliates, predecessors, successors, assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak and Timofey Krit ("Released Parties") from any and all claims, contracts, demands, actions, suits, causes of action, damages, and other liabilities of whatever kind, including without limitation costs, expenses, penalties, and attorneys' fees, whether known or unknown, in law or equity, under any law whatsoever, and in any jurisdiction whatsoever, arising from any conduct regardless of when or where it has occurred or may occur concerning, arising out of, resulting from, or in any way relating the allegations in the Amended Complaint herein or the facts and matters pleaded in this lawsuit or that could have been pleaded in this

5

lawsuit, or any actions taken by or on behalf of any the Released Parties in connection with any claim or matter released herein.

h. The Defendants, Claimants, Denis Katsyv, Alexander Litvak and Timofey Krit hereby release the Government and its current and former predecessors, successors, assigns, and its current and former officers, employees, agents, heirs, administrators, representatives, attorneys, and managers ("Government Released Parties") from any and all claims, contracts, demands, actions, suits, causes of action, damages, and other liabilities of whatever kind, including without limitation costs, expenses, penalties, and attorneys' fees, whether known or unknown, in law or equity, under any law whatsoever, and in any jurisdiction whatsoever, arising from any conduct regardless of when or where it has occurred or may occur concerning, arising out of, resulting from, or in any way relating the allegations in the Amended Complaint herein or the facts and matters pleaded in this lawsuit or that could have been pleaded in this lawsuit, or any actions taken by or on behalf of any the Government Released Parties in connection with any claim or matter released herein; provided however, that this release shall not become effective until the Government has obtained the release of property as set forth in paragraph 2(b) herein.

i. This Lawsuit, including all initial disclosures and discovery, shall continue until the parties have executed a written settlement agreement, at which time discovery shall be suspended but the trial date shall not be continued.  Once all Restrained Properties have been released, including the property restrained in the Netherlands, the Lawsuit shall be dismissed with prejudice.

j. Each party to this Agreement will bear its own costs and attorney's fees.

k. All parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Agreement or the attached Stipulation and Order.

3. **MISCELLANEOUS PROVISIONS**

   a. Counterparts. This Settlement Agreement may be signed in counterparts, each of which shall be an original with the same force and effect as if the signatures hereto were upon the same instrument.  Each signature upon the Settlement Agreement or any document executed in connection herewith, including, but not limited to, the Releases, must be notarized.

   b. Entire Agreement. This Agreement expresses the entire understanding between the Parties relating and cannot be modified except by a writing signed by all Parties, and shall be binding upon the successors and assigns of the Parties.

   c. Authorized Signatures.  The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

d. <u>Governing Law and Venue</u>. Regardless of its place of physical execution or performance, the provisions of this Agreement shall in all respects be construed according to, and the rights and liabilities of the parties hereto shall in all respects be governed by applicable United States federal law and the laws of the State of New York.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first written above.

PREET BHARARA
United States Attorney
Attorney for the Plaintiff
United States of America

By: _____  Date:
    Paul M. Monteleoni
    Andrew C. Adams
    Margaret S. Graham
    Jaimie L. Nawaday
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel. No.: 212-2219-2340

Prevezon Holdings Ltd.
Prevezon Alexander, LLC
Prevezon SOHO USA, LLC
Prevezon Seven USA, LLC
Prevezon Pine USA, LLC
Pevezon 1711 USA, LLC
Prevezon 1810, LLC
Prevezon 2009 USA, LLC
Prevezon 2011 USA, LLC

By: _____  Date:

Ferencoi Investments, Ltd.

_____  Date:

Kolevins, Ltd.

_____

8