# Exhibit 2

| | |
|---|---|
| **From:** | Cymrot, Mark |
| **To:** | Monteleoni, Paul (USANYS) |
| **Cc:** | Moscow, John W. |
| **Subject:** | US v. Prevezon |
| **Date:** | Wednesday, May 20, 2015 4:55:49 PM |
| **Attachments:** | Draft Settlement Agreement 051515.DOCX |

Paul: As we discussed on the phone, we are attaching the next version of a draft settlement agreement. This draft has not been approved by our clients because the translation of multiple versions has become cumbersome and time-consuming.

Please let us know what you think.

Regards

Mark

### Mark A. Cymrot | BakerHostetler

Washington Square | 1050 Connecticut Avenue, N.W., Suite 1100 | Washington, D.C. 20036-5304

T 202.861.1677 | F 202.861.1783

mcymrot@bakerlaw.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

DRAFT/CONFIDENTIAL<br>
FOR SETTLEMENT PURPOSES ONLY<br>
5/20/2015

## SETTLEMENT AGREEMENT

This Settlement agreement (this "Settlement Agreement") is executed the ____ day of May, 2015, by and between the United States of America ("United States") and Defendants (as defined below) in settlement of the action in *United States of America v. Prevezon Holdings, Ltd., et al*, Case No. 13 Civ. 6326 (TPG), pending in the Southern District of New York (the "Lawsuit").

1. **DEFINITIONS**.  The following terms shall have the definitions set forth herein:

    1.1 "Defendants" means, collectively, the *in personam* and *in rem* defendants named in the Lawsuit.

    The *in personam* defendants ("*in personam* Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon SOHO USA, LLC ("Prevezon SOHO"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011").

    The *in rem* defendants ("*in rem* Defendants") are as follows:

    - All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816").

    - Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander (the "Prevezon Alexander Account").

    - Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon SOHO (the "Prevezon SOHO Account").

    - Any and funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven (the "Prevezon Seven Account").

    - Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 (the "Prevezon 1711 Account").

- Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 (the "Prevezon 2009 Account").

- Any and all funds on deposit in Bank of America account number **********8242 held in the name of Prevezon Pine (the "Prevezon Pine Account").

- Any and all funds on deposit in Bank of America account number **********5882 held in the name of Prevezon 2011 (the "Prevezon 2011 Account").

- Any and all funds on deposit in Bank of America account number **********9128 held in the name of Prevezon 1810 (the "Prevezon 1810 Account").

- Approximately $1,379,518.90 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds").

- Approximately $4,429,019.44 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds").

- Approximately $1,046,530.07 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds").

- Approximately $849,026.21 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds").

- A debt of 3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

1.2 "Claims" means, collectively, the following claims filed in the Lawsuit on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon SOHO Account, (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308 Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street, Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816.  (Docket Item 196 in the Lawsuit)

- The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds.  (Docket Item 197 in the Lawsuit)

- The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816.  (Docket Item 198 in the Lawsuit)

- The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon SOHO Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account.  (Docket Item 199 in the Lawsuit)

- The claim of Prevezon 1810 in the Prevezon 1810 Account.  (Docket Item 200 in the Lawsuit)

- The claim of Prevezon Alexander in the Prevezon Alexander Account and the 250 East 49th Street, Unit Comm3 Sale Proceeds.  (Docket Item 201 in the Lawsuit)

- The claim of Martash Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon SOHO Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt.  (Docket Item 202 in the Lawsuit)

- The claim of Prevezon 2009 in (1) the Prevezon 2009 Account and the 20 Pine Street, Unit 2009 Sale Proceeds.  (Docket Item 203 in the Lawsuit)

- The claim of Prevezon Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon SOHO Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account,

      (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt.  (Docket Item 204 in the Lawsuit)

- The claim of Prevezon Pine in the Prevezon Pine Account and the 20 Pine Street, Unit 2308 Sale Proceeds.  (Docket Item 205 in the Lawsuit)

- The claim of Prevezon SOHO in the Prevezon Seven Account.  (Docket Item 206 in the Lawsuit)

- The claim of Prevezon Pine in the Prevezon SOHO Account.  (Docket Item 207 in the Lawsuit)

1.3 "AFI Europe Debt" means the debt owed by AFI Europe to Prevezon Holdings LLP that has been restrained in the Netherlands pursuant to a request from the Government.

1.4 "Amended Protective Order" means Amended Protective Order issued on November 5, 2014, in the Lawsuit as Docket Item 173.

1.5 "Magnitsky Law" means the Sergei Magnitsky Rule of Law Accountability Act of 2012, Public Law 112-208-Dec. 14, 2012.

1.6 "Restrained Properties" mean the *in rem* Defendants, as defined above.

1.7 "United States," "Government" or "Plaintiff" means the United States of America.

2. **TERMS**.  NOW, THEREFORE, for valuable consideration, including the promises as set forth below, the Parties agree as follows:

2.1 Upon execution of this Agreement, *in personam* Defendants shall pay into escrow for the benefit of the United States the amount of US$1,500,000 as a contribution to the Government's claim in the Amended Complaint for costs and disbursements (the "Payment"); this Payment is for settlement purposes only and no part of this Payment shall be deemed to have been made in connection with the Government's claims for forfeiture or civil money penalties.

2.2 Upon receipt into escrow of the Payment, the Government shall inform the Government of the Netherlands that this matter has been settled, the Government has accepted the Claims for release of the Restrained Properties, and that the Government withdraws any request for the Government of Netherlands to continue to restrain the AFI Europe Debt, and shall request that the Government of the Netherlands lift the restraint of the AFI Europe Debt that had been implemented at the request of the United States, and the Amended Protective Order shall be deemed modified to allow the release of the AFI Europe Debt; provided, however, that this Lawsuit shall not be suspended and the trial date shall not be continued until the Government of Netherlands releases the AFI Europe Debt unconditionally, and if the Government of Netherlands does not release the AFI

4

    Europe Debt unconditionally within thirty (30) days of this Agreement, the Agreement shall be null and void and without any further legal effect, the escrowed Payment shall be released and this Lawsuit shall proceed as if no Agreement had been made.

2.3 Upon the unconditional release of the AFI Europe Debt by the Government of Netherlands, the Government and Defendants shall file with the Court a Stipulation and Order in accordance with the form attached as Exhibit A agreeing to:

    a. The dismissal of the Lawsuit with prejudice;

    b. The approval by the Court of all Claims; and

    c. The vacation of the Amended Protective Order and release of all Restrained Properties to the *in personam* Defendants.

2.4 Upon execution of the Stipulation and Order by the Court, this Lawsuit shall be dismissed with prejudice, all Restrained Properties shall be promptly released to the *in personam* Defendants, and the escrowed Payment shall be transferred to the United States pursuant to 28 U.S.C. § 516, and the funds shall be disposed of in accordance with law.

3. Settlement Only.

    3.1 The Government and Defendants hereby agree that this Agreement and the Stipulation and Order is for the purposes of settlement only and nothing in this Agreement, nor any act (including, but not limited to, the execution of this Agreement and/or fulfillment of the consideration for this Agreement) of any party hereto, nor any transaction occurring between any parties hereto prior to the date hereof, is or shall be treated, construed or deemed as an admission by Defendants, Claimants or Denis Katsyv, Alexander Litvak or Timofey Krit for any purpose whatsoever, all such liability, fault, responsibility and wrongdoing of any kind being expressly denied by Defendants, Claimants, Denis Katsyv, Alexander Litvak, Timofey Krit, and they specifically deny that the events described in the Amended Complaint as to them occurred as described therein.

    3.2 Pursuant to the laws of the United States, this Agreement and the Stipulation and Order constitute a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaint or the Amended Complaint or of any defenses to those claims.

4. Representations.

    4.1 The Government acknowledges that Defendants, Denis Katsyv, Alexander Litvak and Timofey Krit believe now and have always known in good faith and with good cause that the funds the United States sought to forfeit are unrelated to any of the events described in the Amended Complaint or in the Novaya Gazeta article of August 2012 which the Amended Complaint quotes, and they deny any allegation that suggests funds came to them from any unlawful source.

4.2 The Parties hereby agree that the Government has not alleged that any of *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit is responsible, directly or indirectly, for any of the events described in the Magnitsky Law, including but not limited to involvement in systematic corrupt practices, the abuse of Sergei Magnitsky, including his repressive arrest, torture in custody and death, or the criminal conspiracy he uncovered, and they have not acted as an agent of, on behalf of or in agreement with a person in a matter relating to any activity described in the Magnitsky Law.  The Parties further acknowledge that by making this Agreement, *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit are not admitting that any of the events or activities described in the Magnitsky Law occurred as described therein.  The Government shall if requested by the Defendants provide the representations in this Paragraph 6 to any other branch, department or agency of the United States and to any other government or court.

5. <u>Releases</u>.

    5.1 This Stipulation and Order is intended to fully and finally resolve all pending claims made by the U.S. Justice Department in the Lawsuit relating to the Defendants. Accordingly, the U.S. Justice Department hereby releases all Defendants, Claimants and their current and former subsidiaries, affiliates, predecessors, successors, assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak and Timofey Krit ("Released Parties") from any and all claims, contracts, demands, actions, suits, causes of action, damages, and other liabilities of whatever kind, including without limitation costs, expenses, penalties, and attorneys' fees, whether known or unknown, in law or equity, under any law whatsoever, and in any jurisdiction whatsoever, arising from any conduct regardless of when or where it has occurred or may occur concerning, arising out of, resulting from, or in any way relating the allegations in the Amended Complaint herein or the facts and matters pleaded in this lawsuit or that could have been pleaded in this lawsuit, or any actions taken by or on behalf of any the Released Parties in connection with any claim or matter released herein; provided however, that this release shall not become effective until the Court enters the Stipulation and Order provided for in Section 2.4 herein.

    5.2 The Defendants, Claimants, Denis Katsyv, Alexander Litvak and Timofey Krit hereby release the U.S. Justice Department, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, agents, administrators, representatives, attorneys, and managers  ("Government Released Parties") from any and all claims, contracts, demands, actions, suits, causes of action, damages, and other liabilities of whatever kind, including without limitation costs, expenses, penalties, and attorneys' fees, whether known or unknown, in law or equity, under any law whatsoever, and in any jurisdiction whatsoever, arising from any conduct regardless of when or where it has occurred or may occur concerning, arising out of, resulting from, or in any way relating the allegations in the Amended Complaint herein or the facts and matters pleaded in this lawsuit or that could have been pleaded in this lawsuit, or any actions taken by or on behalf of any the Government Released Parties in

6

connection with any claim or matter released herein; provided however, that this release shall not become effective until the Court enters the Stipulation and Order provided for in Section 2.4 herein.

6. <u>Costs and Attorney's Fees</u>.  Except as provided for herein, each party to this Agreement will bear its own costs and attorney's fees.

7. <u>No appeal</u>.  All parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Agreement or the attached Stipulation and Order.

8. <u>Counterparts.</u> This Settlement Agreement and the attached Stipulation and Order may be signed in counterparts, each of which shall be an original with the same force and effect as if the signatures hereto were upon the same instrument.

9. <u>Entire Agreement</u>. This Agreement expresses the entire understanding between the Parties relating and cannot be modified except by a writing signed by all Parties, and shall be binding upon the successors and assigns of the Parties.

10. <u>Authorized Signatures</u>.  The signatories to this Agreement and Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

11. <u>Governing Law and Venue</u>. Regardless of its place of physical execution or performance, the provisions of this Agreement shall in all respects be construed according to, and the rights and liabilities of the parties hereto shall in all respects be governed by applicable United States federal law and the laws of the State of New York.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first written above.

PREET BHARARA
United States Attorney
Attorney for the Plaintiff
United States of America


By: _____  Date:
  Paul M. Monteleoni
  Andrew C. Adams
  Margaret S. Graham
  Jaimie L. Nawaday
  Assistant United States Attorney
  One St. Andrew's Plaza
  New York, New York 10007
  Tel. No.: 212-2219-2340


Prevezon Holdings Ltd.

7

606368759.3

Prevezon Alexander, LLC
Prevezon SOHO USA, LLC
Prevezon Seven USA, LLC
Prevezon Pine USA, LLC
Pevezon 1711 USA, LLC
Prevezon 1810, LLC
Prevezon 2009 USA, LLC
Prevezon 2011 USA, LLC


By: _____  Date:


Ferencoi Investments, Ltd.


_____  Date:


Kolevins, Ltd.


_____  Date: