Exhibit 4

| | |
|---|---|
| **From:** | Monteleoni, Paul (USANYS) |
| **To:** | "John W. Moscow (jmoscow@bakerlaw.com)"; "Mark A. Cymrot (mcymrot@bakerlaw.com)" |
| **Cc:** | "Seth T. Taube (seth.taube@bakerbotts.com)"; Adams, Andrew (USANYS) 1; Graham, Margaret (USANYS); Nawaday, Jaimie (USANYS); Cowley, Jason (USANYS); Wilson, Alexander (USANYS) 3 |
| **Subject:** | United States v. Prevezon Holdings, 13 Civ. 6326 (TPG) -- confidential settlement communication |
| **Date:** | Sunday, May 24, 2015 2:55:48 PM |
| **Attachments:** | 2015-05-24 Prevezon settlement agreement (sale proceeds).docx |
| | 2015-05-24 Prevezon settlement agreement (new money).docx |

John and Mark –

Attached is a draft settlement agreement based on sale proceeds, as well as a slightly revised version of the agreement based on new money (this corrects a technical error in paragraph 11 to make it conform to the way it was described in my May 22 transmittal email).  We have modified the whereas clauses somewhat, but we cannot eliminate them entirely.  They do not contain anything that is actually disputed or that amounts to any kind of admission, and they are necessary to resolve the case.

We continue to believe that, even if this settlement did pose some level of risk in the Swiss proceedings (which we doubt), that risk would nevertheless be dwarfed by the risk of impact on the Swiss proceedings associated with litigating this case to resolution (even leaving aside the risk of the outcome in this case directly).  Ultimately your client will have to decide, as these proposals are at the outer limits of the flexibility we have in structuring the form of the settlement.

Please let us know your client's position as soon as possible, and in no event later than Monday, June 1.  Please let me know if you have any questions.  Thank you very much.

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | **STIPULATION AND ORDER** |
| | : | |
| - against - | : | No. 13 Civ. 6326 (TPG) |
| | : | |
| PREVEZON HOLDINGS LTD., | : | ECF Case |
| PREVEZON ALEXANDER, LLC, | : | |
| PREVEZON SOHO USA, LLC, | : | |
| PREVEZON SEVEN USA, LLC, | : | |
| PREVEZON PINE USA, LLC, | : | |
| PREVEZON 1711 USA, LLC, | : | |
| PREVEZON 1810, LLC, | : | |
| PREVEZON 2009 USA, LLC, | : | |
| PREVEZON 2011 USA, LLC, | : | |
| FERENCOI INVESTMENTS, LTD., | : | |
| KOLEVINS, LTD., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| ALL RIGHT, TITLE AND INTEREST | : | |
| IN THE REAL PROPERTY AND | : | |
| APPURTENANCES KNOWN AS THE 20 | : | |
| PINE STREET CONDOMINIUM, 20 | : | |
| PINE STREET, NEW YORK, NEW YORK | : | |
| 10005, UNIT 1816 ("20 PINE | : | |
| STREET, UNIT 1816"), | : | |
| | : | |
| ANY AND ALL FUNDS ON DEPOSIT IN | : | |
| BANK OF AMERICA ACCOUNT NUMBER | : | |
| **********8293 HELD IN THE NAME | : | |
| OF PREVEZON ALEXANDER LLC (THE | : | |
| "PREVEZON ALEXANDER ACCOUNT"), | : | |
| | : | |
| ANY AND ALL FUNDS ON DEPOSIT IN | : | |
| BANK OF AMERICA ACCOUNT NUMBER | : | |
| **********8084 HELD IN THE NAME | : | |
| OF PREVEZON SOHO USA LLC (THE | : | |
| "PREVEZON SOHO ACCOUNT"), | : | |
| | : | |
| ANY AND ALL FUNDS ON DEPOSIT IN | : | |
| BANK OF AMERICA ACCOUNT NUMBER | : | |

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

**********6021 HELD IN THE NAME      :
OF PREVEZON SEVEN USA LLC (THE       :
"PREVEZON SEVEN ACCOUNT"),           :
                                     :
ANY AND ALL FUNDS ON DEPOSIT IN      :
BANK OF AMERICA ACCOUNT NUMBER       :
**********8349 HELD IN THE NAME      :
OF PREVEZON 1711 USA, LLC (THE       :
"PREVEZON 1711 ACCOUNT"),            :
                                     :
ANY AND ALL FUNDS ON DEPOSIT IN      :
BANK OF AMERICA ACCOUNT NUMBER       :
**********9102 HELD IN THE NAME      :
OF PREVEZON 2009 USA, LLC (THE       :
"PREVEZON 2009 ACCOUNT"),            :
                                     :
ANY AND ALL FUNDS ON DEPOSIT IN      :
BANK OF AMERICA ACCOUNT NUMBER       :
**********8242 HELD IN THE NAME      :
OF PREVEZON PINE USA, LLC (THE       :
"PREVEZON PINE ACCOUNT"),            :
                                     :
ANY AND ALL FUNDS ON DEPOSIT IN      :
BANK OF AMERICA ACCOUNT NUMBER       :
**********5882 HELD IN THE NAME      :
OF PREVEZON 2011 USA, LLC (THE       :
"PREVEZON 2011 ACCOUNT"),            :
                                     :
ANY AND ALL FUNDS ON DEPOSIT IN      :
BANK OF AMERICA ACCOUNT NUMBER       :
**********9128 HELD IN THE NAME      :
OF PREVEZON 1810 USA, LLC (THE       :
"PREVEZON 1810 ACCOUNT"),            :
                                     :
APPROXIMATELY $1,379,518.90          :
HELD BY THE UNITED STATES AS A       :
SUBSTITUTE RES FOR ALL RIGHT,        :
TITLE AND INTEREST IN THE REAL       :
PROPERTY AND APPURTENANCES           :
KNOWN AS THE 20 PINE STREET          :
CONDOMINIUM, 20 PINE STREET,         :
NEW YORK, NEW YORK 10005, UNIT       :
2009 (THE "20 PINE STREET, UNIT      :
2009 SALE PROCEEDS"),                :
                                     :
APPROXIMATELY $4,429,019.44          :
HELD BY THE UNITED STATES AS A       :

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

SUBSTITUTE RES FOR ALL RIGHT,  :
TITLE AND INTEREST IN THE REAL  :
PROPERTY AND APPURTENANCES  :
KNOWN AS ALEXANDER CONDOMINIUM,  :
250 EAST 49th STREET, NEW YORK,  :
NEW YORK 10017, UNIT COMM3 (THE  :
"250 EAST 49th STREET, UNIT  :
COMM3 SALE PROCEEDS"),  :
  :
APPROXIMATELY $1,046,530.04  :
HELD BY THE UNITED STATES AS A  :
SUBSTITUTE RES FOR ALL RIGHT,  :
TITLE AND INTEREST IN THE REAL  :
PROPERTY AND APPURTENANCES  :
KNOWN AS THE 20 PINE STREET  :
CONDOMINIUM, 20 PINE STREET,  :
NEW YORK, NEW YORK 10005, UNIT  :
2308 (THE "20 PINE STREET, UNIT  :
2308 SALE PROCEEDS"),  :
  :
APPROXIMATELY $894,026.21 HELD  :
BY THE UNITED STATES AS A  :
SUBSTITUTE RES FOR ALL RIGHT,  :
TITLE AND INTEREST IN THE REAL  :
PROPERTY AND APPURTENANCES  :
KNOWN AS THE 20 PINE STREET  :
CONDOMINIUM, 20 PINE STREET,  :
NEW YORK, NEW YORK 10005, UNIT  :
1711 (THE "20 PINE STREET, UNIT  :
1711 SALE PROCEEDS"),  :
  :
A DEBT OF 3,068,946 EUROS OWED  :
BY AFI EUROPE N.V. TO PREVEZON  :
HOLDINGS RESTRAINED BY THE  :
GOVERNMENT OF THE NETHERLANDS  :
ON OR ABOUT JANUARY 22, 2014  :
(THE "AFI EUROPE DEBT"),  :
  :
and all property traceable  :
thereto,  :
  :
     Defendants in Rem.  :
  :
_____

    WHEREAS, on September 10, 2013, the United States commenced

this action (the "Action"), upon the filing of a verified

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT*
*COMMUNICATION*

complaint (the "Complaint") seeking forfeiture of the above-captioned defendants in rem (the "Defendants in Rem"), and other assets;

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR ("IKR"), Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain of the Defendants in Rem and other property;

WHEREAS, on November 5, 2014, the Complaint was replaced by an amended verified complaint (the "Amended Complaint");

WHEREAS, on December 19, 2014, Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed claims to the Defendants in Rem;

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Amended Complaint was published for at least 30 consecutive days on an official government internet site beginning on November 19, 2014, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants in Rem in the Complaint or Amended Complaint, and all time to do so has expired; and

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Preet Bharara, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Andrew C. Adams, Margaret S. Graham, and Jaimie L. Nawaday, of counsel, and the Defendants, the Claimants, Ferencoi, and Kolevins, and their counsel, Baker & Hostetler LLP, Mark A. Cymrot, Esq., John W. Moscow, Esq., and Baker Botts LLP, Seth T. Taube, Esq., that:

1. The following terms shall have the definitions set forth herein:

   a. "Defendants" means, collectively, the *in personam* and *in rem* defendants named in the Action.

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

The *in personam* defendants ("*in personam* Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011"), Ferencoi Investments, Ltd. ("Ferencoi", and Kolevins, Ltd ("Kolevins").

The *in rem* defendants ("*in rem* Defendants") are as follows:

- All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816").

- Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander LLC (the "Prevezon Alexander Account").

- Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon Soho USA LLC (the "Prevezon Soho Account").

- Any and all funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven USA LLC (the "Prevezon Seven Account").

- Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 USA, LLC(the "Prevezon 1711 Account").

- Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 USA, LLC (the "Prevezon 2009 Account").

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

- Any and all funds on deposit in Bank of America account number **********8242 held in the name of Prevezon Pine USA, LLC (the "Prevezon Pine Account").

- Any and all funds on deposit in Bank of America account number **********5882 held in the name of Prevezon 2011 USA, LLC (the "Prevezon 2011 Account").

- Any and all funds on deposit in Bank of America account number **********9128 held in the name of Prevezon 1810 USA, LLC (the "Prevezon 1810 Account").

- Approximately $1,379,518.90 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds").

- Approximately $4,429,019.44 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds").

- Approximately $1,046,530.07 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds").

- Approximately $849,026.21 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds").

7

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

- A debt of 3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

b.    "Claims" means, collectively, the following claims filed in the Action on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon Soho Account, (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308 Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street, Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816. (Docket Item 196 in the Action)

- The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds. (Docket Item 197 in the Action)

- The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816. (Docket Item 198 in the Action)

- The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account. (Docket Item 199 in the Action)

- The claim of Prevezon 1810 in the Prevezon 1810 Account. (Docket Item 200 in the Action)

8

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

- The claim of Prevezon Alexander in the Prevezon Alexander Account and the 250 East 49th Street, Unit Comm3 Sale Proceeds. (Docket Item 201 in the Action)

- The claim of Martash Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 202 in the Action)

- The claim of Prevezon 2009 in (1) the Prevezon 2009 Account and the 20 Pine Street, Unit 2009 Sale Proceeds. (Docket Item 203 in the Action)

- The claim of Prevezon Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 204 in the Action)

- The claim of Prevezon Pine in the Prevezon Pine Account and the 20 Pine Street, Unit 2308 Sale Proceeds. (Docket Item 205 in the Action)

- The claim of Prevezon Soho in the Prevezon Seven Account. (Docket Item 206 in the Action)

- The claim of Prevezon Pine in the Prevezon Soho Account. (Docket Item 207 in the Action)

9

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

    c.   "Amended Protective Order" means Amended Protective
Order issued on November 5, 2014, in the Action as
Docket Item 173.

    d.   "Magnitsky Law" means the Sergei Magnitsky Rule of Law
Accountability Act of 2012, Public Law 112-208-Dec.
14, 2012.

    e.   "Restrained Properties" mean the *in rem* Defendants, as
defined above.

    f.   "United States," "Government" or "Plaintiff" means the
United States of America.

    2.   Upon entry of the Stipulation and Order, the
Government shall inform the Government of the Netherlands that
this matter has been resolved and that the Government withdraws
any request for the Government of Netherlands to continue to
restrain the AFI Europe Debt, and shall request that the
Government of the Netherlands lift the restraint of the AFI
Europe Debt that had been implemented at the request of the
United States, and the Amended Protective Order shall be deemed
modified to allow the release of the AFI Europe Debt.

    3.   For the purpose of settlement only, the *in personam*
Defendants will make a payment to the United States consisting
of $2,000,000 in United States currency, drawn from the 250 East
49th Street, Unit Comm3 Sale Proceeds (the "Payment").  Upon
release by the Government of the Netherlands of the AFI Europe
Debt, title to the Payment shall be transferred to the United

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

States in settlement of this case, and the Payment shall be disposed of in accordance with the law.

4.   The parties agree that this Stipulation and Order is for the purposes of settlement only and nothing in this Stipulation and Order, nor any act (including, but not limited to, the execution of this Stipulation and Order and/or fulfillment of the consideration for this Stipulation and Order) of any party hereto, nor any transaction occurring between any parties hereto prior to the date hereof, is or shall be treated, construed or deemed in any way as an admission by *in personam* Defendants, Claimants or Denis Katsyv, Alexander Litvak or Timofey Krit for any purpose whatsoever, all such liability, fault, responsibility and wrongdoing of any kind being expressly denied by the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, Timofey Krit, and they specifically deny that the events described in the Amended Complaint as to them occurred as described therein.

5.   Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaint or the Amended Complaint or of any defenses to those claims.  This stipulation and order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT
COMMUNICATION*

6.   The Government acknowledges that the *in personam*
Defendants, Denis Katsyv, Alexander Litvak and Timofey Krit
represent that they believe now and have always known in good
faith and with good cause that the funds the United States
sought to forfeit are unrelated to any of the events described
in the Amended Complaint or in the Novaya Gazeta article of
August 2012 which the Complaint quotes, and that they deny any
allegation that suggests funds came to them from any unlawful
source.

7.   The parties agree that the Complaint does not allege
that any of the *in personam* Defendants, Claimants, Denis Katsyv,
Alexander Litvak, or Timofey Krit is responsible, directly or
indirectly, for any of the events described in the Magnitsky
Law, including but not limited to involvement in human rights
violations, the abuse of Sergei Magnitsky, including his
repressive arrest, torture in custody, and death, or the
criminal conspiracy he uncovered, or allege that they have acted
as an agent of, on behalf of or in agreement with a person in a
matter relating to any activity described in the Magnitsky Law.
The parties also agree that the Complaint does not allege that
any of the *in personam* Defendants, Claimants, Denis Katsyv,
Alexander Litvak, or Timofey Krit acted as an agent of, on
behalf of or in agreement with a person in a matter relating to
any activity described in the Magnitsky Law.   The Government

12

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

further acknowledges that by entering this Stipulation and Order, the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit are not admitting that any of the events or activities described in the Magnitsky Law occurred as described therein.   The Government shall if requested provide a copy of this Stipulation and Order to any other branch, department or agency of the United States and to any other government or court.

8.   This Stipulation and Order is intended to fully and finally resolve all pending claims made by the U.S. Attorney's Office for the Southern District of New York in the Action relating to the Defendants.   Accordingly, the U.S. Attorney's Office for the Southern District of New York hereby releases all Defendants, Claimants and their current and former subsidiaries, affiliates, predecessors, successors, assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak and Timofey Krit ("Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the

13

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

allegations in the Amended Complaint or the facts and matters

pleaded in this Action, or any actions taken by or on behalf of

any of the Released Parties in connection with the allegations

in the Amended Complaint or the facts and matters pleaded in

this Action.

9.    The Defendants, Claimants, Denis Katsyv, Alexander

Litvak and Timofey Krit hereby release the U.S. Attorney's

Office for the Southern District of New York, the Department of

Homeland Security, Homeland Security Investigations, and their

current and former officers, employees, agents, administrators,

representatives, attorneys, and managers ("Government Released

Parties") from any and all claims, suits, causes of action, and

related liabilities, including without limitation costs,

expenses, penalties, and attorneys' fees, concerning, arising

out of, or resulting from, the filing of this Action or the

United States' seizure, restraint, and/or constructive

possession of the properties named in the Complaint or Amended

Complaint, including, without limitation, any claim that the

United States did not have probable cause to seize or restrain

the Restrained Properties, that the *in personam* Defendants,

Claimants, Denis Katsyv, Alexander Litvak or Timofey Krit are a

prevailing party or that the *in personam* Defendants, Claimants,

Denis Katsyv, Alexander Litvak or Timofey Krit are entitled to

attorneys' fees or any award of interest; and further agree to

14

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

hold harmless the Government Released Parties from any and all
third-party claims of ownership of any of the *in rem* Defendants.

10.  Upon execution of this Stipulation and Order,
discovery shall be suspended and the trial date shall be
adjourned.  Once the AFI Europe Debt has been released by the
Government of the Netherlands and the Payment has been received
by the Government, the Amended Protective Order shall be
vacated, the remainder of the Restrained Properties shall be
returned to the Claimants, and the Action shall be dismissed
with prejudice.

11.  Should the Government of the Netherlands issue an
order or statement setting forth its intention to continue the
restraint of the AFI Europe Debt, or if 120 days have elapsed
from the entry of this Stipulation and Order and the AFI Europe
Debt has not been released, upon motion by either party, this
Stipulation and Order shall be void, the Action shall resume,
and the Court shall schedule trial as soon as convenient for the
Court on a date no sooner than 120 days from the resumption of
the Action.

12.  Each party to this Stipulation and Order will bear its
own costs and attorney's fees.

13.  All parties agree to waive all rights to appeal or
otherwise challenge or contest the validity of this Stipulation
and Order.

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

14.  The signatories to this Stipulation and Order each
represent that they are duly authorized to sign this Stipulation
and Order.

15.  This Stipulation and Order represents the complete
agreement of the parties hereto.

16.  The signature page of this Stipulation and Order may
be executed in one or more counterparts, each of which will be
deemed an original but all of which together will constitute one
and the same instrument.  Facsimiles or electronic copies shall
be treated as originals.


PREET BHARARA
United States Attorney for
the Southern District of New York
Attorney for Plaintiff

By: _____          _____
     PAUL M. MONTELEONI                        DATE
     ANDREW C. ADAMS
     MARGARET S. GRAHAM
     JAIMIE L. NAWADAY
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Tel.: (212) 637-2219/2340/2923/2275
     Fax: (212) 637-0421


PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO
USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC,
PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA,
LLC, PREVEZON 2011 USA, LLC,

By: _____          _____
                                               DATE

DENIS KATSYV

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*


_____                    _____
DENIS KATSYV                                             DATE

IKR


By:  _____                    _____
                                                         DATE

MARTASH HOLDINGS


By:  _____                    _____
                                                         DATE

KOLEVINS LTD.

By:  _____                    _____
                                                         DATE

FERENCOI INVESTMENTS, LTD.

By:  _____                    _____
                                                         DATE


BAKER & HOSTETLER LLP

By:  _____                    _____
       JOHN W. MOSCOW, ESQ.                              DATE
       45 Rockefeller Plaza
       New York, NY 10111
       Tel.: (212) 589-4200
       Fax:  (212) 589-4201


By:  _____                    _____
       MARK A. CYMROT, ESQ.                              DATE
       Washington Square, Suite 1100
       1050 Connecticut Ave.,
       Washington, DC 20036
       Tel.: (202) 861-1677
       Fax:  (202) 861-1783


BAKER BOTTS LLP


17

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

By: _____          _____
         SETH T. TAUBE, ESQ.                              DATE
         30 Rockefeller Plaza
         New York, NY 10112
         Tel.: (212) 408-2500
         Fax:  (212) 408-2501

*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC,
PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE
USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON
2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH
HOLDINGS, IKR, FERENCOI, and KOLEVINS*

SO ORDERED:

_____          _____
THE HONORABLE THOMAS P. GRIESA            DATE
UNITED STATES DISTRICT JUDGE