# Exhibit 6

## Monteleoni, Paul (USANYS)

| | |
|---|---|
| **From:** | Monteleoni, Paul (USANYS) |
| **Sent:** | Tuesday, June 2, 2015 3:34 PM |
| **To:** | John W. Moscow (jmoscow@bakerlaw.com); Mark A. Cymrot (mcymrot@bakerlaw.com) |
| **Cc:** | Seth T. Taube (seth.taube@bakerbotts.com); Adams, Andrew (USANYS) 1; Graham, Margaret (USANYS); Nawaday, Jaimie (USANYS); Cowley, Jason (USANYS); Wilson, Alexander (USANYS) 3 |
| **Subject:** | United States v. Prevezon Holdings, 13 Civ. 6326 (TPG) -- confidential settlement communication |

John and Mark –

Following our conversation yesterday, we have figured out an alternative mechanism to settle the case.  I think you will see from the attached proposal that it addresses the open issue.  Among the things to discuss in our call this afternoon, we'd like to understand when you think you'll be able to advise us of your client's position on this agreement.  Thanks very much.



Paul M. Monteleoni
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-2219
Fax: (212) 637-0084
paul.monteleoni@usdoj.gov

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ : | |
| : | |
| UNITED STATES OF AMERICA,    : | |
| : | |
|        Plaintiff,    : | **STIPULATION AND ORDER** |
| : | |
|    - against -    : | No. 13 Civ. 6326 (TPG) |
| : | |
| PREVEZON HOLDINGS LTD.,    : | ECF Case |
| PREVEZON ALEXANDER, LLC,    : | |
| PREVEZON SOHO USA, LLC,    : | |
| PREVEZON SEVEN USA, LLC,    : | |
| PREVEZON PINE USA, LLC,    : | |
| PREVEZON 1711 USA, LLC,    : | |
| PREVEZON 1810, LLC,    : | |
| PREVEZON 2009 USA, LLC,    : | |
| PREVEZON 2011 USA, LLC,    : | |
| FERENCOI INVESTMENTS, LTD.,    : | |
| KOLEVINS, LTD.,    : | |
| : | |
|        Defendants,    : | |
| : | |
| ALL RIGHT, TITLE AND INTEREST    : | |
| IN THE REAL PROPERTY AND    : | |
| APPURTENANCES KNOWN AS THE 20    : | |
| PINE STREET CONDOMINIUM, 20    : | |
| PINE STREET, NEW YORK, NEW YORK    : | |
| 10005, UNIT 1816 ("20 PINE    : | |
| STREET, UNIT 1816"),    : | |
| : | |
| ANY AND ALL FUNDS ON DEPOSIT IN    : | |
| BANK OF AMERICA ACCOUNT NUMBER    : | |
| **********8293 HELD IN THE NAME    : | |
| OF PREVEZON ALEXANDER LLC (THE    : | |
| "PREVEZON ALEXANDER ACCOUNT"),    : | |
| : | |
| ANY AND ALL FUNDS ON DEPOSIT IN    : | |
| BANK OF AMERICA ACCOUNT NUMBER    : | |
| **********8084 HELD IN THE NAME    : | |
| OF PREVEZON SOHO USA LLC (THE    : | |
| "PREVEZON SOHO ACCOUNT"),    : | |
| : | |
| ANY AND ALL FUNDS ON DEPOSIT IN    : | |
| BANK OF AMERICA ACCOUNT NUMBER    : | |

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION*

**********6021 HELD IN THE NAME     :
OF PREVEZON SEVEN USA LLC (THE      :
"PREVEZON SEVEN ACCOUNT"),          :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :
**********8349 HELD IN THE NAME     :
OF PREVEZON 1711 USA, LLC (THE      :
"PREVEZON 1711 ACCOUNT"),           :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :
**********9102 HELD IN THE NAME     :
OF PREVEZON 2009 USA, LLC (THE      :
"PREVEZON 2009 ACCOUNT"),           :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :
**********8242 HELD IN THE NAME     :
OF PREVEZON PINE USA, LLC (THE      :
"PREVEZON PINE ACCOUNT"),           :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :
**********5882 HELD IN THE NAME     :
OF PREVEZON 2011 USA, LLC (THE      :
"PREVEZON 2011 ACCOUNT"),           :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :
**********9128 HELD IN THE NAME     :
OF PREVEZON 1810 USA, LLC (THE      :
"PREVEZON 1810 ACCOUNT"),           :
                                    :
APPROXIMATELY $1,379,518.90         :
HELD BY THE UNITED STATES AS A      :
SUBSTITUTE RES FOR ALL RIGHT,       :
TITLE AND INTEREST IN THE REAL      :
PROPERTY AND APPURTENANCES          :
KNOWN AS THE 20 PINE STREET         :
CONDOMINIUM, 20 PINE STREET,        :
NEW YORK, NEW YORK 10005, UNIT      :
2009 (THE "20 PINE STREET, UNIT     :
2009 SALE PROCEEDS"),               :
                                    :
APPROXIMATELY $4,429,019.44         :
HELD BY THE UNITED STATES AS A      :

2

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT*
*COMMUNICATION*

| | |
|---|---|
| SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS ALEXANDER CONDOMINIUM, 250 EAST 49th STREET, NEW YORK, NEW YORK 10017, UNIT COMM3 (THE "250 EAST 49th STREET, UNIT COMM3 SALE PROCEEDS"), | : |
| | : |
| APPROXIMATELY $1,046,530.04 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 2308 (THE "20 PINE STREET, UNIT 2308 SALE PROCEEDS"), | : |
| | : |
| APPROXIMATELY $894,026.21 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 1711 (THE "20 PINE STREET, UNIT 1711 SALE PROCEEDS"), | : |
| | : |
| A DEBT OF 3,068,946 EUROS OWED BY AFI EUROPE N.V. TO PREVEZON HOLDINGS RESTRAINED BY THE GOVERNMENT OF THE NETHERLANDS ON OR ABOUT JANUARY 22, 2014 (THE "AFI EUROPE DEBT"), | : |
| | : |
| and all property traceable thereto, | : |
| | : |
| Defendants in Rem. | : |
| | : |

WHEREAS, on September 10, 2013, the United States commenced this action (the "Action"), upon the filing of a verified

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

complaint (the "Complaint") seeking forfeiture of the above-captioned defendants *in rem* (the "Defendants in Rem"), and other assets, *in personam* claims against the above-captioned defendants, and other relief;

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR ("IKR"), Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain of the Defendants in Rem and other property;

WHEREAS, on November 5, 2014, the Complaint was replaced by an amended verified complaint (the "Amended Complaint");

WHEREAS, on December 19, 2014, Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed claims to the

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT*
*COMMUNICATION*

Defendants in Rem;

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaint and Amended Complaint were published for at least 30 consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants in Rem in the Complaint or Amended Complaint, and all time to do so has expired; and

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Preet Bharara, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Andrew C. Adams, Margaret S. Graham, and Jaimie L. Nawaday, of counsel, and the Defendants, the Claimants, Ferencoi, and Kolevins, and their counsel, Baker & Hostetler LLP, Mark A. Cymrot, Esq., John W. Moscow, Esq., and Baker Botts LLP, Seth T. Taube, Esq., that:

1.     The following terms shall have the definitions set forth herein:

        a.     "Defendants" means, collectively, the *in personam* and *in rem* defendants named in the Action.

5

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

The *in personam* defendants ("*in personam* Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd ("Kolevins").

The *in rem* defendants ("*in rem* Defendants") are as follows:

- All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816").

- Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander LLC (the "Prevezon Alexander Account").

- Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon Soho USA LLC (the "Prevezon Soho Account").

- Any and all funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven USA LLC (the "Prevezon Seven Account").

- Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 USA, LLC(the "Prevezon 1711 Account").

- Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 USA, LLC (the "Prevezon 2009 Account").

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

- Any and all funds on deposit in Bank of America account number **********8242 held in the name of Prevezon Pine USA, LLC (the "Prevezon Pine Account").

- Any and all funds on deposit in Bank of America account number **********5882 held in the name of Prevezon 2011 USA, LLC (the "Prevezon 2011 Account").

- Any and all funds on deposit in Bank of America account number **********9128 held in the name of Prevezon 1810 USA, LLC (the "Prevezon 1810 Account").

- Approximately $1,379,518.90 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds").

- Approximately $4,429,019.44 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds").

- Approximately $1,046,530.07 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds").

- Approximately $849,026.21 held by the United States as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds").

7

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

- A debt of 3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

b.   "Claims" means, collectively, the following claims filed in the Action on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon Soho Account, (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308 Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street, Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816. (Docket Item 196 in the Action)

- The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds. (Docket Item 197 in the Action)

- The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816. (Docket Item 198 in the Action)

- The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account. (Docket Item 199 in the Action)

- The claim of Prevezon 1810 in the Prevezon 1810 Account. (Docket Item 200 in the Action)

8

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

- The claim of Prevezon Alexander in the Prevezon Alexander Account and the 250 East 49th Street, Unit Comm3 Sale Proceeds. (Docket Item 201 in the Action)

- The claim of Martash Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 202 in the Action)

- The claim of Prevezon 2009 in (1) the Prevezon 2009 Account and the 20 Pine Street, Unit 2009 Sale Proceeds. (Docket Item 203 in the Action)

- The claim of Prevezon Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 204 in the Action)

- The claim of Prevezon Pine in the Prevezon Pine Account and the 20 Pine Street, Unit 2308 Sale Proceeds. (Docket Item 205 in the Action)

- The claim of Prevezon Soho in the Prevezon Seven Account. (Docket Item 206 in the Action)

- The claim of Prevezon Pine in the Prevezon Soho Account. (Docket Item 207 in the Action)

9

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

     c.    "Amended Protective Order" means Amended Protective Order issued on November 5, 2014, in the Action as Docket Item 173.

     d.    "Magnitsky Law" means the Sergei Magnitsky Rule of Law Accountability Act of 2012, Public Law 112-208-Dec. 14, 2012.

     e.    "Restrained Properties" mean the *in rem* Defendants, as defined above.

     f.    "United States," "Government" or "Plaintiff" means the United States of America.

     2.    Upon entry of the Stipulation and Order, the Government shall inform the Government of the Netherlands that this matter has been resolved and that the Government withdraws any request for the Government of Netherlands to continue to restrain the AFI Europe Debt, and shall request that the Government of the Netherlands lift the restraint of the AFI Europe Debt that had been implemented at the request of the United States, and the Amended Protective Order shall be deemed modified to allow the release of the AFI Europe Debt.

     3.    For the purpose of settlement only, the *in personam* Defendants will make a payment to the United States consisting of $2,000,000 in United States currency (the "Payment"). The Payment shall be due within 15 business days of the release by the Government of the Netherlands of the AFI Europe Debt and shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

Office for the Southern District of New York.  Upon receipt, the Payment shall be deposited into the U.S. Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C. § 3302.

4.   The parties agree that this Stipulation and Order is for the purposes of settlement only and nothing in this Stipulation and Order, nor any act (including, but not limited to, the execution of this Stipulation and Order and/or fulfillment of the consideration for this Stipulation and Order) of any party hereto, nor any transaction occurring between any parties hereto prior to the date hereof, is or shall be treated, construed or deemed in any way as an admission by *in personam* Defendants, Claimants or Denis Katsyv, Alexander Litvak or Timofey Krit for any purpose whatsoever, all such liability, fault, responsibility and wrongdoing of any kind being expressly denied by the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, Timofey Krit, and they specifically deny that the events described in the Amended Complaint as to them occurred as described therein.

5.   Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaint or the Amended Complaint or of any defenses to those claims.  This

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

stipulation and order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

6.   The Government acknowledges that the *in personam* Defendants, Denis Katsyv, Alexander Litvak and Timofey Krit represent that they believe now and have always known in good faith and with good cause that the funds the United States sought to forfeit are unrelated to any of the events described in the Amended Complaint or in the Novaya Gazeta article of August 2012 which the Complaint quotes, and that they deny any allegation that suggests funds came to them from any unlawful source.

7.   The parties agree that the Complaint does not allege that any of the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit is responsible, directly or indirectly, for any of the events described in the Magnitsky Law, including but not limited to involvement in human rights violations, the abuse of Sergei Magnitsky, including his repressive arrest, torture in custody, and death, or the criminal conspiracy he uncovered, or allege that they have acted as an agent of, on behalf of or in agreement with a person in a matter relating to any activity described in the Magnitsky Law. The parties also agree that the Complaint does not allege that any of the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit acted as an agent of, on

12

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

behalf of or in agreement with a person in a matter relating to any activity described in the Magnitsky Law.  The Government further acknowledges that by entering this Stipulation and Order, the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit are not admitting that any of the events or activities described in the Magnitsky Law occurred as described therein.  The Government shall if requested provide a copy of this Stipulation and Order to any other branch, department or agency of the United States and to any other government or court.

8.   This Stipulation and Order is intended to fully and finally resolve all pending claims made by the U.S. Attorney's Office for the Southern District of New York in the Action relating to the Defendants.  Accordingly, the U.S. Attorney's Office for the Southern District of New York hereby releases all Defendants, Claimants and their current and former subsidiaries, affiliates, predecessors, successors, assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak and Timofey Krit ("Released Parties") from any and all claims, suits, causes of action, and related liabilities, including

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the allegations in the Amended Complaint or the facts and matters pleaded in this Action, or any actions taken by or on behalf of any of the Released Parties in connection with the allegations in the Amended Complaint or the facts and matters pleaded in this Action.

9.    The Defendants, Claimants, Denis Katsyv, Alexander Litvak and Timofey Krit hereby release the U.S. Attorney's Office for the Southern District of New York, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, agents, administrators, representatives, attorneys, and managers ("Government Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from, the filing of this Action or the United States' seizure, restraint, and/or constructive possession of the properties named in the Complaint or Amended Complaint, including, without limitation, any claim that the United States did not have probable cause to seize or restrain the Restrained Properties, that the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak or Timofey Krit are a prevailing party or that the *in personam* Defendants, Claimants,

14

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

Denis Katsyv, Alexander Litvak or Timofey Krit are entitled to attorneys' fees or any award of interest; and further agree to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the *in rem* Defendants.

10.   Upon execution of this Stipulation and Order, discovery shall be suspended and the trial date shall be adjourned.   Once the AFI Europe Debt has been released by the Government of the Netherlands and the Payment has been received by the Government, the Amended Protective Order shall be vacated, the remainder of the Restrained Properties shall be returned to the Claimants, and the Action shall be dismissed with prejudice.

11.   Should the Government of the Netherlands issue an order or statement setting forth its intention to continue the restraint of the AFI Europe Debt, or if 120 days have elapsed from the entry of this Stipulation and Order and the AFI Europe Debt has not been released, upon motion by either party, this Stipulation and Order shall be void, the Action shall resume, and the Court shall schedule trial as soon as convenient for the Court on a date no sooner than 120 days from the resumption of the Action.

12.   Each party to this Stipulation and Order will bear its own costs and attorney's fees.

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

13. All parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

14. The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

15. This Stipulation and Order represents the complete agreement of the parties hereto.

16. The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimiles or electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for
the Southern District of New York
Attorney for Plaintiff

By: _____          _____
      PAUL M. MONTELEONI                              DATE
      ANDREW C. ADAMS
      MARGARET S. GRAHAM
      JAIMIE L. NAWADAY
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Tel.: (212) 637-2219/2340/2923/2275
      Fax: (212) 637-0421

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC,

By: _____          _____
                                                                DATE


DENIS KATSYV



_____                _____
DENIS KATSYV                                                    DATE

IKR


By: _____          _____
                                                                DATE


MARTASH HOLDINGS


By: _____          _____
                                                                DATE


KOLEVINS LTD.

By: _____          _____
                                                                DATE

FERENCOI INVESTMENTS, LTD.

By: _____          _____
                                                                DATE

17

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

BAKER & HOSTETLER LLP

By: _____        _____

    JOHN W. MOSCOW, ESQ.                         DATE
    45 Rockefeller Plaza
    New York, NY 10111
    Tel.: (212) 589-4200
    Fax:  (212) 589-4201


By: _____        _____

    MARK A. CYMROT, ESQ.                         DATE
    Washington Square, Suite 1100
    1050 Connecticut Ave.,
    Washington, DC 20036
    Tel.: (202) 861-1677
    Fax:  (202) 861-1783


BAKER BOTTS LLP


By: _____        _____

    SETH T. TAUBE, ESQ.                          DATE
    30 Rockefeller Plaza
    New York, NY 10112
    Tel.: (212) 408-2500
    Fax:  (212) 408-2501

*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH HOLDINGS, IKR, FERENCOI, and KOLEVINS*



SO ORDERED:


_____        _____

THE HONORABLE THOMAS P. GRIESA              DATE
UNITED STATES DISTRICT JUDGE