Exhibit 9

## Monteleoni, Paul (USANYS)

| | |
|---|---|
| **From:** | Cymrot, Mark <MCymrot@bakerlaw.com> |
| **Sent:** | Wednesday, June 10, 2015 3:39 PM |
| **To:** | Monteleoni, Paul (USANYS) |
| **Cc:** | Moscow, John W.; Seth T. Taube (seth.taube@bakerbotts.com); Gabriella Volshteyn |
| **Subject:** | Confidential Settlement Proposal |
| **Attachments:** | Stipulation and Order 061015 (B&H).DOCX |

Paul: Here is another proposal that accepts many, but not all, of your changes, and adds an amount. We are working on identifying the entity that will pay, which will be one of the Defendants.

Please give us a call when you have review it.

Regards
Mark

**Mark A. Cymrot | BakerHostetler**
Washington Square | 1050 Connecticut Avenue, N.W., Suite 1100 | Washington, D.C. 20036-5304
T 202.861.1677 | F 202.861.1783
mcymrot@bakerlaw.com

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

> **Formatted:** Font: Times New Roman, Not Italic

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : **STIPULATION AND ORDER** |
| - against - | : No. 13 Civ. 6326 (TPG) |
| PREVEZON HOLDINGS LTD., | : ECF Case |
| PREVEZON ALEXANDER, LLC, | : |
| PREVEZON SOHO USA, LLC, | : |
| PREVEZON SEVEN USA, LLC, | : |
| PREVEZON PINE USA, LLC, | : |
| PREVEZON 1711 USA, LLC, | : |
| PREVEZON 1810, LLC, | : |
| PREVEZON 2009 USA, LLC, | : |
| PREVEZON 2011 USA, LLC, | : |
| FERENCOI INVESTMENTS, LTD., | : |
| KOLEVINS, LTD., | : |
| Defendants, | : |

ALL RIGHT, TITLE AND INTEREST
IN THE REAL PROPERTY AND
APPURTENANCES KNOWN AS THE 20
PINE STREET CONDOMINIUM, 20
PINE STREET, NEW YORK, NEW YORK
10005, UNIT 1816 ("20 PINE
STREET, UNIT 1816"),

ANY AND ALL FUNDS ON DEPOSIT IN
BANK OF AMERICA ACCOUNT NUMBER
*********8293 HELD IN THE NAME
OF PREVEZON ALEXANDER LLC (THE
"PREVEZON ALEXANDER ACCOUNT"),

ANY AND ALL FUNDS ON DEPOSIT IN
BANK OF AMERICA ACCOUNT NUMBER
*********8084 HELD IN THE NAME
OF PREVEZON SOHO USA LLC (THE
"PREVEZON SOHO ACCOUNT"),

ANY AND ALL FUNDS ON DEPOSIT IN
BANK OF AMERICA ACCOUNT NUMBER

~~TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION~~

```
**********6021 HELD IN THE NAME    :
OF PREVEZON SEVEN USA LLC (THE     :
"PREVEZON SEVEN ACCOUNT"),         :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********8349 HELD IN THE NAME    :
OF PREVEZON 1711 USA, LLC (THE     :
"PREVEZON 1711 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********9102 HELD IN THE NAME    :
OF PREVEZON 2009 USA, LLC (THE     :
"PREVEZON 2009 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********8242 HELD IN THE NAME    :
OF PREVEZON PINE USA, LLC (THE     :
"PREVEZON PINE ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********5882 HELD IN THE NAME    :
OF PREVEZON 2011 USA, LLC (THE     :
"PREVEZON 2011 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********9128 HELD IN THE NAME    :
OF PREVEZON 1810 USA, LLC (THE     :
"PREVEZON 1810 ACCOUNT"),          :
                                   :
APPROXIMATELY $1,379,518.90        :
HELD BY THE UNITED STATES AS A     :
SUBSTITUTE RES FOR ALL RIGHT,      :
TITLE AND INTEREST IN THE REAL     :
PROPERTY AND APPURTENANCES         :
KNOWN AS THE 20 PINE STREET        :
CONDOMINIUM, 20 PINE STREET,       :
NEW YORK, NEW YORK 10005, UNIT     :
2009 (THE "20 PINE STREET, UNIT    :
2009 SALE PROCEEDS"),              :
                                   :
APPROXIMATELY $4,429,019.44        :
```

2

606602600.1

~~TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION~~

HELD BY THE UNITED STATES AS A         :
SUBSTITUTE RES FOR ALL RIGHT,          :
TITLE AND INTEREST IN THE REAL         :
PROPERTY AND APPURTENANCES             :
KNOWN AS ALEXANDER CONDOMINIUM,        :
250 EAST 49th STREET, NEW YORK,        :
NEW YORK 10017, UNIT COMM3 (THE        :
"250 EAST 49th STREET, UNIT            :
COMM3 SALE PROCEEDS"),                 :
                                       :
APPROXIMATELY $1,046,530.04            :
HELD BY THE UNITED STATES AS A         :
SUBSTITUTE RES FOR ALL RIGHT,          :
TITLE AND INTEREST IN THE REAL         :
PROPERTY AND APPURTENANCES             :
KNOWN AS THE 20 PINE STREET            :
CONDOMINIUM, 20 PINE STREET,           :
NEW YORK, NEW YORK 10005, UNIT         :
2308 (THE "20 PINE STREET, UNIT        :
2308 SALE PROCEEDS"),                  :
                                       :
APPROXIMATELY $894,026.21 HELD         :
BY THE UNITED STATES AS A              :
SUBSTITUTE RES FOR ALL RIGHT,          :
TITLE AND INTEREST IN THE REAL         :
PROPERTY AND APPURTENANCES             :
KNOWN AS THE 20 PINE STREET            :
CONDOMINIUM, 20 PINE STREET,           :
NEW YORK, NEW YORK 10005, UNIT         :
1711 (THE "20 PINE STREET, UNIT        :
1711 SALE PROCEEDS"),                  :
                                       :
A DEBT OF 3,068,946 EUROS OWED         :
BY AFI EUROPE N.V. TO PREVEZON         :
HOLDINGS RESTRAINED BY THE             :
GOVERNMENT OF THE NETHERLANDS          :
ON OR ABOUT JANUARY 22, 2014           :
(THE "AFI EUROPE DEBT"),               :
                                       :
and all property traceable            :
thereto,                              :
                                       :
            Defendants in Rem.         :
_____:

      WHEREAS, on September 10, 2013, the United States commenced

3

~~606592983.1~~

606602600.1

~~TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION~~

this action (the "Action"), upon the filing of a verified complaint (the "Complaint") seeking forfeiture of the above-captioned defendants *in rem* (the "Defendants in Rem"), and other assets, *in personam* claims against the above-captioned defendants, and other relief;

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR ("IKR"), Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain property;

WHEREAS, on November 5, 2014, the Complaint was replaced by an amended verified complaint (the "Amended Complaint");

WHEREAS, on December 19, 2014, Denis Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon

4

606602600.1     ~~606592983.1~~

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

2009, and Prevezon 2011 (the "Claimants") filed certain claims;

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaint and Amended Complaint were published for at least 30 consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants in Rem in the Complaint or Amended Complaint, and all time to do so has expired; and

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Preet Bharara, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Andrew C. Adams, Margaret S. Graham, and Jaimie L. Nawaday, of counsel, and the Defendants, the Claimants, Ferencoi, and Kolevins, and their counsel, Baker & Hostetler LLP, Mark A. Cymrot, Esq., John W. Moscow, Esq., and Baker Botts LLP, Seth T. Taube, Esq., that:

1.   The following terms shall have the definitions set forth herein:

a.   "Defendants" means, collectively, the *in personam* and *in rem* defendants named in the Action.

5

606592983.1

606602600.1

~~TENTATIVE DISCUSSION DRAFT -- CONFIDENTIAL SETTLEMENT COMMUNICATION~~

The *in personam* defendants ("*in personam* Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd ("Kolevins").

The *in rem* defendants ("*in rem* Defendants") are as follows:

- All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816").

- Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander LLC (the "Prevezon Alexander Account").

- Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon Soho USA LLC (the "Prevezon Soho Account").

- Any and all funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven USA LLC (the "Prevezon Seven Account").

- Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 USA, LLC(the "Prevezon 1711 Account").

- Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 USA, LLC (the "Prevezon 2009 Account").

6

~~606592983.1~~

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

- Any and all funds on deposit in Bank of America account number *********8242 held in the name of Prevezon Pine USA, LLC (the "Prevezon Pine Account").

- Any and all funds on deposit in Bank of America account number *********5882 held in the name of Prevezon 2011 USA, LLC (the "Prevezon 2011 Account").

- Any and all funds on deposit in Bank of America account number *********9128 held in the name of Prevezon 1810 USA, LLC (the "Prevezon 1810 Account").

- Approximately $1,379,518.90 held by the United States  from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds").

- Approximately $4,429,019.44 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds").

- Approximately $1,046,530.07 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds").

- Approximately $849,026.21 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds").

606592983.1

606602600.1

TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT
COMMUNICATION

- A debt of €3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

b. "Claims" means, collectively, the following claims filed in the Action on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon Soho Account, (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308 Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street, Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816. (Docket Item 196 in the Action)

- The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds. (Docket Item 197 in the Action)

- The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816. (Docket Item 198 in the Action)

- The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account. (Docket Item 199 in the Action)

- The claim of Prevezon 1810 in the Prevezon 1810 Account. (Docket Item 200 in the Action)

8

606592983.1

~~TENTATIVE  DISCUSSION  DRAFT  -  CONFIDENTIAL  SETTLEMENT
COMMUNICATION~~

- The claim of Prevezon Alexander in the Prevezon
  Alexander Account and the 250 East 49th Street,
  Unit Comm3 Sale Proceeds. (Docket Item 201 in the
  Action)

- The claim of Martash Holdings in (1) the Prevezon
  Alexander Account, (2) the 250 East 49th Street,
  Unit Comm3 Sale Proceeds, (3) the Prevezon Soho
  Account, (4) the Prevezon Seven Account, (5) the
  Prevezon Pine Account, (6) the 20 Pine Street,
  Unit 2308 Sale Proceeds, (6) the Prevezon 1711
  Account, (7) the 20 Pine Street, Unit 1711 Sale
  Proceeds, (8) the Prevezon 1810 Account, (9) the
  Prevezon 2009 Account, (10) the 20 Pine Street,
  Unit 2009 Sale Proceeds, (11) the Prevezon 2011
  Account, (12) the 20 Pine Street, Unit 1816, and
  (13) the AFI Europe Debt. (Docket Item 202 in the
  Action)

- The claim of Prevezon 2009 in (1) the Prevezon
  2009 Account and the 20 Pine Street, Unit 2009
  Sale Proceeds. (Docket Item 203 in the Action)

- The claim of Prevezon Holdings in (1) the
  Prevezon Alexander Account, (2) the 250 East 49th
  Street, Unit Comm3 Sale Proceeds, (3) the
  Prevezon Soho Account, (4) the Prevezon Seven
  Account, (5) the Prevezon Pine Account, (6) the
  20 Pine Street, Unit 2308 Sale Proceeds, (6) the
  Prevezon 1711 Account, (7) the 20 Pine Street,
  Unit 1711 Sale Proceeds, (8) the Prevezon 1810
  Account, (9) the Prevezon 2009 Account, (10) the
  20 Pine Street, Unit 2009 Sale Proceeds, (11) the
  Prevezon 2011 Account, (12) the 20 Pine Street,
  Unit 1816, and (13) the AFI Europe Debt. (Docket
  Item 204 in the Action)

- The claim of Prevezon Pine in the Prevezon Pine
  Account and the 20 Pine Street, Unit 2308 Sale
  Proceeds. (Docket Item 205 in the Action)

- The claim of Prevezon Soho in the Prevezon Seven
  Account. (Docket Item 206 in the Action)

~~606592983.1~~

606602600.1

~~TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION~~

- The claim of Prevezon Pine in the Prevezon Soho Account. (Docket Item 207 in the Action)

c.  "Amended Protective Order" means Amended Protective Order issued on November 5, 2014, in the Action as Docket Item 173.

d.  "Magnitsky Law" means the Sergei Magnitsky Rule of Law Accountability Act of 2012, Public Law 112-208-Dec. 14, 2012.

e.  "Restrained Properties" mean the *in rem* Defendants, as defined above.

f.  "United States," "Government" or "Plaintiff" means the United States of America.

2.  The purpose of this Stipulation and Order is to memorialize a settlement agreement pursuant to which the United States will release all <mark>of its</mark> claims or potential claims against all Defendants <u>relating to this Action</u> and release all Restrained Properties, and all Defendants will release all <mark>their</mark> claims or potential claims against the United States~~.~~ <u>relating to this Action.</u>  Upon the completion of the conditions set forth herein~~, the Claims shall be deemed valid~~, the Amended Protective Order shall be vacated as to all Defendants and all Restrained Properties, and the Amended Complaint shall be dismissed against all Defendants with prejudice.

3.  Upon entry of the Stipulation and Order, the Government shall inform the Government of the Netherlands that this matter has been resolved and that the Government withdraws

10

TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION

any request for the Government of Netherlands to continue to restrain the AFI Europe Debt, and shall request that the Government of the Netherlands lift the restraint of the AFI Europe Debt that had been implemented at the request of the United States, and the Amended Protective Order shall be deemed modified to allow the release of the AFI Europe Debt.

4.    For the purpose of settlement only, [entity in personam Defendant, to be named] will make a payment to the United States consisting of $[amount to be agreed upon]$1,000,000 in United States currency (the "Payment").  The Payment shall be due within 15 business days of the release by the Government of the Netherlands of the AFI Europe Debt and shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.  Upon receipt, the Payment shall be deposited into the U.S. Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C. § 3302, which authorizes deposits of general revenuespublic money into the U.S. Treasury.

5.    The Parties agree that this Stipulation and Order is for the purposes of settlement only and nothing in this Stipulation and Order, nor any act (including, but not limited to, the execution of this Stipulation and Order and/or fulfillment of the consideration for this Stipulation and Order)

606602600.1                           606592983.1

**Formatted:** Highlight

**Formatted:** Highlight

TENTATIVE DISCUSSION DRAFT -- CONFIDENTIAL SETTLEMENT COMMUNICATION

of any Party hereto, nor any transaction occurring between any Parties hereto prior to the date hereof, is or shall be treated, construed or deemed in any way as an admission by *in personam* Defendants, Claimants or Denis Katsyv, Alexander Litvak or Timofey Krit for any purpose whatsoever, all such liability, fault, responsibility and wrongdoing of any kind being expressly denied by the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, Timofey Krit, and they specifically deny that the events described in the Amended Complaint as to them occurred as described therein. The Parties further agree that the Payment is being made solely to avoid the time and expense of additional litigation for all Parties and to relieve the adverse impact that the Amended Protective Order is having on the businesses of the Defendants, the Payment shall not be deemed a forfeiture or a payment of civil money penalties, and none of the funds used for the Payment are being paid by or on behalf of any of the *in personam* Defendants other than [the entity] making the Payment, including but not limited to Prevezon Holdings, Ferencoi or Kolevins.

6.   Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to themerits the merits of any of the claims asserted in the

12

| | Formatted: Highlight |
| --- | --- |
| | Formatted: Highlight |

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

Complaint or the Amended Complaint or of any defenses to those claims.  This Stipulation and Order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

7.    The Government acknowledges that the *in personam* Defendants <mark>or</mark> Denis Katsyv, Alexander Litvak and Timofey Krit represent that they have always known and with good cause believe now that the funds the United States sought to forfeit are unrelated to any of the events described in the Amended Complaint or in the Novaya Gazeta article of August 2012~~, which purportedly was "a result of almost year long work of the reporters from the Novaya Gazeta, Barron's and The Organized Crime and Corruption Reporting Project (OCCRP)", and~~ which the Complaint and Amended Complaint quote; and the Government further acknowledges that the *in personam* Defendants, Denis Katsyv, Alexander Litvak and Timofey Krit deny any allegation that suggests funds came to them from any unlawful source.

8.    The Parties agree that the Complaint and Amended Complaint do not allege that any of the *in personam* Defendants, Claimants <mark>as well as</mark> Denis Katsyv, Alexander Litvak, or Timofey Krit ~~knew about the events, was directly or indirectly involved in the events, or~~ is responsible, directly or indirectly, for any of the events described in the Magnitsky Law; and the

13

~~TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION~~

Complaint and Amended Complaint do not ~~,~~allege that they have acted as an agent of, on behalf of or in agreement with a person in a matter relating to any activity described in the Magnitsky Law.~~—~~  The Government further acknowledges that by entering this Stipulation and Order, the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit are not admitting that any of the events or activities described in the Magnitsky Law occurred as described therein.  The Government shall if requested by any Party hereto provide a copy of this Stipulation and Order to any other branch, department or agency of the United States and to any other government or court.

   9.   This Stipulation and Order is intended to fully and finally resolve all pending claims made by the United States in the Action relating to the Defendants.  Accordingly, the United States hereby releases all Defendants, Claimants (including IKR and Martash Holding) and their current and former subsidiaries, affiliates, predecessors, successors, assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak and Timofey Krit ("Released Parties") from any and all claims,

606602600.1

~~606592983.1~~

~~TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION~~

suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the allegations in the Amended Complaint or the facts and matters pleaded in this Action, or any actions taken by or on behalf of any of the Released Parties in connection with the allegations in the Amended Complaint or the facts and matters pleaded in this Action.

10.   The Defendants, Claimants, Denis Katsyv, Alexander Litvak and Timofey Krit hereby release the U.S. Attorney's Office for the Southern District of New York, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, agents, administrators, representatives, attorneys, and managers ("Government Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from, the filing of this Action or the United States' seizure, restraint, and/or constructive possession of the properties named in the Complaint or Amended Complaint, including, without limitation, any claim that the United States did not have probable cause to seize or restrain the Restrained Properties, that the *in personam* Defendants,

~~606592983.1~~

606602600.1

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

Claimants, Denis Katsyv, Alexander Litvak or Timofey Krit are a prevailing party or that the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak or Timofey Krit are entitled to attorneys' fees or any award of interest; and further agree to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the *in rem* Defendants.

11.  Upon execution of this Stipulation and Order, discovery shall be suspended and the trial date shall be adjourned.  Once the AFI Europe Debt has been released by the Government of the Netherlands and the Payment has been received by the Government, the Amended Protective Order shall be vacated as to all Restrained Properties, the Court shall acknowledge the validity of all Claims and order the Restrained Properties returned to the Claimants, and the Action shall be dismissed against all Defendants with prejudice.

12.  Should the Government of the Netherlands issue an order or statement setting forth its intention to continue the restraint of the AFI Europe Debt, or if 120 days have elapsed from the entry of this Stipulation and Order and the AFI Europe Debt has not been released, upon motion by —any Party hereto, this Stipulation and Order shall be void, the Action shall resume, and the Court shall schedule trial as soon as convenient

606602600.1                          606592983.1

*TENTATIVE DISCUSSION DRAFT — CONFIDENTIAL SETTLEMENT COMMUNICATION*

for the Court on a date no sooner than 120 days from the resumption of the Action.

13. Each Party to this Stipulation and Order will bear its own costs and attorney's fees.

14. All Parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

15. The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

16. This Stipulation and Order represents the complete agreement of the Parties hereto.

17

606592983.1

606602600.1

TENTATIVE DISCUSSION DRAFT -- CONFIDENTIAL SETTLEMENT COMMUNICATION

17.   The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.  Facsimiles or electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for
the Southern District of New York
Attorney for Plaintiff

By: _____          _____
      PAUL M. MONTELEONI                       DATE
      ANDREW C. ADAMS
      MARGARET S. GRAHAM
      JAIMIE L. NAWADAY
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Tel.: (212) 637-2219/2340/2923/2275
      Fax: (212) 637-0421


PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO
USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC,
PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA,
LLC, PREVEZON 2011 USA, LLC,

By: _____          _____
                                               DATE

DENIS KATSYV


_____              _____
DENIS KATSYV                                  DATE

IKR

18
606592983.1

606602600.1

*TENTATIVE DISCUSSION DRAFT -- CONFIDENTIAL SETTLEMENT COMMUNICATION*

By: _____      _____
                                                DATE

MARTASH HOLDINGS


By: _____      _____
                                                DATE

KOLEVINS LTD.

By: _____      _____
                                                DATE

FERENCOI INVESTMENTS, LTD.

By: _____      _____
                                                DATE








BAKER & HOSTETLER LLP

By: _____      _____
        JOHN W. MOSCOW, ESQ.                    DATE
        45 Rockefeller Plaza
        New York, NY 10111
        Tel.: (212) 589-4200
        Fax:  (212) 589-4201


By: _____      _____
        MARK A. CYMROT, ESQ.                    DATE
        Washington Square, Suite 1100
        1050 Connecticut Ave.,
        Washington, DC 20036

                    19

*TENTATIVE DISCUSSION DRAFT – CONFIDENTIAL SETTLEMENT COMMUNICATION*

```
        Tel.: (202) 861-1677
        Fax:  (202) 861-1783
```

BAKER BOTTS LLP

```
By: _____        _____
        SETH T. TAUBE, ESQ.                   DATE
        30 Rockefeller Plaza
        New York, NY 10112
        Tel.: (212) 408-2500
        Fax:  (212) 408-2501
```

*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH HOLDINGS, IKR, FERENCOI, and KOLEVINS*

SO ORDERED:

```
_____            _____
THE HONORABLE THOMAS P. GRIESA                DATE
UNITED STATES DISTRICT JUDGE
```

20

606592983.1

606602600.1