Exhibit 11

**From:** Jami Mevorah
**To:** Monteleoni, Paul (USANYS)
**Subject:** Proposed Settlement Agreement - To Be Discussed
**Date:** Tuesday, April 11, 2017 6:02:12 PM
**Attachments:** image001.jpg
image002.jpg
image003.jpg
image004.jpg
Draft Settlement Agreement (4 11 17).pdf

FOR SETTLEMENT PURPOSES ONLY

Dear Paul,

Attached is a proposed settlement agreement, which is mostly based on the form you sent to us last week. We have been authorized to send this to you by the client.

We personally feel there are several important terms that will need to be developed and discussed further. Therefore, we would appreciate it if you could arrange a short in-person meeting over the next few days. We would be pleased to come to your office for the meeting.

Thank you,

Mike Hess and Jami Mevorah

**Jami Mevorah, Esq.**

*Associate Attorney, Litigation Department*

Dorf & Nelson LLP

The International Corporate Center

555 Theodore Fremd Avenue, Rye, NY 10580

Tel: 914 381 7600 | Fax: 914 381 7608

jmevorah@dorflaw.com | www.dorflaw.com

*"Sharing Your Vision For Success"*



--------------------------------------------

DISCLAIMER This message is intended for the above named person(s) only and is CONFIDENTIAL AND PROPRIETARY. If you are not the intended recipient of this e-mail and have received it in error, please immediately notify the sender by return email and then delete it from your mailbox. This message may be protected by the attorney-client privilege and/or work product doctrine. Accessing, copying, disseminating or re-using any of the information contained in this e-mail by anyone other than the intended recipient is strictly prohibited. Finally, you should check this email and any attachments for the presence of viruses, as the sender accepts no liability for any damage caused by any virus transmitted by this email. Thank you.

This communication was not intended or written to be used, and it cannot be used by any taxpayer, for the purpose of avoiding tax penalties. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | : |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **STIPULATION AND ORDER** |
|  | : |  |
| Plaintiff, | : | No. 13 Civ. 6326 (TPG) |
|  | : |  |
| – against – | : | ECF Case |
|  | : |  |
| PREVEZON HOLDINGS LTD., | : |  |
| PREVEZON ALEXANDER, LLC, | : |  |
| PREVEZON SOHO USA, LLC, | : |  |
| PREVEZON SEVEN USA, LLC, | : |  |
| PREVEZON PINE USA, LLC, | : |  |
| PREVEZON 1711 USA, LLC, | : |  |
| PREVEZON 1810, LLC, | : |  |
| PREVEZON 2009 USA, LLC, | : |  |
| PREVEZON 2011 USA, LLC, | : |  |
| FERENCOI INVESTMENTS, LTD., | : |  |
| KOLEVINS, LTD., | : |  |
| Defendants, | : |  |
|  | : |  |

ALL RIGHT, TITLE AND INTEREST IN THE
REAL PROPERTY AND APPURTENANCES
KNOWN AS THE 20 PINE STREET
CONDOMINIUM, 20 PINE STREET, NEW
YORK, NEW YORK 10005, UNIT 1816 ("20 PINE
STREET, UNIT 1816"),

ANY AND ALL FUNDS ON DEPOSIT IN BANK
OF AMERICA ACCOUNT NUMBER
**********$_8$293 HELD IN THE NAME OF
PREVEZON ALEXANDER LLC (THE
"PREVEZON ALEXANDER ACCOUNT") ,

ANY AND ALL FUNDS ON DEPOSIT IN BANK
OF AMERICA ACCOUNT NUMBER
**********3084 HELD IN THE NAME OF
PREVEZON SOHO USA LLC (THE "PREVEZON
SOHO ACCOUNT"),

ANY AND ALL FUNDS ON DEPOSIT IN BANK
OF AMERICA ACCOUNT
NUMBER**********6021 HELD IN THE NAME
OF PREVEZON SEVEN USA LLC (THE
"PREVEZON SEVEN ACCOUNT") ,

ANY AND ALL FUNDS ON DEPOSIT IN BANK
OF AMERICA ACCOUNT NUMBER
**********8349 HELD IN THE NAME OF

PREVEZON 1711 USA, LLC (THE "PREVEZON 1711 ACCOUNT"),

        :
        :
        :

ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********9102 HELD IN THE NAME OF PREVEZON 2009 USA, LLC (THE "PREVEZON 2009 ACCOUNT"),

        :
        :
        :
        :
        :
        :

ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********8242 HELD IN THE NAME OF PREVEZON PINE USA, LLC (THE "PREVEZON PINE ACCOUNT"),

        :
        :
        :
        :
        :

ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********5882 HELD IN THE NAME OF PREVEZON 2011 USA, LLC (THE "PREVEZON 2011 ACCOUNT"),

        :
        :
        :
        :
        :
        :

ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********9128 HELD IN THE NAME OF PREVEZON 1810 USA, LLC (THE "PREVEZON 1810 ACCOUNT"),

        :
        :
        :
        :
        :
        :

APPROXIMATELY $1,379,518.90 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 2009 (THE "20 PINE STREET, UNIT 2009 SALE PROCEEDS"),

        :
        :
        :
        :
        :
        :
        :
        :

APPROXIMATELY $4,429,019.44 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS ALEXANDER CONDOMINIUM, 250 EAST 49th STREET, NEW YORK, NEW YORK 10017, UNIT COMM3 (THE "250 EAST 49th STREET, UNIT COMM3 SALE PROCEEDS"),

        :
        :
        :
        :
        :
        :
        :
        :

APPROXIMATELY $1,046,530.04 HELD BY THE UNITED STATES AS A SUBSTITUTE RES FOR ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET

        :
        :
        :
        :
        :

CONDOMINIUM, 20 PINE STREET, NEW :
YORK, NEW YORK 10005, UNIT 2308 (THE "20 :
PINE STREET, UNIT 2308 SALE PROCEEDS"), :
                                                          :
APPROXIMATELY $894,026.21 HELD BY THE :
UNITED STATES AS A SUBSTITUTE RES FOR :
ALL RIGHT, TITLE AND INTEREST IN THE :
REAL PROPERTY AND APPURTENANCES :
KNOWN AS THE 20 PINE STREET :
CONDOMINIUM, 20 PINE STREET, NEW :
YORK, NEW YORK 10005, UNIT 1711 (THE "20 :
PINE STREET, UNIT 1711 SALE PROCEEDS"), :
                                                          :
A DEBT OF 3,068,946 EUROS OWED BY AFI :
EUROPE N.V. TO PREVEZON HOLDINGS :
RESTRAINED BY THE GOVERNMENT OF THE :
NETHERLANDS ON OR ABOUT JANUARY 22, :
2014 (THE "AFI EUROPE DEBT"), :
                                                          :
and all property traceable thereto, :
                                                          :
                              Defendants in Rem. :
                                                          :
_____ :

  WHEREAS, on September 10, 2013, the United States commenced this action (the "Action"), upon the filing of a verified complaint (the "Complaint") seeking forfeiture of the above-captioned defendants *in rem* (the "Defendants in Rem"), and other assets, *in personam* claims against the above-captioned defendants, and other relief;

  WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR ("IKR"), Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain

property;

WHEREAS, on November 5, 2014, the Complaint was replaced by an amended verified complaint, on October 23, 2015, the Second Amended Complaint, and on November 5, 2015, the Government asserted a new claim for liability in its motion for partial summary judgment on specified unlawful activities (collectively, the "Amended Complaints");

WHEREAS, on December 19, 2014, Denis Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed certain claims to the Property;

WHEREAS, on September 9, 2015, *in personam* Defendants and Claimants gave notice pursuant to 28 U.S.C. § § 2672, 2675 and 28 C.F.R. Part 14 of administrative claims against the United States, and they may have rights to additional claims under the Civil Asset Forfeiture Reform Act of 2000 (P.L. 106-185).

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaint and Amended Complaints were published for at least 30 consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants in Rem in the Complaint or Amended Complaints, and all time to do so has expired; and

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Preet Bharara, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Andrew C. Adams, Margaret S. Graham, and Jaimie L. Nawaday, of counsel, and the Defendants, the Claimants, Ferencoi, and Kolevins, and their counsel, Baker & Hostetler LLP, Mark A. Cymrot, Esq., John W. Moscow, Esq., and Baker Botts LLP, Seth T.

Taube, Esq., that:

1.      The following terms shall have the definitions set forth herein:

a.      "Defendants" means, collectively, the *in personam* and *in rem* defendants named in the Action.

The *in personam* defendants ("in *personam* Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd ("Kolevins").

The *in rem* defendants ("in *rem* Defendants") are as follows:

- All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816").

- Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander LLC (the "Prevezon Alexander Account").

- Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon Soho USA LLC (the "Prevezon Soho Account").

- Any and all funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven USA LLC (the "Prevezon Seven Account").

- Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 USA, LLC (the "Prevezon 1711 Account").

- Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 USA, LLC (the "Prevezon 2009 Account").

- Any and all funds on deposit in Bank of America account number **********8242 held in the name of Prevezon Pine USA, LLC (the "Prevezon Pine Account").

- Any and all funds on deposit in Bank of America account number **********5882 held in the name of Prevezon 2011 USA, LLC (the "Prevezon 2011 Account").

- Any and all funds on deposit in Bank of America account number **********9128 held in the name of Prevezon 1810 USA, LLC (the ''Prevezon

1810 Account").

- Approximately $1,379,518.90 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds").

- Approximately $4,429,019.44 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds").

- Approximately $1,046,530.07 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds").

- Approximately $849,026.21 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds").

- A debt of €3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

b.   "Claims" means, collectively, the following claims filed in the Action on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon Soho Account,. (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308 Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street, Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816. (Docket Item 196 in the Action)

- The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds. (Docket Item 197 in the Action)

- The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816. (Docket Item 198 in the Action)

- The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account. (Docket Item 199 in the Action)

- The claim of Prevezon 1810 in the Prevezon 1810 Account. (Docket Item 200 in the Action)

- The claim of Prevezon Alexander in the Prevezon Alexander Account and the 250 East 49th Street, Unit Comm3 Sale Proceeds. (Docket Item 201 in the Action)

- The claim of Martash Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 202 in the Action)

- The claim of Prevezon 2009 in (1) the Prevezon 2009 Account and the 20 Pine Street, Unit 2009 Sale Proceeds. (Docket Item 203 in the Action)

- The claim of Prevezon Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 204 in the Action)

- The claim of Prevezon Pine in the Prevezon Pine Account and the 20 Pine Street, Unit 2308 Sale Proceeds. (Docket Item 205 in the Action)

- The claim of Prevezon Soho in the Prevezon Seven Account. (Docket Item 206 in the Action)

- The claim of Prevezon Pine in the Prevezon Soho Account. (Docket Item 207 in the Action)

c.    "Amended Protective Order" means Amended Protective Order issued on November 5, 2014, in the Action as Docket Item 173.

d.    "Magnitsky Law" means the Sergei Magnitsky Rule of Law Accountability Act of 2012, Public Law 112-208-Dec. 14, 2012.

e.    "Restrained Properties" mean the *In rem* Defendants, as defined above.

f.    "United States," "Government" or "Plaintiff" means the United States of America.

2.    The purpose of this Stipulation and Order is to memorialize a settlement

agreement pursuant to which the United States will release all of its claims or potential claims

7

against all Defendants relating to this Action and release all Restrained Properties, and all Defendants will release all their claims or potential claims against the United States relating to this Action. Upon the completion of the conditions set forth herein, the Amended Protective Order shall be vacated as to all Defendants and all Restrained Properties, and the Amended Complaints shall be dismissed against all Defendants with prejudice.

3.      Upon entry of the Stipulation and Order, the Government shall inform the Government of the Netherlands that this matter has been resolved and that the Government withdraws any request for the Government of Netherlands to continue to restrain the AFI Europe Debt, and shall request that the Government of the Netherlands lift the restraint of the AFI Europe Debt that had been implemented at the request of the United States, and the Amended Protective Order shall be deemed modified to allow the release of the AFI Europe Debt.

4.      Upon execution of this Stipulation and Order the Government shall advise the governments of Switzerland, Latvia, Lithuania, Estonia, Ukraine, Cyprus, Russia, and all other countries that received MLATs under this case and provided responses and materials, that this case has been settled, and the US Government has additional questions related to this case, and withdraws all of its requests, including requests and offers to block Defendants' businesses and freeze their properties.

5.      For the purpose of settlement only, [in personam Defendant to be named] will make a payment to the United States consisting of $850,00.00 in United States currency (the "Payment"). The Payment shall be due within 15 business days of the release by the Government of the Netherlands of the AFI Europe Debt and shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York. Upon receipt, the Payment shall be deposited into the U.S. Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C. § 3302, which authorizes deposits of public money into the U.S. Treasury.

6.      The Parties agree that this Stipulation and Order is for the purposes of settlement only and nothing in this Stipulation and Order, nor any act (including, but not limited to, the execution of this Stipulation and Order and/or fulfillment of the consideration for this Stipulation and Order) of any Party hereto, nor any transaction occurring between any Parties hereto prior to the date hereof, is or shall be treated, construed or deemed in any way as an admission by *in personam* Defendants, Claimants or Denis Katsyv, Alexander Litvak or Timofey Krit for any purpose whatsoever, all such liability, fault, responsibility and wrongdoing of any kind being expressly denied by the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, Timofey Krit, and they specifically deny that the events described in the Second Amended Complaint occurred as described therein. The Parties further agree that none of the funds used for the Payment are being paid by or on behalf of any of the *in personam* Defendants other than [the entity making the Payment], including but not limited to Prevezon Holdings, Ferencoi or Kolevin and none of the funds is being forfeited to the United States.

7.      Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaint or the Amended Complaints or of any defenses to those claims. This Stipulation and Order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

8.      The Government acknowledges that the *in personam* Defendants and Denis Katsyv, Alexander Litvak and Timofey Krit represent that they have always known and with good cause believe now that the funds the United States sought to forfeit are unrelated to any of the events described in the Complaint and Amended Complaints or in the *Novaya Gazeta* article of August 2012 which the Complaint and Amended Complaints quote; and the Government further acknowledges that the *in personam* Defendants, Denis Katsyv, Alexander Litvak and Timofey Krit deny any allegation that suggests funds came to them from any unlawful source.

9

9.     The Parties agree that the Complaint and Amended Complaints do not allege that any of the in *personam* Defendants, Claimants, or Denis Katsyv, Alexander Litvak, or Timofey Krit is responsible, directly or indirectly, for any of the alleged events relating to the $230 million tax refund fraud on the Russian Treasury or for the arrest, detention or death of Sergei Magnitsky, and the Complaint and Amended Complaints do not allege that they have acted as an agent of, on behalf of or in agreement with a person in a matter relating to any activity relating to those alleged events.  The Parties further agree that after extensive discovery in this lawsuit the allegations made by the Government's original witness have not been proven and both the Government and  the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit have decided to resolve their claims against each other through this Stipulation and Order. . The Government shall if requested by any Party hereto provide a copy of this Stipulation and Order to any other branch, department or agency of the United States and to any other government or court of any country.

10.     This Stipulation and Order is intended to fully and finally resolve all pending claims made by the United States in the Action relating to the Defendants. Accordingly, the United States hereby releases all Defendants, Claimants (including IKR and Martash Holding) and their current and former subsidiaries, affiliates, predecessors, successors, assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak and Timofey Krit ("Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the allegations in the Amended Complaints or the facts and matters pleaded in this Action, or any actions taken by or on behalf of any of the Released Parties in connection with the allegations in the Amended Complaints or the facts and

10

matters pleaded in this Action.

11.     The Defendants, Claimants, Denis Katsyv, Alexander Litvak and Timofey Krit hereby release the U.S. Attorney's Office for the Southern District of New York, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, agents, administrators, representatives, attorneys, and managers ("Government Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from, the filing of this Action or the United States' seizure, restraint, and/or constructive possession of the properties named in the Complaint or Amended Complaints, including, without limitation, any claim that the United States did not have probable cause to seize or restrain the Restrained Properties, that the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak or Timofey Krit are a prevailing party or that the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak or Timofey Krit are entitled to attorney fees, any award of interest, or any other damages in connection with their administrative claim; and further agree to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the *in rem* Defendants.

12.     Defendants' waiver of any and all costs resulting from this case and litigation thereof for several years, from blocking Defendants' businesses in Europe and in USA, freezing of assets, payment of attorneys' fees for over three years and any and all other related services (translators, notaries, specialists, experts, etc., as well as reputational and moral damages related to statements disseminated by the US Government witnesses against the Defendants) is solely for the purpose of resolving this lawsuit in a prompt manner without trial, subject to full and complete withdrawal of all charges and claims by the US Government, as set forth in the lawsuit, and also subject to no further claims seeking recovery of damages.

13.     Upon execution of this Stipulation and Order, the Court shall order the Restrained

Properties returned to the Claimants, and the Action shall be dismissed against all Defendants with prejudice.

14.     Should the Government of the Netherlands issue an order or statement setting forth its intention to continue the restraint of the AFI Europe Debt, the Government shall cooperate with the *in personam* Defendants and Claimants to obtain release of the Restrained Property.

15.     Each Party to this Stipulation and Order will bear its own costs and attorney's fees.

All Parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

16.     The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

17.     This Stipulation and Order represents the complete agreement of the Parties hereto.

18.     The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimiles or electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for
the Southern District of New York
Attorney for Plaintiff

By:_____
      PAUL M. MONTELEONI        DATE
      ANDREW C. ADAMS
      MARGARET S. GRAHAM
      JAIMIE L. NAWADAY
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Tel.: (212) 637-2219/2340/2923/2275
      Fax: (212) 637-0421

PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC,

By:_____
                                                        DATE

DENIS KATSYV

_____
DENIS KATSYV                                   DATE

IKR

By:_____
                                                        DATE

MARTASH HOLDINGS

By:_____
                                                        DATE

KOLEVINS LTD.

By:_____
                                                        DATE

FERENCOI INVESTMENTS, LTD.

By:_____
                                                        DATE

BAKER & HOSTETLER LLP

By:_____
            JOHN W. MOSCOW, ESQ.              DATE
            45 Rockefeller Plaza
            New York, NY 10111
            Tel.: (212) 589-4200
            Fax: (212) 589-4201

By:_____
            MARK A. CYMROT, ESQ.              DATE
            Washington Square, Suite 1100
            1050 Connecticut Ave.,
            Washington, DC 20036
            Tel.: (202) 861-1677
            Fax: (202) 861-1783

BAKER BOTTS LLP

By:_____

       SETH T. TAUBE, ESQ.          DATE
       30 Rockefeller Plaza
       New York, NY 10112
       Tel.: (212) 408-2500
       Fax: (212) 408-2501

*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH HOLDINGS, IKR, FERENCOI, and KOLEVINS*

SO ORDERED:

_____
THE HONORABLE THOMAS P. GRIESA     DATE
UNITED STATES DISTRICT JUDGE