Exhibit 12

| | |
|---|---|
| **From:** | Michael Hess |
| **To:** | Eddy, Sarah (USANYS) |
| **Subject:** | Prevezon |
| **Date:** | Wednesday, May 10, 2017 2:00:07 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | Prevezon Settlement Agreement (final).pdf |

Dear Sarah,

As we've discussed attached is our proposal which we will be discussing tomorrow. I appreciate your attention to this matter and look forward to seeing you at 1:30 pm tomorrow.

Regards, Mike

**Michael D. Hess, Esq.**

*Senior Counsel*

Dorf & Nelson LLP

260 Madison Avenue, New York, New York 10016

The International Corporate Center

555 Theodore Fremd Avenue, Rye, NY 10580

Tel: 212-658-0177 | Fax: 914 381 7608

mhess@dorflaw.com | www.dorflaw.com

*"Sharing Your Vision For Success"*



---------------------------------------------

DISCLAIMER This message is intended for the above named person(s) only and is CONFIDENTIAL AND PROPRIETARY. If you are not the intended recipient of this e-mail and have received it in error, please immediately notify the sender by return email and then delete it from your mailbox. This message may be protected by the attorney-client privilege and/or work product doctrine. Accessing, copying, disseminating or re-using any of the information contained in this e-mail by anyone other than the intended recipient is strictly prohibited. Finally, you should check this email and any attachments for the presence of viruses, as the sender accepts no liability for any damage caused by any virus transmitted by this email. Thank you.

This communication was not intended or written to be used, and it cannot be used by any taxpayer, for the purpose of avoiding tax penalties. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

**CONFIDENTIAL**                                          5/9/2017
**FOR SETTLEMENT NEGOTIATIONS ONLY**
**NOTHING HEREIN CONSTITUTES AN ADMISSION**
**OF ANY PARTY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **STIPULATION AND ORDER** |
| | : | |
| Plaintiff, | : | No. 13 Civ. 6326 (TPG) |
| | : | |
| – against – | : | ECF Case |
| | : | |
| PREVEZON HOLDINGS LTD., | : | |
| PREVEZON ALEXANDER, LLC, | : | |
| PREVEZON SOHO USA, LLC, | : | |
| PREVEZON SEVEN USA, LLC, | : | |
| PREVEZON PINE USA, LLC, | : | |
| PREVEZON 1711 USA, LLC, | : | |
| PREVEZON 1810, LLC, | : | |
| PREVEZON 2009 USA, LLC, | : | |
| PREVEZON 2011 USA, LLC, | : | |
| FERENCOI INVESTMENTS, LTD., | : | |
| KOLEVINS, LTD., | : | |
| Defendants, | : | |
| | : | |
| ALL RIGHT, TITLE AND INTEREST IN THE | : | |
| REAL PROPERTY AND APPURTENANCES | : | |
| KNOWN AS THE 20 PINE STREET | : | |
| CONDOMINIUM, 20 PINE STREET, NEW | : | |
| YORK, NEW YORK 10005, UNIT 1816 ("20 PINE | : | |
| STREET, UNIT 1816"), | : | |
| | : | |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK | : | |
| OF AMERICA ACCOUNT NUMBER | : | |
| **********8293 HELD IN THE NAME OF | : | |
| PREVEZON ALEXANDER LLC (THE | : | |
| "PREVEZON ALEXANDER ACCOUNT") , | : | |
| | : | |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK | : | |
| OF AMERICA ACCOUNT NUMBER | : | |
| **********3084 HELD IN THE NAME OF | : | |
| PREVEZON SOHO USA LLC (THE "PREVEZON | : | |
| SOHO ACCOUNT"), | : | |
| | : | |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK | : | |
| OF AMERICA ACCOUNT | : | |
| NUMBER**********6021 HELD IN THE NAME | : | |
| OF PREVEZON SEVEN USA LLC (THE | : | |
| "PREVEZON SEVEN ACCOUNT") , | : | |
| | : | |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK | : | |

OF AMERICA ACCOUNT NUMBER          :
**********8349 HELD IN THE NAME OF     :
PREVEZON 1711 USA, LLC (THE "PREVEZON  :
1711 ACCOUNT"),                            :
                                              :

ANY AND ALL FUNDS ON DEPOSIT IN BANK  :
OF AMERICA ACCOUNT NUMBER          :
**********9102 HELD IN THE NAME OF     :
PREVEZON 2009 USA, LLC (THE "PREVEZON  :
2009 ACCOUNT"),                            :
                                              :

ANY AND ALL FUNDS ON DEPOSIT IN BANK  :
OF AMERICA ACCOUNT NUMBER          :
**********8242 HELD IN THE NAME OF     :
PREVEZON PINE USA, LLC (THE "PREVEZON  :
PINE ACCOUNT"),                            :
                                              :

ANY AND ALL FUNDS ON DEPOSIT IN BANK  :
OF AMERICA ACCOUNT NUMBER          :
**********5882 HELD IN THE NAME OF     :
PREVEZON 2011 USA, LLC (THE "PREVEZON  :
2011 ACCOUNT"),                            :
                                              :

ANY AND ALL FUNDS ON DEPOSIT IN BANK  :
OF AMERICA ACCOUNT NUMBER          :
**********9128 HELD IN THE NAME OF     :
PREVEZON 1810 USA, LLC (THE "PREVEZON  :
1810 ACCOUNT"),                            :
                                              :

APPROXIMATELY $1,379,518.90 HELD BY THE  :
UNITED STATES AS A SUBSTITUTE RES FOR  :
ALL RIGHT, TITLE AND INTEREST IN THE  :
REAL PROPERTY AND APPURTENANCES  :
KNOWN AS THE 20 PINE STREET  :
CONDOMINIUM, 20 PINE STREET, NEW  :
YORK, NEW YORK 10005, UNIT 2009 (THE "20  :
PINE STREET, UNIT 2009 SALE PROCEEDS"),  :

APPROXIMATELY $4,429,019.44 HELD BY THE  :
UNITED STATES AS A SUBSTITUTE RES FOR  :
ALL RIGHT, TITLE AND INTEREST IN THE  :
REAL PROPERTY AND APPURTENANCES  :
KNOWN AS ALEXANDER CONDOMINIUM, 250  :
EAST 49th STREET, NEW YORK, NEW YORK  :
10017, UNIT COMM3 (THE "250 EAST 49th  :
STREET, UNIT COMM3 SALE PROCEEDS"),  :

APPROXIMATELY $1,046,530.04 HELD BY THE  :
UNITED STATES AS A SUBSTITUTE RES FOR  :
ALL RIGHT, TITLE AND INTEREST IN THE  :

REAL PROPERTY AND APPURTENANCES          :
KNOWN AS THE 20 PINE STREET              :
CONDOMINIUM, 20 PINE STREET, NEW         :
YORK, NEW YORK 10005, UNIT 2308 (THE "20 :
PINE STREET, UNIT 2308 SALE PROCEEDS"),  :
                                         :
APPROXIMATELY $894,026.21 HELD BY THE    :
UNITED STATES AS A SUBSTITUTE RES FOR    :
ALL RIGHT, TITLE AND INTEREST IN THE     :
REAL PROPERTY AND APPURTENANCES          :
KNOWN AS THE 20 PINE STREET              :
CONDOMINIUM, 20 PINE STREET, NEW         :
YORK, NEW YORK 10005, UNIT 1711 (THE "20 :
PINE STREET, UNIT 1711 SALE PROCEEDS"),  :
                                         :
A DEBT OF 3,068,946 EUROS OWED BY AFI    :
EUROPE N.V. TO PREVEZON HOLDINGS         :
RESTRAINED BY THE GOVERNMENT OF THE      :
NETHERLANDS ON OR ABOUT JANUARY 22,      :
2014 (THE "AFI EUROPE DEBT"),            :
                                         :
and all property traceable thereto,     :
                                         :
                   Defendants in Rem.   :
                                         :
_____ :

WHEREAS, in 2012, the Government of Switzerland commenced a criminal investigation into conduct of unknown parties, and as part of that investigation, the Swiss courts restrained funds in the accounts of Prevezon Holdings LLC, Denis Katsyv and Alexander Litvak, at UBS Bank, although they have never been accused of wrongdoing;

WHEREAS, on September 10, 2013, the United States commenced this civil lawsuit (the "Action"), upon the filing of a verified complaint (the "Complaint") seeking forfeiture of the above-captioned defendants *in rem* (the "Defendants *in Rem*"), and other assets, *in personam* claims against the above-captioned defendants, and other relief, and on September 11, 2013, this Court entered a protective order restraining the global properties of Defendants and others;

WHEREAS on or about October 23, 2013, the accounts of Prevezon Holdings at Banque Priveé Edmond de Rothschild in Geneva Switzerland were restrained as a result the allegations made in this case;

3

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR ("IKR"), Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain property;

WHEREAS on or about January 22, 2014, the Government of the Netherlands, pursuant to a request for legal assistance from the United States in connection with this case, restrained the debt owed by AFI Europe to Prevezon Holdings ("AFI Europe Debt") and that property remains restrained;

WHEREAS, on November 5, 2014, the Complaint was substituted for an amended verified complaint and on the same day, the Court entered an Amended Protective Order; and on October 23, 2015, the Second Amended Complaint was filed, and on November 5, 2015, the Government asserted new claims for liability in its motion for partial summary judgment on specified unlawful activities;

WHEREAS, on December 19, 2014, Denis Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed certain claims to property;

WHEREAS, on September 9, 2015, *in personam* Defendants and Claimants gave notice pursuant to 28 U.S.C. § § 2672, 2675 and 28 C.F.R. Part 14 of administrative claims against the United States, and they may have rights to additional claims under the Civil Asset Forfeiture

4

Reform Act of 2000 (P.L. 106-185);

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaints were published for at least thirty (30) consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants *in Rem* in the Complaints, and all time to do so has expired; and

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Joon H. Kim, Acting United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Andrew C. Adams, Margaret S. Graham, and Jaimie L. Nawaday, of counsel, and Defendants, Claimants, and their counsel, that:

1.     The following terms shall have the definitions set forth herein:

    a.     "Amended Protective Order" means Amended Protective Order issued on November 5, 2014, in the Action as Docket Item 173;

    b.     "Defendants" means, collectively, the *in personam* and Defendants *in Rem* named in the Action.

The *in personam* defendants ("in *personam* Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd ("Kolevins");

Defendants *in Rem* are as follows:

- All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816");

- Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander LLC (the

5

"Prevezon Alexander Account");

- Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon Soho USA LLC (the "Prevezon Soho Account");

- Any and all funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven USA LLC (the "Prevezon Seven Account");

- Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 USA, LLC (the "Prevezon 1711 Account");

- Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 USA, LLC (the "Prevezon 2009 Account");

- Any and all funds on deposit in Bank of America account number **********8242 held in the name of Prevezon Pine USA, LLC (the "Prevezon Pine Account");

- Any and all funds on deposit in Bank of America account number **********5882 held in the name of Prevezon 2011 USA, LLC (the "Prevezon 2011 Account");

- Any and all funds on deposit in Bank of America account number **********9128 held in the name of Prevezon 1810 USA, LLC (the ''Prevezon 1810 Account");

- Approximately $1,379,518.90 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds");

- Approximately $4,429,019.44 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds");

- Approximately $1,046,530.07 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds");

- Approximately $849,026.21 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds");

6

- A debt of €3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

c.    "Claims" means, collectively, the following claims filed in the Action on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon Soho Account, (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308 Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street, Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816. (Docket Item 196 in the Action);

- The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds. (Docket Item 197 in the Action);

- The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816. (Docket Item 198 in the Action);

- The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account. (Docket Item 199 in the Action);

- The claim of Prevezon 1810 in the Prevezon 1810 Account. (Docket Item 200 in the Action);

- The claim of Prevezon Alexander in the Prevezon Alexander Account and the 250 East 49th Street, Unit Comm3 Sale Proceeds. (Docket Item 201 in the Action);

- The claim of Martash Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 202 in the Action);

- The claim of Prevezon 2009 in (1) the Prevezon 2009 Account and the 20 Pine Street, Unit 2009 Sale Proceeds. (Docket Item 203 in the Action);

7

- The claim of Prevezon Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 204 in the Action);

- The claim of Prevezon Pine in the Prevezon Pine Account and the 20 Pine Street, Unit 2308 Sale Proceeds. (Docket Item 205 in the Action);

- The claim of Prevezon Soho in the Prevezon Seven Account. (Docket Item 206 in the Action);

- The claim of Prevezon Pine in the Prevezon Soho Account. (Docket Item 207 in the Action).

d.     "Complaints" means the original verified complaint, the first amended and second amended complaints, and the claims asserted by the Government in its motion for summary judgment on specified unlawful activities. (Docket Items 1, 174, 381, 397).

e.     "Magnitsky Law" means the Sergei Magnitsky Rule of Law Accountability Act of 2012, Public Law 112-208-Dec. 14, 2012.

f.     "Restrained Properties" mean the *In rem* Defendants, as defined above, and the properties set forth in Exhibit A hereto.

g.     "Russian Treasury Fraud" shall refer to the 5 billion ruble (approximately $230 million) income tax refund fraud on the Russian Treasury in December 2008 as alleged in the Complaints.

h.     "United States," "Government" or "Plaintiff" means the United States of America.

2.     The purpose of this Stipulation and Order is to memorialize a settlement agreement pursuant to which the United States will release all of its claims or potential civil or criminal claims against all Defendants relating to this Action and release all Restrained Properties, and all Defendants will release all their claims or potential claims against the United States relating to this Action. Upon the completion of the conditions set forth herein, the Amended Protective Order shall be vacated as to all Defendants and all Restrained Properties, and the Complaints shall be dismissed against all Defendants with prejudice.

3.     Upon entry of the Stipulation and Order, the Government shall inform the Governments of the Netherlands and Switzerland that this matter has been resolved and that the Government withdraws any request for the Governments of Netherlands and Switzerland to continue to restrain any Restrained Properties, and shall request that the Governments of the Netherlands and Switzerland lift the restraint of any Restrained Properties that had been

8

implemented at the request of the United States, and the Amended Protective Order shall be deemed modified to allow the release of all Restrained Properties.

4.      Upon execution of this Stipulation and Order, the Government shall advise the governments of Switzerland, Latvia, Lithuania, Estonia, Ukraine, Cyprus, Russia, and all other countries that received MLATs or other assistance requests under this case and provided responses and materials, that this case has been resolved, and the U.S. Government has no additional questions related to this case, and withdraws all of its requests, including requests and offers to block Defendants' businesses and freeze their properties.

5.      For the purpose of settlement only, [in personam Defendant to be named] will make a payment to the United States consisting of ten percent (10%) of the Restrained Properties in United States currency (the "Payment"). The Payment shall be due within fifteen (15) business days of the release by the Government of the Netherlands and the Government of Switzerland of all Restrained Properties under their control and shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York. Upon receipt, the Payment shall be deposited into the U.S. Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C. § 3302, which authorizes deposits of public money into the U.S. Treasury.  This Payment shall not be a forfeiture to the United States, and the Parties further agree that the Payment is being made as partial reimbursement to the United States for the cost of these proceedings and to relieve *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit of the necessity of incurring the extensive cost of trial and additional litigation.

6.      The Parties agree that this Stipulation and Order is for the purposes of settlement only and nothing in this Stipulation and Order, nor any act (including, but not limited to, the execution of this Stipulation and Order and/or fulfillment of the consideration for this Stipulation and Order) of any Party hereto, nor any transaction occurring between any Parties hereto prior to the date hereof, is or shall be treated, construed or deemed in any way as an admission by *in personam* Defendants, Claimants or Denis Katsyv, Alexander Litvak or Timofey Krit for any purpose whatsoever, all such liability, fault, responsibility and wrongdoing of any kind, civil or criminal, being expressly denied by the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, Timofey Krit, and they specifically deny that the events described in the Complaints occurred as described therein.

7.      The Government and the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit have decided to resolve their claims against each other through this Stipulation and Order.  The Parties further agree that none of the funds used for the Payment are being paid by or on behalf of any of the *in personam* Defendants other than [the entity making the Payment], including but not limited to Prevezon Holdings, Ferencoi or Kolevin and none of the funds is being forfeited to the United States. Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaints or of any defenses to those claims. This Stipulation and Order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

8.      The Parties agree that the Government does not allege that any of the *in personam* Defendants, Claimants, or Denis Katsyv, Alexander Litvak, or Timofey Krit is responsible, directly or indirectly, for any of the alleged events relating to the Russian Treasury Fraud, or for the arrest, detention or death of Sergei Magnitsky, and the Government does not allege that they have acted as an agent of, on behalf of or in agreement with a person in a matter relating to any

activity relating to those alleged events.  The Parties further agree that *in personam* Defendants are entitled to retain legal title to the Restrained Properties, and the Government withdraws the assertion that the Defendants were involved in unlawful conduct.

9.  The Government shall if requested by any Party hereto provide a copy of this Stipulation and Order to any other branch, department or agency of the United States and to any other government or court of any country.  Should the Government of the Netherlands or Switzerland issue an order or statement setting forth its intention to continue the restraint of the AFI Europe Debt or other Restrained Properties, the Government shall cooperate with the *in personam* Defendants and Claimants to obtain release of the Restrained Properties.

10.  This Stipulation and Order is intended to fully and finally resolve all pending claims made by the United States in the Action relating to the Defendants or civil or criminal claim that the United States could have brought arising from the events alleged in the Complaints. Accordingly, the United States hereby releases all Defendants, Claimants (including IKR and Martash Holding) and their current and former subsidiaries, affiliates, predecessors, successors, assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak and Timofey Krit ("Released Parties") from any and all civil or criminal claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the allegations in the Complaints or the facts and matters pleaded in this Action, or any actions taken by or on behalf of any of the Released Parties in connection with the allegations in the Complaints or the facts and matters pleaded in this Action.

11.  Defendants, Claimants, Denis Katsyv, Alexander Litvak and Timofey Krit hereby release the U.S. Attorney's Office for the Southern District of New York, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, administrators, representatives, attorneys, and managers ("Government Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from, the filing of this Action or the United States' seizure, restraint, and/or constructive possession of the properties named in the Complaints,; and *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak or Timofey Krit further agree to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the *in rem* Defendants; provided, however, that this release shall not affect Defendants' rights or claims against any person(s) not a party to this Agreement.

12.  Upon execution of this Stipulation and Order, the Court shall order the Restrained Properties returned to the Claimants, and the Action shall be dismissed against all Defendants with prejudice.

13.  Each Party to this Stipulation and Order will bear its own costs and attorney fees.

14.  All Parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

15.  The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

16.     This Stipulation and Order represents the complete agreement of the Parties hereto.

17.     The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimiles or electronic copies shall be treated as originals.

JOON H. KIM
Acting United States Attorney for
the Southern District of New York
Attorney for Plaintiff

By:_____          DATE
        PAUL M. MONTELEONI
        ANDREW C. ADAMS
        MARGARET S. GRAHAM
        JAIMIE L. NAWADAY
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, New York 10007
        Tel.: (212) 637-2219/2340/2923/2275
        Fax: (212) 637-0421

PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC,

By:_____
                                              DATE:

DENIS KATSYV

_____
DENIS KATSYV                                  DATE:

IKR

By:_____
                                              DATE

MARTASH HOLDINGS

By:_____
                                              DATE:

KOLEVINS LTD.

By:_____
                                              DATE:

11

FERENCOI INVESTMENTS, LTD.

By:‎_____

                                             DATE:

*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH HOLDINGS, IKR, FERENCOI, and KOLEVINS*

By: _____

                                             DATE:

SO ORDERED:

_____

UNITED STATES DISTRICT JUDGE         DATE:

12