Exhibit 13

| **From:** | Eddy, Sarah (USANYS) |
|---|---|
| **To:** | mhess@dorflaw.com; freeh@freehgroup.com |
| **Cc:** | Wilson, Alexander (USANYS) 3 |
| **Subject:** | Prevezon |
| **Date:** | Friday, May 12, 2017 10:07:00 AM |
| **Attachments:** | 2017.05.12 Prevezon Settlement Agreement.docx |
| | 2017.05.12 Prevezon Settlement Agreement.pdf |

Dear Mr. Hess and Mr. Freeh:

Please find attached (in both PDF and Word versions) a proposed Stipulation and Order, which reflects the terms upon which this Office is prepared to settle its case against Prevezon Holdings et al. This is the Office's final offer, and remains subject to approval from other departments within the U.S. government. Should your clients wish to accept the offer, the final document, with names inserted as necessary (see the highlighted portions of the document), must be executed and emailed back to me by no later than **4:00 today**.

Yours,

Sarah K. Eddy

Co-Chief, Money Laundering and Asset Forfeiture Unit

United States Attorney's Office

Southern District of New York

Tel. (212) 637-1033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                Plaintiff,          :     **STIPULATION AND ORDER**
                                    :
      - against -                   :     No. 13 Civ. 6326 (TPG)
                                    :
PREVEZON HOLDINGS LTD.,             :     ECF Case
PREVEZON ALEXANDER, LLC,            :
PREVEZON SOHO USA, LLC,             :
PREVEZON SEVEN USA, LLC,            :
PREVEZON PINE USA, LLC,             :
PREVEZON 1711 USA, LLC,             :
PREVEZON 1810, LLC,                 :
PREVEZON 2009 USA, LLC,             :
PREVEZON 2011 USA, LLC,             :
FERENCOI INVESTMENTS, LTD.,         :
KOLEVINS, LTD.,                     :
                                    :
                Defendants,         :
                                    :
ALL RIGHT, TITLE AND INTEREST       :
IN THE REAL PROPERTY AND            :
APPURTENANCES KNOWN AS THE 20       :
PINE STREET CONDOMINIUM, 20         :
PINE STREET, NEW YORK, NEW YORK     :
10005, UNIT 1816 ("20 PINE          :
STREET, UNIT 1816"),                :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :
**********8293 HELD IN THE NAME     :
OF PREVEZON ALEXANDER LLC (THE      :
"PREVEZON ALEXANDER ACCOUNT"),      :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :
**********8084 HELD IN THE NAME     :
OF PREVEZON SOHO USA LLC (THE       :
"PREVEZON SOHO ACCOUNT"),           :
                                    :
ANY AND ALL FUNDS ON DEPOSIT IN     :
BANK OF AMERICA ACCOUNT NUMBER      :

```
**********6021 HELD IN THE NAME    :
OF PREVEZON SEVEN USA LLC (THE     :
"PREVEZON SEVEN ACCOUNT"),         :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********8349 HELD IN THE NAME    :
OF PREVEZON 1711 USA, LLC (THE     :
"PREVEZON 1711 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********9102 HELD IN THE NAME    :
OF PREVEZON 2009 USA, LLC (THE     :
"PREVEZON 2009 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********8242 HELD IN THE NAME    :
OF PREVEZON PINE USA, LLC (THE     :
"PREVEZON PINE ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********5882 HELD IN THE NAME    :
OF PREVEZON 2011 USA, LLC (THE     :
"PREVEZON 2011 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********9128 HELD IN THE NAME    :
OF PREVEZON 1810 USA, LLC (THE     :
"PREVEZON 1810 ACCOUNT"),          :
                                   :
APPROXIMATELY $1,379,518.90        :
HELD BY THE UNITED STATES AS A     :
SUBSTITUTE RES FOR ALL RIGHT,      :
TITLE AND INTEREST IN THE REAL     :
PROPERTY AND APPURTENANCES         :
KNOWN AS THE 20 PINE STREET        :
CONDOMINIUM, 20 PINE STREET,       :
NEW YORK, NEW YORK 10005, UNIT     :
2009 (THE "20 PINE STREET, UNIT    :
2009 SALE PROCEEDS"),              :
                                   :
APPROXIMATELY $4,429,019.44        :
HELD BY THE UNITED STATES AS A     :
```

```
SUBSTITUTE RES FOR ALL RIGHT,        :
TITLE AND INTEREST IN THE REAL       :
PROPERTY AND APPURTENANCES           :
KNOWN AS ALEXANDER CONDOMINIUM,      :
250 EAST 49th STREET, NEW YORK,      :
NEW YORK 10017, UNIT COMM3 (THE      :
"250 EAST 49th STREET, UNIT          :
COMM3 SALE PROCEEDS"),               :
                                     :
APPROXIMATELY $1,046,530.04          :
HELD BY THE UNITED STATES AS A       :
SUBSTITUTE RES FOR ALL RIGHT,        :
TITLE AND INTEREST IN THE REAL       :
PROPERTY AND APPURTENANCES           :
KNOWN AS THE 20 PINE STREET          :
CONDOMINIUM, 20 PINE STREET,         :
NEW YORK, NEW YORK 10005, UNIT       :
2308 (THE "20 PINE STREET, UNIT      :
2308 SALE PROCEEDS"),                :
                                     :
APPROXIMATELY $894,026.21 HELD       :
BY THE UNITED STATES AS A            :
SUBSTITUTE RES FOR ALL RIGHT,        :
TITLE AND INTEREST IN THE REAL       :
PROPERTY AND APPURTENANCES           :
KNOWN AS THE 20 PINE STREET          :
CONDOMINIUM, 20 PINE STREET,         :
NEW YORK, NEW YORK 10005, UNIT       :
1711 (THE "20 PINE STREET, UNIT      :
1711 SALE PROCEEDS"),                :
                                     :
A DEBT OF 3,068,946 EUROS OWED       :
BY AFI EUROPE N.V. TO PREVEZON       :
HOLDINGS RESTRAINED BY THE           :
GOVERNMENT OF THE NETHERLANDS        :
ON OR ABOUT JANUARY 22, 2014         :
(THE "AFI EUROPE DEBT"),             :
                                     :
and all property traceable           :
thereto,                             :
                                     :
              Defendants in Rem.     :
                                     :
```

WHEREAS, on September 10, 2013, the United States commenced

this action (the "Action"), upon the filing of a verified complaint

(the "Complaint") seeking forfeiture of the above-captioned Defendants *in Rem*, and other assets, *in personam* claims against the above-captioned Defendants, and other relief, and on September 11, 2013, this Court entered a protective order restraining any and all assets of the Defendants;

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR, Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain property;

WHEREAS on or about January 22, 2014, the Government of the Netherlands, pursuant to a request for legal assistance from the United States in connection with this case, restrained the Defendant *in Rem* AFI Europe Debt and that property remains restrained;

WHEREAS, on November 5, 2014, the United States filed an amended verified complaint (the "Amended Complaint"), and the Court issued an amended protective order (the "Amended Protective Order");

WHEREAS, on December 19, 2014, Denis Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed certain claims;

WHEREAS, on September 9, 2015, *in personam* Defendants and Claimants gave notice pursuant to 28 U.S.C. §§ 2672, 2675 and 28 C.F.R. Part 14 of potential administrative claims against the United States, and they further assert that they may have rights to additional claims under the Civil Asset Forfeiture Reform Act of 2000 (P.L. 106-185);

WHEREAS, on October 23, 2015, the United States filed a second amended verified complaint (the "Second Amended Complaint");

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaint and Amended Complaint were published for at least 30 consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants *in Rem* in the Complaint or Amended Complaint, and all time to do so has expired; and

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Preet Bharara, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Cristine I. Phillips, and Tara M. La Morte, of counsel, and the Defendants and Claimants, by their attorneys, NAMES TO BE ADDED, that:

1.   The following terms shall have the definitions set forth herein:

a.   "Complaints" means the original Verified Complaint, the Amended Verified Complaint, and the Second Amended Verified Complaint filed in this Action.

b.   "Restrained Properties" means the Defendants *in Rem* named in this Action.

c.   "United States" or "Government" means the Plaintiff the United States of America.

2.   The purpose of this Stipulation and Order is to memorialize a settlement agreement pursuant to which the United States will release all of its claims or potential claims against all Defendants relating to this Action and release all Restrained Properties, and all Defendants will release all their claims or potential claims against the United States relating to this Action.   Upon the completion of the conditions set forth herein, the Amended Protective Order shall be vacated as to all

Defendants and all Restrained Properties, and the Second Amended
Complaint shall be dismissed against all Defendants with
prejudice.

3.    Upon entry of the Stipulation and Order, the
Government shall inform the Government of the Netherlands that
this matter has been resolved and that the Government withdraws
any request for the Government of the Netherlands to continue to
restrain the AFI Europe Debt, and shall request that the
Government of the Netherlands lift the restraint of the AFI
Europe Debt that had been implemented at the request of the
United States.  The Amended Protective Order shall be deemed
modified to allow the release of the AFI Europe Debt.

4.        For the purpose of settlement only, [*in personam*
Defendant to be named] will make a payment to the United States
consisting of $5,896,333.65 in United States currency (the
"Payment").  The Payment shall be due within 15 business days of
the release by the Government of the Netherlands of the AFI
Europe Debt and shall be made by electronic funds transfer
pursuant to written instructions to be provided by the United
States Attorney's Office for the Southern District of New York.
Upon receipt, the Payment shall be deposited into the U.S.
Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C.
§ 3302, which authorizes deposits of public money into the U.S.

Treasury, and does not constitute a forfeiture pursuant to 18
U.S.C. § 981(a)(1)(A).

5.    Upon the Government's receipt of the Payment, the
Government shall advise the governments of all countries from
whom the Government has sought assistance in connection with its
investigation via Mutual Legal Assistance requests, including
Switzerland, Latvia, Lithuania, Estonia, Ukraine, and Russia,
that this case has been settled, and provide them a copy of this
Stipulation and Order.  The Government shall also, if requested
by any Party hereto, provide a copy of this Stipulation and
Order to any other branch, department, or agency of the United
States and to any other foreign government or court.

6.    The Parties agree that this Stipulation and Order is
for the purposes of settlement only and nothing in this
Stipulation and Order, nor any act (including, but not limited
to, the execution of this Stipulation and Order and/or
fulfillment of the consideration for this Stipulation and Order)
of any Party hereto, nor any transaction occurring between any
Parties hereto prior to the date hereof, is or shall be treated,
construed, or deemed in any way as an admission by Defendants,
Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit, for
any purpose whatsoever, all such liability, fault,
responsibility, and wrongdoing of any kind being expressly
denied by the Defendants, Claimants, Denis Katsyv, Alexander

Litvak, and Timofey Krit, and they specifically deny that the events described in the Complaints as to them occurred as described therein.

7.   The Government and the Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit have decided to resolve their claims against each other through this Stipulation and Order.  The Parties further agree that none of the funds used for the Payment are being paid by or on behalf of any of the Defendants other than [*in personam* Defendant to be named], including but not limited to Prevezon Holdings, Ferencoi, or Kolevins.  Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaints or of any defenses to those claims.  This Stipulation and Order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

8.   The Parties agree that the Complaints do not allege that any of the Defendants, Claimants, or Denis Katsyv, Alexander Litvak, or Timofey Krit, is responsible, directly or indirectly, for the arrest, detention, or death of Sergei Magnitsky, or that they have acted as an agent of, on behalf of or in agreement with a person in a matter relating to the arrest, detention, or death of Sergei Magnitsky.

9.   This Stipulation and Order is intended to fully and finally resolve all pending claims made by the United States in the Action relating to the Defendants.  Accordingly, the United States hereby releases all Defendants, Claimants (including IKR and Martash), and their current and former subsidiaries, affiliates, predecessors, successors, and assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak, and Timofey Krit ("Released Parties"), from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the allegations in the Complaints or the facts and matters pleaded in this Action, or any actions taken by or on behalf of any of the Released Parties in connection with the allegations in the Complaints or the facts and matters pleaded in this Action.

10.  The Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit hereby release the U.S. Attorney's Office for the Southern District of New York, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, agents, administrators,

representatives, attorneys, and managers ("Government Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from, the filing of this Action or the United States' seizure, restraint, and/or constructive possession of the properties named in the Complaints, including, without limitation, any claim that the United States did not have probable cause to seize or restrain the Restrained Properties, that the Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit are prevailing parties, or that the Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit are entitled to attorneys' fees or any award of interest; and further agree to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the Defendants *in Rem*.  This release shall not affect Defendants' rights or claims against any person other than the Government Released Parties.

11.  Upon the Government's receipt of the Payment, the Amended Protective Order shall be vacated as to all Restrained Properties, the Court shall order the Restrained Properties returned to the Claimants, and the Action shall be dismissed against all Defendants with prejudice.

12.   Each Party to this Stipulation and Order will bear its own costs and attorneys' fees.

13.   All Parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

14.   The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

15.   This Stipulation and Order represents the complete agreement of the Parties hereto.

16.   The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one

and the same instrument.  Facsimiles or electronic copies shall

be treated as originals.

JOON H. KIM
Acting United States Attorney for
the Southern District of New York
Attorney for Plaintiff


By: _____          _____
        PAUL M. MONTELEONI                     DATE
        CRISTINE I. PHILLIPS
        TARA M. LA MORTE
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, New York 10007
        Tel.: (212) 637-2219
        Fax: (212) 637-0421


PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO
USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC,
PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA,
LLC, PREVEZON 2011 USA, LLC,


By: _____          _____
        [NAME, TITLE]                         DATE

DENIS KATSYV


_____          _____
DENIS KATSYV                             DATE

IKR

By: _____          _____
        [NAME, TITLE]                         DATE

MARTASH HOLDINGS


By: _____          _____
        [NAME, TITLE]                         DATE


13

KOLEVINS LTD.


By: _____          _____
        [NAME, TITLE]                          DATE

FERENCOI INVESTMENTS, LTD.


By: _____          _____
        [NAME, TITLE]                          DATE

[LAW FIRM]


By: _____          _____
        [NAME]                                 DATE


*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC,
PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE
USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON
2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH
HOLDINGS, IKR, FERENCOI, and KOLEVINS*


SO ORDERED:


_____          _____
THE HONORABLE WILLIAM H. PAULEY III        DATE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ :
                                  :
UNITED STATES OF AMERICA,         :
                                  :
                 Plaintiff,       :    **STIPULATION AND ORDER**
                                  :
        - against -               :    No. 13 Civ. 6326 (TPG)
                                  :
PREVEZON HOLDINGS LTD.,           :    ECF Case
PREVEZON ALEXANDER, LLC,          :
PREVEZON SOHO USA, LLC,           :
PREVEZON SEVEN USA, LLC,          :
PREVEZON PINE USA, LLC,           :
PREVEZON 1711 USA, LLC,           :
PREVEZON 1810, LLC,               :
PREVEZON 2009 USA, LLC,           :
PREVEZON 2011 USA, LLC,           :
FERENCOI INVESTMENTS, LTD.,       :
KOLEVINS, LTD.,                   :
                                  :
                 Defendants,      :
                                  :
ALL RIGHT, TITLE AND INTEREST     :
IN THE REAL PROPERTY AND          :
APPURTENANCES KNOWN AS THE 20     :
PINE STREET CONDOMINIUM, 20       :
PINE STREET, NEW YORK, NEW YORK   :
10005, UNIT 1816 ("20 PINE        :
STREET, UNIT 1816"),              :
                                  :
ANY AND ALL FUNDS ON DEPOSIT IN   :
BANK OF AMERICA ACCOUNT NUMBER    :
**********8293 HELD IN THE NAME   :
OF PREVEZON ALEXANDER LLC (THE    :
"PREVEZON ALEXANDER ACCOUNT"),    :
                                  :
ANY AND ALL FUNDS ON DEPOSIT IN   :
BANK OF AMERICA ACCOUNT NUMBER    :
**********8084 HELD IN THE NAME   :
OF PREVEZON SOHO USA LLC (THE     :
"PREVEZON SOHO ACCOUNT"),         :
                                  :
ANY AND ALL FUNDS ON DEPOSIT IN   :
BANK OF AMERICA ACCOUNT NUMBER    :

**********6021 HELD IN THE NAME          :
OF PREVEZON SEVEN USA LLC (THE          :
"PREVEZON SEVEN ACCOUNT"),              :
                                        :
ANY AND ALL FUNDS ON DEPOSIT IN          :
BANK OF AMERICA ACCOUNT NUMBER          :
**********8349 HELD IN THE NAME          :
OF PREVEZON 1711 USA, LLC (THE          :
"PREVEZON 1711 ACCOUNT"),               :
                                        :
ANY AND ALL FUNDS ON DEPOSIT IN          :
BANK OF AMERICA ACCOUNT NUMBER          :
**********9102 HELD IN THE NAME          :
OF PREVEZON 2009 USA, LLC (THE          :
"PREVEZON 2009 ACCOUNT"),               :
                                        :
ANY AND ALL FUNDS ON DEPOSIT IN          :
BANK OF AMERICA ACCOUNT NUMBER          :
**********8242 HELD IN THE NAME          :
OF PREVEZON PINE USA, LLC (THE          :
"PREVEZON PINE ACCOUNT"),               :
                                        :
ANY AND ALL FUNDS ON DEPOSIT IN          :
BANK OF AMERICA ACCOUNT NUMBER          :
**********5882 HELD IN THE NAME          :
OF PREVEZON 2011 USA, LLC (THE          :
"PREVEZON 2011 ACCOUNT"),               :
                                        :
ANY AND ALL FUNDS ON DEPOSIT IN          :
BANK OF AMERICA ACCOUNT NUMBER          :
**********9128 HELD IN THE NAME          :
OF PREVEZON 1810 USA, LLC (THE          :
"PREVEZON 1810 ACCOUNT"),               :
                                        :
APPROXIMATELY $1,379,518.90             :
HELD BY THE UNITED STATES AS A          :
SUBSTITUTE RES FOR ALL RIGHT,           :
TITLE AND INTEREST IN THE REAL          :
PROPERTY AND APPURTENANCES              :
KNOWN AS THE 20 PINE STREET             :
CONDOMINIUM, 20 PINE STREET,            :
NEW YORK, NEW YORK 10005, UNIT          :
2009 (THE "20 PINE STREET, UNIT         :
2009 SALE PROCEEDS"),                   :
                                        :
APPROXIMATELY $4,429,019.44             :
HELD BY THE UNITED STATES AS A          :

SUBSTITUTE RES FOR ALL RIGHT,          :
TITLE AND INTEREST IN THE REAL         :
PROPERTY AND APPURTENANCES             :
KNOWN AS ALEXANDER CONDOMINIUM,        :
250 EAST 49th STREET, NEW YORK,        :
NEW YORK 10017, UNIT COMM3 (THE        :
"250 EAST 49th STREET, UNIT            :
COMM3 SALE PROCEEDS"),                 :
                                       :
APPROXIMATELY $1,046,530.04            :
HELD BY THE UNITED STATES AS A         :
SUBSTITUTE RES FOR ALL RIGHT,          :
TITLE AND INTEREST IN THE REAL         :
PROPERTY AND APPURTENANCES             :
KNOWN AS THE 20 PINE STREET            :
CONDOMINIUM, 20 PINE STREET,           :
NEW YORK, NEW YORK 10005, UNIT         :
2308 (THE "20 PINE STREET, UNIT        :
2308 SALE PROCEEDS"),                  :
                                       :
APPROXIMATELY $894,026.21 HELD         :
BY THE UNITED STATES AS A              :
SUBSTITUTE RES FOR ALL RIGHT,          :
TITLE AND INTEREST IN THE REAL         :
PROPERTY AND APPURTENANCES             :
KNOWN AS THE 20 PINE STREET            :
CONDOMINIUM, 20 PINE STREET,           :
NEW YORK, NEW YORK 10005, UNIT         :
1711 (THE "20 PINE STREET, UNIT        :
1711 SALE PROCEEDS"),                  :
                                       :
A DEBT OF 3,068,946 EUROS OWED         :
BY AFI EUROPE N.V. TO PREVEZON         :
HOLDINGS RESTRAINED BY THE             :
GOVERNMENT OF THE NETHERLANDS          :
ON OR ABOUT JANUARY 22, 2014           :
(THE "AFI EUROPE DEBT"),               :
                                       :
and all property traceable            :
thereto,                              :
                                       :
          Defendants *in Rem*.         :
                                       :

WHEREAS, on September 10, 2013, the United States commenced

this action (the "Action"), upon the filing of a verified complaint

(the "Complaint") seeking forfeiture of the above-captioned Defendants *in Rem*, and other assets, *in personam* claims against the above-captioned Defendants, and other relief, and on September 11, 2013, this Court entered a protective order restraining any and all assets of the Defendants;

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR, Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain property;

WHEREAS on or about January 22, 2014, the Government of the Netherlands, pursuant to a request for legal assistance from the United States in connection with this case, restrained the Defendant *in Rem* AFI Europe Debt and that property remains restrained;

4

WHEREAS, on November 5, 2014, the United States filed an amended verified complaint (the "Amended Complaint"), and the Court issued an amended protective order (the "Amended Protective Order");

WHEREAS, on December 19, 2014, Denis Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed certain claims;

WHEREAS, on September 9, 2015, *in personam* Defendants and Claimants gave notice pursuant to 28 U.S.C. §§ 2672, 2675 and 28 C.F.R. Part 14 of potential administrative claims against the United States, and they further assert that they may have rights to additional claims under the Civil Asset Forfeiture Reform Act of 2000 (P.L. 106-185);

WHEREAS, on October 23, 2015, the United States filed a second amended verified complaint (the "Second Amended Complaint");

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaint and Amended Complaint were published for at least 30 consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants *in Rem* in the Complaint or Amended Complaint, and all time to do so has expired; and

5

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Preet Bharara, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Cristine I. Phillips, and Tara M. La Morte, of counsel, and the Defendants and Claimants, by their attorneys, NAMES TO BE ADDED, that:

1.   The following terms shall have the definitions set forth herein:

   a.   "Complaints" means the original Verified Complaint, the Amended Verified Complaint, and the Second Amended Verified Complaint filed in this Action.

   b.   "Restrained Properties" means the Defendants *in Rem* named in this Action.

   c.   "United States" or "Government" means the Plaintiff the United States of America.

2.   The purpose of this Stipulation and Order is to memorialize a settlement agreement pursuant to which the United States will release all of its claims or potential claims against all Defendants relating to this Action and release all Restrained Properties, and all Defendants will release all their claims or potential claims against the United States relating to this Action.  Upon the completion of the conditions set forth herein, the Amended Protective Order shall be vacated as to all

Defendants and all Restrained Properties, and the Second Amended
Complaint shall be dismissed against all Defendants with
prejudice.

3.    Upon entry of the Stipulation and Order, the
Government shall inform the Government of the Netherlands that
this matter has been resolved and that the Government withdraws
any request for the Government of the Netherlands to continue to
restrain the AFI Europe Debt, and shall request that the
Government of the Netherlands lift the restraint of the AFI
Europe Debt that had been implemented at the request of the
United States.  The Amended Protective Order shall be deemed
modified to allow the release of the AFI Europe Debt.

4.    For the purpose of settlement only, [*in personam
Defendant to be named*] will make a payment to the United States
consisting of $5,896,333.65 in United States currency (the
"Payment").  The Payment shall be due within 15 business days of
the release by the Government of the Netherlands of the AFI
Europe Debt and shall be made by electronic funds transfer
pursuant to written instructions to be provided by the United
States Attorney's Office for the Southern District of New York.
Upon receipt, the Payment shall be deposited into the U.S.
Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C.
§ 3302, which authorizes deposits of public money into the U.S.

Treasury, and does not constitute a forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

5.   Upon the Government's receipt of the Payment, the Government shall advise the governments of all countries from whom the Government has sought assistance in connection with its investigation via Mutual Legal Assistance requests, including Switzerland, Latvia, Lithuania, Estonia, Ukraine, and Russia, that this case has been settled, and provide them a copy of this Stipulation and Order.  The Government shall also, if requested by any Party hereto, provide a copy of this Stipulation and Order to any other branch, department, or agency of the United States and to any other foreign government or court.

6.   The Parties agree that this Stipulation and Order is for the purposes of settlement only and nothing in this Stipulation and Order, nor any act (including, but not limited to, the execution of this Stipulation and Order and/or fulfillment of the consideration for this Stipulation and Order) of any Party hereto, nor any transaction occurring between any Parties hereto prior to the date hereof, is or shall be treated, construed, or deemed in any way as an admission by Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit, for any purpose whatsoever, all such liability, fault, responsibility, and wrongdoing of any kind being expressly denied by the Defendants, Claimants, Denis Katsyv, Alexander

8

Litvak, and Timofey Krit, and they specifically deny that the events described in the Complaints as to them occurred as described therein.

7.     The Government and the Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit have decided to resolve their claims against each other through this Stipulation and Order.  The Parties further agree that none of the funds used for the Payment are being paid by or on behalf of any of the Defendants other than [*in personam* Defendant to be named], including but not limited to Prevezon Holdings, Ferencoi, or Kolevins.  Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the Complaints or of any defenses to those claims.  This Stipulation and Order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

8.     The Parties agree that the Complaints do not allege that any of the Defendants, Claimants, or Denis Katsyv, Alexander Litvak, or Timofey Krit, is responsible, directly or indirectly, for the arrest, detention, or death of Sergei Magnitsky, or that they have acted as an agent of, on behalf of or in agreement with a person in a matter relating to the arrest, detention, or death of Sergei Magnitsky.

9.   This Stipulation and Order is intended to fully and finally resolve all pending claims made by the United States in the Action relating to the Defendants.  Accordingly, the United States hereby releases all Defendants, Claimants (including IKR and Martash), and their current and former subsidiaries, affiliates, predecessors, successors, and assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak, and Timofey Krit ("Released Parties"), from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the allegations in the Complaints or the facts and matters pleaded in this Action, or any actions taken by or on behalf of any of the Released Parties in connection with the allegations in the Complaints or the facts and matters pleaded in this Action.

10.   The Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit hereby release the U.S. Attorney's Office for the Southern District of New York, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, agents, administrators,

representatives, attorneys, and managers ("Government Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from, the filing of this Action or the United States' seizure, restraint, and/or constructive possession of the properties named in the Complaints, including, without limitation, any claim that the United States did not have probable cause to seize or restrain the Restrained Properties, that the Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit are prevailing parties, or that the Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit are entitled to attorneys' fees or any award of interest; and further agree to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the Defendants *in Rem*.  This release shall not affect Defendants' rights or claims against any person other than the Government Released Parties.

11.  Upon the Government's receipt of the Payment, the Amended Protective Order shall be vacated as to all Restrained Properties, the Court shall order the Restrained Properties returned to the Claimants, and the Action shall be dismissed against all Defendants with prejudice.

11

12.   Each Party to this Stipulation and Order will bear its own costs and attorneys' fees.

13.   All Parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

14.   The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

15.   This Stipulation and Order represents the complete agreement of the Parties hereto.

16.   The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one

and the same instrument.  Facsimiles or electronic copies shall

be treated as originals.


JOON H. KIM
Acting United States Attorney for
the Southern District of New York
Attorney for Plaintiff


By: _____          _____
        PAUL M. MONTELEONI                      DATE
        CRISTINE I. PHILLIPS
        TARA M. LA MORTE
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, New York 10007
        Tel.: (212) 637-2219
        Fax: (212) 637-0421


PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO
USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC,
PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA,
LLC, PREVEZON 2011 USA, LLC,


By: _____          _____
        [NAME, TITLE]                           DATE

DENIS KATSYV


_____               _____
DENIS KATSYV                                    DATE

IKR

By: _____          _____
        [NAME, TITLE]                           DATE

MARTASH HOLDINGS


By: _____          _____
        [NAME, TITLE]                           DATE


13

KOLEVINS LTD.

By: _____          _____
        [NAME, TITLE]                          DATE

FERENCOI INVESTMENTS, LTD.

By: _____          _____
        [NAME, TITLE]                          DATE

[LAW FIRM]


By: _____          _____
        [NAME]                                 DATE


*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC,
PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE
USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON
2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH
HOLDINGS, IKR, FERENCOI, and KOLEVINS*


SO ORDERED:

_____              _____
THE HONORABLE WILLIAM H. PAULEY III           DATE
UNITED STATES DISTRICT JUDGE

14