Exhibit 14

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

———————————————————————————  :
                              :
UNITED STATES OF AMERICA,     :
                              :
             Plaintiff,       :     **STIPULATION AND ORDER**
                              :
   - against -            :     No. 13 Civ. 6326 (TPG)
                              :
PREVEZON HOLDINGS LTD.,       :     ECF Case
PREVEZON ALEXANDER, LLC,      :
PREVEZON SOHO USA, LLC,       :
PREVEZON SEVEN USA, LLC,      :
PREVEZON PINE USA, LLC,       :
PREVEZON 1711 USA, LLC,       :
PREVEZON 1810, LLC,           :
PREVEZON 2009 USA, LLC,       :
PREVEZON 2011 USA, LLC,       :
FERENCOI INVESTMENTS, LTD.,   :
KOLEVINS, LTD.,               :
                              :
             Defendants,      :
                              :
ALL RIGHT, TITLE AND INTEREST :
IN THE REAL PROPERTY AND      :
APPURTENANCES KNOWN AS THE 20 :
PINE STREET CONDOMINIUM, 20   :
PINE STREET, NEW YORK, NEW YORK :
10005, UNIT 1816 ("20 PINE    :
STREET, UNIT 1816"),          :
                              :
ANY AND ALL FUNDS ON DEPOSIT IN :
BANK OF AMERICA ACCOUNT NUMBER :
*********8293 HELD IN THE NAME :
OF PREVEZON ALEXANDER LLC (THE :
"PREVEZON ALEXANDER ACCOUNT"), :
                              :
ANY AND ALL FUNDS ON DEPOSIT IN :
BANK OF AMERICA ACCOUNT NUMBER :
*********8084 HELD IN THE NAME :
OF PREVEZON SOHO USA LLC (THE :
"PREVEZON SOHO ACCOUNT"),     :
                              :
ANY AND ALL FUNDS ON DEPOSIT IN :
BANK OF AMERICA ACCOUNT NUMBER :

```
**********6021 HELD IN THE NAME    :
OF PREVEZON SEVEN USA LLC (THE     :
"PREVEZON SEVEN ACCOUNT"),         :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********8349 HELD IN THE NAME    :
OF PREVEZON 1711 USA, LLC (THE     :
"PREVEZON 1711 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********9102 HELD IN THE NAME    :
OF PREVEZON 2009 USA, LLC (THE     :
"PREVEZON 2009 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********8242 HELD IN THE NAME    :
OF PREVEZON PINE USA, LLC (THE     :
"PREVEZON PINE ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********5882 HELD IN THE NAME    :
OF PREVEZON 2011 USA, LLC (THE     :
"PREVEZON 2011 ACCOUNT"),          :
                                   :
ANY AND ALL FUNDS ON DEPOSIT IN    :
BANK OF AMERICA ACCOUNT NUMBER     :
**********9128 HELD IN THE NAME    :
OF PREVEZON 1810 USA, LLC (THE     :
"PREVEZON 1810 ACCOUNT"),          :
                                   :
APPROXIMATELY $1,379,518.90        :
HELD BY THE UNITED STATES AS A     :
SUBSTITUTE RES FOR ALL RIGHT,      :
TITLE AND INTEREST IN THE REAL     :
PROPERTY AND APPURTENANCES         :
KNOWN AS THE 20 PINE STREET        :
CONDOMINIUM, 20 PINE STREET,       :
NEW YORK, NEW YORK 10005, UNIT     :
2009 (THE "20 PINE STREET, UNIT    :
2009 SALE PROCEEDS"),              :
                                   :
APPROXIMATELY $4,429,019.44        :
HELD BY THE UNITED STATES AS A     :
```

2

SUBSTITUTE RES FOR ALL RIGHT,       :
TITLE AND INTEREST IN THE REAL      :
PROPERTY AND APPURTENANCES          :
KNOWN AS ALEXANDER CONDOMINIUM,     :
250 EAST 49th STREET, NEW YORK,     :
NEW YORK 10017, UNIT COMM3 (THE     :
"250 EAST 49th STREET, UNIT         :
COMM3 SALE PROCEEDS"),              :
                                    :
APPROXIMATELY $1,046,530.04         :
HELD BY THE UNITED STATES AS A      :
SUBSTITUTE RES FOR ALL RIGHT,       :
TITLE AND INTEREST IN THE REAL      :
PROPERTY AND APPURTENANCES          :
KNOWN AS THE 20 PINE STREET         :
CONDOMINIUM, 20 PINE STREET,        :
NEW YORK, NEW YORK 10005, UNIT      :
2308 (THE "20 PINE STREET, UNIT     :
2308 SALE PROCEEDS"),               :
                                    :
APPROXIMATELY $894,026.21 HELD      :
BY THE UNITED STATES AS A           :
SUBSTITUTE RES FOR ALL RIGHT,       :
TITLE AND INTEREST IN THE REAL      :
PROPERTY AND APPURTENANCES          :
KNOWN AS THE 20 PINE STREET         :
CONDOMINIUM, 20 PINE STREET,        :
NEW YORK, NEW YORK 10005, UNIT      :
1711 (THE "20 PINE STREET, UNIT     :
1711 SALE PROCEEDS"),               :
                                    :
A DEBT OF 3,068,946 EUROS OWED      :
BY AFI EUROPE N.V. TO PREVEZON      :
HOLDINGS RESTRAINED BY THE          :
GOVERNMENT OF THE NETHERLANDS       :
ON OR ABOUT JANUARY 22, 2014        :
(THE "AFI EUROPE DEBT"),            :
                                    :
and all property traceable         :
thereto,                           :
                                    :
          Defendants *in Rem*.      :
_____   :

        WHEREAS, on September 10, 2013, the United States commenced

this action (the "Action"), upon the filing of a verified complaint

3

(the "Complaint") seeking forfeiture of the above-captioned ~~defendants *in rem* (the "~~Defendants *in Rem*"),~~,~~ and other assets, *in personam* claims against the above-captioned ~~defendants~~Defendants, and other relief, and on September 11, 2013, this Court entered a protective order restraining any and all assets of the Defendants;

Formatted: Font: Italic

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR ~~("IKR"),~~, Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain property;

WHEREAS on or about January 22, 2014, the Government of the Netherlands, pursuant to a request for legal assistance from the United States in connection with this case, restrained the Defendant *in Rem* AFI Europe Debt and that property remains restrained;

4

WHEREAS, on November 5, 2014, the ~~Complaint was replaced by~~United States filed an amended verified complaint (the "Amended Complaint"), and the Court issued an amended protective order (the "Amended Protective Order");

WHEREAS, on December 19, 2014, Denis Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed certain claims;

WHEREAS, on September 9, 2015, *in personam* Defendants and Claimants gave notice pursuant to 28 U.S.C. §§ 2672, 2675 and 28 C.F.R. Part 14 of potential administrative claims against the United States, and they further assert that they may have rights to additional claims under the Civil Asset Forfeiture Reform Act of 2000 (P.L. 106-185);

WHEREAS, on October 23, 2015, the United States filed a second amended verified complaint (the "Second Amended Complaint");

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaint and Amended Complaint were published for at least 30 consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants *in Rem* in the Complaint or Amended Complaint, and all time to do so has expired; and

**Formatted:** Font: Italic

5

WHEREAS, the parties desire to consensually resolve this case on the terms set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Preet Bharara, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, ~~Andrew C. Adams, Margaret S. Graham~~Cristine I. Phillips, and ~~Jaimie L. Nawaday~~Tara M. La Morte, of counsel, and the Defendants~~,~~ the and Claimants, ~~Ferencoi, and Kolevins, and~~by their ~~counsel, Baker & Hostetler LLP, Mark A. Cymrot, Esq., John W. Moscow, Esq., and Baker Botts LLP, Seth T. Taube, Esq.,~~attorneys, NAMES TO BE ADDED, that:

1.   The following terms shall have the definitions set forth herein:

a.   ~~"Defendants~~"Complaints" means~~, collectively,~~ the ~~in personam and in rem defendants named in~~ original Verified Complaint, the ~~Action.~~

~~The in personam defendants ("in personam Defendants") are as follows: Prevezon Holdings Ltd. ("Prevezon Holdings"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), Prevezon 2011 USA, LLC ("Prevezon 2011"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd ("Kolevins").~~

~~The in rem defendants ("in rem Defendants") are as follows:~~

6

- ~~All right, title and interest in the real property and appurtenances known as the 20 Pine Street condominium, 20 Pine Street, New York, New York 10005, Unit 1816 ("20 Pine Street, Unit 1816").~~

- ~~Any and all funds on deposit in Bank of America Account number **********8293 held in the name of Prevezon Alexander LLC (the "Prevezon Alexander Account").~~

- ~~Any and all funds on deposit in Bank of America account number **********8084 held in the name of Prevezon Soho USA LLC (the "Prevezon Soho Account").~~

- ~~Any and all funds on deposit in Bank of America account number **********6021 held in the name of Prevezon Seven USA LLC (the "Prevezon Seven Account").~~

- ~~Any and all funds on deposit in Bank of America account number **********8349 held in the name of Prevezon 1711 USA, LLC(the "Prevezon 1711 Account").~~

- ~~Any and all funds on deposit in Bank of America account number **********9102 held in the name of Prevezon 2009 USA, LLC (the "Prevezon 2009 Account").~~

- ~~Any and all funds on deposit in Bank of America account number **********8242 held in the name of Prevezon Pine USA, LLC (the "Prevezon Pine Account").~~

- ~~Any and all funds on deposit in Bank of America account number **********5882 held in the name of Prevezon 2011 USA, LLC (the "Prevezon 2011 Account").~~

- ~~Any and all funds on deposit in Bank of America account number **********9128 held in the name of Prevezon 1810 USA, LLC (the "Prevezon 1810 Account").~~

7

- Approximately $1,379,518.90 held by the United States  from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2009 (the "20 Pine Street, Unit 2009 Sale Proceeds").

- Approximately $4,429,019.44 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3 (the "250 East 49th Street, Unit Comm3 Sale Proceeds").

- Approximately $1,046,530.07 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 2308 (the "20 Pine Street, Unit 2308 Sale Proceeds").

- Approximately $849,026.21 held by the United States from the sale of all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York 10005, Unit 1711 (the "20 Pine Street, Unit 1711 Sale Proceeds").

- A debt of €3,068,946 owed by AFI Europe N.V. to Prevezon Holdings restrained by the Government of the Netherlands on or about January 22, 2014 (the "AFI Europe Debt").

b.   "Claims" means, collectively, the following claims filed in the Action on December 19, 2014, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture:

- The claim of IKR in (1) the Prevezon Soho Account, (2) the Prevezon Seven Account, (3) the Prevezon Pine Account, (4) the 20 Pine Street, Unit 2308 Sale Proceeds, (5) the Prevezon 1711 Account, (6) the 20 Pine Street, Unit 1711 Sale Proceeds, (7) the Prevezon 1810 Account, (8) the Prevezon 2009 Account, (9) the 20 Pine Street,

~~Unit 2009 Sale Proceeds, (10) the Prevezon 2011 Account, and (11) the 20 Pine Street, Unit 1816. (Docket Item 196 in the Action)~~

- ~~The claim of Prevezon 1711 in the Prevezon 1711 Account and the 20 Pine Street, Unit 1711 Sale Proceeds. (Docket Item 197 in the Action)~~

- ~~The claim of Prevezon 2011 in the Prevezon 2011 Account and the 20 Pine Street, Unit 1816. (Docket Item 198 in the Action)~~

- ~~The claim of Denis Katsyv in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (7) the Prevezon 1711 Account, (8) the 20 Pine Street, Unit 1711 Sale Proceeds, (9) the Prevezon 1810 Account, the Prevezon 2009 Account, (10) the Pine Street, Unit 2009 Sale Proceeds, and (11) the Prevezon 2011 Account. (Docket Item 199 in the Action)~~

- ~~The claim of Prevezon 1810 in the Prevezon 1810 Account. (Docket Item 200 in the Action)~~

- ~~The claim of Prevezon Alexander in the Prevezon Alexander Account and the 250 East 49th Street, Unit Comm3 Sale Proceeds. (Docket Item 201 in the Action)~~

- ~~The claim of Martash Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 202 in the Action)~~

- ~~The claim of Prevezon 2009 in (1) the Prevezon 2009 Account and the 20 Pine Street, Unit 2009 Sale Proceeds. (Docket Item 203 in the Action)~~

- ~~The claim of Prevezon Holdings in (1) the Prevezon Alexander Account, (2) the 250 East 49th Street, Unit Comm3 Sale Proceeds, (3) the Prevezon Soho Account, (4) the Prevezon Seven Account, (5) the Prevezon Pine Account, (6) the 20 Pine Street, Unit 2308 Sale Proceeds, (6) the Prevezon 1711 Account, (7) the 20 Pine Street, Unit 1711 Sale Proceeds, (8) the Prevezon 1810 Account, (9) the Prevezon 2009 Account, (10) the 20 Pine Street, Unit 2009 Sale Proceeds, (11) the Prevezon 2011 Account, (12) the 20 Pine Street, Unit 1816, and (13) the AFI Europe Debt. (Docket Item 204 in the Action)~~

- ~~The claim of Prevezon Pine in the Prevezon Pine Account and the 20 Pine Street, Unit 2308 Sale Proceeds. (Docket Item 205 in the Action)~~

- ~~The claim of Prevezon Soho in the Prevezon Seven Account. (Docket Item 206 in the Action)~~

- ~~The claim of Prevezon Pine in the Prevezon Soho Account. (Docket Item 207 in the Action)~~

~~c.~~a.   "Amended ~~Protective Order" means~~ Verified Complaint, and the Second Amended ~~Protective Order issued on November 5, 2014,~~Verified Complaint filed in ~~the~~this Action ~~as Docket Item 173~~.

~~d.   "Magnitsky Law" means the Sergei Magnitsky Rule of Law Accountability Act of 2012, Public Law 112-208 Dec. 14, 2012.~~

~~e.~~b.   "Restrained Properties" ~~mean~~means the ~~in rem~~ Defendants~~, as defined above~~ *in Rem* named in this Action.

~~f.~~c.   "United States~~,~~"~~"~~ or "Government" ~~or "~~means the Plaintiff~~" means~~ the United States of America.

**Formatted:** Space After: 10 pt, Line spacing: Multiple 1.15 li

**Formatted:** Indent: Left: 0.5", Tab stops: Not at 1"

2.    The purpose of this Stipulation and Order is to
memorialize a settlement agreement pursuant to which the United
States will release all of its claims or potential claims
against all Defendants relating to this Action and release all
Restrained Properties, and all Defendants will release all their
claims or potential claims against the United States relating to
this Action.  Upon the completion of the conditions set forth
herein, the Amended Protective Order shall be vacated as to all
Defendants and all Restrained Properties, and the Second Amended
Complaint shall be dismissed against all Defendants with
prejudice.

3.    Upon entry of the Stipulation and Order, the
Government shall inform the Government of the Netherlands that
this matter has been resolved and that the Government withdraws
any request for the Government of the Netherlands to continue to
restrain the AFI Europe Debt, and shall request that the
Government of the Netherlands lift the restraint of the AFI
Europe Debt that had been implemented at the request of the
United States, and the. The Amended Protective Order shall be
deemed modified to allow the release of the AFI Europe Debt.

4.    For the purpose of settlement only, [in personam
Defendant to be named] will make a payment to the United States
consisting of $2,000,0005,896,333.65 in United States currency
(the "Payment").  The Payment shall be due within 15 business

11

days of the release by the Government of the Netherlands of the AFI Europe Debt and shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York. Upon receipt, the Payment shall be deposited into the U.S. Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C. § 3302, which authorizes deposits of public money into the U.S. Treasury, and does not constitute a forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

5.   Upon the Government's receipt of the Payment, the Government shall advise the governments of all countries from whom the Government has sought assistance in connection with its investigation via Mutual Legal Assistance requests, including Switzerland, Latvia, Lithuania, Estonia, Ukraine, and Russia, that this case has been settled, and provide them a copy of this Stipulation and Order.  The Government shall also, if requested by any Party hereto, provide a copy of this Stipulation and Order to any other branch, department, or agency of the United States and to any other foreign government or court.

6.   The Parties agree that this Stipulation and Order is for the purposes of settlement only and nothing in this Stipulation and Order, nor any act (including, but not limited to, the execution of this Stipulation and Order and/or fulfillment of the consideration for this Stipulation and Order)

12

of any Party hereto, nor any transaction occurring between any Parties hereto prior to the date hereof, is or shall be treated, construed, or deemed in any way as an admission by ~~in personam~~ Defendants, Claimants ~~or,~~ Denis Katsyv, Alexander Litvak, or or Timofey Krit, for any purpose whatsoever, all such liability, fault, responsibility, and wrongdoing of any kind being expressly denied by the ~~in personam~~ Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit, and they specifically deny that the events described in the ~~Amended Complaint~~Complaints as to them occurred as described therein.

~~5.~~   The Government and the Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit have decided to resolve their claims against each other through this Stipulation and Order.  The Parties further agree that none of the funds used for the Payment are being paid by or on behalf of any of the ~~in personam~~Defendants other than [~~the entity making the Payment~~_in personam_ Defendant to be named], including but not limited to Prevezon Holdings, Ferencoi, or Kolevins.

~~6.~~7.   Pursuant to the laws of the United States, this Stipulation and Order constitutes a compromise of disputed claims and should not be construed as any evidence as to the merits of any of the claims asserted in the ~~Complaint or the Amended Complaint~~Complaints or of any defenses to those claims.

13

This Stipulation and Order is not intended to have any legal effect on any other pending proceeding in any jurisdiction.

7.   The Government acknowledges that the *in personam* Defendants and Denis Katsyv, Alexander Litvak and Timofey Krit represent that they have always known and with good cause believe now that the funds the United States sought to forfeit are unrelated to any of the events described in the Amended Complaint or in the Novaya Gazeta article of August 2012  which the Complaint and Amended Complaint quote; and the Government further acknowledges that the *in personam* Defendants, Denis Katsyv, Alexander Litvak and Timofey Krit deny any allegation that suggests funds came to them from any unlawful source.

8.   The Parties agree that the Complaint and Amended ComplaintComplaints do not allege that any of the *in personam* Defendants, Claimants, or Denis Katsyv, Alexander Litvak, or Timofey Krit, is responsible, directly or indirectly, for any of the events described in thethe arrest, detention, or death of Sergei Magnitsky Law; and the Complaint and Amended Complaint do not allege, or that they have acted as an agent of, on behalf of or in agreement with a person in a matter relating to any activity described in thethe arrest, detention, or death of Sergei Magnitsky Law.  The Government further acknowledges that by entering this Stipulation and Order, the *in personam* Defendants, Claimants, Denis Katsyv, Alexander Litvak, and

14

~~Timofey Krit are not admitting that any of the events or activities described in the Magnitsky Law occurred as described therein.   The Government shall if requested by any Party hereto provide a copy of this Stipulation and Order to any other branch, department or agency of the United States and to any other government or court.~~_._

9.   This Stipulation and Order is intended to fully and finally resolve all pending claims made by the United States in the Action relating to the Defendants.  Accordingly, the United States hereby releases all Defendants, Claimants (including IKR and Martash ~~Holding)~~)_,_ and their current and former subsidiaries, affiliates, predecessors, successors,_ and_ assigns, and their current and former shareholders, predecessors, successors, assigns, related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, and managers, including but not limited to Denis Katsyv, Alexander Litvak_,_ and Timofey Krit ("Released Parties~~")~~"__)_,_ from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from the allegations in the ~~Amended Complaint~~Complaints or the facts and matters pleaded in this Action, or any actions taken by or on behalf of any of the Released Parties in connection with the

15

allegations in the ~~Amended Complaint~~Complaints or the facts and matters pleaded in this Action.

10.  The Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit hereby release the U.S. Attorney's Office for the Southern District of New York, the Department of Homeland Security, Homeland Security Investigations, and their current and former officers, employees, agents, administrators, representatives, attorneys, and managers ("Government Released Parties") from any and all claims, suits, causes of action, and related liabilities, including without limitation costs, expenses, penalties, and attorneys' fees, concerning, arising out of, or resulting from, the filing of this Action or the United States' seizure, restraint, and/or constructive possession of the properties named in the ~~Complaint or Amended Complaint~~Complaints, including, without limitation, any claim that the United States did not have probable cause to seize or restrain the Restrained Properties, that the ~~in personam~~ Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit are ~~a~~ prevailing ~~party~~parties, or that the ~~in personam~~ Defendants, Claimants, Denis Katsyv, Alexander Litvak, or Timofey Krit are entitled to attorneys' fees or any award of interest; and further agree to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the ~~in rem Defendants~~Defendants *in Rem*.

16

This release shall not affect Defendants' rights or claims against any person other than the Government Released Parties.

11. ~~Upon execution of this Stipulation and Order, discovery shall be suspended and the trial date shall be adjourned. Once the AFI Europe Debt has been released by the Government of the Netherlands and the Payment has been received by the Government~~Upon the Government's receipt of the Payment, the Amended Protective Order shall be vacated as to all Restrained Properties, the Court shall order the Restrained Properties returned to the Claimants, and the Action shall be dismissed against all Defendants with prejudice.

~~12. Should the Government of the Netherlands issue an order or statement setting forth its intention to continue the restraint of the AFI Europe Debt, or if 120 days have elapsed from the entry of this Stipulation and Order and the AFI Europe Debt has not been released, upon motion by any Party hereto, this Stipulation and Order shall be void, the Action shall resume, and the Court shall schedule trial as soon as convenient for the Court on a date no sooner than 120 days from the resumption of the Action.~~

~~13.~~12.   Each Party to this Stipulation and Order will bear its own costs and ~~attorney's~~attorneys' fees.

14. 13.    All Parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

15. 14.    The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

16. 15.    This Stipulation and Order represents the complete agreement of the Parties hereto.

17. 16.    The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimiles or electronic copies shall be treated as originals.

18

and the same instrument.  Facsimiles or electronic copies shall
be treated as originals.  ~~PREET
BHARARA~~

JOON H. KIM
Acting United States Attorney for
the Southern District of New York
Attorney for Plaintiff

By: _____          _____
    PAUL M. MONTELEONI                    DATE
    ~~ANDREW C. ADAMS~~ CRISTINE I. PHILLIPS
    ~~MARGARET S. GRAHAM~~
    ~~JAIMIE L. NAWADAY~~
    TARA M. LA MORTE
    Assistant United States ~~Attorney~~ Attorneys
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219 ~~/2340/2923/2275~~
    Fax: (212) 637-0421


PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO
USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC,
PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA,
LLC, PREVEZON 2011 USA, LLC,


By: _____          _____
    _____ [NAME, TITLE]         DATE

DENIS KATSYV


_____               _____
DENIS KATSYV                              DATE

IKR


By: _____          _____
    _____ [NAME, TITLE]                          DATE

20

MARTASH HOLDINGS

By: _____     _____
            [NAME, TITLE]                                   DATE

KOLEVINS LTD.

By: _____     _____
            [NAME, TITLE]                                   DATE

FERENCOI INVESTMENTS, LTD.

By: _____     _____
            [NAME, TITLE]                                   DATE

BAKER & HOSTETLER LLP
[LAW FIRM]


By: _____     _____
        JOHN W. MOSCOW, ESQ. [NAME]
        DATE
        45 Rockefeller Plaza
        New York, NY 10111
        Tel.: (212) 589-4200
        Fax: (212) 589-4201


By: _____     _____
        MARK A. CYMROT, ESQ.                          DATE
        Washington Square, Suite 1100
        1050 Connecticut Ave.,
        Washington, DC 20036
        Tel.: (202) 861-1677
        Fax: (202) 861-1783


BAKER BOTTS LLP

By: _____     _____
        SETH T. TAUBE, ESQ.                           DATE
        30 Rockefeller Plaza

21

~~New York, NY 10112~~
~~Tel.: (212) 408-2500~~
~~Fax: (212) 408-2501~~

*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC,*
*PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE*
*USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON*
*2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH*
*HOLDINGS, IKR, FERENCOI, and KOLEVINS*

SO ORDERED:


THE HONORABLE ~~THOMAS P. GRIESA~~ WILLIAM H. PAULEY III
      DATE
UNITED STATES DISTRICT JUDGE