# Exhibit 1

Notification and report of a seizure under a third party
_____

**Notification and report of a seizure under a third party as regards claims and movable property pursuant to article 94 of the Dutch Code of Criminal Procedure**

| | | |
|---|---|---|
| Number of the report | : | 10102017.1100.6032980 |
| Subject | : | Report of a seizure pursuant to article 94 Dutch Code of Criminal Procedure |
| Suspect/ convicted party | : | Prevezon Holdings Limited |
| Pubic prosecution's number | : | 13/845155-17 |
| Third party debtor | : | AFI Europe Public Limited Company |

**Herewith, I, reporting officer, state:**

| | | |
|---|---|---|
| Name | : | Meijer |
| First names | : | Robbert Friso |
| Position | : | asset tracer, employed with the Functional Office of the Public Prosecutor Number of the deed as special investigating officer: 6032980 |

that on: 10 October 2017, around 13.10 hours (01.10 PM)
in: Amsterdam
the following seizure has taken place.

The seizure took place as requested by the Public Prosecutor:
Mrs. Mr. J.J.M. van Dis-Setz
associated with the Functional Office of the Public Prosecutor
in: Amsterdam
PO Box: 779
Postal code and place of residence: 1000 AT Amsterdam

The seizure took place in the investigation as regards the following suspect:

| X | Legal entity | | |
|---|---|---|---|
| Name | | : | Prevezon Holdings Limited |
| Address | | : | 5 Goudiou Street, Agios Andreas 1095, Nicosia (Cyprus) |

**Legal basis of the seizure**

The basis of this seizure is article 94 Dutch Code of Criminal Procedure.

**Purpose of the seizure**

The purpose of this seizure is forfeiture.

**The third party debtor**

The seizure is executed under the following third party:

| | | |
|---|---|---|
| Name | : | AFI Europe Public Limited Company |
| Number of the Chamber of Commerce | : | 34218161 |
| Address | : | Herengracht 456 |
| Postal code and place of residence | : | 1017 CA Amsterdam |

**Objects which have been/ will be seized:**

All claims which the suspect, Prevezon Holdings Limited, established at 5 Goudiou Street, Agios Andreas, P.C. 1095, Nicosia (Cyprus) has on the third party, AFI Europe, Public Limited Company, as referred to above, as regards the debt from a monetary loan as it turns out from the deed of delivery (deed of transfer of shares)

Notification and report of a seizure under a third party
_____

drawn up on 13 June 2013 by notary Mr. D.H.W. Melgers with reference 106696.01/ME/LH/1 together with the agreement (Share Purchase Agreement) which was drawn up between the parties Prevezon Holdings Limited, AFI Europe Public Limited Company and Promotives Private Limited Liability Company on 13 June 2013, and, in addition, all monetary funds, valuables and/ or movable property which are not registered goods, which the third party debtor holds and/ or will obtain and/ or owes the suspect/ convicted party or which he will owe in the future pursuant to the legal relation which exists at present, in order to ensure the recovery of the claim(s) as referred to above.

The entity which levies the seizure knows or suspects that the claim, in any case, consists of a debt from a monetary loan:

a monetary loan immediately payable to the amount of € 3,068,946 (in words: three million sixty-eight thousand nine hundred and forty-six euro)
which monetary loan, as is shown by the notarial deed referred to above, has arisen from the conversion of the following original claims from the third party because of:
- the transfer of claims from the suspect (on German corporations) to the third party to the amount of: € 3,052,530 (in words: three million fifty-two thousand five hundred and thirty euro) together with
- the transfer of shares as referred to above from the suspect to the third party to the amount of 76% from € 21,600 (twenty-one thousand six hundred euro), i.e. € 16,416 (in words: sixteen thousand four hundred and sixteen euro).

**Order and custody**

Herewith, the third party debtor is requested to hold anything as holder which falls under the seizure and which has not been taken/ which will not be taken during the seizure and to refrain from the payment or transfer to or on behalf of the suspect.

**Objects which have/ have not been taken**

The seized objects as regards which the third party debtor has not been assigned as a holder, shall be placed in custody with the judicial holder without any delay. The objects which have been taken are:
---
---

**Demand**

A copy of this report as a proof of the receipt will be submitted to the third party debtor.

**Particulars**

With reference to the order in annex from the Public Prosecutor on 10 October 2017, the claims as referred to above are/ will be seized again and, at the same time, the previous seizure as regards these claims from 22 January 2014 at 13.30 hours (01.30 PM) will be lifted.

**Annexes**

The following annex(es) is/ are added to this report:
X        order for the seizure of the claims as referred to above, whereas at the same time the seizure on the respective claim of 22 January 2014 at 13.30 hours (01.30 PM) will be lifted.

**Remark**

The sentence, preceded by □ only applies if a X is placed in it.

**Closure**

Which report was drawn up by me under official promise, concluded and signed on:
10 October 2017 in Amsterdam

Notification and report of a seizure under a third party
_____

The reporting officer

[signature]

*(Name and signature)*

Page 3

Functional Office of the Public Prosecutor
Amsterdam
PO Box 779, 1000 AT Amsterdam

Telephone number:        +31 (0)88 699 2400
Fax number:              +31 (0)88 699 0116

Luris number: **KLR-I-2013064138**
Public prosecution's number: **13/845155-17**

**Order for the seizure pursuant to article 94 Dutch Code of Criminal Procedure**
**and, in addition, for lifting the seizure which had previously been imposed pursuant to article 13a together with 13c of the Dutch Act on the Transfer of the Enforcement as regards Judgements in Criminal Matters**

The Public Prosecutor, employed with the Functional Office of the Public Prosecution's Office requests, pursuant to article 94 of the Dutch Code of Criminal Procedure, to execute the following seizure and, therefore, orders:

**Robbert F. Meijer, asset tracer, employed with the Functional Office of the Public Prosecutor**

to immediately seize the objects as referred to below pursuant to article 94 of the Dutch Code of Criminal Procedure, for the purpose of **forfeiture**:

in addition, the Public Prosecutor, following a request for legal assistance from the authorities in the United States of America, with reference 182-44601, of 1 June 2017, to **lift** the previous seizure on the objects referred to below, ordered on 22 January 2014 at 13.30 hours (01.30 PM) pursuant to articles 13a, 13c and 13d of the Dutch Act on the Transfer of the Enforcement as regards Judgements in Criminal Matters (*Wet Overdracht ten uitvoerlegging Strafvonnissen*) together with article 118 and further of the Dutch Code of Criminal Procedure, which seizure had been imposed following a request for legal assistance from the authorities in the United States of America, with reference 182-44601, of 19 December 2013;

The seizure was imposed under,

[ ]        the suspect/ convicted party
[X]        a third party

The third party concerns:
Name:

**AFI Europe Public Limited Company**
**Number of the chamber of commerce: 34218161**
**Established:**
**Herengracht 456**
**1017 CA Amsterdam**

on:
[X] the following objects:

All claims which the suspect, Prevezon Holdings Limited, established at 5 Goudiou Street, Agios Andreas, P.C. 1095, Nicosia (Cyprus) has on the third party, AFI Europe, Public Limited Company, as referred to above, as regards the debt from a monetary loan as it turns out from the deed of delivery (deed of transfer of shares) drawn up on 13 June 2013 by notary Mr. D.H.W. Melgers with reference 106696.01/ME/LH/1 together with the agreement (Share Purchase Agreement) which was drawn up between the parties Prevezon Holdings Limited, AFI Europe Public Limited Company and Promotives Private Limited Liability Company on 13 June 2013, and, in addition, all monetary funds, valuables and/ or movable property which are not registered goods, which the third party debtor holds and/ or will obtain and/ or owes the suspect/ convicted party or which he will owe in the future pursuant to the legal relation which exists at present, in order to ensure the recovery of the claim(s) as referred to above.

**Order for the seizure (pursuant to article 94 Dutch Code of Criminal Procedure) as regards 13/845155-17 and, in addition, for lifting the seizure which had previously been imposed (pursuant to article 13a together with 13c of the Dutch Act on the Transfer of the Enforcement as regards Judgements in Criminal Matters) as regards KLR-I-2013064138           Page 1 of 1**

The entity which levies the seizure knows or suspects that the claim, in any case, consists of a debt from a monetary loan:

a monetary loan immediately payable to the amount of € 3,068,946 (in words: three million sixty-eight thousand nine hundred and forty-six euro)
which monetary loan, as is shown by the notarial deed referred to above, has arisen from the conversion of the following original claims from a third party because of:
- the transfer of claims from the suspect (on German corporations) to a third party to the amount of: € 3,052,530 (in words: three million fifty-two thousand five hundred and thirty euro) together with
- the transfer of shares as referred to above from the suspect to the third party to the amount of 76% from € 21,600 (twenty-one thousand six hundred) or € 16,416 (in words: sixteen thousand four hundred and sixteen euro).

Orders the following as regards the objects which have been seized:

[…]     to transfer to:
[X]     to leave the objects with the debtor pending the further decision.

Amsterdam, 10 October 2017

The public prosecutor,

Mrs. Mr. J.J.M. van Dis-Setz

On behalf of her:

[signature]

Mrs. Mr. H.H.M. Beune

**Order for the seizure (pursuant to article 94 Dutch Code of Criminal Procedure) as regards 13/845155-17 and, in addition, for lifting the seizure which had previously been imposed (pursuant to article 13a together with 13c of the Dutch Act on the Transfer of the Enforcement as regards Judgements in Criminal Matters) as regards KLR-I-2013064138                Page 2 of 1**

**Kennisgeving en proces-verbaal van beslag onder een derde op vorderingen en roerende zaken ex artikel 94 Sv**

Proces-verbaalnummer   : 10102017.1100.6032980
Onderwerp              : Proces-verbaal van beslag ex art. 94 Sv
Verdachte/veroordeelde : Prevezon Holdings Limited
Parketnummer           : 13/845155-17
Derde beslagene        : AFI Europe NV

**Hierbij verklaar ik, verbalisant:**

Naam        : Meijer

Voornamen   : Robbert Friso

Functie     : vermogenstraceerder, werkzaam bij het Functioneel Parket
              BOA aktenummer   6032980

dat op: 10 oktober 2017, omstreeks   13.10   uur
te: Amsterdam
de volgende inbeslagneming heeft plaatsgevonden.

Deze inbeslagneming vond plaats in opdracht van de officier van justitie:
Mw. mr. J.J.M. van Dis - Setz
verbonden aan het Functioneel parket
te: Amsterdam
Postbus: 779
Postcode en plaatsnaam: 1000AT Amsterdam

De inbeslagneming is geschied in het onderzoek betreffende verdachte:

☒ Rechtspersoon
Naam    : Prevezon Holdings Limited
Adres   : 5 Goudiou Street, Agios Andreas
          1095, Nicosia (Cyprus)

**Rechtsgrond van het beslag**

Dit beslag is gegrond op artikel 94 Sv.

**Doel van het beslag**

Het beslag dient ter verbeurdverklaring.

**De derde-beslagene**

Het beslag wordt hierbij gelegd onder de volgende derde:
Naam               : AFI Europe NV
KvK nummer         : 34218161
Adres              : Herengracht 456
Postcode en plaats : 1017CA Amsterdam

**Voorwerpen die in beslag zijn/worden genomen:**

Alle vorderingen die de verdachte, Prevezon Holdings Limited, gevestigd te 5 Goudiou Street, Agios Andreas, P.C. 1095, Nicosia (Cyprus) op de derde, AFI Europe N.V., voormeld, heeft met betrekking tot de schuld uit geldlening zoals die blijkt uit de akte van levering (deed of transfer of shares)

opgesteld op 13 juni 2013 door de notaris
mr. D.H.W. Melgers met kenmerk 106696.01/ME/LH/1 alsmede de overeenkomst (Share Purchase Agreement) welke is opgesteld tussen de partijen Prevezon Holdings Limited, AFI Europe N.V. en Promotives B.V. op 13 juni 2013 en voorts alle gelden, geldswaarden en/of roerende zaken die geen registergoederen zijn, die de derde-beslagene uit hoofde van een thans bestaande rechtsverhouding onder zich heeft en/of zal verkrijgen en/of aan de verdachte/veroordeelde verschuldigd is of zal worden, zulks ter verzekering van het verhaal van de vordering(en) als hierboven omschreven.

De beslaglegger weet of vermoedt dat de vordering in ieder geval een schuld uit geldlening bedraagt:

een direct opeisbare geldlening ter hoogte van € 3.068.946 (zegge: drie miljoen achtenzestig duizend negenhonderd zesenveertig euro)
welke geldlening blijkens voormelde notariële akte is ontstaan uit de omzetting van de navolgende oorspronkelijke vorderingen van de derde vanwege:
- de overdracht van vorderingen van de verdachte (op Duitse vennootschappen) aan de derde ter hoogte van: € 3.052.530 (zegge: drie miljoen twee en vijftig duizend vijfhonderd dertig euro) alsmede
- de voormelde overdracht van aandelen van de verdachte aan de derde ter hoogte van 76% van € 21.600 ofwel € 16.416 (zegge: zestien duizend vierhonderd zestien euro).

**Bevel en bewaring**

Hierbij wordt aan de derde-beslagene het bevel gedaan om al hetgeen door het beslag wordt getroffen en niet bij de inbeslagneming is/wordt meegenomen als bewaarder onder zich te houden en niet te betalen of over te dragen aan of ten behoeve van de verdachte.

**Wel/ niet meegenomen voorwerpen**

De inbeslaggenomen voorwerpen waarvoor de derde-beslagene niet als bewaarder is aangesteld, zullen zo spoedig mogelijk in handen van de gerechtelijke bewaarder worden gesteld. De meegenomen voorwerpen zijn:
....
.....

**Aanzegging**

Aan de derde-beslagene wordt een afschrift van dit proces-verbaal als bewijs van ontvangst ter hand gesteld.

**Bijzonderheden**

Onder verwijzing naar het bijgevoegde bevel van de officier van justitie d.d. 10 oktober 2017, is/wordt opnieuw beslag gelegd op de bovenvermelde vorderingen en tegelijkertijd het eerder op 22 januari 2014 te 13:30 uur op deze vorderingen gelegde beslag opgeheven.

**Bijlagen**

Als bijlage(n) is/zijn bij dit proces-verbaal gevoegd:
☒ bevel tot inbeslagneming op vermelde vorderingen, waarmee gelijktijdig het eerder op 22 januari 2014 te 13:30 uur gelegde beslag op de onderhavige vordering wordt opgeheven.

**Opmerking**

De zinsnede, voorafgaande met ☐ is enkel van toepassing indien hierin een X is geplaatst.

**Sluiting**

Waarvan door mij op ambtsbelofte is opgemaakt dit proces-verbaal, gesloten en getekend
op: 10 oktober 2017 te Amsterdam.

Kennisgeving en proces-verbaal beslag onder een derde

De verbalisant

_____
(Naam en handtekening)

Functioneel Parket
Amsterdam
Postbus 779 1000 AT Amsterdam

Telefoon: 088 699 2400
Fax:      088 699 0116

Lurisnummer: KLR-I-2013064138
Parketnummer: 13/845155-17

> **Bevel tot inbeslagneming ex art 94 Sv en tevens tot opheffing van het eerder gelegde beslag ex art 13a jo. 13c WOTS**

De officier van justitie, werkzaam bij het Functioneel Parket wenst, met toepassing van artikel 94 van het Wetboek van Strafvordering, beslag te doen leggen en geeft derhalve een bevel aan:

**Robbert F. Meijer, vermogens traceerder werkzaam bij het Functioneel Parket**

tot het onverwijld leggen van beslag op onder vermelde voorwerpen als bedoeld in artikel 94 van het Wetboek van Strafvordering, **ter verbeurdverklaring;**

de officier van justitie beveelt naar aanleiding van een rechtshulpverzoek afkomstig van de autoriteiten van de Verenigde Staten van Amerika, met kenmerk 182-44601, d.d. 1 juni 2017 voorts de **opheffing** van het eerder op 22 januari 2014 te 13:30 uur op grond van de artikelen 13a, 13c en 13d van de Wet Overdracht ten uitvoerlegging Strafvonnissen jo. art. 118 e.v. van het Wetboek van Strafvordering gelegde beslag op onder vermelde voorwerpen, welk beslag werd gelegd naar aanleiding van een rechtshulpverzoek afkomstig van de autoriteiten van de Verenigde Staten van Amerika, met kenmerk 182-44601, d.d. 19 december 2013;

Het beslag wordt gelegd onder,
  [ ] de verdachte/veroordeelde
  [X] een derde

de derde betreft:
naam:

**AFI Europe N.V.**
**KvK nummer: 34218161**
**Gevestigd:**
**Herengracht 456**
**1017 CA Amsterdam**

op:
[X] de volgende voorwerpen:

Alle vorderingen die de verdachte, Prevezon Holdings Limited, gevestigd te 5 Goudiou Street, Agios Andreas, P.C. 1095, Nicosia (Cyprus) op de derde, AFI Europe N.V., voormeld, heeft met betrekking tot de schuld uit geldlening zoals die blijkt uit de akte van levering (deed of transfer of shares) opgesteld op 13 juni 2013 door de notaris mr. D.H.W. Melgers met kenmerk 106696.01/ME/LH/1 alsmede de overeenkomst (Share Purchase Agreement) welke is opgesteld tussen de partijen Prevezon Holdings Limited, AFI Europe N.V. en Promotives B.V. op 13 juni 2013 en voorts alle gelden, geldswaarden en/of roerende zaken die geen registergoederen zijn, die de derde-beslagene uit hoofde van een thans bestaande rechtsverhouding onder zich heeft en/of zal verkrijgen en/of aan de verdachte/veroordeelde verschuldigd is of zal worden, zulks ter verzekering van het verhaal van de vordering(en) als hierboven omschreven.

De beslaglegger weet of vermoedt dat de vordering in ieder geval een schuld uit geldlening bedraagt:

een direct opeisbare geldlening ter hoogte van € 3.068.946 (zegge: drie miljoen achtenzestig duizend negenhonderd zesenveertig euro)
welke geldlening blijkens voormelde notariële akte is ontstaan uit de omzetting van de navolgende oorspronkelijke vorderingen van de derde vanwege:
- de overdracht van vorderingen van de verdachte (op Duitse vennootschappen) aan de derde ter hoogte van: € 3.052.530 (zegge: drie miljoen twee en vijftig duizend vijfhonderd dertig euro) alsmede
- de voormelde overdracht van aandelen van de verdachte aan de derde ter hoogte van 76% van € 21.600 ofwel € 16.416 (zegge: zestien duizend vierhonderd zestien euro).

Geeft opdracht de inbeslaggenomen voorwerpen

[ ]   over te brengen naar:

[X]   te laten bij de beslagene in afwachting van een nadere beslissing.

Amsterdam, 10 oktober 2017

De officier van justitie,

Mw. mr. J.J.M. van Dis - Setz

Voor deze:

*[handtekening]*

Mw. Mr. H.H.M. Beune