**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7220**

WRITER'S EMAIL ADDRESS
**faithgay@quinnemanuel.com**

December 22, 2017

<u>VIA ECF</u>

Hon. William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:     <u>United States v. Prevezon Holdings, Ltd., et al.</u>, 13 Civ. 6326 (WHP)

Dear Judge Pauley:

We write on behalf of the Defendants in the above-mentioned case in response to the Government's letter of December 21, 2017, which attached a set of documents received from the Government of the Netherlands (the "Newly-Produced Dutch Documents").  (Dkt.755 & 755-1.)  The Newly-Produced Dutch Documents evidence the actions taken by the Government of the Netherlands subsequent to the Government's request, pursuant to the parties' Settlement (Dkt. 716), that the Government of the Netherlands lift the restraint placed upon the asset known as the AFI Europe Debt.  In contrast to the Government, Defendants believe that the Newly-Produced Dutch Documents *do* have significance to the motion pending before the Court.  (Dkt. 743.)

*First,* the Newly-Produced Dutch Documents confirm that the lifting of the US-requested seizure and the imposition of the seizure related to the Netherlands investigation took place simultaneously.  (*See* Dkt. 755-1 at 2 ("on 10 October 2017, the claims as referred to above are/ will be seized again and, at the same time, the previous seizure as regards these claims from 22 January 2014 at 13.30 hours (01.30 PM) will be lifted.").)  The Newly-Produced Dutch Documents thus show that the AFI Europe Debt was never "released."  (*See* Dkt. 716 at ¶ 4.)

*Second*, the Newly-Produced Dutch Documents corroborate prior documentation from the Netherlands authorities, which stated that the Netherlands held the request from the Government to lift the restraint on the AFI Europe Debt in abeyance for over five months while it determined whether to seize the AFI Europe Debt independently.  (Ex. 1 at 2 ("On June 1, 2017 the Dutch ministry of Justice (AIRS) as the formal authority for legal aid received an additional request from the United States to lift the restraint of this AFI Europe NV debt.  This

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

additional request was 'on hold' regarding the complaint which was filed by Hermitage Capital Management on May 16, 2017.") (emphasis in exhibit added).)  The Government did not tell Prevezon that the Government's request was being held in abeyance by the Government of the Netherlands, nor did the Government tell Prevezon that the reason that the Government of the Netherlands made the decision to hold the request in abeyance was so that Netherlands authorities could arrange to prevent the release and for the uninterrupted restraint of the AFI Europe Debt.  Rather than providing this information to Prevezon, the Government, in response to our inquiry, merely stated that the Government of the Netherlands had taken "no action" on the Government's request that the AFI Europe Debt be released.  (Dkt. 749-2.)

Based on the Newly-Produced Dutch Documents, as well as previously-produced materials, Prevezon maintains its good faith belief that the Government improperly and secretly assisted the Government of the Netherlands in continuing the restraint of the AFI Europe Debt, notwithstanding its obligations to request the release of the AFI Europe Debt and to act consistently with the parties' justified expectations under the Settlement.  *RUS, Inc. v. Bay Indus., Inc.*, 322 F. Supp. 2d 302, 315 (S.D.N.Y. 2003) ("To breach the implied covenant, the party must act in a way that is inconsistent with the justified expectations of the other party, or act for reasons other than the ones it discloses.").  Prevezon thus reiterates its request for discovery concerning the interactions between the Government and Netherlands authorities concerning Prevezon.

We appreciate the Court's consideration.

Respectfully submitted,

*/s/ Faith Gay*

Faith Gay