UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : **STIPULATION AND ORDER** |
| - against - | : No. 13 Civ. 6326 (WHP) |
| PREVEZON HOLDINGS LTD., Prevezon Alexander, LLC, Prevezon Soho USA, LLC, Prevezon Seven USA, LLC, Prevezon Pine USA, LLC, Prevezon 1711 USA, LLC, Prevezon 1810, LLC, Prevezon 2009 USA, LLC, Prevezon 2011 USA, LLC, FERENCOI INVESTMENTS, LTD., KOLEVINS, LTD., | : ECF Case |
| Defendants, | : |
| ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS THE 20 PINE STREET CONDOMINIUM, 20 PINE STREET, NEW YORK, NEW YORK 10005, UNIT 1816 ("20 PINE STREET, UNIT 1816"), | : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********8293 HELD IN THE NAME OF PREVEZON ALEXANDER LLC (THE "PREVEZON ALEXANDER ACCOUNT"), | : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER **********8084 HELD IN THE NAME OF PREVEZON SOHO USA LLC (THE "PREVEZON SOHO ACCOUNT"), | : |
| ANY AND ALL FUNDS ON DEPOSIT IN BANK OF AMERICA ACCOUNT NUMBER | : |

**********6021 HELD IN THE NAME       :
OF PREVEZON SEVEN USA LLC (THE        :
"PREVEZON SEVEN ACCOUNT"),            :
                                      :
ANY AND ALL FUNDS ON DEPOSIT IN       :
BANK OF AMERICA ACCOUNT NUMBER        :
**********8349 HELD IN THE NAME       :
OF PREVEZON 1711 USA, LLC (THE        :
"PREVEZON 1711 ACCOUNT"),             :
                                      :
ANY AND ALL FUNDS ON DEPOSIT IN       :
BANK OF AMERICA ACCOUNT NUMBER        :
**********9102 HELD IN THE NAME       :
OF PREVEZON 2009 USA, LLC (THE        :
"PREVEZON 2009 ACCOUNT"),             :
                                      :
ANY AND ALL FUNDS ON DEPOSIT IN       :
BANK OF AMERICA ACCOUNT NUMBER        :
**********8242 HELD IN THE NAME       :
OF PREVEZON PINE USA, LLC (THE        :
"PREVEZON PINE ACCOUNT"),             :
                                      :
ANY AND ALL FUNDS ON DEPOSIT IN       :
BANK OF AMERICA ACCOUNT NUMBER        :
**********5882 HELD IN THE NAME       :
OF PREVEZON 2011 USA, LLC (THE        :
"PREVEZON 2011 ACCOUNT"),             :
                                      :
ANY AND ALL FUNDS ON DEPOSIT IN       :
BANK OF AMERICA ACCOUNT NUMBER        :
**********9128 HELD IN THE NAME       :
OF PREVEZON 1810 USA, LLC (THE        :
"PREVEZON 1810 ACCOUNT"),             :
                                      :
APPROXIMATELY $1,379,518.90           :
HELD BY THE UNITED STATES AS A        :
SUBSTITUTE RES FOR ALL RIGHT,         :
TITLE AND INTEREST IN THE REAL        :
PROPERTY AND APPURTENANCES            :
KNOWN AS THE 20 PINE STREET           :
CONDOMINIUM, 20 PINE STREET,          :
NEW YORK, NEW YORK 10005, UNIT        :
2009 (THE "20 PINE STREET, UNIT       :
2009 SALE PROCEEDS"),                 :
                                      :
APPROXIMATELY $4,429,019.44           :
HELD BY THE UNITED STATES AS A        :

SUBSTITUTE RES FOR ALL RIGHT, :
TITLE AND INTEREST IN THE REAL :
PROPERTY AND APPURTENANCES :
KNOWN AS ALEXANDER CONDOMINIUM, :
250 EAST 49th STREET, NEW YORK, :
NEW YORK 10017, UNIT COMM3 (THE :
"250 EAST 49th STREET, UNIT :
COMM3 SALE PROCEEDS"), :
 :
APPROXIMATELY $1,046,530.04 :
HELD BY THE UNITED STATES AS A :
SUBSTITUTE RES FOR ALL RIGHT, :
TITLE AND INTEREST IN THE REAL :
PROPERTY AND APPURTENANCES :
KNOWN AS THE 20 PINE STREET :
CONDOMINIUM, 20 PINE STREET, :
NEW YORK, NEW YORK 10005, UNIT :
2308 (THE "20 PINE STREET, UNIT :
2308 SALE PROCEEDS"), :
 :
APPROXIMATELY $894,026.21 HELD :
BY THE UNITED STATES AS A :
SUBSTITUTE RES FOR ALL RIGHT, :
TITLE AND INTEREST IN THE REAL :
PROPERTY AND APPURTENANCES :
KNOWN AS THE 20 PINE STREET :
CONDOMINIUM, 20 PINE STREET, :
NEW YORK, NEW YORK 10005, UNIT :
1711 (THE "20 PINE STREET, UNIT :
1711 SALE PROCEEDS"), :
 :
A DEBT OF 3,068,946 EUROS OWED :
BY AFI EUROPE N.V. TO PREVEZON :
HOLDINGS RESTRAINED BY THE :
GOVERNMENT OF THE NETHERLANDS :
ON OR ABOUT JANUARY 22, 2014 :
(THE "AFI EUROPE DEBT"), :
 :
and all property traceable :
thereto, :
 :
    Defendants *in Rem*. :
 :

WHEREAS, on September 10, 2013, the United States commenced this action (the "Action"), upon the filing of a verified

complaint (the "Complaint") seeking forfeiture of the above-captioned Defendants *in Rem*, and other assets, *in personam* claims against the above-captioned Defendants, and other relief, and on September 11, 2013, this Court entered a protective order restraining any and all assets of the Defendants;

WHEREAS, on December 3 and 20, 2013, Denis Katsyv ("Katsyv"), IKR, Martash Holdings ("Martash"), Prevezon Holdings, Ltd. ("Prevezon Holdings"), Prevezon Alexander, LLC ("Prevezon Alexander"), Prevezon Soho USA, LLC ("Prevezon Soho"), Prevezon Seven USA, LLC ("Prevezon Seven"), Prevezon Pine USA, LLC ("Prevezon Pine"), Prevezon 1711 USA, LLC ("Prevezon 1711"), Prevezon 1810, LLC ("Prevezon 1810"), Prevezon 2009 USA, LLC ("Prevezon 2009"), and Prevezon 2011 USA, LLC ("Prevezon 2011," together with Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, and Prevezon 2009 the "Prevezon Entities"), Ferencoi Investments, Ltd. ("Ferencoi"), and Kolevins, Ltd. ("Kolevins") filed claims to certain property;

WHEREAS on or about January 22, 2014, the Government of the Netherlands, pursuant to a request for legal assistance from the United States in connection with this case, restrained the Defendant *in Rem* AFI Europe Debt;

WHEREAS, on November 5, 2014, the United States filed an amended verified complaint (the "Amended Complaint"), and the

Court issued an amended protective order (the "Amended Protective Order");

WHEREAS, on December 19, 2014, Denis Katsyv, IKR, Martash, Prevezon Holdings, Prevezon Alexander, Prevezon Soho, Prevezon Seven, Prevezon Pine, Prevezon 1711, Prevezon 1810, Prevezon 2009, and Prevezon 2011 (the "Claimants") filed certain claims;

WHEREAS, on September 9, 2015, Defendants and Claimants gave notice pursuant to 28 U.S.C. §§ 2672, 2675 and 28 C.F.R. Part 14 of potential administrative claims against the United States, and they further assert that they may have rights to additional claims under the Civil Asset Forfeiture Reform Act of 2000 (P.L. 106-185);

WHEREAS, on October 23, 2015, the United States filed a second amended verified complaint (the "Second Amended Complaint");

WHEREAS, pursuant to Supplemental Rule G(4)(a)(iv)(C), the Complaint and Amended Complaint were published for at least 30 consecutive days on an official government internet site, and pursuant to Supplemental Rule G(4)(b)(i), notice was sent to all persons who reasonably appeared to be potential claimants on the facts known to the Government, and no other parties filed claims to any of the Defendants *in Rem* in the Complaint or Amended Complaint, and all time to do so has expired;

WHEREAS, on May 15, 2017 the Court so ordered a Stipulation

and Order, Document Number 716 (the "Settlement Agreement"), that, among other terms, (a) required Prevezon to make a payment of $5,896,333.65 to settle this case (the "Payment"); (b) made the Payment due 15 days after the release by the Government of the Netherlands of the AFI Europe Debt (the "Netherlands Release"); (c) provided that following the Government's receipt of the Payment, the Government would make certain communications to foreign countries as specified in Settlement Agreement ¶ 4; and (d) provided that following the Government's receipt of the Payment, the Amended Protective Order shall be vacated as to all Restrained Properties, the Court shall order the Restrained Properties returned to the Claimants, and the Action shall be dismissed against all Defendants with prejudice;

WHEREAS, following a dispute between the Government and Prevezon regarding whether the Netherlands Release had occurred, on February 2, 2018 the Court issued an Opinion and Order (the "Enforcement Order") ruling, among other things, that the Netherlands Release had occurred on October 10, 2017 and that the Payment had thereby come due on October 31, 2017; and that the Government was entitled to pre-judgment interest at 9 percent per annum dating back to October 31, 2017, and directing the Clerk of Court to enter judgment in favor of the Government and calculate pre-judgment interest at a rate of 9 percent per annum;

WHEREAS, on February 6, 2018 the Clerk of Court issued a judgment in favor of the Government (the "Judgment"), calculating pre-judgment interest on the Payment to be $142,481.27, for a total amount (consisting of the Payment together with pre-judgment interest) of $6,038,814.92 (the "Judgment Payment"); and

WHEREAS, the parties desire to modify the Settlement Agreement to allow for the payment of the Judgment Payment from the Restrained Properties;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States, by its attorney, Geoffrey S. Berman, United States Attorney, of counsel, Assistant United States Attorneys Paul M. Monteleoni, Cristine I. Phillips, and Tara M. La Morte, of counsel, and the Defendants and Claimants, by their attorneys, Kevin Reed, Esq., Quinn Emanuel Urquhart & Sullivan LLP, that:

1. The Settlement Agreement continues in full force and effect except as expressly modified herein, and all terms defined in the Settlement Agreement have the same meaning herein unless specifically redefined herein. In addition, the following definitions apply:

   1. The terms "20 Pine Street, Unit 1816," the "Prevezon Alexander Account," the "Prevezon Soho Account," the "Prevezon Seven Account," the "Prevezon 1711 Account," the "Prevezon 2009 Account," the "Prevezon Pine Account," and the "Prevezon 2011 Account," the

"Prevezon 1810 Account" have the definitions set forth in paragraph 4 of the Amended Protective Order, Document Number 173.

2. The "250 East 49th Street, Unit Comm3 Sale Proceeds" refers to $4,429,019.44 held by U.S. Customs and Border Protection under Fines Penalties & Forfeitures Office ("FP&F") ID Number 2013-1001-900047-01 as a substitute res for all right, title and interest in the real property and appurtenances known as Alexander Condominium, 250 East 49th Street, New York, New York 10017, Unit Comm3;

3. The "20 Pine Street, Unit 2009 Sale Proceeds" refers to $1,379,518.94 held by U.S. Customs and Border Protection under FP&F ID 2013-1001-900051-01 as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York, 10005, Unit 2009;

4. The "20 Pine Street, Unit 1711 Sale Proceeds" refers to $1,046,530.04 held by U.S. Customs and Border Protection under FP&F ID 2013-1001-900049-01 as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York, 10005, Unit 1711;

5. The "20 Pine Street, Unit 2308 Sale Proceeds" refers to $894,026.21 held by U.S. Customs and Border Protection under FP&F ID 2013-1001-900048-01 as a substitute res for all right, title and interest in the real property and appurtenances known as the 20 Pine Street Condominium, 20 Pine Street, New York, New York, 10005, Unit 2308;

2. Upon entry of this Stipulation and Order, any authorized agent of U.S. Customs and Border Protection having custody of the Restrained Properties shall use portions of the Restrained Properties to make Substitute Payments to the U.S. Treasury to total the amount of the Judgment Payment, in the amounts and from the assets set forth in paragraph 3, below, and under the procedures set forth in paragraph 4, below.

3. The Substitute Payments shall be drawn from the following assets in the following amounts:

1. From the 250 East 49th Street, Unit Comm3 Sale Proceeds, a Substitute Payment in the amount of $4,429,019.44 shall be made under the procedures set forth in paragraph 4, below.
2. From the 20 Pine Street Unit 2009 Sale Proceeds, a Substitute Payment in the amount of $1,379,518.94 shall be made under the procedures set forth in paragraph 4, below.
3. From the 20 Pine Street, Unit 1711 Sale Proceeds, a Substitute Payment in the amount of $230,276.54 shall be made under the procedures set forth in paragraph 4, below.

4. The Substitute Payments shall be deposited into the U.S. Treasury pursuant to the Miscellaneous Receipts Act, 31 U.S.C. § 3302, which authorizes deposits of public money into the U.S. Treasury.

5. The transfer of each of the Substitute Payments shall be in partial satisfaction of, and the transfer of the total amount of the Substitute Payments shall be in full satisfaction of, the Judgment Payment. The Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit hereby relinquish all right, title, and interest in the portions of the Restrained Properties used to make the Substitute Payments, but continue their obligation from the Settlement Agreement to hold harmless the Government Released Parties from any and all third-party claims of ownership of any of the Defendants *in Rem*, including those portions used to make the Substitute Payments.

6. The Amended Protective Order is hereby vacated.

7. U.S. Customs and Border Protection shall expeditiously return the 20 Pine Street, Unit 2308 Sale Proceeds (*i.e.*, $894,026.21 held under FP&F ID 2013-1001-900048-01) and those portions of the 20 Pine Street, Unit 1711 Sale Proceeds not used to make the Substitute Payments (*i.e.*, $816,253.50 of the funds held under FP&F ID 2013-1001-900049-01) to the Claimants.

8. The Government shall transmit a copy of this Stipulation and Order to Bank of America, which shall expeditiously release the Prevezon Alexander Account, the Prevezon Soho Account, the Prevezon 1711 Account, the Prevezon 2009 Account, the Prevezon Pine Account, the Prevezon 2011 Account, and the Prevezon 1810 Account to those properties' respective Claimants.

9. The Government shall provide to Claimants a cancellation of the *lis pendens* applied to 20 Pine Street, Unit 1816.

10. The Action is dismissed against all Defendants with prejudice.

11. Notwithstanding paragraph 10, above, this Court shall retain jurisdiction to enforce the Settlement Agreement, the Enforcement Order and the Judgment, and this Stipulation and Order.

12. Each Party to this Stipulation and Order will bear its

own costs and attorneys' fees.

13. All Parties agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

14. The Defendants, Claimants, Denis Katsyv, Alexander Litvak, and Timofey Krit hereby waive any right to appeal or otherwise challenge the Enforcement Order.

15. The signatories to this Stipulation and Order each represent that they are duly authorized to sign this Stipulation and Order.

16. This Stipulation and Order and the Settlement Agreement together represent the complete agreement of the Parties hereto.

17. The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one

and the same instrument. Facsimiles or electronic copies shall be treated as originals.

GEOFFREY S. BERMAN
United States Attorney for
the Southern District of New York
Attorney for Plaintiff

By: /s/ Paul Monteleoni                              3/7/18
    PAUL M. MONTELEONI                               DATE
    CRISTINE I. PHILLIPS
    TARA M. LA MORTE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219
    Fax: (212) 637-0421

PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC,

By: /s/ Denis Katsyv                                 02/27/18
    DENIS KATSYV, OWNER                              DATE

DENIS KATSYV

    /s/ Denis Katsyv                                 02/27/18
    DENIS KATSYV                                     DATE

IKR

By: /s/ Denis Katsyv                                 02/27/18
    DENIS KATSYV, OWNER                              DATE

MARTASH HOLDINGS

By: _____     DATE 02/27/18
     DENIS KATSYV, OWNER

KOLEVINS LTD.

By: _____     DATE 02/27/18
     DENIS KATSYV, LEGAL REPRESENTATIVE

FERENCOI INVESTMENTS, LTD.

By: _____     DATE 02/27/18
     DENIS KATSYV, OWNER

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: _____     DATE 3/5/2018
     KEVIN REED, ESQ.

*Counsel to PREVEZON HOLDINGS, LTD., PREVEZON ALEXANDER, LLC, PREVEZON SOHO USA, LLC, PREVEZON SEVEN USA, LLC, PREVEZON PINE USA, LLC, PREVEZON 1711 USA, LLC, PREVEZON 1810, LLC, PREVEZON 2009 USA, LLC, PREVEZON 2011 USA, LLC, DENIS KATSYV, MARTASH HOLDINGS, IKR, FERENCOI, and KOLEVINS*

SO ORDERED:

                                                                      March 8, 2018
                                                                      DATE

_____
WILLIAM H. PAULEY III
U.S.D.J.